# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

*FILED*
*Jan 16  3 05 PM 04*
*U.S. DISTRICT COURT*
*NEW HAVEN, CONN.*

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE,* | |
| *Plaintiff,* | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| *Defendant*s. | JANUARY 14, 2004 |

## MOTION FOR PERMISSION TO FILE MORE THAN 25 INTERROGATORIES

Pursuant to D. Conn. Local Rule 7, the defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; and DAVID ATKINSON, Patrol Officer, move the Court for permission to serve more than 25 interrogatories upon the plaintiff.

In support of this motion:

1. The plaintiff's 13 page Amended Complaint makes allegations across four defendants without much specificity as any one defendant.

2. Many of the plaintiff's allegations are conclusory or merely attribute conduct to "others" not named in the Amended Complaint as defendants.

3. Furthermore, the plaintiff combines allegations concerning federal constitutional claims, state constitutional claims, state law tort claims and other difficult to discern claims, all co-mingled in five counts.

4.    Accordingly, the proposed interrogatories attached as Exhibit A, 50 in

number, would be appropriate for the defendants to properly prepare their

defense of this matter.

WHEREFORE, the defendants pray that their Motion for Permission to Serve

More than 25 Interrogatories is granted.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT
GILL, Chief of Police; PATRICK
O'MALLEY, Patrol Officer; and DAVID
ATKINSON, Patrol Officer.


/s/ John J. Radshaw, III
John J. Radshaw, III  ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

- 2 -

## CERTIFICATION

I hereby certify that on January 14, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
1204 Main Street
PMB Box #262
Branford, CT 06405

/s/ John J. Radshaw, III
John J. Radshaw, III

- 3 -

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| *Plaintiff,* | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| *Defendants.* | |

**DEFENDANTS' FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION TO THE PLAINTIFF**

Pursuant to Fed.R.Civ.P. 33 and 34, the defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; and DAVID ATKINSON, Patrol Officer, hereby request that the plaintiff, ROBERT F. SALATTO, JR., answer under oath the following interrogatories within thirty (30) days of the time service is made upon its attorney of record and to file amended answers to the date of trial as supplemental or additional information is discovered.

**I.    DEFINITIONS.**

1.    The word "statement" or "statements" means (a) a written statement in the handwriting of the person making it, or a written statement signed or initialed or otherwise in writing adopted or approved by the person making it; or (b) a stenographic, mechanical, electrical, or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and which is contemporaneously recorded.

2.    The word "person" or "persons" means all entities, including but not limited to all individuals, associations, companies, and partnerships.

# Exhibit A

3.    The word "identify," when used with respect to a person or other entity, means that you are required to furnish the following information regarding each and every person or entity to be identified:

a.    If the person is an individual, state his or her full name, last known business and residential address and telephone number, and his or her last known employer and place of employment and social security number.

b.    If the person is not an individual, state the full name of the entity involved and the name, last known address, employer, and place of employment of each and every individual or other person employed by or representing such entity or organization and having knowledge of or with whom communications have been had relating to the subject matter of the Interrogatory.

4.    The word "identify," when used with respect to a document, means that you are required to furnish the following information regarding each and every document:

      a.    The title of the document;

      b.    The date of the document

      c.    The type of the document;

      d.    The sender of the document, if such can be identified;

      e.    The receiver of the document, if such can be identified; and

      f.    The general subject matter of the document.

5.    The term "document" is defined as set forth in D.Conn.L.Civ.R. 39 (c)(2).

6.    Whenever you are asked to identify the "authority" or "factual basis" for a contention, your answer should identify each and every individual, document, law, rule, regulation, opinion, or policy on whom or on which you rely in support of your contention, as well as the facts or circumstances leading to the contention or factual allegation made, including the date, time and geographic location, if applicable, and witnesses to that event or incident.

- 2 -

7.     References to the "defendants" shall mean all of the defendants herein, collectively, unless the context indicates otherwise.

8.     References to the "Town" or "Branford" shall mean the defendant, TOWN OF BRANFORD.

9.     References to "Atkinson" shall mean the defendant, DAVID ATKINSON.

10.    References to "O'Malley" shall mean the defendant, PATRICK O'MALLEY.

11.    References to "Salatto" or plaintiff herein shall me the plaintiff, ROBERT F. SALATTO, JR.

12.    References to the Complaint shall mean the plaintiff's Amended Complaint dated December 20, 2002.


## II.    INSTRUCTIONS

1.     If your response to the interrogatory cannot fit within the space provided, attach additional sheets as necessary.

2.     If you contend that any interrogatory or request for production is not applicable, state the factual and/or legal basis for such contention.

3.     If you claim any interrogatory or request for production is objectionable in full or in part, the objection shall be stated with particularity.  If you interpose an objection to part of a discovery request, the non-objectionable portion of such request shall be answered together with your answers to the remainder of the discovery requests.  When a discovery request is alleged to be over-broad, the request shall be complied with to the extent that you concede that such discovery request is relevant.

4.     If you assert a claim of any privilege as a ground for not fully complying with any discovery request, state the factual and/or legal basis for the claim of the privilege, the title of any documents alleged to be privileged, the date such documents were written, the author of such documents, the type of documents, the general subject

- 3 -

matter of the documents, and the name and address of the custodian of such documents.

    5.    If the response to any discovery request consists, in whole or in part, of an objection relating to or including burdensomeness, then provide such information as can be ascertained or provided without undue burden, and state with particularity:

        a.    a description of the process or method required to obtain any fact responsive to the interrogatory request;

        b.    the estimated cost and time required to obtain any fact responsive to the discovery request; and

        c.    the extent to which documents or other sources of information will be made available for inspection and copying.

## III.   <u>INTERROGATORIES.</u>

    1.    State your name, residence address, business address, date and place of birth, Social Security Number, and driver's license number.

    2.    State the name, address, and years of attendance and graduation for each school you have attended, starting with high school and including college, junior college, technical school, or any other place of continuing education.

    3.    Have you ever been or are you currently the subject of or the defendant in any prosecution, administrative action or lawsuit, either civil or criminal?  If so, please

- 4 -

set forth: (a) the nature, substance, and description of each such complaint, disciplinary action, or lawsuit; and (b) the name and address of each complainant/plaintiff.

4.     Please list and identify each injury you claim to have sustained as a result of the incidents alleged in the Complaint and state when, where, and from whom did you first receive treatment for said injuries?

5.     State the names and addresses of each physician, therapist, psychologist, psychiatrist, or other source of treatment for the conditions or injuries you sustained as a result of the incident alleged in your Complaint.

6.     Are you presently under the care of any doctor or other health care provider for the treatment of injuries alleged to have been sustained as a result of the incident alleged in your Complaint?

7.     If the answer to Interrogatory No. 6 is in the affirmative, please state the name and address of each physician or other health care provider who is currently treating you.

- 5 -

8.    Do you claim any present and/or permanent disability resulting from injuries or conditions allegedly sustained as a result of the incident alleged in your Complaint? If so, please state the nature of the disability claimed.

9.    If the answer to the previous interrogatory is in the affirmative, please answer the following: (a) list the parts of your body which are disabled; (b) list the motions, activities, or use of your body which you have lost or which you are unable to perform; (c) state the percentage of loss of use claimed as to each part of your body; and (d) state the name and address of the person who made the prognosis for permanent disability and the percentage of loss of use.

10.    Have you made any statements to any person regarding any of the events or happenings alleged in your Complaint or are you aware of any persons who have made statements to any person regarding any of the events or happenings alleged in your Complaint? If so, identify the person or person(s) making the statement and identify the person with custody of said statement.

- 6 -

11.     State the factual basis for your contention that the defendant Town of Branford was served with timely notice as alleged in paragraph 7 of the Complaint and identify any document that supports said contentions.

12.     State the factual basis for your contention that the defendants O'Malley and Atkinson had qualified knowledge of the plaintiff's medical condition as alleged in paragraph 9 of the Complaint.

13.     State the factual basis for your contention that the defendants O'Malley and Atkinson had knowledge that the plaintiff was under the care of physicians or taking prescription medicine as alleged in paragraph 10 of the Complaint.

14.     Identify all witnesses to the allegations of paragraphs 15, 16, 17, 18, 19, and 20.

15.     Identify all witnesses to the allegations of paragraph 31, 32, 33, 34, 35, 36, 37, and 38.

- 7 -

16.    Identify all witnesses to the allegations of paragraph 39.

17.    Identify all witnesses to the allegations of paragraph 40.

18.    Identify all witnesses to the allegations of paragraph 41.

19.    State the specific verbal and written representations with particularity made as alleged in paragraph 43 and identify all individuals who were present for such representations.

20.    State the factual basis for your contention that the defendants had no good faith basis which to believe the plaintiff was infected with HIV or AIDS as alleged in paragraph 43 of the Complaint

- 8 -

21.     State the specific verbal utterances with particularity made as alleged in paragraph 44 and identify all individuals who were present for such representations.

22.     State the specific and particular information represented as alleged in paragraph 44 and 45 and identify all individuals who were present for such representations.

23.     State the specific and particular information placed into written record with particularity by identifying the written record, the individuals present, and describing the information so placed as alleged in paragraph 46.

24.     State the factual basis for your contention that the information described in paragraph 46 was protected by statute.

- 9 -

25.    State the factual basis for your contention that your Fourth Amendment rights were violated as alleged in paragraph 47 of the Complaint.

26.    State the factual basis for your contention that your Fourth Amendment rights were violated as alleged in paragraph 51 of the Complaint.

27.    State the factual basis for your contention that your Fifth Amendment rights were violated as alleged in paragraphs 47 and 51 of the Complaint.

28.    State the factual basis for your contention that your Eighth Amendment rights were violated as alleged in paragraph 47 of the Complaint.

29.    State the factual basis for your contention that your Eighth Amendment rights were violated as alleged in paragraph 51 of the Complaint.

- 10 -

30.    State the factual basis for your contention that your Fourteenth Amendment rights were violated as alleged in paragraph 47 of the Complaint.

31.    State the factual basis for your contention that your Fourteenth Amendment rights were violated as alleged in paragraph 51 of the Complaint.

32.    State the factual basis for your contention that your Connecticut Constitutional rights secured to you by Article First, Section Seven were violated as alleged in paragraphs 49, 53 and 59 of the Complaint.

33.    State the factual basis for your contention that your Connecticut Constitutional rights secured to you by Article First, Section Eight were violated as alleged in paragraphs 49, 53 and 59 of the Complaint.

34.    State the factual basis for your contention that your Connecticut Constitutional rights secured to you by Article First, Section Nine were violated as alleged in paragraphs 49, 53 and 59 of the Complaint.

- 11 -

35.    State the factual basis for your contention that your Connecticut Constitutional rights secured to you by Article First, Section Twenty were violated as alleged in paragraphs 49, 53 and 59 of the Complaint.

36.    State the factual basis for your contention that your suffered the tort of negligence as alleged in paragraphs 50, 54, 57 60 of the Complaint.

37.    State the factual basis for your contention that your suffered the tort of negligent infliction of emotional distress as alleged in paragraphs 50, 54 57 and 60 of the Complaint.

38.    State the factual basis for your contention that your suffered the tort of intentional infliction of emotional distress as alleged in paragraphs 50, 57 and 60 of the Complaint.

- 12 -

39.    State the factual basis for your contention that you were subject to unreasonable force as alleged in paragraph 52 of the Complaint.

40.    State the factual basis for your contention that you were subject to cruel and unusual punishment as alleged in paragraph 52 of the Complaint.

41.    State the factual basis for your contention that you were subject to the tort of assault and batter as alleged in paragraph 54 of the Complaint.

42.    State the factual basis for your contention that your rights under 42 U.S.C. § 2 were violated as alleged in paragraph 55 of the Complaint.

43.    State the factual basis for your contention that your rights under Chapter 889 of the Connecticut General Statutes were violated as alleged in paragraph 56 of the Complaint.

- 13 -

44.     Identify which statute in Chapter 889 supports your claim that your rights were violated thereunder as alleged in paragraph 56 of the complaint.

45.     State the factual basis for your contention that your suffered the tort of invasion of privacy as alleged in paragraphs 57 of the Complaint

46.     State the factual basis for your contention that your suffered the tort of libel *per se* as alleged in paragraph 60 of the Complaint.

47.     State the factual basis for your contention that your suffered the tort of slander *per se* as alleged in paragraph 60 of the Complaint.

48.     Identify all evidence you intend to introduce at trial.

- 14 -

49.     State the name and address for each person, expert or otherwise, the plaintiff intends to call at trial along with a summary of the facts each person shall testify to at trial.

50.     Identify with particularity all items of economic loss arising from the incident(s) in the complaint and identify all documents that support such items.

## IV.     **REQUESTS FOR PRODUCTION**

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; and DAVID ATKINSON, Patrol Officer, request that the plaintiff produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

The place of production shall be at the law offices of Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114.

1.     All hospital records relating to treatment received as a result of the alleged incident(s), and to any injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories, and written authorization to inspect and make copies of said hospital records.

2.     All reports of all doctors and all other care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident(s), and to the injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories exclusive of any records prepared or maintained by a licensed psychiatrist or psychologist) and written authorization to inspect and make copies of said reports.

3.     All reports of all doctors and other mental health care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident(s) and to the emotional injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories.  Please also sign the enclosed mental health authorization appended pursuant to Conn. Gen. Stat. § 52-146c(c), § 52-146d, and § 52-146e.

- 16 -

     4.     All medical bills that are claimed to have been incurred as a result of this incident.

     5.     All bills for each item of expense that is claimed to have been incurred as a result of this incident and not produced in response to Production Request No. 4 above.

     6.     A copy of any non-privileged statement of any party in this lawsuit concerning this action or its subject matter.

     7.     All documents identified in response to Interrogatory No. 10, 11, 23, 48, 50

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT
GILL, Chief of Police; PATRICK
O'MALLEY, Patrol Officer; and DAVID
ATKINSON, Patrol Officer.


_____
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

## CERTIFICATION

I hereby certify that on              , 2004, a copy of foregoing was served by
U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
1204 Main Street
PMB Box #262
Branford, CT 06405


_____
John J. Radshaw, III

- 18 -