

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| Plaintiff, | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| Defendants. | JANUARY 14, 2004 |

### ANSWER AND AFFIRMATIVE DEFENSES
### TO AMENDED COMPLAINT DATED DECEMBER 20, 2002

#### Introduction

The allegations of the unnumbered paragraphs in the section captioned "Introduction" are denied.

#### Jurisdiction

1. As to the allegations of paragraph 1, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

#### Parties

2. As to the allegations of paragraph 2, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

3. So much of paragraph 3 that alleges that Thomas W Grantland is a police officer employed by the Branford Police Department is admitted; the remaining allegations of paragraph 4 are denied.

4. So much of paragraph 4 that alleges that Patrick O'Malley is a patrol officer employed by the Branford Police Department is admitted; the remaining allegations of paragraph 4 are denied.

5. So much of paragraph 5 that alleges David J. Atkinson is a patrol officer employed by the Branford Police Department is admitted; the remaining allegations of paragraph 5 are denied.

6. As to the allegations of paragraph 6, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

### Facts

7. As to the allegations of paragraph 7, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

8. As to the allegations of paragraph 8, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

9. As to the allegations of paragraph 9, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

10. As to the allegations of paragraph 10, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

11. It is admitted that Officer Jay Kaufman of the Branfordd Police Department investigated an emergency call where the plaintiff was found unconscious in the men's bathroom of Darbar Restaurant in Branford, CT on March 28, 2001 at approximately; the remaining allegations of paragraph 11 are denied.

12. As to the allegations of paragraph 12, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

13. As to the allegations of paragraph 13, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

14. As to the allegations of paragraph 14, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

15. It is admitted that the plaintiff was arrested by members of the Branford Police Department on November 15, 2001; as to the remaining allegations of paragraph 15, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

16. As to the allegations of paragraph 16, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

17. As to the allegations of paragraph 17, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

18. As to the allegations of paragraph 18, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

19. As to the allegations of paragraph 19, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

20. As to the allegations of paragraph 20, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

21. As to the allegations of paragraph 21, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

22. As to the allegations of paragraph 22, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

23. As to the allegations of paragraph 23, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

24. It is admitted that the plaintiff placed one telephone call during his detention on November 15, 2001; as to the remaining allegations of paragraph 24, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

25. As to the allegations of paragraph 25, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

26. As to the allegations of paragraph 26, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

27. As to the allegations of paragraph 27, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

28. As to the allegations of paragraph 28, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

29. As to the allegations of paragraph 29, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

30. As to the allegations of paragraph 30, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

31. It is admitted that the plaintiff was transported to the New Haven Correctional Center on November 15, 2001; as to the allegations of paragraph 31, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

32. It is admitted that during some time on November 15, 2001 while in police custody, the plaintiff was handcuffed; as to the allegations of paragraph 32, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

33. As to the allegations of paragraph 33, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

34. As to the allegations of paragraph 34, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

35. As to the allegations of paragraph 35, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

36. As to the allegations of paragraph 36, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

37. As to the allegations of paragraph 37, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

38. As to the allegations of paragraph 38, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

39. As to the allegations of paragraph 39, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

40. As to the allegations of paragraph 40, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

41. As to the allegations of paragraph 41, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

42. As to the allegations of paragraph 42, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

43. As to the allegations of paragraph 43, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

44. As to the allegations of paragraph 44, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

45. As to the allegations of paragraph 45, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

46. As to the allegations of paragraph 46, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

## Legal Claims

### First Count

47. The allegations of paragraph 47 are denied

48. The allegations of paragraph 48 are denied

49. The allegations of paragraph 49 are denied

50. The allegations of paragraph 50 are denied

### Second Count

51. The allegations of paragraph 51 are denied

52. The allegations of paragraph 52 are denied

53. The allegations of paragraph 53 are denied

54. The allegations of paragraph 54 are denied

### Third Count

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 are denied.

### Fourth Count

59. The allegations of paragraph 59 are denied.

60. The allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 are denied.

### Fifth Count

62. The allegations of paragraph 62 are denied

63. The allegations of paragraph 63 are denied.

### AFFIRMATIVE DEFENSES

### *As to all Counts*

The plaintiff's complaint fails to state a claim upon which relief may be granted.

### *As to All Counts*

The negligence and carelessness of the plaintiff, ROBERT F. SALATTO, JR., contributed to and was a substantial factor in causing the plaintiff's injuries and losses in one or more of the following ways:

a. on prior occasions, in an effort to obtain transport to the hospital instead of the lock-up, he told one or more members of the Branford Police Department that he was infected with the AIDS virus;

b. in an effort to obtain transport to the hospital instead of the lock-up, he told one or more members of the Branford Police Department that he had tested HIV positive;

c. in an effort to obtain transport to the hospital instead of the lock-up, he voluntarily struck his own face on the police cruiser window;

d. in an effort to obtain transport to the hospital instead of the lock-up, he voluntarily attempted to smash to door window in the police cruiser;

e. he attempted to escape from the custody of the Branford Police;

f. he disobeyed the lawful orders of the Branford Police;

- 8 -

    g.    he resisted the officers;

    h.    failed to heed lawful orders to get into the patrol car; and

    i.    on many occasion prior, plaintiff claimed "medical problems" with the sole intention of avoiding time in the lock-up.

### *As to the First and Second Counts*

The plaintiff's claims are barred by the doctrine of qualified immunity.

### *As to the First, Second, Third and Fourth Counts*

The plaintiff's claims are barred by the doctrine of governmental immunity as established by Conn. Gen. Stat. §52-557n and the common law.

### *As to the Second Count*

The defendants' use of force was justified by Conn. Gen. Stat. §53a-22.

### *As to the Fourth Count*

Any alleged defamatory statements or alleged statements claimed to be defamatory *per se* alleged to be made by the defendants were protected by privilege.

### *As to the Fourth Count*

Any alleged defamatory statements or alleged statements claimed to be defamatory per se alleged to be made by the defendants were protected by a qualified privilege.

### **THE DEFENDANTS DEMAND A TRIAL BY JURY**

> THE DEFENDANTS,
> TOWN OF BRANFORD; ROBERT
> GILL, Chief of Police; PATRICK
> O'MALLEY, Patrol Officer; and DAVID
> ATKINSON, Patrol Officer.
>
> /s/ John J. Radshaw, III
> John J. Radshaw, III, ct19982
> HOWD & LUDORF
> 65 Wethersfield Avenue
> Hartford, CT 06114
> (860) 249-1361
> (860) 249-7665 (fax)
> jradshaw@hl-law.com

## CERTIFICATION

I hereby certify that on January 14, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
1204 Main Street
PMB Box #262
Branford, CT 06405

/s/ John J. Radshaw, III
John J. Radshaw, III