United States District Court
District of Connecticut

FILED
2004 FEB 23 P 4: 30

Robert F. Salatto, Jr.
Plaintiff

Vs.

Town of Branford, et al.
Defendants

Civil N⁰ 3:02-CV-230 (EBB/JGM)

U.S.D.C. @ BPT

February 17, 2004

## Plaintiff's Motion in Opposition of Defendants' Motion for Bond as Security

The plaintiff, pro se, hereby requests that the Defendants' Motion for Bond as Security for Costs dated January 14, 2004, be denied. In Support of this Motion, the plaintiff respectfully represents as follows:

The IN FORMA PAUPERIS designation formerly determined by this Honorable Court is proper in this case. The notion propounded by the defendants regarding the plaintiff's present financial posture and/or ability to post a security bond is predicated on a foundation of misleading and facially incorrect assumptions. In fact, the plaintiff is presently impecuniary and insolvent, and accordingly, the current PAUPER designation is proper in this case.

Per order of the Connecticut Superior Court, the plaintiff is presently participating in a community-based, residential reintegration center, wherein he is not presently afforded the opportunity, or the liberty, of seeking and/or maintaining a course of gainful employment. Only by date of February 06, 2004, was he released from incarceration and ordered into the residential center. His present financial situation firmly, and properly, meets criteria sufficient for the present designation of indigency, as he possesses ZERO available funds, and less than $100 in personal assets to his name and person combined. To maintain that a PAUPER designation is not proper in this case is to maintain that a PAUPER designation is proper in NO case.

Further, the defendants purport to request legal relief from this court based upon incorrect, insufficient, and incomplete factual conclusions. The assertion that, merely as the plaintiff has "opened his own business," without further investigation or consideration of his overall financial posture, including outstanding

(2)

liabilities, debts, pecuniary obligations, living costs, and the general considerations incident to the typical vicissitudes and financial hardships encountered by those individuals newly released from our criminal justice system is, without further factual support, facially insufficient to obtain relief as a matter of law.

In fact, the plaintiff's erstwhile "business" is presently defunct and functionally deceased. The plaintiff's "business" was rapidly driven into insolvency, and the plaintiff's person is wholly without money or assets. No facts alledged in the defendants' conclusiory filing demonstrate with sufficiency that an indigency or Pauperis designation in this case is realistically improper.

Lastly, although the instant motion for Bond is dated January 14, 2004, it was only received by the plaintiff on February 10, 2004. Accordingly, the plaintiff's Motion in Opposition, having been both served and filed only seven (7) days thence, should be deemed timely by this court. In the event that this court

(3)

has already passed upon, or considered, the defendants' Motion for Bond, the plaintiff respectfully requests that it VACATE the entry of its prior order and apply consideration of the defendants' motion in conjunction with the facts and assertions proffered in this motion.

WHEREFORE, the plaintiff respectfully requests that the defendants' Motion for Bond as Security for Costs be DENIED.

Respectfully submitted

_____
Robert F. Salatto, Jr.
The plaintiff, pro se
466 W. Main St
Waterbury, CT 06702

## CERTIFICATION

This is to certify that one (1) copy of the foregoing was mailed via U.S. Mail, postage prepaid, on 18 FEB 2004 to the following defendants of record:

Attorney John J. Radshaw, III
65 Wethersfield Avenue
Hartford, CT

Respectfully submitted,

_[signature]_
Robert Salatto, Jr.
The Plaintiff, Pro Se
466 W. Main St.
Waterbury, CT 06702