United States District Court
District of Connecticut

**FILED**
2004 MAR 16 P 5:20
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Robert F. Salatto, Jr
    Plaintiff

No 3:02 cv 230 (EBB)

v.

Town of Branford, et al
    Defendants

March 14, 2004

<u>Plaintiff's Motion in Opposition to
the Defendants' Motion to Dismiss</u>

The plaintiff requests that this court deny the defendants' motion to dismiss dated March 10, 2004. The plaintiff's memorandum in opposition is appended hereto for the consideration of this court. WHEREFORE, the plaintiff requests that the defendants' motion to dismiss is ordered DENIED by this Honorable Court.

Respectfully submitted,

*[signature]*

Robert Salatto, Jr. Pro Se
Renaissance Treatment, Inc.
466 W. Main St
Waterbury, Ct 06702

United States District Court
District of Connecticut

Robert F. Salatto, Jr.                    No. 3:02-CV-230 (EBB)
    Plaintiff

    v.

Town of Branford, et al.
    Defendants                            March 14, 2004

### Plaintiff's Memorandum in Opposition to the Defendants' Motion to Dismiss

The plaintiff requests that this court deny the Defendants' motion to dismiss dated March 10, 2004.

### Introduction

1. The plaintiff sued the defendants, pro se, claiming violations of Civil Rights and State law(s). The plaintiff has previously filed a motion to proceed In forma pauperis, accompanied by a duly sworn affidavit, pursuant to 28 U.S.C. 1915. The plaintiff's Pauperis motion was ordered GRANTED by this court.

### Argument

2. The court may dismiss an indigent plaintiff's suit

(1)

(2)

for any of the following reasons: (1) the allegations of poverty in the indigent's affidavit supporting the suit are false; (2) the indigent's suit is frivolous or malicious; (3) the indigent's suit fails to state a claim upon which relief can be granted; or (4) the indigent's suit seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2); see Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct 1827, 1831 (1989). However, this is not a case where this court should do such.

3. The defendants motion to dismiss is essentially a challenge against the plaintiff's allegations of poverty, as raised in his initial Pauperis affidavit. However, the defendants have filed no motion requesting this court to revisit its prior finding and order of the plaintiff's indigency, and they have adduced no reliable facts which indicate that this court's prior ruling is inappropriate.

4. The plaintiff's allegations of poverty and an inability to post a security bond are true. 28 U.S.C. 1915(e)(2)(A). At best, this court should refer to the plaintiff's claims of indigency as outlined in his duly sworn Pauperis affidavit. At worst, the plaintiff should be ordered to re-file a new affidavit of indigency for further consideration of this court. The plaintiff's financial status has changed in no material respects, and he is presently without any

(3)

financial means whatsoever with which to post a security bond. He is presently participating in a residential treatment center per order of the Connecticut Superior Court wherein he is availed no liberty to seek or maintain a course of gainful employment. Further, he is without any monetary or material assets at present, except for clothing and health care items. The plaintiff should be permitted the opportunity to present his civil rights claim without the posting of a security bond in this instance.

5. Further, although the defendants' motion for costs was apparently ordered granted by the clerk on January 27, 2004, the plaintiff received no notice of the defendants motion until February 10, 2004, at which time he immediately framed a motion in opposition to the defendants motion for bond as security, dated February 17, 2004. Said motion is attached hereto and incorporated herein as though fully pleaded.

6. It is a well-settled principle that indigent plaintiffs are constitutionally entitled to file civil rights actions In forma pauperis, and without the posting of a security bond. 28 USC 1915 et seq. The plaintiff in this action has been properly evaluated and designated In forma pauperis. The posting of a bond as security for

(4)

costs would act as an insurmountable impediment to the plaintiffs right to redress in this matter, and if it is ordered, the defendants will have succeeded in causing the plaintiff to unduly abandon his action without having had a full and fair opportunity to be heard on his merits.

Conclusion

7. For the foregoing reasons, as well as any others deemed appropriate by this court, the defendants' motion to dismiss should be denied.

Respectfully submitted

*[signature]*

Robert Salatto, Jr  Pro Se
Renaissance Treatment, Inc.
466 W. Main St
Waterbury, Ct 06702

United States District Court
District of Connecticut         EXHIBIT A

Robert F. Salatto, Jr.                    Civil N⁰ 3:02-CV-230 (EBB/JGM)
          Plaintiff

    Vs.                                    U.S.D.C. @ BPT

Town of Branford, et al.
          Defendants                       February 17, 2004


<u>Plaintiff's Motion in Opposition of
Defendants' Motion for Bond as Security</u>

The plaintiff, pro se, hereby requests that the Defendants' Motion for Bond as Security for Costs dated January 14, 2004, be denied. In support of this motion, the plaintiff respectfully represents as follows:

The IN FORMA PAUPERIS designation formerly determined by this Honorable Court is proper in this case. The motion propounded by the defendants regarding the plaintiff's present financial posture and/or ability to post a security bond is predicated on a foundation of misleading and facially incorrect assumptions. In fact, the plaintiff is presently impecuniary and insolvent, and accordingly, the current PAUPER designation is proper in this case.

Per order of the Connecticut Superior Court, the plaintiff is presently participating in a community-based, residential reintegration center, wherein he is not presently afforded the opportunity, or the liberty, of seeking and/or maintaining a course of gainful employment. Only by date of February 06, 2004, was he released from incarceration and ordered into the residential center. His present financial situation firmly, and properly, meets criteria sufficient for the present designation of indigency, as he possesses ZERO available funds, and less than $100 in personal assets to his name and person combined. To maintain that a PAUPER designation is not proper in this case is to maintain that a PAUPER designation is proper in <u>NO</u> case.

Further, the defendants purport to request legal relief from this court based upon incorrect, insufficient, and incomplete factual conclusions. The assertion that, merely as the plaintiff has "opened his own business," without further investigation or consideration of his overall financial posture, including outstanding

(2)

liabilities, debts, pecuniary obligations, living costs, and the general considerations incident to the typical vicissitudes and financial hardships encountered by those individuals newly released from our criminal justice system is, without further factual support, facially insufficient to obtain relief as a matter of law.

In fact, the plaintiff's erstwhile "business" is presently defunct and functionally deceased. The plaintiff's "business" was rapidly driven into insolvency, and the plaintiff's person is wholly without money or assets. No facts alledged in the defendants' conclusiory filing demonstrate with sufficiency that an indigency or pauperis designation in this case is realistically improper.

Lastly, although the instant motion for Bond is dated January 14, 2004, it was only received by the plaintiff on February 10, 2004. Accordingly, the plaintiff's Motion in Opposition, having been both served and filed only seven (7) days thence, should be deemed timely by this court. In the event that this court

(3)

has already passed upon, or considered, the DEFENDANTS' Motion for Bond, the plaintiff respectfully requests that it VACATE the entry of its prior order and apply consideration of the defendants' motion in conjunction with the facts and assertions proffered in this motion.

WHEREFORE, the plaintiff respectfully requests that the defendants' Motion for Bond as Security for Costs be DENIED.

Respectfully submitted

_____
Robert F. Salatto, Jr
The plaintiff, Pro Se
466 W. Main St
Waterbury, CT 06702


## CERTIFICATION

This is to certify that one (1) copy of the foregoing was mailed via U.S. Mail, postage prepaid, on March 14, 2004 * to the following defendants of record:

Attorney John J. Radshaw, III
65 Wethersfield Avenue
Hartford, CT

Respectfully submitted,

_(signature)_
Robert Salatto, Jr.
The Plaintiff, Pro Se
466 W. Main St.
Waterbury, CT 06702