**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| *Plaintiff,* | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| *Defendants.* | MARCH 17, 2004 |

**REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:        February 6, 2002
Date Complaint Served:       Unknown
Date of Defendant's Appearance:   October 30, 2002

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a telephone conference was held on February 10, 2004, by telephone. The participants were:

Plaintiff:   Robert F. Salatto        *Pro se*

Defendants: Town of Branford; Robert Gill,      John J. Radshaw, III
Chief of Police; Patrick O'Malley,
Patrol Officer; David Atkinson,
Patrol Officer; and John Doe, Shift
Supervisor

**I. Certification**

Undersigned counsel certifies that, after consultation with his client, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with his client, has developed the following proposed case management plan. Counsel further certifies that he has forwarded a copy of this report to his client.  A copy of the foregoing was served by U.S. Mail to all *pro se* parties.

**II. Jurisdiction**

   **A. Subject matter Jurisdiction**

The plaintiff has asserted subject matter jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §1983.

### B. Personal Jurisdiction

The defendants do not contest personal jurisdiction.

## III. Brief Description of Case

### A. Claims of Plaintiff:

Plaintiff asserts various claims arising under the U.S. Constitution, Amendments 4, 8, and 14, against agents of the Branford Police Department and the Town of Branford, Connecticut, for the unconstitutional application of unreasonable force during the course of an arrest; denial of access to medical treatment and/or evaluation, while in custody, despite indications of chest pain, nausea, vomiting, dizziness, and despite repeated requests for such treatment.  Further, the plaintiff alleges that the defendants rushed to his aid after learning through visual inspection that he had hanged himself in the lock-up, but further refused to permit, or provide, access to medical attention for his injuries.  Lastly, the plaintiff further assets torts under state law claiming that the defendants made false and slanderous utterances, orally and in writing on numerous occasions, that the plaintiff is infected with HIV and AIDS.  The plaintiff claims money damages.

### B. Defenses of Defendants:

The defendants dispute the allegations of the plaintiff assert that the plaintiff's complaint fails to state claims upon which relief may be granted. The individual defendants are protected by the doctrines of qualified immunity and governmental immunity.

### C. Defenses and Claims of Third Party Defendant/s:

Not applicable.

## IV. Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

None

## V. Case Management Plan:

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases because this manner has been stayed as a result of the Liquidation of the Legion Insurance Company.

**B. Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

**C. Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with a magistrate judge.

4. The defendants do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**E. Joinder of Parties and Amendment of Pleadings**

1. Plaintiff(s) should be allowed until **March 1, 2004** to file motions to join additional parties and until **March 1, 2004** to file motions to amend the pleadings.

2. Defendant(s) should be allowed until **April 1, 2004** to file motions to join additional parties and until **April 1, 2004** to file a response to the complaint.

**F. Discovery**

1. The parties anticipate that discovery will be needed on the following subjects: the factual support for the plaintiff's claims, the factual support of the plaintiff's claimed damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **February 1, 2004** and completed (not propounded) by **November 1, 2004**.

3. Discovery will not be conducted in phases.

4. Discovery on will be completed by **November 1, 2004**.

5. The parties anticipate that the plaintiff will require a total of eight (8) depositions of fact witnesses and that the defendants will require a total of five (5) depositions of fact witnesses. The depositions will commence by **February 1, 2003** and be completed by **November 1, 2004**.

6. The parties will request permission to serve more than 25 interrogatories.

7. Plaintiff does not intend to call expert witnesses at trial.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **November 1, 2004**. Depositions of such experts will be completed by **December 15, 2004**.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **May 1, 2004**.

**G. Dispositive Motions:**

Dispositive motions will be filed on or before **December 1, 2004**.

**H. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **January 15, 2005** or 60 days after any decision on a dispositive motion.

## VI. TRIAL READINESS

The case will be ready for trial by **February 1, 2005**.

The undersigned pro se parties certify that they will cooperate with all other parties, counsel of record and the Court to promote the just, speedy and inexpensive determination of this action.

<u>/s/Robert F. Salatto</u>
Robert F. Salatto, *pro se*

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor

<u>/s/John J. Radshaw, III</u>
John J. Radshaw, III
ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

- 5 -

## **CERTIFICATION**

      I hereby certify that on March 17, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.


Robert F. Salatto, Jr.
466 West Main Street
Waterbury, CT 06702

                                        <u>/s/John J. Radshaw, III</u>
                                        John J. Radshaw, III