United States District Court
District of Connecticut

Robert Salatto

FILED

2004 AUG 24 P 4:58

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Vs. 3:02cv230(EBB)

Town of Branford, et al., July 20, 2004

Motion to Quash Subpoena Noticing Ex-Parte Deposition of Non-Party Witness

This court should Quash the subpoena calling for the ex-parte Deposition of Mr. Robert Salatto, Sr., on August 26, 2004. The pro-se plaintiff in this matter is presently incarcerated. Counsel for the defendants recently caused a subpoena to be served upon the plaintiff's father, Robert Salatto, Sr., whom is a central witness to this Action. The subpoena calls for an ex-parte Deposition of Mr. Salatto, Sr., on August 26, 2004, at the address of adverse counsel's law office in Hartford, Connecticut. The plaintiff hereby requests that this court quash the defendants' Notice of Deposition for reasons as hereinafter set forth.

I) Counsel for the Defendants continues to utilize the pro-se plaintiffs incarceration as a springboard to dilute the notions of fundamental fairness respecting this process, and the progression of this Action.

Mead

II

Through his obstructive maneuvers, counsel continues to demonstrate what amounts to a systematic and continuous display of bad-faith, surreptitious tactics set forth to oppress the pro-se plaintiff. This Action has been pending for several years. Only now, that the plaintiff has become re-incarcerated, does counsel subpoena Mr. Saiatto, Sr., for an ex-parte deposition. If permitted, such an undertaking would violate the plaintiff's right to be present at the deposition, observe the credibility and demeanor of both the witness and attorney, interpose objections as to form or responsiveness, and conduct a fair cross-examination.

In addition, FRCP 30 (A)(B) calls for express leave of court respecting the plaintiffs' right to re-depose his witness. Such would impose an additional and unnecessary burden and cost upon the plaintiff. For these reasons, this court should quash the instant subpoena.

II) Ex-Parte communications between adversary and witness should be prohibited in this instance.

An ex-parte communication is defined as one that involves fewer than all of the parties who are legally entitled to be present during the discussion of any matter. See Black's Law Dictionary. Counsel is herewith seeking an ex-parte

Mead

ENCOUNTER, of virtually unlimited breadth, AMOUNTING TO AN OUTRIGHT UNILATERAL AMBUSH upon the plaintiff's chief witness. Counsel SHOULD NOT BE AFFORDED SPECIAL TREATMENT, or SUBSTANTIVE WINDFALLS, ON ACCOUNT of the plaintiff's incarceration, which TREATMENT WOULD NOT otherwise BE Authorized By A JUDGE, or By this COURT. Here, counsel is requesting EXACTLY THAT; An unfettered opportunity to AMBUSH the plaintiff's Father, his chief witness, without challenge or rebuttal from the plaintiff. For this reason, this court should Quash the instant subpoena.

In Addition, the plaintiff has A Bright-lined and clearly established interest to be physically present at any major undertakings of this suit, incarceratory or pauper status notwithstanding. Such is particularly so when the proposed encounter is one involving the exploration of A witness-in-chief. For these reasons, this court should QUASH the DEFENDANTS' proposed subpoena.

III) Counsel has FAILED TO MEET procedural REQUIREMENTS for the subpoena of A non-party witness

FRCP 30 MAKES MANDATORY that INFORMATION respecting Any Notice of Deposition shall be promptly provided to All

parties. However, although nearly two (2) weeks have elapsed since Mr. Salatto, Sr., has been served with the instant subpoena, the defendants have failed to notify or inform the plaintiff of the proposed deposition, in conformity with said FRCP 30. Such an extravagant omission of such a fair-bodied, simple requirement further bolsters the plaintiff's contention of a carefully planned and stealthy ambush upon the plaintiff's witness. If the pro-se plaintiff shall be held to the requirements of the FRCPs, than so should the attorney for the defendants be bound to the same procedural formalities. For these reasons, the defendants' proposed subpoena should be quashed.

IV The instant deposition, in its present form, is burdensome and oppressive, and counsel for the defendants should be compelled to depose the witness at such time and place as he deposes the plaintiff, albeit within the designated attorney-client area of a Connecticut Correctional facility.

Mr. Salatto, Sr., was recently hospitalized due to a heart attack. Thenceforth, he has remained confined to his home, and has operated a motor vehicle only sparingly. Counsel has communicated an express intent to seek leave of this

Mead

V

court, pursuant to FRCP 30(a)(2), to take the plaintiffs' Deposition during his incarceration. Time, space, economy, and convenience provide that counsel could simultaneously arrange to record the deposition of Mr. Salatto, Sr., either prior to, or subsequent of, deposing the plaintiff, as Mr. Salatto, Sr., holds a duly approved visitor's card. Such would obviate any residual burden or oppression which would reasonably be expected to flow from the proposed witness being compelled to travel to Hartford, round-trip, for an ex-parte deposition. Not only would such a proposition be medically dangerous at this juncture, but additionally burdensome and extremely oppressive. Our civil rules of procedure uniformly preclude such acts interposed to burden or oppress. Furthermore, the court shall quash or modify a subpoena if such subpoena subjects a person to an undue burden. FRCP 45(c)(3)(A)(iv); Linder v. National Sec. Agency, 94 F.3d 693, 695 (D.C. Cir 1996); Addamax Corp. v. Open Software Found., Inc., 148 F.R.D. 462, 468 (D. Mass. 1993). The undue-burden standard for non-parties may be more lenient than for parties. See Katz v. Batavia Mar. & Sporting Sup., Inc., 984 F.2d 422, 424-25 (Fed Cir 1993); see also Exxon Shipping Co., v. United States Dept of Interior, 34 F.3d 774, 779 (9th Cir 1994) (Non-parties are afforded "special protection" against the time and expense

Mead

VI

of complying with subpoenas).

For these reasons, as well as any others deemed fit by this court, the instant deposition proposing the deposition of Mr. Robert Salatto, Sr., should be quashed, and further, this Honorable Court should ORDER that the non-party witness be deposed only at such time and place as that of the plaintiff, Mr. Robert Salatto, Jr., albeit within the designated area of a Connecticut Correctional facility.

Respectfully Submitted

[signature]

Robert Salatto, Jr.
the Plaintiff, Pro-Se
#180287
N.H.C.C.C.
245 Whalley Avenue
New Haven, CT 06511-8000

Certification:

This is to certify that one (1) copy of the foregoing was mailed, postage pre-paid to Attorney John Laddhaw, 165 Wethersfield Ave., Hartford, Connecticut, on this, the 20th day of July, 2004

[signature]

Robert Salatto, Pro-Se