**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| *Plaintiff*, | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| *Defendant*s. | AUGUST 27, 2004 |

### MEMORANDUM OF LAW IN OPPOSITION TO
### PLAINTIFF'S MOTION TO QUASH

The defendants submit the following memorandum of law in opposition to the plaintiff's Motion to Quash dated July 20, 2004. The Motion to Quash should be denied as it is, among other things, moot.

By way of background, on August 23, 2004, the undersigned received the plaintiff's Motion to Quash Subpoena Noticing Ex-Parte Deposition of Non-party Witness dated July 20, 2004. The Motion to Quash, while dated July 20, 2004, was not posted in the U.S. Mail until August 20, 2004. *See* Exhibit A. At the time the Motion to Quash was served, the deposition of Mr. Salatto, Sr. was not yet noticed. *See* Exhibit B.

The plaintiff's basic argument in the Motion to Quash is to prevent the deposition of his father, Robert F. Salatto, Sr. As a threshold matter, Robert F. Salatto, Sr., the non-party witness served with the subpoena in question on August 5, 2004, was

released from that subpoena on August 25, 2004.  At that time in a telephone conversation with the undersigned, Mr. Salatto indicated that he was in poor health, had several medical appointments during the time of the deposition scheduled for August 26, and would have trouble obtaining transportation to Hartford in order to sit for the deposition.  As an accommodation for Mr. Salatto, he was released from that subpoena.

Having been released from the subpoena, the bulk of the plaintiff's Motion to Quash is now moot. When a claim becomes moot, because the relief sought is no longer needed, the claim generally is dismissed. See Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").  Therefore, the plaintiff's Motion to Quash should be denied. Id.

As to the remaining arguments advanced by the plaintiff in the Motion to Quash, they should be rejected.  "[T]he scope of discovery under Fed.R.Civ.P. 26(b) is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (*quoting* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the

movant." Jones v. Hirschfeld, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003) (citing Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)).

The remaining claims or allegations in the Motion to Quash make no sense, are procedurally improper or amount to claims for relief unavailable to the plaintiff. Beyond the basic request to quash, plaintiff makes four arguments: (1) "counsel for the defendants continues to utilize the pro-se plaintiff's incarceration as a springboard to dilute the fundamental notions of fairness respecting this process and the procession of this action"; (2) "ex parte communications between adversary and witness, without consent, should be prohibited in this instance; (3) "counsel has failed to meet procedural requirements respecting the subpoena of a non-party witness" and (4) "the instant deposition is burdensome and oppressive and counsel should be required to depose the witness at such time and place as he deposes the plaintiff, albeit within the designated attorney-client area of a Connecticut correctional facility." The defendants address each argument in turn.

With regard to the plaintiff's claim that counsel is using his incarcerated status to "dilute the fundamental notions of fairness respecting the process" is without merit. Plaintiff claims that the subpoena was issued "only now that the plaintiff has be re-incarcerated." Nothing could be farther from the truth. Plaintiff spent the better part of the last four to six months claiming that he would be released from the drug treatment facility in mid-June 2004. Apparently, he was released (the address listed on the plaintiff's pro se appearance) and the facility refuses his mail. See Exhibit C. Based on plaintiff's representations to counsel that he was itching to get out and litigate this case,

the undersigned could not predict that the plaintiff would be re-incarcerated. As to the claim that the plaintiff needs leave to re-depose his father, the defendants offer two observations: (1) why does the plaintiff need to depose his own witness-in-chief who would presumably testify in his favor? and (2) given the plaintiff's obvious familiarity with the Federal Rules and habit to quote them at length, plaintiff doubtlessly knows he could have served written questions in lieu of attendance. *See* Fed.R.Civ.P. 30(c); 31. This argument should be rejected.

With regard to plaintiff's claim that counsel should be prohibited from *ex parte* communications with his father, plaintiff seriously misapprehends the law. Plaintiff claims he is "legally entitled" to be present when counsel speaks with his father, at a deposition or otherwise. Nothing could be farther from the truth. Plaintiff is not a lawyer, much less his father's lawyer, and has no present legal entitlement to be present when counsel speaks with his father or any other witness in this action. Despite claiming a "bright-line and cognizable interest to be physically present at any major undertaking of this suit," plaintiff offers no authority for this concept. Indeed, the fact that he is incarcerated necessarily limits many "bright-line and cognizable interest[s]" the plaintiff thinks he has – that is the point of incarceration. This argument should be rejected.

With regard to the claim that counsel has failed to meet the procedural requirements for taking a deposition. Again, the plaintiff misapprehends the law and is, in fact, a victim of his own inattentiveness. On February 20, 2004, plaintiff updated his address with the court. See Exhibit D. Beginning in June 2004, a significant number of

items sent to the plaintiff by counsel were returned as refused.  *See* Exhibit C.  Counsel attempted to forward materials to his father. Id.  Plaintiff had stated that 14 Svea Drive was an official address for him.  Accordingly, given the absence of an address for the plaintiff, mail posted to him was addressed to 14 Svea Drive.  It is the plaintiff's responsibility to keep his address updated with the court and opposing counsel.  Plaintiff has not done so.  Only on August 27, 2004 when counsel received the CM/ECF notice the plaintiff's Motion to Quash was docketed by the Clerk's Office and happened to check the full docket entries did counsel notice the plaintiff's address updated to reflect his current incarceration.

With regard to the plaintiff's final argument, claiming the deposition is burdensome and oppressive, as his father's health prevents a timely deposition or that his father should be deposed at a Connecticut Correctional Facility, is unpersuasive.  Aside from this argument becoming moot as a result of the release of the subpoena, the Motion to Quash is not the proper vehicle to seek prospective relief.  Additionally, plaintiff lacks standing to challenge the subpoena issued to a non-party witness such as his father. Ordinarily, a party lacks standing to seek to quash a subpoena issued to a non-party unless the party claims a right or privilege with regard to the documents sought. 9A FEDERAL PRACTICE & PROCEDURE § 2459 at 41 (2d Ed. 1995). Nothing in the plaintiff's moving papers indicates some recognized privilege in his father's testimony.  As set forth above, Mr. Salatto's expressed health concerns over travel have been met through compromise and discussion, rather than motion practice.

For the reasons set forth above, the defendants' Motion to Quash should be denied.

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

I hereby certify that on August 27, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
Inmate #180287
New Haven Correctional Center
245 Whalley Avenue
New Haven, CT 06511-8000

                                      /s/ John J. Radshaw III
                                      John J. Radshaw III