United States District Court
District of Connecticut

ROBERT SACATTO, JR
   Plaintiff

Vs.

Town of Branford, et al.,
   Defendants

2004 SEP -8 P 4:52bc @ Bridgeport

Case # 3:02-CV-230

September 03, 2004

### Plaintiff's Motion to Enlarge Scope of Discovery

The plaintiff, pursuant to Fed.R.Civ.P. 26(b)(1), hereby requests that this court enlarge the scope of discovery from that of matters related to the "claims and defenses" of any party, to that of matters relevant to the "subject matter" of the action. In support, the plaintiff maintains as follows:

Rule 26(B)(1) in pertinent part provides "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." The 2000 Advisory Committee Notes respecting that rule at ¶ 24 indicate that "the good-cause standard warranting broader discovery is meant to be flexible." Those same notes at ¶ 26 provide: "When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of discovery requested."

In this case, the plaintiff is an indigent, incarcerated prisoner presenting his first Pro Se case. Traditional methods of discovery or strategical posturing generally attainable to average persons, or attorneys,

are severely diminished and oppressed with respect to his particular case, both due to his incarceration, and his indigency. Such procedural limitations over-balance and tip the scales of equinimity sharply in favor of the defendants in nearly every material respect. Notwithstanding, the plaintiff is Constitutionally entitled to fairly and fully litigate his claim and be heard on his merits; such can only be accomplished by a counter-balancing of the overweighted and biased scales of justice. The Pro Se Plaintiff is literally suing City Hall; Subject matter discovery is warranted in this instance.

Furthermore, the plaintiff has, thus far, demonstrated both consistency and due diligence in maneuvering his case through the throes of the justice system. The Court's valuable time and resources are not squandered in this instance. Subject matter discovery, here, is aptly warranted.

Due to the plaintiff's inexperience, and inability to effectively utilize traditional methods of discovery in their traditionally contemplated sense, and taking into account the needs of this case, the amount in controversy, the plaintiff's lack of viable resources, and his incarceratory limitations, as well as the importance of the proposed enlargement in resolving the issues, an enlargement of the scope of discovery broadened to include material relevant to the subject matter of this action is justly + equitably warranted.

WHEREFORE, for these reasons, this court should enlarge the

scope of discovery to include matters relevant to the "subject matter" of the action on behalf of the plaintiff.

Respectfully submitted,

*[signature]*

Robert Salatto, The Plaintiff
#180287
245 Whalley Avenue
New Haven, CT 06511-8002

This is to certify that one copy of the foregoing was mailed, postage prepaid, to counsel for the defendants, John Cadahia, 65 Wethersfield Ave, Hartford, CT 06114-1190, on September 3rd, 2004.

*[signature]*

Robert Salatto
The Plaintiff, Pro Se.