UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT F. SALATTO, JR. | : | NO.: 3:02 CV 0230 (EBB) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF BRANFORD; ROBERT GILL, | : | |
| CHIEF OF POLICE; PATRICK O'MALLEY, | : | |
| PATROL OFFICER; DAVID ATKINSON, | : | |
| PATROL OFFICER; and JOHN DOE, | : | |
| SHIFT SUPERVISOR | : | OCTOBER 12, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR ENLARGEMENT OF DISCOVERY SCOPE**

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; and DAVID ATKINSON, Patrol Officer, submit the following memorandum of law in opposition to the plaintiff's Motion For Enlargement of Discovery Scope dated September 3, 2004. For the reasons set forth herein, the plaintiff's motion must be denied.

**I.      BACKGROUND.**

The plaintiff, Robert F. Salatto, Jr., commenced the instant civil action more than 2 years ago claiming that his constitutional rights were violated during his arrest by certain members of the Town of Branford Police Department. Salatto also alleged a variety of state law theories supporting his entitlement to damages.

By way of motion dated September 3, 2004, the plaintiff sought to enlarge the scope of discovery beyond that set forth in Rule 26(b)(1).

**II.    LAW AND ARGUMENT.**

    **A.    ENLARGEMENT OF DISCOVERY IS NOT WARRANTED IN THIS CASE; THE PLAINTIFF'S MOTION SHOULD BE DENIED.**

Nearly two years after the commencement of this action, the plaintiff now moves to expand discovery beyond the "claims and defenses" of the parties to "subject matter" discovery. The balance of his motion is directed to establishing the so-called hardships warranting tipping the scales of justice in his favor. Little time or ink is spent on either the specifics of the "claims and defenses" or what "subject matter" the plaintiff intends to pursue with the sought-after grant of authority from the court. In any event, the hardships are irrelevant whether the *pro se*, incarcerated, indigent plaintiff is suing "city hall" or not.

Federal Rule of Civil Procedure 26(b)(1) prescribes the scope of matters upon which a party may seek discovery.

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed.R.Civ.P. 26(b)(1).

The last sentence of Rule 26(b)(1) was added in 2000 "to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery." Fed.R.Civ.P. 26(b)(1) advisory committee's note (2000). Fed.R.Civ.P. 26(b)(2) — entitled "Limitations" — in turn provides:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2).

As a whole, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." Crawford-El v. Britton, 523 U.S. 574, 598 (1998). And "[i]t is appropriate for the court, in exercising its discretion . . ., to undertake some substantive balancing of interests . . . ." Laxalt v. McClatchy, 809 F.2d 885, 890 (D.C. Cir. 1987); see United States v. Microsoft Corp., 165 F.3d 952, 960 (D.C. Cir. 1999) (holding that Rule 26(c)'s "'good cause' standard . . . is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case"). In order to conduct an individualized balancing, we now examine each limitation set forth in subdivision (b)(2).

    1.    Fed.R.Civ.P. 26(b)(2)(i).

This subsection of subdivision (b)(2) authorizes the limitation of discovery when the "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." In the present case, the plaintiff has propounded seven sets of written discovery to different defendants in the present case. In each instance, some discovery was answered; the defendants objected to other portions of the discovery. Plaintiff has not made any effort to resolve those objections nor has he claimed the defendants' answers

were insufficient. The defendants submit that an expansion of discovery to include the "subject matter" of the lawsuit would cover areas already covered in discovery. The expansion of discovery to cover the "subject matter" is unreasonably cumulative or duplicative within the meaning of Rule 26(b)(2)(i). Therefore, the motion should be denied. This, of course, overlooks the plaintiff's failure to identify the "subject matter" on which he seeks discovery.

    **2.**    **Fed.R.Civ.P. 26(b)(2)(ii).**

This subsection of subdivision (b)(2) authorizes the limitation of discovery when "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed.R.Civ.P. 26(b)(2)(ii). In the present case, the plaintiff has propounded seven sets of written discovery to different defendants in the present case. In each instance, some discovery was answered; the defendants objected to other portions of the discovery. Plaintiff has not made any effort to resolve those objections nor has he claimed the defendants' answers were insufficient. Nearly two years have passed and the plaintiff now claims a need to expand discovery. The seven sets of written discovery demonstrate the plaintiff's "ample opportunity . . . to obtain the information sought" in the context of normal discovery. The expansion of discovery to cover the "subject matter" is improper as the plaintiff has had many opportunities to obtain the undefined discovery into the "subject matter" within the meaning of Rule 26(b)(2)(ii). Therefore, the motion should be denied.

    **3.**    **Fed.R.Civ.P. 26(b)(2)(iii).**

This subsection of subdivision (b)(2) authorizes the limitation of discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking

into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(iii).  It is hard to analyze the plaintiff's request in this regard because his motion fails to make any specific proposal for "subject matter" discovery other than the intonation of the words of Rule 26.  Without more, the defendants submit unlimited discovery is undoubtedly expensive and outweighs any benefit, the needs of the case, or the amount in controversy.  While the plaintiff does not have many resources, the plaintiff fails to identify his entitlement to some specific item that is outside the scope of normal discovery.  Indeed, the merits of the plaintiff's claim cannot be evaluated because we cannot determine "the importance of the proposed discovery in resolving the issues."  The expansion of discovery to cover the "subject matter" is improper as the plaintiff has failed to make any concrete proposal as contemplated by Rule 26(b)(2)(iii).  Therefore, the motion should be denied.

### III.    CONCLUSION.

For the reasons set forth above, the defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; and DAVID ATKINSON, Patrol Officer, pray that the plaintiff's Motion Requesting An Order Compelling Disclosure of Specific Items of Work Product is denied.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; and DAVID ATKINSON, Patrol Officer.

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

## **CERTIFICATION**

I hereby certify that on October 12, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr., #180287
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

/s/ John J. Radshaw, III
John J. Radshaw, III

6