ROBERT SALATTO

    PLAINTIFF

Vs

Town of Branford, et al.,

    DEFENDANTS

FILED

2004 OCT 22  P 4:00
U.S.D.C. @ Bridgeport

CASE # 3-02-cv-230 (EBB)

October 7th 2004

## Plaintiff's Motion to Compel Discovery Responses

The plaintiff, pursuant to Rule 37 (a)(B) of the Federal Rules of Procedure, hereby requests that this Honorable Court enter an order, or appropriate orders, compelling full and frank answers responsive to the plaintiff's interrogatories directed to Defendant Patrick O'Malley. A copy of the defendants unsigned and unsworn responses to such interrogatories are attached herewith and incorporated herein by reference as though fully set forth, marked as Exhibit A. Additionally, a copy of the plaintiffs instructions to defendant O'Malley respecting those same interrogatories is attached herewith and marked as Exhibit B. The plaintiff, for considerations of ease and brevity, will refer to each interrogatory alleged to be answered insufficiently solely by number. The plaintiff's argument and legal reasoning with respect to each interrogatory will follow thereafter. The plaintiffs arguments are as follows:

INTERROGATORY # 1: Interrogatories respecting the identity of all persons answering such interrogatories, supplying information, or assisting therein are proper. The scope of discovery respecting written interrogatories

(2)

is governed principally by FRCP 26(b)(1); Ryan v. Board of Police Comm's, 96 F.3d 1076, 1083 (8th Cir 1996); See Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir 1933)(Scope of discovery through interrogatories is limited only by relevance and burdensomeness)); Rich v. Martin Marietta, 522 F.2d 333, 343 (10th Cir 1974)(same). The policy considerations underlying these opinions are sound, logical, and self-evident in light of the broad and liberal standards of contemporary notice pleading.

Furthermore, a party is entitled to discover information about all fact witnesses. See FRCP 26(b)(1). Fact witnesses include all persons with relevant information, whether or not their position supports the position of the disclosing party. Scheetz v. Bridgestone/Firestone, Inc., 152 F.R.D. 628, 631 n. 3 (D. Mont. 1993). Information regarding persons assisting in the preparation of interrogatories are, therefore, proper under this analysis.

In addition, FRCP 26(b)(1) could not address the topic of relevance in a more direct manner; the language of the rule specifically permits discovery of "... persons having knowledge of any discoverable matter." Disclosure of the identity of persons assisting with the preparation of interrogatory responses is, therefore, a permissible and entirely proper rule-based grant.

With reference to objections predicated in claims of Attorney/Client privilege, all such claims should be rejected in this context. Names aren't, per se, violative of the privilege. A grave distinction lies between identity - which is sought here - and information - which incidentally, is not. Furthermore, no correlation is present between the identity of persons assisting in the preparation of the defendant's responses, and the thoughts, mental impressions, and trial strategies of counsel.

Interrogatory # 2: The plaintiff will withdraw his request for disclosure

③

of information relating to the defendant's Social Security Number. However, as to the remainder of the defendant's objection, it is unsubstantiated and should finally be rejected.

Basic information respecting all government officials is public record, and freely accessible to those who wish to inquire. The defendant's claim that, "As a law enforcement officer in the State of Connecticut, the residential addresses are exempt from disclosure," is unsubstantiated by any statute or other legal authority. The basic information requested of the defendant or the plaintiff is within the realm of fairness and predominantly discoverable of all defendants in all civil actions. Defendant O'Malley is accorded no special protection simply because he is a party to this action.

Additionally, the hypocrisy and effrontery inherent in this objection is patently ridiculous. This interrogatory directed to O'Malley, is couched in nearly identical relation to O'Malley's interrogatory Number One (1) directed to the plaintiff on February 17, 2004.

With the exception of insignificant linguistic dissimilarities, these such interrogatories are materially identical. Here, we therefore see a classic example of "Do Ask...Don't Reveal" tactics embodying classic frivolity in violation of the aims of Rules 26 and 33. Further, answers to this interrogatory could - more generally than by most others - lead to the discovery of facts admissible into evidence. Accordingly, it is respectfully requested that this court compel an answer hereof.

Interrogatory # 3 : As to this objection, the plaintiff advances identical legal reasoning as set forth above via Interrogatory # 2.

Here, however, the plaintiff's interrogatory directed to O'Malley is modeled identically in response to interrogatory number Two (2) of O'Malley's interrogatories directed to the plaintiff dated February 17, 2004. Again, No Double-standard, right or hypocrisy, or special treatment is carved out for this defendant in our Federal Rules As the " do Ask, don't reveal " tactics come again into play. Legally, and in pursuance of our rules of discovery, All information requested responsive to this interrogatory falls well within the purview of rules 26 and 33.

Furthermore, the plaintiff is a novice, pro se litigant. While the plaintiff may, in fact, have named no direct Constitutional violations Against the Town of Branford based on a failure to train or supervise, the defendants have nonetheless been put on long-standing notice that the plaintiff intends to Ascribe liability on said defendant Town of Branford based upon the legal doctrines Articulated in Monell v. Dept. of Social Services, 436 U.S. 658 (1978), and Further, that the plaintiff will petition this court for leave to Amend his complaint at first Available opportunity. Thus, the information requested in this interrogatory, in fact, does bear A relevant and pertinent evidentiary relationship to this civil Action, And to our rules of procedure.

Interrogatory # 4: In compliance with the defendant's objections As to time and scope, the plaintiff will hereby compromise and contain the focus and the inquiry of this interrogatory to A period of Ten (10) years preceding the date of the alleged misconduct As set forth in the Amended complaint, until the present. With respect to the remainder of the defendants objection to this interrogatory, the plaintiff offers As follows:

(5)

The fact that the requested information is public record needs no explanation further. "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more likely or less likely than it would be without the evidence. FRE 401. The legal standard of "relevant evidence" as interpreted by Daubert v Merrill, 509 US 579, 109 SCT 439, 451 (1938), provides "[FRE 401] basic standard of relevance... is a liberal one." Further, "while giving judges great freedom to admit evidence, [FRE 401] diminishes substantially their authority to exclude evidence as irrelevant." Spain v Gallegos, 26 F.2d 439, 452 (3d Cir. 1994). In accord with such authority, which lends itself as sound, sensible, and persuasive, the requested (public record) information regarding prior acts of misconduct is contextually relevant and discoverable.

Furthermore, FRE 404(b) provides specifically for the discovery of evidence of other crimes, wrongs, or acts. Admissible for purposes, such as proof of evidence respecting motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This interrogatory, relating to prior accusations of wrongdoing in general, and similar incidents of misconduct in particular, rests in harmony with and acts in furtherance of the aims of this rule. Clearly, the dictates of 404(b) render the requested information vulnerable to view, especially for purposes of evaluating necessary subjective components of scienter. The plain language of the rule makes this contention indisputably clear; accordingly any person who sits as a defendant in a federal forum may reasonably expect an adverse examination of other prior incidents or accusations of like misconduct charged against that person in time – especially a government official.

Such is particularly so where a municipality is, or may be, liable for the deprivation of Constitutional rights inflicted upon the plaintiff in accordance with a policy, practice, custom, or act of a final decision maker. Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Pembaur v City, 475 U.S. 469 (1986); Monell, supra; Gottlieb v. County of Orange, 84 F.3d 511 (2d Cir 1996); Zabra v Town of Southold, 48 F.3d 674 (2d Cir 1995); Dwares v City of New York, 985 F.2d 94 (2d Cir 1993) or where a municipality can be liable for a failure to train or supervise. City of Canton v. Harris, 489 U.S 378, 385 (1989). Both of such scenarios bear a direct and pertinent evidentiary relationship to the various, but specific, subjective components enunciated in Rule 404(b). Inter alia, Federal Rule 404(b) is an indispensible link in the chain of vicarious municipal liability. Diametrically, the rule brings into view evidence incidental to the subjective components requisite to individual Constitutional liability.

Still further, FRE 406 provides "Evidence of habit of a person whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person...on a particular occasion was in conformity with the habit or routine practice." In consonance with U.S. v. Angwin, 271 F.3d 786, 799 (9th Cir 2001) the interrogatory seeks to uncover evidence respecting (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional, (2) the specifity or particularity of the conduct; and (3) the regularity or numerosity of the conduct. The plaintiff's inquiry regarding specific prior instances in seriatim, and identified with particularity, is directly relevant with this line of proof; especially considering the plaintiff's agreed compromise on

TEMPORAL LIMITATIONS. Accordingly, the requested information should be brought to bear by this Honorable Court.

LASTLY, the 2000 Advisory Committee Notes to FRCP 26 @ ¶ 25 offer up guidance on this very topic: "A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses of a given action. For example, other incidents of the same type." If such were so given the limited 'claims or defenses' language employed in Rule 26, such is particularly applicable given the broadened range of "subject matter" discovery proposed — and not opposed to via memorandum in opposition — in this action.

For any and all of these reasons, this court should compel the defendant to fully and frankly frame a response to this interrogatory, within the conceded limitation as enunciated.


INTERROGATORY # 10: Although the defendant has, in fact, provided materials regarding the Department's policies + procedures on training and standards, etc, respecting the transmission and/or exposure to communicable diseases, the defendant has evaded the substance of this interrogatory in its entirety. The interrogatory calls for "regulations" and "policies" regarding the disclosure of medical information to any person, specifically the disclosure of information regarding the HIV or AIDS virus(es). Via this interrogatory, the plaintiff is seeking to determine, in specific language, under what circumstances a member of the Branford Police Department may disclose or reveal an arrestee or detainee's perceived status

⑧

As an infected individual (HIV/AIDS) to a civilian or a non-departmental individual. The information requested falls within the realm of FRCP 26 and 33, and this court should fairly compel an answer hereof.

INTERROGATORY # 11: The plaintiff respectfully requests that this court require of the defendant to fully and specifically respond to this interrogatory, which calls for any and all training of a generalized or specialized nature received by the defendant relative to specifically (1) chest pain, or (2) cardiovascular illness. The defendant's response indicating that he received "first aid" training is broad, non-specific, and fails to fairly meet the substance of the question proferred.

INTERROGATORY # 16: Definition number one (1) of the plaintiff's "Directions" to the defendant (Exhibit B) define the term "defendant(s)" as "the party, and where applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates." The defendant failed to interpose an objection at any time to this definition. This interrogatory, calling for information respectful whether the "defendant" has conducted any investigation to learn the facts which gave rise to this civil action, is meant to include and encapsulate the term "defendant" in its fully defined sense, as outlined within the plain language of the rule.

INTERROGATORY Number 16 bears a direct and curable relationship to interrogatory Number 5. Although such interrogatories are similar, they are, in essence, vastly different and each serves a unique purpose. Here, the defendants answer is legally insufficient. Again, the scope of discovery is limited only by relevance and burdensomeness. Trevino

(9)

Any investigation, or the lack of any investigation, conducted by the "DEFENDANT" as that term is defined, is properly discoverable and likely to yield documents, facts, and conclusions relative to the claims of the plaintiff. Furthermore, each interrogatory must be answered fully. FRCP 33 (b)(1). The party furnishing discovery respecting an interrogatory must produce all discoverable information that is requested. Martin v. Bimbo, 151 F.R.D. 580, 593-94 (W.D. PA 1993). Information responsive to this interrogatory should fairly be compelled as the present response is insufficient and the material requested is relevant.

INTERROGATORY # 19 : Here, the defendant has invoked a clearly frivolous and insufficient objection. The fact that the requested information is public record needs no explanation. The requested information is, indeed, relevant and discoverable. The plaintiff renews his legal reasoning advanced in support of compelled compliance to interrogatory # 4, and incorporates the same herein by reference as though fully pleaded. Additionally, any information divulged in response to this interrogatory need not be admissible so long as it is reasonably calculated to lead to the discovery of admissible evidence. However, here the plaintiff seeks the requested information specifically pursuant to Rule 404(b), and the 2000 Advisory Committee Notes to Rule 26 at Note 25. Additionally, the plaintiff seeks the requested information in furtherance of conducting a FRE 406 analysis ; to determine the sufficiency of a Monell application ; and for all other reasoning as articulated by the plaintiff in support of interrogatory four (4), as well as that promulgated in Rule 33 (b)(1).

The plaintiff is entitled to a subjective analysis of the defendant's

motives, intentions, knowledge, and training. Furthermore, the plaintiff is entitled to uncover "pattern evidence" or evidence of "routine habit" as well as evidentiary factors suggesting lack of mistake or accident. As with interrogatory four (4) the plaintiff will compromise and limit the focus of his inquiry to reach ten (10) years preceding the date of the events alleged in the complaint. For these reasons, and the many others articulated in support of interrogatory four (4), the plaintiff respectfully requests that this Honorable Court order the foregoing interrogatory fully and frankly answered.

INTERROGATORY # 20  The defendant has improperly advanced a series of improper and legally insufficient objections to this interrogatory. This court has ostensibly broadened the scope of discoverable matter in this proceeding to that of the "subject matter" of the action (without defendants' opposition) and the requested information is nonetheless public record and falls well within the purview of Rule 26 (b)(1). Furthermore, U.S. v. Turner, 198 F 3d 425, 429 @ note 2 states: "the partiality of a witness is always relevant as discrediting the witness and affecting the weight of his testimony." The plaintiff has a right to explore the defendant's bias or partiality relative to any of the other defendants, parties, or witnesses. Such can only be accomplished by referencing other prior instances in which he has rendered live testimony either in favor of, or adversely to, any of such persons or classes of persons in general. The requested information also has the potential for obvious impeachment value. In addition, evidence need not be relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence. Here, it very well may.

(11)

Further, most of the legal reasoning advanced by the plaintiff in support of Interrogatories Five (5) and Nineteen (19) can be duly applied in support of the compelled disclosure of the information requested in this interrogatory.

Lastly, the requested information is a matter of public record, unless specifically denominated to the contrary. Considerations of general public policy, including the right of a federal plaintiff to avail himself of this information respecting a law enforcement official, are paramount. For all such reasons, as well as any others deemed fit by this Honorable Court, the information requested in this interrogatory should be fully and frankly compelled.

Note the plaintiff is willing to compromise and limit the scope of his inquiry to matters and instances relating back seven (7) years preceding the date(s) of the alleged conduct framed in the complaint.

INTERROGATORY #23 Questions respecting the identification of all persons having knowledge of any discoverable matter, other than those individuals used to support that parties claims or defenses are proper. See FRCP 26(a)(1)(A), 26 (b)(1). Accordingly, this court should compel a full and frank response hereto.

OVERALL OBJECTION(S)

i   The Federal Rules of Civil Procedure require that each interrogatory shall be answered fully, separately, and UNDER OATH. As noted by

the unsigned and un notarized oath page affixed to the
DEFENDANTS responses, such INTERROGATORIES WERE NOT signed by
the responding party, and WERE NOT EXECUTED under oath.
thus, the DEFENDANTS objections should be deemed waived
and/or untimely and thus WAIVED.

### CERTIFICATE of Conference

the undersigned plaintiff hereby Advises that he has executed
SEVERAL good-faith Attempts to ELIMINATE and/or reduce All AREAS
of CONTROVERSY surrounding the FOREGOING Discovery dispute(s).
All oral and written attempts have failed and No present prospect
of compliance devoid of Judicial intervention and /or Motion practice
is likely.

the plaintiff, Pro Se
Robert SALATTO
1151 E. STREET South
SUFFIELD, CT

### CERTIFICATION

this is to certify that one (1) copy of the foregoing was
mailed, postage pre-paid, on Oct 7th 2004, to Attorney John
J. Radshaw, 45 WETHERSFIELD AVE., Hartford, Connecticut

ROBERT SALATTO, Pro Se

<center>

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

</center>

ROBERT F. SALATTO, JR.    :  NO.: 3:02 CV 0230 (EBB)

v.             :

              :

TOWN OF BRANFORD; ROBERT GILL, :

CHIEF OF POLICE; PATRICK O'MALLEY, :

PATROL OFFICER; DAVID ATKINSON, :

PATROL OFFICER; and JOHN DOE,  :

SHIFT SUPERVISOR      :  June 3, 2004

<center>

### DEFENDANT PATRICK J. O'MALLEY'S RESPONSES/OBJECTIONS TO PLAINTIFF'S INTERROGATORIES DATED MAY 3, 2004

</center>

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, PATRICK O'MALLEY, hereby responds/objects to plaintiff's interrogatories dated May 3, 2004, as follows:

<center>

### INTERROGATORIES

</center>

1.  Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories:

**RESPONSE**:

 **OBJECTION**. The defendant, Patrick O'Malley, objects to interrogatory no. 1 insofar as it impermissibly intrudes upon the attorney-client relationship. This interrogatory seeks information that is exempt from disclosure under the attorney-client privilege and seeks to obtain the thoughts, mental impressions and trial strategies of counsel.

 Without waiving any objection, the defendant responds: Patrick J. O'Malley.

2.  State your full name, any other names by which you have been known, your date of birth, all residences which you have lived at during the 10 years preceding the date of these interrogatories, and your social security number:

**RESPONSE:**

 **OBJECTION**. The defendant, Patrick O'Malley, objects to interrogatory no. 2, insofar as it seeks his date of birth, previous and current residences, and social security number. This information is irrelevant, immaterial and will not lead to the discovery of admissible evidence. As a law enforcement officer in the State of Connecticut, the residential addresses are exempt from disclosure. Furthermore, the defendant's social security number is a private number between the Federal government and the individual. The plaintiff's lawsuit does not give him the power to conduct a fishing expedition into the private life of the defendant. Moreover, in our modern society

concerns of identity theft and other economic crime is a substantial issue insofar as the plaintiff is a convicted felon.

Without waiving any objection the defendant responds: Patrick J. O'Malley, c/o Town of Branford Police Department, 33 Laurel Street, Branford, CT 06405.

3/    State the name, address, and years of attendance and graduation for each school that you have attended, commencing with high school, and including college, or any other place of training or continuing education;

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, objects to interrogatory no. 3 as it is irrelevant, immaterial and is not calculated to lead to discovery of admissible evidence. The defendant's educational background has no bearing on the claims advanced by the plaintiff in his complaint. While naming the Town of Branford, the plaintiff does allege any constitutional violations on the part of the Town based on its failure to train the defendant. Moreover, disclosure of this educational information could allow the plaintiff to uncover the defendant's residential address which is exempt from disclosure.

Without waiving any objection, the defendant responds: Patrick J. O'Malley, is a law enforcement officer licensed and certified by the State of Connecticut. He was graduated from high school and the police academy which is now known as P.O.S.T.

4/    Identify all prior incidents to which you were a defendant, a respondent, a witness, or a party, involving an accusation of abuse of authority, excessive force, or failure to provide medical attention during the course of an investigation, arrest, or a detention:

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, hereby objects to interrogatory no. 4 as is it irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Moreover, the interrogatory is overbroad encompassing the defendant's entire service as a police officer with the Town of Branford. Additionally, the identification of the defendant as a "respondent," "witness," "party," is well beyond the scope of discovery. Furthermore, the terms "abuse of authority," "respondent, and "witness" are not defined and makes no sense as phrased. Lastly, there is no claim that the Town of Branford failed to train or discipline Officer O'Malley; accordingly, other instances are both irrelevant and inadmissible. Additionally, this interrogatory is unlimited in time and scope.

2

5.    Identify and describe the internal administrative procedures for addressing complaints and correcting instances of abuse of authority, excessive force, or failure to provide medical care by officers of the Branford Police Department.  Respond as follows:

    a.    State whether the procedures include investigation of complaints and disciplinary consequences;

    b.    Identify each person responsible for overseeing or initiating the procedures;

    c.    Identify each person responsible for the ultimate decision on the complaint.

**RESPONSE**:

As a patrolman, the defendant, Patrick J. O'Malley, is not responsible for the internal administrative procedures for addressing civilian complaints.  The internal administrative procedures are delineated in the General Orders of the Town of Branford Police Department. See attached.

6.    Specify the administrative procedures used in response to the acts, events, or omissions that gave rise to this civil action:

**RESPONSE**:

The defendant, Patrick J. O'Malley, has no personal knowledge of the utilization of any administrative procedures concerning the present civil action.

7.    If the plaintiff was injured in any manner or claimed to be ill, or requested medical attention while in custody on November 1, 2001, or November 15, 2001, describe the injury, claimed illness, or the basis for his request for medical attention:

**RESPONSE**:

The defendant, Patrick J. O'Malley, does not believe that the plaintiff was injured or claimed to be ill or requested medical attention on November 1, 2001.  On November 2, 2001, the plaintiff claimed to have chest pains. He was released to the Branford Fire Department which transported him to Yale-New Haven Hospital.  On November 15, 2001, the plaintiff claimed to have chest pains.

8.    If any officers or other persons present during the plaintiff's arrest or detention on November 1, 2001 or November 15, 2001 drew their service revolver or employed the use of physical force upon his person at any time, identify the weapon drawn, the character and degree of force used, the person(s) whom employed such force, and the specific reasons therefore:

**RESPONSE**:

The defendant, Patrick J. O'Malley, did not draw a service revolver on either November 1, 2001 or November 15, 2001. While preparing to transport the plaintiff to the New Haven Correctional Center following receipt of an order to remand the plaintiff to the custody of the Department of Correction, Officer O'Malley used only so much force as was reasonably necessary to guide, restrain and control the plaintiff.

9.    Identify all internal regulations and policies relating to the Branford Police Department's guidelines on the provision of medical care to a suspect, arrestee, or detainee:

**RESPONSE**:

See attached.

10.    Identify all internal regulations and policies relating to the Branford Police Department's guidelines on the disclosure of medical information to any person, regarding a suspect, arrestee, or a detainee, specifically including the disclosure of information regarding the HIV or AIDS virus(es):

**RESPONSE**:

See attached.

11.    State whether you have received any specific course of specialized training relating to the diagnosis and treatment of chest pain or other cardiovascular illness. If so, please state from whom or where, the exact training received, and list any certification or degree conferred:

**RESPONSE**:

During his time at the police academy., Officer O'Malley received first aid training.

12.    State whether any rule, policy, or custom exists in any manner providing that, when a suspect, arrestee, or detainee in the custody of the Branford Police Department specifically indicates that (s)he is encountering chest pain and specifically requests a medical evaluation or medical treatment from an individual qualified in the diagnosis or treatment of cardiac arrest or chest pain, such a suspect shall NOT be afforded such an opportunity to obtain the requested course of medical treatment:

**RESPONSE**:

No rule, policy, or custom exists to prevent or deny medical treatment to suspects, arrestees or detainees at the Branford Police Department.


13.    State whether, as of the date of May 3, 2004, you believe that the plaintiff of this action, Robert Salatto, Jr., is, in fact, infected with the AID's virus or is HIV positive:

**RESPONSE**:

As a police officer in the Town of Branford, Officer O'Malley has become familiar with the plaintiff and his use of illegal drugs. Officer O'Malley has personally observed "track" marks on the plaintiff which demonstrate the use of illegal drugs in an intravenous ("IV") manner. It is common knowledge that IV drug users are at high risk of becoming HIV positive and/or for contracting the AIDS virus. On at least one occasion, the plaintiff himself told Officer O'Malley that he had HIV or AIDS and that condition affected his claimed heart condition. As a police officer, Officer O'Malley has received special training concerning the existence of blood-borne pathogens, such as AIDS/HIV. As of May 3, 2004, Officer O'Malley has insufficient information to determine one way or another whether the plaintiff is, in fact, infected with the AIDS virus or is HIV positive.


14.    State whether you have information that the plaintiff attempted to cause himself harm by hanging himself, or attempting to hang himself, while in the custody of the Branford Police Department on November 15, 2001:

**RESPONSE**:

The defendant, Patrick J. O'Malley, does not possess any information that "the plaintiff attempted to cause himself harm by hanging himself, or attempting to hang himself" while in the custody of the Branford Police Department on November 15, 2001.

5

15.    State whether any paramedic, ambulance, doctor, nurse, or other medical care provider was called to the Branford Police Department for the purpose of evaluating the plaintiff for any reason whatsoever on the date(s) of November 1, 2001 or November 15, 2001:

**RESPONSE**:

The defendant, Patrick J. O'Malley, does not have any personal knowledge whether any medical professional was called to the Branford Police Department for the plaintiff on either November 1, 2001 or November 15, 2001.

16.    If the defendant has conducted an investigation to learn the facts concerning the incidents which gave rise to this civil action, respond as follows:

a.    Identify, by name and job title, all persons who testified or provided information in the investigation;

b.    State whether the testimony taken was reduced to writing.

**RESPONSE**:

The defendant, Patrick J. O'Malley, has not conducted any investigation to learn the facts concerning the incidents which gave rise to this civil action.

17.    State whether it is the policy or practice of the Branford Police Department to keep a written data record, or other record, including a caller identification log, regarding incoming telephone calls, including but not limited to, the calling party's name or telephone number, the nature of the call, and whether such calls are contemporaneously recorded. If any portion of this interrogatory is answered in the affirmative, describe the nature of the data recorded, and state (1) the length of time that such audio recordings are preserved and maintained; (2) the length of time that such written records are preserved and maintained:

**RESPONSE**:

As a patrolman, Officer O'Malley is not responsible for the polices or practices of the Town of Branford Police Department as it relates to written data records pertaining to incoming telephone calls or whether such calls are recorded. Officer O'Malley has no personal knowledge as to the specific polices or practices of the Town of Branford Police Department as it relates to written data records pertaining to incoming telephone calls. Generally, Officer O'Malley is aware that some calls are recorded.

18.     State whether prisoner detention cells at Branford Police Department are monitored by video and/or audio.  If so, specify whether by video or audio, and state (1) whether the content forming the subject of the monitoring is captured by, or reduced to, a recording; (2) the length of time that any such recordings are preserved; and (4) the purpose for which any recordings are maintained:

**RESPONSE**:

As a patrolman, Officer O'Malley is not responsible for operation or maintenance of the equipment which monitors the prisoner detention cells at the Branford Police Department. Generally, Officer O'Malley is aware that many areas of the Branford Police Department had orders, including prisoner detention cells, are monitored by video and audio means.  Officer O'Malley has no personal knowledge concerning the nature of the recordings or the time for which said recordings are retained.

19.     State whether you have, at any time, been either a plaintiff or a defendant to any civil action, claim, complaint, or administrative action.  If so, state (1) the name and docket number of the action; (2) the court, administrative body, or entity at which the action was, or is, being heard, and (3) the disposition:

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, hereby objects to interrogatory no. 19 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence.  Whether or not the defendant is or has been a plaintiff or defendant on any subject in either and administrative, civil or criminal matters whatsoever has no bearing on the claims of the plaintiff.  This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant.  Moreover, it is duplicative, in part, of interrogatory no. 5.

20.     State whether you have been, at any time, called to testify as a witness before a live proceeding in any civil, criminal, disciplinary, or administrative action.  If so, state (1) the court, administrative body, or entity at which you testified; (2) the name of the action or proceeding at which you testified; and (3) the name of the person(s) on whose behalf you testified:

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, hereby objects to interrogatory no. 20 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence.  Whether or not the defendant is or has been a witness on any subject in either and administrative, civil or criminal matters whatsoever has no bearing on the claims of the plaintiff.  This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant.

Moreover, this interrogatory is unduly burdensome insofar as Officer O'Malley has been a police officer for nearly ten (10) years and could not possibly compile all of

the times that he was required to testify in this regard. This is another example of the plaintiff's effort to harass, vex, and annoy the defendant.

21.    State whether you have, at any time, been terminated or resigned for any reason from a course of gainful employment:

**RESPONSE:**

OBJECTION. The defendant, Patrick J. O'Malley, hereby objects to interrogatory no. 21 as it irrelevant, immaterial, and is not calculated to lead to the discovery of admissible evidence.  The employment history of the defendant has absolutely no bearing on the claims of the plaintiff and is another example of the plaintiff's effort to harass, annoy and vex the defendant.

22.    Identify all potential parties to this lawsuit:

**RESPONSE:**

OBJECTION. The defendant, Patrick J. O'Malley, objects to interrogatory no. 22 insofar as it is violative of the attorney-client privilege and seeks to discovery thoughts, mental impressions and trial strategies of counsel.  Moreover, interrogatory no. 22 calls for legal conclusions, a topic not properly the subject of fact discovery.

23.    Identify any person having knowledge of discoverable matter, other than those individuals used to support your claims or defenses.

**RESPONSE:**

OBJECTION. The defendant, Patrick J. O'Malley, objects to interrogatory no. 23 insofar as it violative of the attorney-client privilege and seeks to discovery thoughts, mental impressions and trial strategies of counsel. Additionally, interrogatory no. 23 calls for a legal conclusion, something that is not properly advanced in fact discovery.

<div style="margin-left:40%">

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT
GILL, Chief of Police; PATRICK
O'MALLEY, Patrol Officer; and DAVID
ATKINSON, Patrol Officer.


John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

</div>

# VERIFICATION

STATE OF CONNECTICUT          )
                                              )     ss:  *Branford*
COUNTY OF NEW HAVEN        )

I, Patrick J. O'Malley, do hereby depose and say:

1.    I am over the age of 18 and understand the meaning and obligation of an oath.

2.    I have read the foregoing responses to the plaintiff's interrogatories and do hereby verify that they are true and correct to the best of my knowledge and belief.

_____
PATRICK J. O'MALLEY

Subscribed and sworn to before me this 3rd day of June, 2004.

_____
Notary Public
My Commission Expires:

10

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

ROBERT F. SALATTO
    Plaintiff      ]   CASE # 302CV230(EBB)
            ]
V.            ]
            ]   USDC @ BRIDGEPORT
TOWN OF BRANFORD, et al.,    ]
     Defendants     ]
            ]   MAY 03, 2004

## PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

To the defendants, Town of Branford, Patrick O'Malley, David Atkinson,and Robert Grantland,through thier attorney of record, John Radshaw, 65 Wethersfield Avenue, Hartford, Connecticut 06114:

The plaintiff, Robert Salatto, serves these interrogatories on each of the defendants, as authorized pursuant to Federal Rule of Civil Procedure 33. The defendants must serve an answer to each interrogatory seperately and fully, in writing and under oath, within 30 days after service.

### DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. Parties: the term "plaintiff" or "defendant(s)" as well as a parties full or abbrieviated name or a pronoun referring to a party, means the party and, where applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to this litigation.

2.Person: the term "person" is defined as any natural person, any business, a legal or governmental entity, or an association.

3. Document: the term "document" is defined to be synonomous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and District of Connecticut Local Civil Rule 39(c)(2), and includes computer records in any format. A draft or nonidentical copy is a seperate document

within the meaning of this term. The term "document" also includes any "tangible things" as that term is used in Rule 34(a).

4. Communication: the term "communication" means the transmittal of information in the form of facts, ideas, inquires, or otherwise.

5. Identify (Person): when referring to a person, "identify" means to give, to extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place or employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6. Identify (Document): when referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; (g) and, whether the document has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

7. Relating: the term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

8. All/Each: the terms "all" and "each" should be construed as "and," "each," and "and/or."

9. Any: the term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope of the discovery request.

10. And/Or: the connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. Number: the use of the singular form of any words includes the plural and vice versa.


## INSTRUCTIONS

1. If your response to the interrogatory cannot fit within the

space provided, attach additional sheets as necessary.

2. If you contend that any interrogatory or request for production is not applicable, state the factual and/or legal basis for such contention.

3. If you claim any interrogatory or request for production is objectional in full or in part, the objection shall be stated with particularity. If you interpose an objection to part of a discovery request, the non-objectionable portion of such request shall be answered together with your answers to the remainder of the discovery request. When a discovery request is alleged to be over-broad, the request shall be conplied with to the extent that you concede that such discovery request is relevant.

4. If you assert a claim of priviledge as a ground for not fully complying with any discovery request, state the factual and/or legal basis for the claim of the privilege, the title of any documents alleged to be privileged, the date such documents were written, the author of such documents, the type of documents, the general subject matter of the documents, and the location of the documents.

5. If the response to any discovery requests consists, in whole or in part, of an objection relating to or including burdensomeness, then provide such information as can be ascertained or provided without undue burden, and state with particularity:

    A. A description of the process or method required to obtain any fact responsive to the interrogatory request;

    B. The estimated cost and time required to obtain any fact responsive to the discovery request; and

    C. The extent to which documents or other sources of information will be made available for inspection and copying.

6. Unless specifically stated, each interrogatory relates to a natural defendant to this action. Where an interrogatory is directed specifically to the defendant Town of Branford, such interrogatory shall be precisely so directed.