United States District Court
District of Connecticut

FILED

Robert F. Salatto, Jr
 Plaintiff

Vs.

Town of Branford, et al.,
 Defendants

2004 NOV -2 P 5:19  USDC @ BPT

U.S. DISTRICT COURT
BRIDGEPORT CONN

Case # 3:02 CV 230 (EBB)

October 14, 2004

Plaintiff's Reply, And Request To Strike, Defendants' Memorandum In Opposition To The Plaintiff's Motion For Enlargement of Discovery Scope

The plaintiff, Robert Salatto, hereby replies to the defendants' disillusioning memorandum of law in opposition to his motion to enlarge the scope of discovery, and hereby requests that this Honorable Court strike said memorandum in opposition and alternatively grant the relief requested in the plaintiff's initial motion to enlarge discovery scope originally dated September 3, 2004. In support of this reply, the plaintiff respectfully represents as follows:

1. The defendants' memorandum is untimely. Although the plaintiff's motion was propounded on Sept. 3, 2004, the defendants have taken the liberty of casually awaiting 6 weeks to respond. In fact, the defendants have advanced the instant memorandum only after the plaintiff had extended counsel the courtesy of forwarding 2 seperate communications reminding him of the unrequited series of recently filed and outstanding motions, and requesting that he execute a good-faith effort to concentrate his attention to the upkeep of this action, and the response of said motions, consistent with the aims of Federal Rule 1. At this late juncture, counsel should not be permitted to promote undue delay

by floating outdated, and out of time, responses before this court at his whim and caprice, and in violation of the time limits prescribed in our local rules.

2. Counsel's averment that this action was commenced "more than 2 years ago..." is a tacit falsification deliberately set forth to mislead and deceive this court. In fact, this action was commenced on February 6, 2002. However, the defendants did not file an appearance until October 30, 2002. Immediately thereafter, counsel had inundated this court with nearly a dozen serial motions requesting a stay of litigation, spanning a duration of nearly one (1) year. During that year, no action was had upon this case.

Furthermore, on February 5, 2004, your plaintiff became hospitalized for 5 months at a specialized health care facility, whereby his ability to actively litigate this claim was severely limited. Thus, while this action was "commenced" more than 2 years ago, this case had remained in abeyance for 18 of 24 of said months. Counsel's implication that this case had been properly attenuated to for 2 years is a blatant falsehood set forth to deceive and mislead this court.

3. Next, counsel frames a block of frail lawyerly arguendo in support of an inverted construction of FRCP 26(b)(1), and the need for this court to control "excessive" discovery. However, as conceded per counsel's own admission, at all points pre-dating the plaintiff's Sept 3, 2004 motion, the plaintiff had propounded only "...7 sets of written discovery." The "7 sets" ostensibly referred to consisted of 4 sets of

interrogatories directed to 4 out of the 5 defendants to this Action, as well as 3 additional requests for production. Considering the reasonable needs of this Action, and the Constitutional import of the allegations set forth to be vindicated, 4 sets of interrogatories supplemented by 3 additional requests for production directed at 5 government officials can hardly be viewed as abusive or "excessive."

To the contrary, the plaintiff's respectful attention to limitation, moderation, and reasonableness as demonstrated thus far can only operate as a future indication that, if granted, the plaintiff would refrain from abusing any enlarged grant of discovery.

Moreover, the legal authority cited by counsel claiming rights of judicial limitation on discovery all apply largely to the issuance of Rule 26(c) orders of protection, not the diametrically opposing and qualitatively different considerations respecting discovery enlargement. In fact, the lynchpin of authority relied upon by counsel, U.S. v. Microsoft Corp. 165 F.3d 952, 960 (D.C. Cir 1999) speaks specifically and directly to "Rule 26(c)'s 'good cause' standard." Such is, again, a common law opinion respecting a rule-based standard designed to quell abusive and oppressive discovery tactics consonant with the enforcement of protective order (26(c)) practice; a consideration which certainly bears no relevance to the plaintiff's claim or his specific request for a reasonable degree of extended latitude respecting discovery limitations. In this regard, counsel has produced nothing more than smoke, mirrors, and bluster.

4. Next, counsel falsely claims that "the plaintiff has propounded 7 sets of written discovery... some discovery was answered, the defendants objected to other portions... the Plaintiff has not made any

effort to resolve those objections nor has he claimed that the defendants answers were insufficient."

In fact, the plaintiff has framed and filed a 12 page memorandum to compel discovery responses dated Oct 7, 2004. The plaintiff then took the courteous liberty of advising counsel in a seperate letter of the recently posted and packaged memorandum deposited with the prison mail-room staff for mailing.

Historically, counsel has noted, both in letters and in motions, differing degrees of delay in the plaintiff's outgoing mail. Thus, at the time that he represented that the plaintiff had not "made an effort to resolve those objections," he knew, or should have known, that the plaintiff's Motion to compel discovery responses (1) had been framed, and (2) would likely encounter a time-lag in reaching his office. Yet, despite even a courtesy letter sent to counselor, under seperate cover, advising of the plaintiff's forthcoming memorandum to compel, counselor nonetheless (once again) sets out to deceive and mislead this court by certifying through his signature that "the plaintiff has not made any effort to resolve those objections...." This statement, in the context of this fact pattern, presents the colorable possibility of a knowing violation of Rule 11 (b)(3).

5. Next, counsel amazingly maintains "the defendants submit that an expansion of discovery to include the "subject matter" of the lawsuit would cover areas already covered in discovery. The expansion of discovery to cover "subject matter" is unreasonably cumulative or duplicative within the meaning of Rule 26 (b)(2)(i)." This contention is completely unfounded and nonsensical within the context of the plaintiff's request to enlarge.

Firstly, any avowal that the plaintiff would use a grant of enlargement to re-cover matters already covered in discovery makes absolutely no sense, has absolutely no foundation in truth or fact, and is only, at best, another serving of drug-store Arguendo; especially in view of the defendants admission recalling the plaintiffs mere 4 sets of interrogatories and 3 requests for production. Realistically, and sensibly, the plaintiff's request to enlarge the scope of discovery was interposed and intended to pursue exactly the opposite of counsel's contentions: To enable him to explore matters NOT already covered in his former discovery requests. Such is precisely the intended usage that was contemplated by the 2000 Advisory Committee Notes inclusion of the subject matter discovery language. See 2000 Advisory Notes, Rule 26, @ ¶ 25. Counsel's attempts to submit a line of chimerical and speculative conjecture amount to nothing more than a desperado attempt at a last ditch effort to unduly persuade this court from a rightful and prudent course and should flatly be rejected.

6. The plaintiff can only reiterate the clear and unambiguous language employed by Rule 26 (b)(1) which provides "for good cause, the court may order discovery of... the subject matter of the action." The 2000 Advisory Notes of Rule 26 @ ¶ 24 indicate that "the good-cause standard warranting broader discovery is meant to be flexible." Those same notes @ ¶ 26 provide: "When judicial intervention is invoked, the scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of discovery requested."

5

Firstly, any avowal that the plaintiff would use a grant of enlargement to re-cover matters already covered in discovery makes absolutely no sense, has absolutely no foundation in truth or fact, and is only, at best, another serving of drug-store arguendo; especially in view of the defendants admission recalling the plaintiffs mere 4 sets of interrogatories and 3 requests for production. Realistically, and sensibly, the plaintiff's request to enlarge the scope of discovery was interposed and intended to pursue exactly the opposite of counsel's contentions: To enable him to explore matters NOT already covered in his former discovery requests. Such is precisely the intended usage that was contemplated by the 2000 Advisory Committee Notes, inclusion of the subject matter discovery language. See 2000 Advisory Notes, Rule 26, @ ¶ 25. Counsel's attempts to submit a line of chimerical and speculative conjecture amount to nothing more than a desperado attempt at a last ditch effort to unduly pursuade this court from a rightful and prudent course and should flatly be rejected.

6. The plaintiff can only reiterate the clear and unambiguous language employed by Rule 26(b)(1) which provides "for good cause, the court may order discovery of... the subject matter of the action." The 2000 Advisory Notes of Rule 26 @ ¶ 24 indicate that "the good-cause standard warranting broader discovery is meant to be flexible." Those same notes @ ¶ 26 provide: "when judicial intervention is invoked, the scope of discovery should be determined according to the reasonable

In this case obvious considerations of practicality regarding the plaintiff's indigency and incarceration prevent the effacaciousness of traditional methods of discovery and place such numerous forms beyond his reach. The plaintiff would only reiterate with respect his request for a reasonable degree of latitude to explore matters beyond the "claims and defenses" language of Rule 26. Any objectionable request can, of course, be made by counsel and appropriately regulated by this court if necessary.

7. Lastly, the defendants "conclude" their memorandum by "pray[ing] that the plaintiff's Motion Requesting An Order Compelling Disclosure of Specific Items of Defendant's Work Product is Denied."

The disclosure of defendant's work product was not a legal topic discussed in this memorandum. Such a "conclusion" demonstrates in every way the level of attentiveness and seriousness that counsel has invested into the legal research and arguments adduced in opposition to the plaintiff's good-faith Motion. Additionally, the same supports the plaintiff's argument that the defendants' "Memorandum of Law" is nothing more than a paper tiger, unfounded in law; untimely in procedure; and frivolous and non-sensical in argument.

FOR THESE REASONS, the plaintiff respectfully requests that this Honorable Court strike the defendants Memorandum in Opposition to the plaintiff's Request to Enlarge Discovery Scope and Alternatively, grant him the relief requested in his initial Motion for

Enlargement of Discovery Scope dated Sept 3, 2004.

Respectfully submitted,

*[signature]*

Robert Salatto, Pro Se
(#180287)
Walker-MacDougall C.I.
1153 East Street South
Suffield CT

Certification

The undersigned hereby certifies that one copy hereof was mailed to Attorney John Cadshaw, 65 Wethersfield Ave., Hartford, Connecticut, via U.S. Mail on Oct 14, 2004.

*[signature]*

Robert Salatto
The Plaintiff, Pro Se