* CERTIFICATE of
  DEFECT
  Corrected 11/2/04
  ~~OCT 28 2004~~

United States District Court

District of Connecticut

ROBERT F. SAIATTO, JR.
 Plaintiff

V.

Town of Branford, et al.,
 DEFENDANTS

2004 NOV -8 P 3:32  U.S.D.C. @ Bridgeport

CASE # 3 02 CV 230

September 23, 2004

## Plaintiff's Motion Requesting An Order Compelling Disclosure of Specific Items of Work Product

The plaintiff, pro se, hereby requests that this Court enter an order, or appropriate orders, compelling the disclosure of specific items of the defendants' work product. In support of this motion, the plaintiff respectfully represents as follows:

1. FRCP 26(b)(3) addresses the rule of work product discovery. The work product rule is not a privilege, but a "Qualified Immunity" protecting discovery documents and tangible things prepared in anticipation of litigation by a party or its representative. <u>Admiral Ins. Co., v. U.S. District Court</u>, 881 F.2d 1486, 1494 (9th Cir. 1989) The work product exception is intended to establish "a zone of privacy for strategic litigation planning and to prevent one party from 'piggybacking' on the adversaries preparation." <u>U.S. v Adlman</u>, 68 F.3d 1495, 1501 (2d Cir. 1995). However, although work product is generally afforded a "Qualified Immunity" as noted above, a grave and critical distinction exists between "opinion" work product — that which contains the mental impressions, conclusions, opinions, and legal theories of an attorney — and "ordinary" work product — other trial preparation materials that do not disclose such impressions. While "opinion" work product is typically accorded an absolute immunity from discovery, "ordinary" work product is not. It is a well-settled and clearly established principle that ordinary work product

IN CERTAIN INSTANCES, IS DISCOVERABLE UPON COMPLETION OF A TWO-PART NECESSITY ANALYSIS. In this instance, the requested disclosure is both necessary and proper.

2. Pursuant to FRCP 26(b)(3) "A party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule ... only upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of the party's case, and that the party is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.... Further, "In ordering discovery, the court shall protect against the disclosure of the mental impressions, conclusions, opinions, and legal theories of an attorney."

3. The rule makes clear that upon a two-part necessity analysis consisting of (1) a requisite showing that the party seeking discovery has a "SUBSTANTIAL NEED" for the materials in question, and (2) that the party is unable, without undue hardship, to obtain the "SUBSTANTIAL EQUIVALENT" of the requested materials by other means, such materials may be unearthed from the depths of the attorney's file and obtained by the discovering party.

4. The rule is a derivative of Hickman v Taylor, 329 U.S. 495, 511 S.Ct 385, 394 (1947), and codifies its legal reasoning. Hickman established that certain discovery materials should be deemed potentially discoverable, such as nonparty statements. Hickman 329 U.S. @ 509-12, 67 SCt @ 393-94 (nonparty statements were the original work product addressed in Hickman) and certain collections of evidence devoid of any creative or analytic input. Riddell Sports, Inc., v. Brooks, 158 F.R.D 555, 559 (S.D. N.Y. 1994); In re Chrysler Overnight

- 2 -

Evaluation Program, 860 F.2d 844, 846 (8th Cir. 1988). In particular, these two forms of discovery were rendered susceptible and vulnerable to view by Hickman and its progeny.

5. Turning to the first prong in the necessity analysis, we look to the relevant interpretations of the "substantial need" language. To demonstrate a substantial need, a party must show that it seeks more than merely corroborative evidence. See Baker v. G.M. Corp., 209 F.3d 1051, 1054 (8th Cir. 2000)(party had no substantial need for documents sought merely to counter testimony of witness when party already had substantial counter-vg evidence); Director, 124 F.3d @ 1035 (no substantial need when documents sought would merely reinforce known inconsistencies). The plaintiff in this action is an indigent, pro se prisoner attempting to litigate his first civil action. He is without assistance of any kind, legal or otherwise, including even the assistance of I.L.A.P., whom recently revised the scope of their services to exclude all "non conditions-of-confinement actions," including this plaintiff's case. He is additionally without access to a law library of any kind; Walker C.I. is literally without one single reference resource. The plaintiff is additionally without access to other inmates knowledgeable in the law due to increased restrictions on inmate movement. Thus, he is left to litigate a Constitutional claim against a municipality, the Chief of Police, a Police Lieutenant, and two (2) veteran patrol officers, all upon his own accord, with no more than his wits and three (3) personally owned legal books. Traditional methods of discovery, such as the standard oral deposition, have not been pragmatically accessible to the plaintiff thus far, due in part to his incarceration, and due in remaining part to his indigency. During the more than thirty-six (36) months by which this action has been pending, the plaintiff has materially accumulated

-3-

little more than evidentiary specks and fragments. If ordinary work product discovery is not warranted in this action, it is warranted in no action.

6. Turning to the BAKER and DIRECTOR standards, supra, this Court may look to the existence of corroborative and countervailing evidence in determining the appropriateness of permitting a 26(b)(3) Application. As aforementioned, here, the plaintiff has virtually no material evidence of fatal consequence to the determination of his cause, let alone corroborative or countervailing items. Based upon the satisfactory analysis of FRCP 26(b)(3), as well as the nearly insurmountable impediments faced by the plaintiff, and the valuable import of the Constitutional principles sought to be vindicated herein, the plaintiff would respectfully request that this Court conclude that he has fairly and fully satisfied part-one of the rule-based analysis;

7. Part two of the analysis looks to the discovering party's ability to obtain the "substantial equivalent" of such materials without undue hardship, or by some form of additional means. The legal reasoning advanced by the plaintiff and framed in the foregoing three (3) paragraphs, supra, makes clear that, not only is the plaintiff unable to obtain such materials without "undue hardship," but he is absolutely unable to obtain them at all; period. His incarceration simply precludes his ability to access such materials through traditional discovery methods. Although, the concept of incarceration per se is not solely the prohibitive factor, rather the collaborative factors idiosyncratic to this plaintiff's incarceration, such as indigency, the lack of any legal assistance; the lack of a law library or legal reference materials; his inexperience in actually navigating a civil action through the throes of a judicial system; and his lack of access to other inmates potentially trained in the art of litigation.

-4-

ese factors, taken in combination with the factors and legal reasoning advanced in support of part one of this analysis make clear that the plaintiffs, in fact, have (A) a "substantial need" for specific fruits and items of the defendants' work product, and (B) that he is wholly unable to obtain a "substantial equivalent" of such materials via his own accord;

8. In particular, the plaintiff is hereby requesting: (1) All party statements (Hickman, 329 U.S. @ 509-12, 67 S Ct @ 393-94); (2) All collections of evidence devoid of a colorable degree of creative or analytic input (Crysler and Riddell, discussed supra); (3) The production of all exhibits as maintained by counsel in their present form(s); and (4) A particular and specific designation respecting all legal authority underlying the numerous affirmative defenses raised by the defendants;

9. Taking into account the full aims of Rule 26(b)(3), the court should consider an "in camera" review of any questionable, grey, or objectionable materials for the purpose of redacting or otherwise protecting from disclosure any material(s) which might impermissibly divulge counsel's mental impressions, conclusions, opinions, or legal theories not contemplated for release under the application of this rule. However, it is nonetheless requested that, wherever possible, this court should undertake an affirmative and diligent effort to particularly and fully comply with the disclosure sought in this action, should it deem such proper and just;

10. Although work product intrusions - even "ordinary" work product intrusions - typically reserved for the rare and extreme instances, this plaintiff would respectfully submit that his case and controversy is properly classifiable

-5-

is one of such rare and exeptional occasions in light of all relevant factors.

WHEREFORE, it is respectfully requested that this Honorable Court compel the disclosure of the aforementioned and indicated fruits and items of the defendants' "ordinary" work product materials.

Respectfully submitted,

Robert Salatto  #180287
Pro Se
1153 E. Street South
Suffield, Ct

Certification

This is to certify that one (1) copy hereof was sent to counsel for the defendants, John Cadilhac II, postage prepaid, on this 23rd day of September, 2004, to Howd & Ludorf, 65 Wethersfield Avenue, Hartford, Ct.

Robert Salatto
Pro Se

* Note:

Returned on Nov 2nd with address of Howd & Ludorf listed. Defendants' attorney was properly served with this motion, and received it.