United States District Court
District of Connecticut

Robert F. Saiatto, Jr.
    Plaintiff

Vs.

Town of Branford, et al.,
    Defendants

U.S.D.C. @ BPT

Case # 3:02 CV 230 (EBB)

November 06, 2004

## Plaintiff's Motion to Compel Discovery Responses

The Plaintiff, pursuant to Rule 37(a)(B) of the Federal Rules of Civil Procedure hereby requests that this Honorable Court enter any and all necessary orders compelling full and frank answers responsive to the Plaintiff's interrogatories directed to the Town of Branford dated July 25, 2004 but not actually received by the defendants until August 25, 2004. In support of this motion, the Plaintiff respectfully represents as follows:

1. A party may file a motion to compel answers if interrogatories are not answered. FRCP 33(b)(5), 37 (a)(2)(B); Pan-Islamic Trade Corp. 632 F.2d @ 552. If the motion to Compel is granted, the court must award reasonable expenses, including attorneys fees, or other reasonable expenses, incurred in making the motion unless the court finds that (1) the moving party did not make a good-faith effort to resolve the dispute without court action; (2) the failure to answer was substantially justified; or (3) other circumstances make an award

of expenses unjust. FRCP 37(a)(4)(A).

2. Further, if a party completely fails to serve answers to interrogatories, the court may order more severe sanctions. FRCP 37(d); <u>Oklahoma Federated Gold & Numismatics, Inc., v Blodgett</u>, 24 F.3d 136, 139-40 (10th Cir 1994). The court need not first compel answers under FRCP 37(a). <u>Charter House Ins. Brokers, Ltd., v New Hampshire Ins Co.</u>, 667 F.2d 600, 604 (7th Cir 1981). If a court finds that a party has completely failed to serve answers to interrogatories, it may order the following:

① That matters relating to the interrogatories be deemed established. FRCP 37(b)(2)(A);

② That certain evidence be excluded, or that the party be prevented from supporting or opposing designated claims or defenses. FRCP 37(b)(2)(B); <u>Blodgett</u>, 24 F.3d @ 139-40.

3. In this instance, the plaintiff directed a set consisting of five (5) interrogatories to the defendant Town of Branford dated July 25, 2004, but not actually received by counsel for the defendants until August 28, 2004 as conceded by said counsel in a subsequent motion. Said interrogatories are attached herewith marked as Exhibit A;

4. The defendants then advanced a motion for enlargement of time to respond to said interrogatories, up to and including October 18, 2004, by which to answer or object to the discovery request. Said motion is attached herewith as Exhibit B;

5. The plaintiff then directed a courtesy letter to counsel reminding him of the impending deadline, dated October 7, 2004, and requesting specifically "③ Return of the Interrogatories directed to the Town of Branford." Said letter is attached herewith as Exhibit C. Such was plaintiff's good-faith compromise effort;

6. Notwithstanding the defendants obligation to respond to said interrogatories pursuant to our federal and local rules of procedure, and in spite of the plaintiff's numerous "courtesy letters", the defendants have not filed (served) answers to such interrogatories directed to the Town of Branford dated July 25, 2004;

7. Any answers or objections filed responsive to said interrogatories at this late juncture are therefore untimely and unreasonably out of time. Thus, this court should compel each and every interrogatory propounded therein to be answered fully and without reservation or objection by the defendants; After the time to answer expires, objections not made are waived. FRCP 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir 1981);

8. Additionally, this Honorable Court should determine whether to rely upon or invoke its inherent power to sanction the defendants, or counsel, considering the nature of this egregious failure to comply with reasonable and just discovery practices;

WHEREFORE, it is requested that this Honorable Court enter an order, or appropriate orders, directing the defendants to serve full and frank answers upon the plaintiff respecting his interrogatories directed to the Town of Branford dated July 25, 2004.

Respectfully submitted,

_____
Robert Saletto #180287
The Plaintiff, Pro Se
Walker Correctional Center
1153 East Street South
Suffield, CT 06080

CERTIFICATION

This is to certify that one copy hereof was mailed, postage prepaid to counsel for the defendants, John Radshaw III, 65 Wethersfield Ave., Hartford, Connecticut, on this 9th day of November, 2004.

_____
Robert Saletto, Plaintiff