Robert Saletto
  Plaintiff

Vs

Town of Branford, et. al.,
  Defendants

FILED
2005 APR 29 P 2: USDC @ BpT.
U.S. DISTRICT COURT
BRIDGEPORT, CONN
CASE # 3:02 CV 230

April 25, 2005

Memorandum in Support of Plaintiff's Motion for Judicial Sanctions

I. Background

This is the second motion for sanctions filed by the plaintiff. The first motion for sanctions was filed on December 22, 2004 in an attempt to secure compliance with the rules of discovery by the defendants, punish them for violating them in the first instance, and deter them from violating them in the future. Since that time, the defendants have maintained their recalcitrance and absolutely refused to comply with their rule-based discovery obligations to cooperate with the plaintiff's reasonable discovery requests. The defendants' systematic and continuous refusal to cooperate with the needs of this action can only be construed as bad-faith, sanctionable conduct.

## II. FACTS

On March 22, 2004, counsel for the defendants conferred with the plaintiff and formed a Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. In that report, John Cadshaw, agreed through his signature to cooperate with the undersigned in good-faith respecting discovery measures.

Subsequently, on July 25, 2004, your plaintiff served upon the defendants a written request for discovery. The defendants then filed a motion requesting an enlargement of time in which to respond, until October 18, 2004. Your plaintiff then took the liberty of forwarding a "courtesy" letter to the defendants on October 7, 2004 reminding them in good-faith of their obligation to comply by October 18, 2004, as they had requested. Notwithstanding, the defendants ignored the plaintiff's initial discovery request and his subsequent good-faith letter and absolutely failed to respond. Your plaintiff was forced to file a Motion to Compel Compliance on November 06, 2004.

Subsequently, your plaintiff directed a seperate

request for discovery on October 7, 2004. Again, the defendants took absolutely no action and on November 24, 2004 (six weeks later) your plaintiff directed a "courtesy" letter to the defendants requesting compliance in good-faith. Still, the defendants absolutely ignored the plaintiff's discovery request and his courtesy letter and absolutely failed to respond. Your plaintiff was forced to file a second, seperate motion for compelled compliance on December 22, 2004.

Subsequently, on January 25, 2005 your plaintiff directed a written request for discovery to defendant Patrick O'Malley. The defendant took absolutely no action responsive to the request and your plaintiff was forced to file a third motion seeking judicially-ordered compliance.

Subsequently, on January 25, 2005, your plaintiff directed a written request for discovery to defendant David Atkinson. The defendant took absolutely no action responsive to the request and your plaintiff was forced to note the defendants' noncompliance to the court on April 02, 2005.

Subsequently, on January 25, 2005, your plaintiff directed a simple request for discovery to all defendants in general. However, the defendants took absolutely no action responsive thereto and your plaintiff was forced to file a fifth request for judicially-ordered compliance on April 02, 2005.

Furthermore, on November 30, 2004, counsel for the defendants had filed a Motion with the court in which he represented "[T]he defendants need time to address issues concerning the need to compel plaintiff's responses to written discovery that was served several months ago. Counsel had attempted to address this issue informally without court intervention but the plaintiff had not cooperated."

In fact, the plaintiff's "lack of cooperation" as alluded by counsel was his delay in supplementing the responses which he provided in response to the defendants' interrogatories. However, counsel's representation to the court that the plaintiff "had not cooperated" is staggeringly disillusional considering that the plaintiff had indicated to

counsel on atleast three occasions in writing that he would be happy to comply with his rule-based discovery obligation without delay if counsel would merely provide him with a copy of the responses to such interrogatories and an indication of the specific supplementations or amendments sought.

In fact, by way of letter dated January 25, 2005, the plaintiff indicated to counsel:

> "You claimed in a motion that I have failed to disclose discovery documents and/or supplement my prior responses. As you know, I indicated to you on several occasions that I am more than willing to fully and promptly comply with my discovery obligations. You cannot, however, reasonably expect me to disclose documents until I know particularly what you are requesting and exactly what my prior objections and assertions of privilege were. I am attempting to comply; please understand that it is you who is frustrating my ambition."

Notwithstanding, the defendants and counsel absolutely failed to respond or disclose the requested material even though they had a rule-based obligation under Fed.R.Civ.P. 26(b)(3). The actions of the defendants and counsel in requesting production and supplementation and then failing to produce the relevant information and materials necessary for the plaintiff to comply with their request justifies the presumption that their request was frivolous and improper. Such violates the mandates of Fed.R.Civ.P. 11. Such additionally violates counsel's obligation to cooperate in good-faith as agreed by signature in the parties' planning report dated March 22, 2004. The plaintiff was once again forced to seek judicially-ordered compliance by way of motion dated April 02, 2005.

Furthermore, the defendants and counsel have even failed to disclose basic materials required under Fed.R.Civ.P. 26(a)(1)(D). The plaintiff had requested and re-requested this basic material as required pursuant to the initial disclosure rules. However, the plaintiff's various written requests for this material were absolutely ignored, and he was once again forced to seek a court order by motion dated April 02, 2005

## III  LAW & ARGUMENT

It cannot be reasonably disputed that the defendants' and counsels' systematic and continuous refusal to cooperate with properly served discovery requests was founded in bad-faith.

The consistency inherent in the defendants' and counsels' refusal to cooperate with even basic, simple, clearly required discovery functions is obvious. Here, the defendants' and counsels' recalcitrance has unreasonably and unnecessarily multiplied the proceedings in this Action and caused the plaintiff to file five (5) seperate motions for compelled compliance over a period spanning six (6) months. The defendants' have absolutely ignored each and every discovery request advanced by the plaintiff since July 25, 2004, including a multitude of "courtesy" letters requesting good-faith compliance. The defendants have even to disclose basic materials required under initial disclosure provisions despite repeated written requests. A party must respond to a discovery request within the rule-based time limits, albeit even to only object. Here, the defendants have demonstrated a palpable, egregious contempt for the rules of procedure by failing to do

such time and again. Furthermore, the defendants have requested production and supplementation from the plaintiff, only to refuse his repeated requests for the materials and information necessary for compliance. Meanwhile, defendants and counsel then represent to the court by way of motion that the plaintiff "has not cooperated." Whatever the view of the defendants, it is beyond dispute that their repeated and consistent refusal to cooperate in discovery in a manner this egregious could only have been undertaken in bad faith.

## IV CONCLUSION

For these reasons, this court should impose sanctions upon the defendants and their attorney, whether financial or otherwise.

Respectfully,

Robert F. Salatto
986 Norwich-New London Tpk
Uncasville, CT 06382

## Certification

This is to certify that one copy of the foregoing was mailed, postage prepaid, to Attorney John Radshaw, 65 Wethersfield Ave, Hartford, Ct, on April 03, 2005.

*[signature]*

A copy of this motion was sent to Atty Radshaw on April 03, 2005. The undersigned asked Atty Radshaw to cooperate in discovery procedures so as to avoid the necessity of filing this motion. The undersigned indicated that he would wait until April 25, 2005 before filing this motion. Atty Radshaw absolutely failed to respond. Accordingly, the undersigned files this motion on April 25, 2005.

*[signature]*
Plaintiff