**FILED**

Robert Salatto
   Plaintiff

Vs

Town of Branford, et. al.,
   Defendants

2005 APR 12 P 4:38 DC @ Bpt

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

CASE # 3:02-CV-230

<u>Plaintiff's Motion to Compel Discovery Responses</u>

Your plaintiff, Robert Salatto, pursuant to Rules 33(b)(5) and 37(a)(2)(B) of the Federal Rules of Civil Procedure, hereby requests that this Honorable Court enter any and all necessary orders compelling full and frank answers to the plaintiffs' interrogatories directed to defendant Patrick O'Malley. In support of the same, the plaintiff respectfully represents as follows:

1. That on <u>January 25, 2005</u>, your plaintiff served upon defendant O'Malley a discovery request through his attorney, John J. Radshaw III. The request consisted of one (1) set of eight (8) interrogatories. A copy of same is attached hereto, marked as Exhibit A;

2. In addition, your plaintiff directed a

letter to Attorney Bradshaw and served same upon him contemporaneously with the submitted interrogatories. In that letter, your plaintiff once again addressed the defendants' consistent refusal to cooperate in discovery procedures in good-faith. A copy of said letter is attached hereto, marked as Exhibit B;

3. By way of history, your plaintiff submitted a discovery request upon the defendants on July 25, 2004. The defendants then filed a motion for an enlargement of time in which to respond, up to October 18, 2004. Your plaintiff then took the liberty of forwarding a good-faith courtesy letter to the defendants on October 7, 2004 (eleven days prior to the date that said responses were due) and reminded the defendants of the impending deadline. Needless to say, the defendants completely ignored your plaintiff's initial discovery request, as well as their own requested date of October 18, 2004, by which to respond, and the plaintiff's courtesy letter of October 7, 2004 and utterly failed to respond. Your plaintiff filed a motion to compel the requested responses on November 06, 2004;

4. Subsequently, your plaintiff directed a Request for Production of Documents to the defendants on <u>October 7, 2004</u>. Again, the defendants utterly failed to respond, and on <u>November 24, 2004</u> your plaintiff directed a courtesy letter to the defendants requesting compliance in good-faith. Still, at no time did the defendants issue a response or assert any objection(s), and on <u>December 22, 2004</u> your plaintiff was forced to file a <u>second</u> Motion for Compelled Compliance for this <u>second</u> set of absolutely ignored discovery requests;

5. Subsequently, on January 25, 2005, your plaintiff directed a brief set of interrogatories to defendant O'Malley, together with a letter and two other sets of brief discovery requests;

6. The defendants, once again, absolutely failed to respond to any of the discovery requests in any manner. That is, they merely took it upon themselves to completely ignore the requests, as they similarly did on October 18, 2004 and November 7, 2004;

7. A party must respond to interrogatories, by either answer or objection, even if the interrogatories

are objectionable. In this instance, as well as the two preceding instances, the defendants have failed to do such. Accordingly, at this late juncture the defendants have waived any potential objection(s) available to them and your plaintiff hereby requests that this Honorable Court enter an order, or appropriate orders, compelling compliance to each and every interrogatory directed to defendant O'Malley on January 25, 2005.

Respectfully submitted,

_Robert Salatto_
Your Plaintiff
986 Norwich-New London Tnpk
Uncasville, CT 06382

Certification

Your plaintiff hereby certifies that on _April 3rd 2005_ he forwarded one copy of the foregoing to Attorney for the defendants, John Radshaw III, 605 Wethersfield Avenue, Hartford, CT 06106, first class mail, postage prepaid.

_Robert Salatto_

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO  ]
    Plaintiff  ]  CASE # 302CV230(EBB)
      ]
V.  ]
      ]  USDC @ BRIDGEPORT
TOWN OF BRANFORD, et al.,  ]
    Defendants  ]
      ]

January 25, 2005

## PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

To the defendants, Town of Branford, Patrick O'Malley, David Atkinson, and Robert Grantland, through thier attorney of record, John Radshaw, 65 Wethersfield Avenue, Hartford, Connecticut 06114:

The plaintiff, Robert Salatto, serves these interrogatories on each of the defendants, as authorized pursuant to Federal Rule of Civil Procedure 33. The defendants must serve an answer to each interrogatory seperately and fully, in writing and under oath, within 30 days after service.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. Parties: the term "plaintiff" or "defendant(s)" as well as a parties full or abbrieviated name or a pronoun referring to a party, means the party and, where applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to this litigation.

2. Person: the term "person" is defined as any natural person, any business, a legal or governmental entity, or an association.

3. Document: the term "document" is defined to be synonomous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and District of Connecticut Local Civil Rule 39(c)(2), and includes computer records in any format. A draft or nonidentical copy is a seperate document

within the meaning of this term. The term "document" also includes any "tangible things" as that term is used in Rule 34(a).

4. Communication: the term "communication" means the transmittal of information in the form of facts, ideas, inquires, or otherwise.

5. Identify (Person): when referring to a person, "identify" means to give, to extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place or employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6. Identify (Document): when referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; (g) and, whether the document has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

7. Relating: the term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

8. All/Each: the terms "all" and "each" should be construed as "and," "each," and "and/or."

9. Any: the term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope of the discovery request.

10. And/Or: the connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. Number: the use of the singular form of any words includes the plural and vice versa.

## INSTRUCTIONS

1. If your response to the interrogatory cannot fit within the

space provided, attach additional sheets as necessary.

2. If you contend that any interrogatory or request for production is not applicable, state the factual and/or legal basis for such contention.

3. If you claim any interrogatory or request for production is objectional in full or in part, the objection shall be stated with particularity. If you interpose an objection to part of a discovery request, the non-objectionable portion of such request shall be answered together with your answers to the remainder of the discovery request. When a discovery request is alleged to be over-broad, the request shall be conplied with to the extent that you concede that such discovery request is relevant.

4. If you assert a claim of priviledge as a ground for not fully complying with any discovery request, state the factual and/or legal basis for the claim of the privilege, the title of any documents alleged to be privileged, the date such documents were written, the author of such documents, the type of documents, the general subject matter of the documents, and the location of the documents.

5. If the response to any discovery requests consists, in whole or in part, of an objection relating to or including burdensomeness, then provide such information as can be ascertained or provided without undue burden, and state with particularity:

   A. A description of the process or method required to obtain any fact responsive to the interrogatory request;

   B. The estimated cost and time required to obtain any fact responsive to the discovery request; and

   C. The extent to which documents or other sources of information will be made available for inspection and copying.

6. Unless specifically stated, each interrogatory relates to a natural defendant to this action. Where an interrogatory is directed specifically to the defendant Town of Branford, such interrogatory shall be precisely so directed.



Interrogatories to Defendant Patrick O'Malley:

Interrogatory One: If you contend that you lawfully applied force upon the plaintiff's person at any time on November 15, 2001, state the name of all persons who were at any time present during your application of such force upon the plaintiff:

Interrogatory Two: Please state the name of all persons in which you claim the plaintiff made representations to that he was infected with either AIDS or HIV, as alleged in subparagraphs A and B of your Affirmative Defenses located on page 8 of your Answer to this lawsuit:

Interrogatory Three: Please state your contention as to whether or not a police officer has a duty to nonetheless provide medical care to a detainee when such detainee is responsible for causing, or contributing to cause, physical injury to himself:

Interrogatory Four: On page 8 of your Answer to this lawsuit you claimed that the plaintiff "attempted to escape from the custody of the Branford



Police." Please indicate any specific dates that you claim the plaintiff attempted to escape, and any such date(s) in which the plaintiff was charged by the Branford Police Department with the offense of escape or attempted escape:


Interrogatory Five: On page 8 of your Answer to this lawsuit, you claim that the plaintiff had "disobeyed" the lawful orders of the Branford Police. Please indicate the specific orders in which the plaintiff disobeyed, and the specific manner in which he so disobeyed them:


Interrogatory Six: On page 9 of your Answer to this lawsuit, you claim that the plaintiff "resisted the officers." Please indicate the specific manner in which the plaintiff "resisted the officers", the specific offers in which he "resisted," and the officers specific actions in response to the plaintiff's resistance:



INTERROGATORY SEVEN: Please indicate the specific criminal charges that the plaintiff was charged with in response to the "resistance" described both in your Answer and in interrogatory six:

INTERROGATORY EIGHT: Please indicate any specific course of training in which you received from the Town of Branford relative to: (1) the release of information that a detainee is infected with a communicable disease; (2) the circumstances in which you may release such information; (3) the use of force upon a detainee/suspect; and (4) the provision of medical care to a detainee/suspect:

Respectfully submitted,

_____
Robert Salatto, the Plaintiff



## Oath Page

STATE OF CONNECTICUT )
) ss: Branford
COUNTY OF NEW HAVEN )

I, Patrick J. O'Malley, do hereby depose and state:

1) That I am over the age of 18 and understand both the meaning and obligation of an oath;

2) That I have read the foregoing interrogatories and do hereby state that my answers thereto are true and correct, under the penalty of perjury.

_____
Patrick J. O'Malley
Defendant

Subscribed and sworn to before me on this _____ day of _____, 2005.

_____
Notary Public
My Commission Expires

Attorney Radshaw                                            Jan 25, 2005

Enclosed please find one set of interrogatories, requests for admissions, and requests for production, totalling three sets of discovery requests. Please be advised that I was compelled to file the requests for production only after you ignored my letter of January 06, 2005 requesting the materials in good-faith. You claimed in a motion that I have failed to disclose discovery documents and/or supplement my prior responses. As you know, I indicated to you on several occasions that I am more than willing to fully and promptly comply with my discovery obligations. You cannot, however, reasonably expect me to disclose documents until I know particularly what you are requesting and exactly what my prior objections and assertions of priviledge were. I am attempting to comply; please understand that it is you who is frustrating my ambition.

   Also, please be sure to supplement all of your disclosures to include all fact witnesses as required under FRCP 26(b)(i). Further, a copy of the defendants insurance policy was not initially disclosed as required under FRCP 26(a)(i)(D). Kindly direct your attention to these matters. As you know, any non-supplemented or non-disclosed evidence may be inadmissible.

                                                    thank you,

                                                    Robert Salatto