Robert Salatto
    Plaintiff

Vs

Town of Branford, et.al.,
    Defendants

USDC @ Bpt

**FILED**
2005 APR 12 P 4:30
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Case # 3:02 CV00230(EBB)

## Plaintiff's Motion to Compel Discovery Production

Your undersigned Plaintiff, Robert Salatto, pursuant to Rules 34(b), 37(a)(2)(B) of the Federal Rules of Civil Procedure, hereby requests that this Honorable Court enter any and all necessary orders compelling production of the documents requested from the defendants in his Request for Production of Documents dated January 25, 2005. In support of this motion, your plaintiff respectfully represents as follows:

1. That on January 25, 2005, your plaintiff served upon the defendants, through their attorney, a Request for Production calling for three (3) documents in the possession of the defendants. A copy of said Request is attached hereto and marked as Exhibit A;

2. Additionally served upon the defendants' Attorney on January 25, 2005, was a letter indicating that your plaintiff was forced to pursue these documents by way of unnecessary motion practice only after the defendants absolutely ignored your plaintiff's letter of January 06, 2005, requesting the materials in good-faith. A copy of said letter is attached hereto and marked as Exhibit B;

3. Your plaintiff initially disclosed the requested documents to the defendants early on in discovery. The materials consisted of a Transfer Order signed by the defendant, David Atkinson, and two (2) written statements obtained by the plaintiff in support of his claims. Upon your plaintiff's incarceration in July, 2004, the three documents had been lost for reasons beyond your plaintiff's control. Thus, your plaintiff had advanced a letter to counsel requesting a photocopy of the three documents, which was absolutely ignored, and subsequently, he had advanced a request for production, which was similarly ignored;

4. In addition, your plaintiff requested a copy, or an opportunity to inspect, his responses to the

defendants' interrogatories. Counsel for the defendants had represented to the court in a prior motion that your plaintiff had been "uncooperative" in supplementing his prior responses to said interrogatories. Your plaintiff clearly indicated to counsel that he is "more than willing to fully and promptly comply with [his] discovery obligations" but that counsel should not "reasonably expect [him] to disclose documents until [he] knew what [his] prior objections were" and what "[counsel] [is] requesting." Thus, your plaintiff requested an opportunity to inspect his responses so that he could "fully and promptly" comply with counsel's request for supplementation. See Exhibit B. Notwithstanding, counsel failed to produce a copy of the requested responses. Thus it could certainly be inferred that counsel no longer desires supplementation from the undersigned. Nonetheless, a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. See F. Rule. Civ. P. 26(b)(3). If the request is refused, the person may move for a court order. Id. Accordingly, your undersigned plaintiff hereby requests that this Honorable Court direct the defendants to produce said interrogatories for inspection and copying forthwith;

5. In fact, not only did the defendants absolutely ignore the plaintiffs requests for discovery as set forth in his letter of January 25, 2005, and in his written discovery requests also of January 25, 2005, but the defendants have absolutely ignored, and failed to respond to, each and every discovery request made by the plaintiff since July of 2004;

6. By way of history, your plaintiff submitted a discovery request upon the defendants on July 25, 2004. The defendants then filed a motion requesting an enlargement of time in which to respond, up to and including October 18, 2004. Your plaintiff then took the liberty of forwarding a "courtesy" letter to the defendants on October 7, 2004 reminding them in good-faith of their obligation to comply by October 18, 2004, as they had requested. Notwithstanding, the defendants completely ignored your plaintiffs initial discovery request, as well as their self-requested deadline of October 18, 2004, and your plaintiffs "courtesy" letter of October 7, 2004 and utterly failed to respond. Your plaintiff was forced to file a motion to compel the requested responses on November 06, 2004;

7. Subsequently, your plaintiff directed a seperate Request for Production of Documents to the defendants on October 7, 2004. Again, the defendants took no action and utterly failed to respond. And on November 24, 2004 your plaintiff directed a "courtesy" letter to the defendants requesting compliance in good-faith. Still, at no time did the defendants issue a response or assert any perceived objection(s), and on December 22, 2004 your plaintiff was forced to file a second motion for compelled compliance respecting this seperate set of absolutely ignored discovery requests;

8. Subsequently, on January 25, 2005, your plaintiff directed a brief set of interrogatories to the defendants, together with a letter, a set of Requests for Admission, and the instant set of production requests;

9. The defendants, once again, absolutely failed to respond to any of the rule-based discovery requests. That is, they merely took it upon themselves to completely ignore the instant discovery requests, as they similarly did on July 25, 2004; October 18, 2004; November 06, 2004; October 7, 2004; November 24, 2004; or December 22, 2004. Thus,

it simply cannot be disputed that the defendants' nonfeasance was undertaken in willful bad-faith;

10. The defendants have long since waived any objections available to them relative to the instant production requests dated January 25, 2005;

WHEREFORE, it is respectfully requested that this Honorable Court hereby direct the defendants to produce:

(1) Branford Police Dept. Transfer Order dated November 15, 2001 bearing the holographic subscription "He is HIV Positive.";

(2) All written statements of Karen Holmes and Robert Salatto, Sr., that were previously disclosed to the defendants by the plaintiff;

(3) Plaintiff's responses to the defendants' interrogatories dated February 17, 2004.

Respectfully submitted,

/s/ Robert Salatto
Robert Salatto, Plaintiff
986 Norwich - New London Tnpk
Uncasville, CT 06382

Robert Salatto
    Plaintiff

vs

Town of Branford, et. al.,
    Defendants

USDC @ Bridgeport

Case 302 CV 230

January 25, 2005

## Plaintiff's Request for Production

The plaintiff, pursuant to FRCP 34, hereby requests that the defendants produce, by mail or other suitable means, the following documents for copying and inspection, within 30 days:

(1) Branford Police Dept. Transfer Order dated November 15, 2001, signed by defendant David Atkinson bearing the notation "He is HIV Positive";

(2) Written statements of Karen Holmes & Robert Salatto, Sr.;

(3) Plaintiff's responses to defendants' interrogatories dated February 17, 2004.

Respectfully

Robert Salatto  #180287
the Plaintiff
Corrigan Corr. Inst
986 Norwich-New London Tnpk
Uncasville, Ct 06382

Attorney Radshaw                                    Jan 25, 2005

Enclosed please find one set of interrogatories, requests for admissions, and requests for production, totalling three sets of discovery requests. Please be advised that I was compelled to file the requests for production only after you ignored my letter of January 06, 2005 requesting the materials in good-faith. You claimed in a motion that I have failed to disclose discovery documents and/or supplement my prior responses. As you know, I indicated to you on several occasions that I am more than willing to fully and promptly comply with my discovery obligations. You cannot, however, reasonably expect me to disclose documents until I know particularly what you are requesting and exactly what my prior objections and assertions of priviledge were. I am attempting to comply; please understand that it is <u>you</u> who is frustrating my ambition.

   Also, please be sure to supplement <u>all</u> of your disclosures to include <u>all</u> fact witnesses as required under FRCP 26(b)(i). Further, a copy of the defendants insurance policy was not initially disclosed as required under FRCP 26(a)(i)(D). Kindly direct your attention to these matters. As you know, any non-supplemented or non-disclosed evidence may be inadmissible.

                                    thank you,

                                    Robert Salatto

Certification

This is to certify that one copy of the foregoing was mailed, postage prepaid, to Attorney John Radshaw, 65 Wethersfield Ave, Hartford Ct, on April 3, 2005

*[signature: Robert F. Salatto]*