**FILED**

ROBERT SALATTO
    PLAINTIFF

vs

TOWN OF BRANFORD, ET. AL.,
    DEFENDANTS

2005 APR 12 P 4:30 US District Court
U.S. DISTRICT COURT @ Bridgeport
BRIDGEPORT, CONN

Case 3:02 CV 230
April 02, 2005

PLAINTIFF'S SECOND MOTION FOR APPOINTMENT
OF COUNSEL

Your undersigned plaintiff, ROBERT SALATTO, hereby REQUESTS that this Honorable Court APPOINT COUNSEL TO REPRESENT him in this Action. In support of this Motion, your plaintiff respectfully represents as follows:

1. Your plaintiff has presented a colorable and non-frivolous set of constitutional and state law claims. The plaintiff's father, Robert Salatto, Sr., has been deposed in this case and offerred sworn testimony in support of your plaintiff's allegations. In addition, your plaintiff has uncovered a written document in support of his state law claims of slander per se and libel whereby one of the defendants has falsely represented about your plaintiff: "He is HIV positive," and signed his name and

2

OFFICIAL TITLE TO THE DOCUMENT. In addition, your plaintiff's former fiancée, Karen Holmes, has additionally provided a duly sworn affidavit in support of your plaintiff's claims. The combination of percipient witnesses willing to testify at trial in support of your plaintiff's allegations considered together with the written document uncovered by the plaintiff make clear that the plaintiff's claims are of a colorable, non-frivolous nature, and find support through several independent, corroborating sources. This court should therefore appoint counsel to represent him and prepare this case for trial now that the discovery and dispositive motion stages have been concluded.

Also, your plaintiff is no longer entitled to the assistance of Inmates Legal Assistance in this matter pursuant to the scope of their renewed contract with the State of Connecticut. See Exhibits A, B, and C.

Your plaintiff contacted ILAP on both June 6, 2004 and August 16, 2004, requesting assistance with the preparation of documents in this matter. In their respective responses, Attorney Jenna M. Caufield has clearly indicated to

your plaintiff "Pursuant to the recently revised contract between ILAP and the State of Connecticut, this office is limited to providing Advice as to process and procedure, as well as the preparation of documents in cases involving conditions of confinement only." ILAP is not permitted to represent you in any other proceeding. Unfortunately, ILAP cannot assist you with these matters since they do not involve 'conditions of confinement.'" See Exhibits A, B, and C.

The Dept. of Correction does not provide or maintain constitutionally adequate law libraries. Instead, it relies upon ILAP to assist inmates. However, pursuant to the scope of ILAP's "revised contract," it cannot possibly help your plaintiff in any manner with this Action. This case has been pending for more than two years. It has survived a Motion to Dismiss and will be likely going to trial shortly. Based upon ILAP's inability to further assist your plaintiff, this Honorable Court should appoint counsel in this matter.

Further, your plaintiff's first motion for an appointment of counsel was denied without prejudice. The plaintiff has since contacted several additional

4

Attorneys seeking representation in this action, to no avail. See Exhibits D, E, F, G, H. For these reasons, it is respectfully requested that this Honorable Court appoint counsel to represent the plaintiff at the pretrial settlement conference and at trial.

Respectfully,

Robert Salatt.
986 Norwich-New London Tpk
Uncasville, Ct 06382

\* CERTIFICATION PAGE ATTACHED last

## LAW OFFICES OF
## SYDNEY T. SCHULMAN

### INMATES' LEGAL ASSISTANCE PROGRAM

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Caulfield

August 19, 2004

Mr. Robert Salatto
Inmate #180287
New Haven Correctional Center
245 Whalley Avenue
P.O. Box 8000
New Haven, Connecticut 06530-8000

Dear Mr. Salatto:

This letter is to acknowledge that your correspondence dated June 6, 2004, was received by Inmates' Legal Assistance Program ("ILAP") on August 13, 2004. In your correspondence you request assistance with two matters.

Before I address this matter, please let me explain what ILAP can and cannot do. Pursuant to the recently revised contract between ILAP and the State of Connecticut, this office is limited to providing advice as to process and procedure, as well as on the preparation of documents, cases involving conditions of confinement only.

As stated in Jenkins v. Haubert, 179 F.3d 19, 28 (2$^d$ Cir. 1999)(internal citations omitted):
"Conditions of confinement" is not a term of art; it has a plain meaning. It quite simply encompasses all conditions under which a prisoner is confined for his term of imprisonment. These include terms of disciplinary or administrative segregation such as keeplock or solitary confinement, as well as more general conditions affecting a prisoner's quality of life such as: the revocation of telephone or mail privileges or the right to purchase items otherwise available to prisoners; and the deprivation of exercise, medical care, adequate food and shelter, and other conditions that, if improperly imposed, could violate the Constitution.

Please note that the terms of our contract also preclude ILAP from providing case law and other materials to inmates where an ILAP attorney has not determined that a *prima facie* case exists. As before, ILAP can only provide advice and assistance when a *prima facie* case can be made against the defendant or defendants. Black's Law Dictionary defines a *prima facie* case as follows:

> A *prima facie* case consists of sufficient evidence in the type of case to get plaintiff past a motion for a directed verdict in a jury case or a motion to dismiss in

Mr. Robert Salatto
August 19, 2004
Page 2 of 2

      a nonjury case; it is the evidence necessary to require the defendant to proceed
      with his case.

In other words, you need to present evidence which is sufficient enough to require the defendant to proceed with the case. If the facts of your claim do not support a *prima facie* case, this office is precluded, both ethically and contractually, from assisting you with the matter.

ILAP is not permitted to represent you in court or in any other proceeding.



Unfortunately, ILAP cannot assist you with either of these matters since they do not involve conditions of confinement.



Should you require future assistance with a civil legal matter dealing with terms and conditions of confinement, please do not hesitate to contact ILAP again.

Sincerely,

Jenna M. Caulfield,
Staff Attorney

\* Redacted portions privileged by Attorney - client privilege; And NOT Related in any manner to this claim, or my Request For Assistance with this claim.

Enclosures

Mr. Robert Salatto
September 10, 2004
Page 2 of 2



Second, with regard to your criminal charges in Vermont, be advised that ILAP is unable to assist you. As I explained in my letter to you dated August 19, 2004, ILAP can only assist inmates with civil matters concerning the conditions of confinement. Since your request concerns a criminal matter, ILAP cannot assist you.

You should address your request for assistance with this matter to your criminal attorney, or if you do not have one, the Office of the Public Defender as they are better equipped to handle criminal matters. The address and telephone number for the main office of the Public Defender are:

Office of the Chief Public Defender
30 Trinity Street, 4th Floor
Hartford, Connecticut 06106
Phone: (860) 509-6400

If you have any questions about the above, or any other civil matter dealing with conditions of confinement, please feel free to contact ILAP again.

Sincerely,

Jenna M. Caulfield,
Staff Attorney

Redacted portion privileged and unrelated to my request for assistance with this case.

* As you will note, ILAP is now permitted to assist inmates with cases involving conditions of confinement only.

# LYNCH, TRAUB, KEEFE AND ERRANTE
### A PROFESSIONAL CORPORATION
### ATTORNEYS AND COUNSELLORS AT LAW

\*\* HUGH F. KEEFE
† STEVEN J. ERRANTE
°° JOHN J. KEEFE, JR.
\* DONN A. SWIFT
CHARLES E. TIERNAN III
ROBERT W. LYNCH
RICHARD W. LYNCH
† TIMOTHY P. POTHIN
ERIC P. SMITH
NICOLE M. FOURNIER
LOUIS M. RUBANO
† MARISA A. BELLAIR
£ NANCY A. FITZPATRICK
\* STEPHEN I. TRAUB, OF COUNSEL
° WILLIAM C. LYNCH, RETIRED

52 TRUMBULL STREET
P.O. BOX 1612
NEW HAVEN, CONNECTICUT 06506-1612

PHONE: (203) 787-0275
FAX: (203) 782-0278
E-MAIL: LAWYERS@LTKE.COM
INTERNET: HTTP://WWW.LTKE.COM

\* BOARD CERTIFIED CIVIL TRIAL LAWYER
°° BOARD CERTIFIED CRIMINAL TRIAL LAWYER
\*\* BOARD CERTIFIED CIVIL AND CRIMINAL TRIAL LAWYER
† ALSO ADMITTED IN NEW YORK
° ALSO ADMITTED IN DISTRICT OF COLUMBIA
£ ALSO ADMITTED IN FLORIDA

November 17, 2004

Mr. Robert Salatto
No. 180287
Walker Correctional Center
1153 East Street South
Suffield, CT 06080

Dear Mr. Salatto:

Thank you for your letter of 11/11/04. Unfortunately, due to my present trial schedule, I will be unable to assist you.

Very truly yours,

Hugh F. Keefe

HFK:ib

MICHAEL P. FARRELL
ATTORNEY AT LAW
201 CENTER STREET
WEST HAVEN, CT 06516
203-934-8638
FAX: 203-937-1761

December 28, 2004

Robert Salatto
#180287
Corrigan C.I.
986 Norwich-New London Tpke.
Uncasville, CT 06382

Dear Robert:

I am sorry to hear about your recent troubles. Unfortunately, my schedule is so busy with trials I am not taking any new litigation cases for a while. Best of luck in the future.

Very truly yours,

Michael P. Farrell, Esq.

MPF/elb

# Law Offices of Diane Polan, LLC

129 Church Street, Suite 802, New Haven, Connecticut 06510
Telephone: 203.865.5000   Facsimile: 203.865.2177

Diane Polan
Paul A. Garlinghouse*
*Admitted in CT and NY

email: polanlaw@yahoo.com
garlinghouselaw@yahoo.com

Deborah S. Vincent
Legal Assistant

debpolanlaw@yahoo.com

December 27, 2004

Mr. Robert Salatto, Sr,
15 Svea Avenue
Branford, CT 06405

Dear Mr. Salatto,

    I am enclosing the documents you brought in to my office in connection with your son, Robert Salatto, Jr.

    I hope things go well for Robert.

Sincerely,

DIANE POLAN

DP:dsv
enclosures
cc:   Mr. Robert Salatto, Jr. (without enclosures)

**The Pellegrino Law Firm**
A PROFESSIONAL CORPORATION

475 WHITNEY AVENUE
P.O. BOX 1835
NEW HAVEN, CONNECTICUT 06508-1835

**75 Years**
OF QUALITY LEGAL SERVICES

Mr. Robert Salatte,
Corrigan CI
986 Norwich-New London Turnpike
Uncasville, CT 06382

Robert SALATTO
C270  # R0087

JAN 31 2005

---

**The Pellegrino Law Firm**
A PROFESSIONAL CORPORATION

Date: 1/28/05

For: Robert Salatte

**TO SPEED THINGS ALONG . . .**
*I am sending you the enclosed without a formal letter.*

Thank you for your letter, Advising us
will not be able to represent you in this matter.

Atty S.P. Mele

Certification

This is to certify that one copy of the foregoing motion was mailed, postage prepaid, to Attorney John Radshaw, 65 Wethersfield Avenue, Hartford, CT, on April 03, 2005

Robert F Salatt