UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO, JR.
                                             PRISONER
                                     CASE NO. 3:02cv230 (EBB) (JGM)

v.

TOWN OF BRANFORD, ET AL.

## RULING AND ORDER

Pending before the court are seven motions to compel, a motion for more definite statement, a motion for a copy of the case file, two motions for sanctions, a motion in limine, a motion for appointment of counsel and motion to amend the complaint. For the reasons set forth below, the motion to amend is granted and all of the other motions are denied.

I.      Ex Parte Motion for Copy of Case File [Doc. # 62]

The plaintiff seeks a copy of the documents in the court file because prison officials confiscated and lost his copies during a search of his cell on August 28, 2004. The plaintiff filed this motion ex parte because he concluded that the relief requested in the motion did not relate to the merits of the case. There is no basis under the Local or Federal Rules of Civil Procedure for plaintiff's filing this motion ex parte and not serving it on defendants' counsel. Rule 5 requires that all motions be served on the defendants or their attorney. Accordingly, the motion is denied on the ground that it was not served on counsel for the defendants.

Additionally, although the plaintiff was permitted to file his complaint in forma pauperis, this status only relieves him of the cost of filing his action. He is not automatically entitled to copies or other materials. See Guinn v. Hoecker, No. 94-1257, 1994 WL 702684 (10th Cir. Dec. 15, 1994)(28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy), cert. denied, 514 U.S.

1118 (1995); <u>Douglas v. Green</u>, 327 F.2d 661, 662 (6th Cir. 1964)( 28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment).

It is unclear to the court why the plaintiff needs a copy of every document in the court file to litigate this case.  At this time, over seventy-five documents have been docketed in this case.  In addition, the plaintiff has failed to provide sufficient evidence to support his claim that he lacks the necessary funds to pay for copies of documents in the court file.  Thus, the plaintiff's motion for a free copy of the case file is denied.

If the plaintiff seeks to renew his motion, he must identify which documents he seeks to have the court copy and he further must provide evidence, in the form of a certified prison account statement, demonstrating that he cannot afford the cost of copying the documents.  The cost of copying court documents is 50 cents per page.  The plaintiff shall also serve a copy of the renewed motion on counsel for the defendants.

II.     Motion for More Definite Statement [doc. # 63]

The plaintiff seeks an order directing the defendants to clarify the nature of the affirmative defenses in their answer to the first amended complaint.  Rule 12(e), Fed. R. Civ. P. only applies to "a pleading to which a responsive pleading is permitted." Rule 7(a) does not permit a responsive pleading to an affirmative defense or an answer unless the court orders one. The Court has not ordered a responsive pleading to the defendants' answer.  Thus, Rule 12(e) is inapplicable to the defendants' answer and the plaintiff's motion for more particular statement is denied.

III.    Motion to Amend Complaint [doc. # 71]

The plaintiff seeks to file a third amended complaint "[t]o define and shape the issues for trial, and to clarify the legal and factual matters sought to be proven at trial, and to provide all parties with fair and adequate information." Mot. Amend at 1.  The defendants have not filed an objection to

plaintiff's motion. The proposed amended complaint does not add new claims to the action. Accordingly, the motion is granted absent objection. The defendants are directed to file an answer to the third amended complaint within thirty days of the date of this order.

IV.     Motion to Compel Discovery Responses [doc. # 61]

The plaintiff seeks to compel the defendants to respond to his May 3, 2004 Interrogatories addressed to defendant O'Malley. A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Rule 37(a)2 of the Local Civil Rules of the United States District Court for the District of Connecticut. Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff states that defendant O'Malley filed objections to his interrogatories on June 3, 2004. He disagrees with the objections and seeks a court order directing the defendants to respond to the interrogatories. He does not indicate that he attempted to contact counsel for defendant O'Malley in an effort to resolve any problems he has with the responses to this discovery request. He has failed to file a certification that he has made a good faith effort to resolve this discovery dispute without the intervention of the court. Because the plaintiff has not complied with the provisions of Local Rule 37(a)2, the plaintiff's motion to compel is denied without prejudice.

V.     Motion for Order Compelling Disclosure of Items of Work Product [doc. # 65]

The plaintiff seeks a court order compelling counsel for the defendant to disclose "specific items of . . . work product" pursuant to Rule 26(b)(3), Fed. R. Civ. P. Mot. Requesting Or. Compelling Disclosure at 1. The plaintiff does not indicate that he made any requests for these items from the defendants directly through interrogatories or a request for production of documents.

Thus, his motion to compel is premature. Furthermore, the plaintiff has not demonstrated that he "has a substantial need" for these items of work product "in the preparation of . . . [his] case." Rule 26(b)(3), Fed. R. Civ. P. Accordingly, the motion is denied.

VI.     Motions to Compel and for Sanctions [docs. ## 68, 69, 75]

The plaintiff seeks to compel defendants to respond to his requests for production of documents dated October 7, 2004 and January 25, 2005. He claims that he sent a letter to counsel for the defendants on November 24, 2004, seeking a response to his October request for documents, but counsel did not respond to his letter. The plaintiff seeks sanctions for defendants failure to respond to his October production request.

Neither request for production is directed to any one defendant. Instead, the requests are directed to "the defendants" as a group. Because these requests for production is not addressed to a particular party in the case as required by Rule 34, Fed. R. Civ. P., the requests are deficient. Thus, the plaintiff's motions to compel the defendants to respond to the October 7, 2004 Request for Production of Documents and the January 25, 2005 Request for Production are denied without prejudice and the motion for sanctions is denied as moot.

VII.    Motion to Compel Discovery Responses [doc. # 66]

The plaintiff claims that he sent interrogatories directed to the Town of Branford to counsel for the Town on July 25, 2004. Counsel did not receive the interrogatories until August 25, 2004. On August 31, 2004, counsel for the defendants filed a motion for extension of time to file responses to plaintiff's interrogatories addressed to the Town of Branford. The court granted the motion on October 12, 2004. On October 7, 2004, the plaintiff sent counsel for the defendants a letter reminding him that responses to the interrogatories addressed to the Town of Branford were due on October 18, 2004. The plaintiff provides no evidence that he contacted counsel for the defendants

after October 18, 2004, in attempt to resolve counsel's failure to respond to the interrogatories. Thus, the plaintiff has failed to demonstrate that he has made a good faith effort to resolve this discovery dispute without the intervention of the court. Because the plaintiff has not complied with the provisions of Local Rule 37(a)2, the plaintiff's motion to compel defendant Town of Branford to respond to his July 2004 interrogatories is denied without prejudice.

VIII.   Motion to Compel Discovery Responses [doc. # 74]

The plaintiff seeks to compel the defendant O'Malley to respond to his January 25, 2005 Interrogatories. As stated above, a party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(2)(A), Fed. R. Civ. P. and Rule 37(a)2, D. Conn. L. Civ. R. which require that a motion to compel include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff alleges that defendant O'Malley did not respond to the January 25, 2005 Interrogatories. He does not allege that he contacted counsel for the defendants in an attempt to resolve this discovery dispute at any time after he served the interrogatories on counsel. Thus, the plaintiff has failed to file a certification that he has made a good faith effort to resolve this discovery dispute without the intervention of the court. In addition, the court notes that plaintiff served 23 interrogatories on defendant O'Malley in May 2004. In January 2005, the plaintiff served eight interrogatories. Rule 33(a), Fed. R. Civ. P. requires that a party seek permission of the court before serving more than twenty-five interrogatories on another party. In the Report of Parties' Planning Meeting submitted to the court in March 2004, the parties agreed to seek permission to serve more than twenty-five interrogatories on each other. Because the plaintiff has not complied with the provisions of Local Rule 37(a)2 or Rule 33(a), Fed. R. Civ. P., the plaintiff's motion to compel is

denied.

IX.   Motion to Compel Discovery Production [doc. # 76]

The plaintiff seeks a court order compelling the defendants to provide him with a copy of any insurance agreement pursuant to Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure. Rule 26(a)(1), Fed. R. Civ. P., provides that a party must provide certain information and documents to other parties "without awaiting a discovery request." "An action brought . . . by a person [pro se] who is in the custody of the United States, a state or a state subdivision," however, is exempt from the initial disclosures requirement. Fed. R. Civ. P. 26(a)(1)(E)(iii). Accordingly, the plaintiff's motion is denied.

X.   Motion for Appointment of Counsel [doc. # 78]

The plaintiff seeks the appointment of counsel at "the pretrial settlement conference and at trial." Mot. at 4. A pre-trial conference has not been scheduled in this case and the case has not been set down for trial. Thus, the motion for appointment of counsel is denied without prejudice as premature. If the case proceeds to trial, the court will consider appointing counsel for the plaintiff at that time.

XI.   Motion in Limine [doc. # 77]

The plaintiff seeks to preclude the defendants from referencing or placing into evidence certain facts concerning prior misconduct, criminal convictions, medical treatment and any other evidence not preserved in the final pretrial order. The motion is denied without prejudice as premature in view of the fact that the case has not been scheduled for trial.

XII.   Motion for Sanctions [doc. # 72]

The plaintiff seeks sanctions against the defendants or their attorney for failure to respond to his discovery requests. The plaintiff reiterates the allegations in the motions to compel concerning

various discovery requests to which he claims the defendants have failed to respond. The court has denied plaintiff's motions to compel. Thus, the motion for sanctions is denied as moot.

Conclusion

The Ex Parte Motion for Copy of Case File [**doc. # 62**], Motion for More Definite Statement [**doc. # 63**], Motion for Order Compelling Disclosure of Items or Work Product [**doc. # 65**], Motion to Compel Discovery Responses [**doc. # 74**] and Motion to Compel Discovery Production [**doc. # 76**] are **DENIED**. The Motions to Compel Discovery Responses [**docs. ## 61, 66**], Motion for Compelled Compliance [**doc. # 68**], Motion to Compel Discovery Production [**doc. # 75**] are **DENIED** without prejudice. The Motions for Sanctions [**docs. ## 69, 72**] are **DENIED** as moot. The Motion for Appointment of Counsel [**doc. # 78**] and Motion in Limine [**doc. # 77**] are **DENIED** without prejudice as premature. The Motion to File an Amended Complaint [**doc. # 71**] is **GRANTED** absent objection. The Clerk is directed to docket the second amended complaint attached to the motion to amend.

The defendants shall file an answer to the amended complaint within thirty days of the date of this ruling. Discovery shall be completed within sixty days of the date of this ruling. Any motions for summary judgment shall be filed within thirty days of the date of this ruling. The Clerk is directed to send counsel for the defendants a copy of the second amended complaint with a copy of this ruling.

SO ORDERED this 3rd day of June, 2005, at New Haven, Connecticut.

/s/ Joan G. Margolis
Joan G. Margolis
United States Magistrate Judge