Robert Salatto, Jr.
  Plaintiff

Vs.

Town of Branford, Connecticut;
Thomas Grantland; Patrick O'Malley;     CASE: 302CV230 (EBB)(JGM)
David Atkinson; each respectively
sued in their official and individual
capacities
  Defendants

U.S. District Court @ Bridgeport

April 02, 2005

## Plaintiff's Amended Civil Rights Complaint

### Introduction

The plaintiff brings this action pursuant to constitutionally inadequate, vexatious, and unlawful treatment by members of the Branford Police Department during his arrest and detention on November 15, 2001.

The plaintiff has a history of pronounced chest pain and tightening, often requiring any combination of medication, hospitalization, and treatment. During the course of his detention for a misdemeanor on November 15, 2001, the plaintiff began to experience severe chest pain and clubbing. He immediately notified arresting officer O'Malley. When O'Malley took no action, the plaintiff again made his request to Shift Commander Grantland, this time pleading in desperation for assistance. Ultimately, the defendant police officers ignored and joked about the plaintiff's pleas and requests for emergency care and took no action, purposefully causing him to

languish in unthinkable physical pain for several hours and providing no medical assistance of any nature whatsoever.

The plaintiff additionally suffers from a depressive disorder of which the defendants, through their prior dealings with him, were clearly aware. The defendants knew or should have known that the disorder might cause the plaintiff to harm himself while in custody, yet they failed to implement even departmentally mandated safety precautions to prevent such. Ultimately, the plaintiff did, in fact, attempt suicide by hanging himself with his necktie. Eventually, when he continued to request and plead for medical attention, both for his injuries and for the continuing chest pain, the defendant officers applied unnecessary and objectively unreasonable force to his person by punching, kicking, and body-slamming him, and driving his head into a parked police vehicle, all while his hands were secured behind his back with handcuffs.

Lastly, in an attempt to harrass and vexate the plaintiff, and harm his social life, the defendant officers made a myriad of utterly false and slanderous comments about him to numerous people on seperate occasions, including his fianceé and his father. Among them, the officers outrageously indicated to his fianceé just before their planned wedding that the plaintiff "has AIDS... is spreading AIDS through Branford... is dying of AIDS..." and that she should "get tested" and refrain herself from sexual relations or marriage with the plaintiff. These untrue and outrageous comments shocked and frightened his fianceé and ultimately caused her to terminate her engagement to the plaintiff.

On a completely different occasion, the defendant police officers made similar representations to the plaintiff's father, telling him that his son is occupied "... spreading AIDS through Branford...." On yet even another occasion, one of the defendants created a handwritten

FOOTNOTE ON AN OFFICIAL DOCUMENT REFERENCING ABOUT THE PLAINTIFF THAT "HE IS HIV POSITIVE." DESPITE THE OUTRIGHT FALSITY OF THAT CLAIM, THE DEFENDANT POLICE OFFICER THEN CIRCULATED THAT DOCUMENT TO OTHER INDIVIDUALS. THE PLAINTIFF CLAIMS MONEY DAMAGES.

## JURISDICTION

1. Jurisdiction of this court is invoked pursuant to Title 42 Section 1983, Title 28 Section 1331(a), and Title 28 Section 1343(3) of the United States Code; The Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as will hereinafter more fully appear; And the torts of assault, battery, libel, slander, and negligence actionable pursuant to Connecticut law, hereby invoked under the supplemental jurisdiction of this court, together with Section 53a-22 of the Connecticut General Statutes.

## PARTIES

2. Plaintiff Robert Salatto is, and at all times mentioned herein has been, a citizen of the United States and a resident of Connecticut. His present mailing address is 986 Norwich-New London Turnpike, Uncasville, Connecticut, 06382;

3. Defendant Town of Branford is a municipality organized and existing under the laws of the State of Connecticut;

4. Defendant Thomas Grantland is, and at all times

mentioned herein has been a Branford Police Officer, engaged in the duties of such under color of law. His employment address is Branford Police Department, 33 Laurel Street, Branford, Connecticut, 06405. He is hereby sued in both his individual and his official capacities;

5. Defendant Patrick O'Malley is, and at all times mentioned herein has been a Branford Police Officer, engaged in the duties of such under color of law. His employment address is Branford Police Department, 33 Laurel Street, Branford, Connecticut 06405. He is hereby sued in both his individual and his official capacities;

6. Defendant David Atkinson is, and at all times mentioned herein has been a Branford Police Officer, engaged in the duties of such under color of law. His employment address is Branford Police Department, 33 Laurel Street, Branford, Connecticut 06405. He is hereby sued in both his individual and his official capacities;

FACTS

7. On November 15, 2001, defendants O'Malley and Atkinson detained the plaintiff in front of a local laundromat pursuant to a call reporting a possible shoplifting at CVS Pharmacy. Coincidentally, the plaintiff's father, Robert Salatto, Sr., also of Branford, happened to be present with the plaintiff and these defendant officers for most of the initial interview process;

8. During the detention, the plaintiff began to experience tightening and clubbing within his chest, together with dizziness and shortness of breath. The plaintiff informed these defendants in clear language that he was "not feeling well," and experiencing "chest pain" and "dizziness."

9. The plaintiff had recently been hospitalized. The plaintiff had requested that the defendants permit his father to furnish his prescription medication in aid of his symptoms, but the defendants ignored and denied his request;

10. Several minutes later, when the plaintiff's symptoms worsened, he clearly and firmly requested that the defendants "call an ambulance." The defendants, however, again denied his request;

11. The plaintiff's father additionally interjected and demanded that the defendants "call an ambulance." The defendants, once again, ignored and denied the request. Among the things they replied: "...your son isn't too worried... when he's... spreading AIDS through Branford...."

12. The plaintiff continued to remain in the throes of a potentially serious medical condition for several hours. He additionally continued to advance request after unheeded request to the defendants for a medical evaluation at all points throughout his arrest and detention at the Branford Police Department. The plaintiff continually complained of "chest pain," "pressure," and "dizziness." At one point, the plaintiff collapsed and vomited;

13. The plaintiff also made several requests for medical attention to Shift Commander Grantland, to no avail. In fact, the plaintiff's father additionally telephoned defendant Grantland and requested that, as a safety measure, defendant Grantland cause the plaintiff to be medically evaluated for his chest pain and vomiting. Defendant Grantland again took no action, even ignoring written police procedures mandating notification to the ambulance/rescue squad. The defendants, including defendant Grantland, continued to deny the plaintiff constitutionally required and administratively mandated medical treatment in a direct effort to harrass, vexate, and punish him;

14. Additionally, these defendants knew or should have known that the plaintiff might attempt to cause himself bodily harm while in custody, yet they implemented no degree of precautionary measures in preclusion of any such attempt;

15. These defendants had particular knowledge, through their prior dealings with the plaintiff, that he was under the care of a physician, on medication, and had been recently hospitalized for major depression and a suicide attempt. Nonetheless, these defendants ignored clear and specific police orders to dispossess him of his belt, necktie, and shoelaces while detained;

16. Ultimately, the plaintiff did, in fact, attempt suicide by hanging himself with one or more of these items. Interestingly, even after numerous officers were dispatched to his aid and pulled him down,

DEFENDANT GRANTLAND AGAIN REFUSED TO NOTIFY THE LOCAL PARAMEDICS OF THE PLAINTIFF'S INJURIES OR CAUSE MEDICAL TREATMENT TO BE PROVIDED;

17. EVENTUALLY, WHEN THE PLAINTIFF CONTINUED TO REQUEST AND PLEAD FOR MEDICAL ATTENTION, BOTH FOR HIS INJURIES AND FOR THE CONTINUING CHEST PAIN, THE DEFENDANTS, O'MALLEY AND ATKINSON, APPLIED UNNECESSARY AND OBJECTIVELY UNREASONABLE FORCE TO HIS PERSON BY PUNCHING, KICKING, AND BODY-SLAMMING, AND DRIVING HIS HEAD INTO A PARKED POLICE VEHICLE, ALL WHILE HIS HANDS WERE SECURED BEHIND HIS BACK WITH HANDCUFFS;

18. THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, ADDITIONALLY MADE A MYRIAD OF UTTERLY FALSE AND SLANDEROUS COMMENTS ABOUT THE PLAINTIFF TO HIS FIANCEE, KAREN HOLMES, JUST BEFORE THEIR PLANNED WEDDING, INCLUDING OUTRAGEOUS REPRESENTATIONS THAT THE PLAINTIFF "HAS AIDS... IS SPREADING AIDS THROUGH BRANFORD... IS DYING OF AIDS..." AND THAT SHE SHOULD "GET TESTED" AND REFRAIN HERSELF FROM SEXUAL RELATIONS OR MARRIAGE WITH THE PLAINTIFF;

19. ON A COMPLETELY DIFFERENT OCCASION, NOVEMBER 15, 2001, THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, MADE SIMILAR REPRESENTATIONS TO THE PLAINTIFF'S FATHER, TELLING HIM THAT HIS SON IS OCCUPIED "SPREADING AIDS THROUGH BRANFORD..."

20. ON YET ANOTHER COMPLETELY DIFFERENT OCCASION, DEFENDANT ATKINSON CREATED A HANDWRITTEN FOOTNOTE ON AN OFFICIAL AND PUBLIC DOCUMENT, REFERENCING ABOUT THE PLAINTIFF: "HE IS HIV POSITIVE." DESPITE THE OUTRIGHT FALSITY OF THAT CLAIM, THE DEFENDANTS THEN CIRCULATED THAT DOCUMENT TO OTHER INDIVIDUALS;

21. The defendant Town of Branford realized and appreciated a need in these defendants for sufficient or renewed training, and for continued supervision, yet the Town of Branford took no action and made no effort to train, re-train, or adequately supervise these defendants even in the face of that manifest and obvious necessity;

22. In addition, the Town of Branford and the defendant agents of the Branford Police Department exerted dominion and physical control over the plaintiff of a special and dominant nature on November 15, 2001, in that the plaintiff was incarcerated and imprisoned within their custody and the instrumentality necessary for the plaintiff to obtain medical treatment existed exclusively within their control and that, but for their assistance, the plaintiff could not have obtained or accessed such treatment as was required;

LEGAL CLAIMS

23. The acts and omissions of the defendants as described in paragraphs eight (8) through thirteen (13) and sixteen (16) and seventeen (17) chilled the plaintiff of rights secured to him via the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution;

24. The defendants' actions were unconstitutional in that the plaintiff was entitled, under clearly established and unambiguous law, to reasonable medical care and treatment for his serious medical needs, including, without question, a basic medical evaluation for his

INDICATIONS OF CHEST PAIN, DIZZINESS, SHORTNESS OF BREATH, AND NAUSEA. IN ADDITION, THE PLAINTIFF WAS ENTITLED TO ACCESS FROM MEMBERS OF THE AMBULANCE/RESCUE SQUAD PURSUANT TO CODIFIED ORDER (II)(B)(1)(g) OF BRANDFORD POLICE DEPARTMENT GENERAL ORDER 87-3 AND 99-1;

25. THE ACTS AND OMISSIONS OF THE DEFENDANTS AS DESCRIBED IN PARAGRAPHS EIGHT (8) THROUGH THIRTEEN (13) AND SIXTEEN (16) AND SEVENTEEN (17) ADDITIONALLY CONSTITUTED THE TORT OF NEGLIGENCE IN THAT:

A. THE DEFENDANTS HAD A DUTY TO PROVIDE THE PLAINTIFF WITH ACCESS TO MEDICAL CARE IN RESPONSE TO HIS INDICATIONS OF CHEST PAIN, DIZZINESS, SHORTNESS OF BREATH, AND NAUSEA;

B. THE DEFENDANTS BREACHED THAT DUTY BY FAILING TO PROVIDE SUCH ACCESS, AND REPEATEDLY IGNORING HIS REQUESTS FOR SAME;

C. THE ACTS AND OMISSIONS OF THE DEFENDANTS AS DESCRIBED HEREIN DAMAGED THE PLAINTIFF IN THAT HE WAS REQUIRED TO LANGUISH IN UNTHINKABLE PAIN FOR SEVERAL HOURS; EXPERIENCED SHOCK, FRIGHT, ANXIETY, FEAR; AND FURTHER VOMITED AND COLLAPSED AS UNCONSCIOUS; ALL DUE TO THE DEFENDANTS' INACTION AND IGNORANCE;

D. THE ACTS AND OMISSIONS OF THE DEFENDANTS AS DESCRIBED HEREIN PROXIMATELY CAUSED THE INJURIES DESCRIBED ABOVE;

SECOND COUNT

26. THE ACTS AND OMISSIONS OF THE DEFENDANTS AS DESCRIBED

in paragraphs fourteen (14) through eighteen (18) chilled the plaintiff of rights and privileges secured to him via the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution;

27. The plaintiff was entitled under clearly established, well-settled, and unambiguous constitutional law to reasonable care and treatment for all of his serious medical needs, including psychiatric illness and major depressive episode. Without question, the defendants were legally obligated pursuant to the U.S. Constitution, as well as their own administrative orders, number 99-1 and 87-3, to take necessary steps to prevent injury or the opportunity for the plaintiff to cause injury to himself;

28. The acts and omissions of the defendants as described in paragraphs fourteen (14) through eighteen (18) additionally constituted the tort of negligence in that:

A. The defendants had a duty to take necessary steps to prevent injury or the opportunity for the plaintiff to cause injury to himself, particularly in light of their knowledge of his propensity for depressive episode and/or suicidality;

B. The defendants breached that duty by failing to take reasonable and necessary steps to prevent the injury or the opportunity for injury, including but not limited to removing or dispossessing the plaintiff of his belt, necktie, and shoelaces as was required pursuant to codified directives;

C. THE ACTS AND OMISSIONS OF THE DEFENDANTS DAMAGED THE PLAINTIFF IN THAT HE ULTIMATELY DID, IN FACT, ATTEMPT SUICIDE BY HANGING HIMSELF, THEREBY CAUSING GREAT AND SUBSTANTIAL PHYSICAL INJURY UPON HIS PERSON AND SUFFERING GREAT AND SUBSTANTIAL PHYSICAL PAIN;

D. THE INJURIES SUFFERED BY THE PLAINTIFF WERE OF THE EXACT AND SPECIFIC CHARACTER SOUGHT TO BE PREVENTED WITHIN THE LANGUAGE OF BRANFORD POLICE DEPARTMENT GENERAL ORDERS 99-1 AND 87-3;

E. THE PLAINTIFF IS OF THE EXACT AND SPECIFIC CLASS OF PERSONS SOUGHT TO BE PROTECTED THROUGH B.P.D. GENERAL ORDERS 99-1 AND 87-3;

F. THE ACTS AND OMISSIONS OF THE DEFENDANTS WERE THE PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES;

THIRD COUNT

29. THE ACTS AND OMISSIONS OF THE DEFENDANTS AS DESCRIBED IN PARAGRAPH SEVENTEEN (17) CHILLED THE PLAINTIFF OF RIGHTS AND PRIVILEGES SECURED TO HIM VIA THE FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION;

30. THE ACTS AND OMISSIONS OF THE DEFENDANTS DESCRIBED IN PARAGRAPH SEVENTEEN (17) VIOLATED THE CONSTITUTION IN THAT THE DEGREE OF FORCE APPLIED WAS OBJECTIVELY UNREASONABLE, UNNECESSARY, UNRELATED TO ANY VALID GOVERNMENTAL INTEREST, VEXATIOUS, AND EXCESSIVE;

31. The acts and omissions of the defendants as described in paragraph seventeen (17) violated Section 53a-22 of the Connecticut General Statutes in that:

   A. The defendant police officers did not reasonably believe that the plaintiff was attempting to escape; and

   B. The defendant police officers were not acting in defense of themselves or any third person;

32. The acts and omissions of the defendants as described in paragraph seventeen (17) constituted the torts of assault and battery;

FOURTH COUNT

33. The acts of the defendants as described in paragraphs eleven (11) and eighteen (18) through twenty (20) constituted the torts of slander per se and libel;

34. The acts of the defendants as described in paragraphs eleven (11) and eighteen (18) through twenty (20) constituted slander per se and libel when, as described, the defendants represented to separate individuals on separate occasions, both orally and in writing, that the plaintiff is infected with a loathsome disease and is engaged in the practice of spreading that loathsome disease;

35. In fact, the allegations of the defendants as described in this complaint, namely that the plaintiff is infected with

13

AIDS, HIV, OR ANY OTHER LOATHSOME DISEASE WHATSOEVER, ARE UTTERLY AND UNEQUIVOCALLY FALSE;

DEMAND FOR RELIEF

WHEREFORE, THE UNDERSIGNED PLAINTIFF HEREBY REQUESTS THE FOLLOWING FROM THIS HONORABLE COURT:

A. Accept jurisdiction and supplemental jurisdiction over this matter;

B. Order compensatory and punitive damages in an amount deemed just, fair, and equitable;

C. Grant attorneys fees if the plaintiff retains counsel;

D. Order any additional and further relief deemed just, fair, and equitable by this Honorable Court.

A TRIAL BY JURY IS HEREBY REQUESTED.

Respectfully submitted,

[signature]

ROBERT F. SALATTO, JR., PLAINTIFF
986 Norwich-New London Tnpk
Uncasville, Connecticut 06382