United States District Court
District of Connecticut

FILED
2005 JUN 16 P 4: 15
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Robert Saiatto
  Plaintiff

Vs.

Town of Branford, et al.,
  Defendants

U.S.D.C. @ Bridgeport

Case # 3:02 CV 230 (EBB)(JGM)

June 11, 2005

## Plaintiff's Appeal of Magistrate's Orders

Your undersigned plaintiff, pursuant to F.R.C.P. 72(a), hereby objects to, and appeals, several findings of Magistrate Margolis as outlined in her ruling and order dated June 3, 2005. The Hon. Judge Burns retains ultimate jurisdiction in this matter, and it is requested that she review the orders of Magistrate Margolis as follows:

I. Magistrate Margolis' Denial of Plaintiff's Motion to Compel Discovery Responses [doc # 61] is Clearly Erroneous (See para. IV of Order dated June 3, 2005).

Your undersigned plaintiff has filed a motion to compel responses to interrogatories dated May 3, 2004. Magistrate Margolis has denied said motion, indicating that:

"[Plaintiff] has failed to file a certification that he has made a good faith effort to resolve this

dispute. Because the plaintiff has not complied with the provisions of Local Rule 37(a)2, the plaintiff's motion to compel is denied without prejudice." See Order @ p. 3.

Magistrate Margolis' indication that your plaintiff failed to execute a rule-based resolution effort or include a certificate of conference is clearly erroneous. On page 12 of plaintiff's motion to compel, directly preceding the signature block, is a detailed and clearly couched "Certificate of Conference." See Motion to Compel dated Oct. 7, 2004 @ p. 12. Thus, the conclusion and order of the Magistrate is clearly erroneous and should therefore be reversed.

II. Magistrate Margolis' Denial of Plaintiff's Motions To Compel [docs #68 and 75] and Plaintiff's Motions For Sanctions [docs #69 and 72] is clearly erroneous.

Your plaintiff filed Motions to Compel Production of documents dated Oct. 7, 2004 and Jan. 25, 2005. In the October request, your plaintiff requested production of three (3) documents, as well as Answers which he had provided to Interrogatories framed by the defendants earlier on in discovery. See Production Request dated Oct 7, 2004. Correctional officers subsequently confiscated and "lost" your plaintiff's entire case file, including the requested documents. See Ex Parte Motion for Copy of Case File. Your plaintiff

then forwarded several letters to counsel informally requesting copies of such items, and ultimately filed a production request, all of which were flatly ignored. After several additional resolution attempts, your plaintiff filed a Motion to Compel, to which the defendants filed no objection. Magistrate Margolis, however, denied the Motion to Compel, concluding sua sponte that the underlying production request was "deficient" because the language in the request directed the document to "the defendants" collectively, and not to any one "particular party." I respectfully submit that this conclusion is clearly erroneous.

Nothing in F.R.C.P. 34 suggests that, where a request is directed at all defendants to a party, the request must identify and list each party in seriatim. The dominating emphasis of Rule 34 is placed on a clear identification of the requested items, and the proposed places of inspection. See F.R.C.P. 34. The Rule permits that "Any party" may serve on "Any other party" a request for inspection. Nothing in the rule commands strict identification by full name of each particular individual as a matter of form where the plain language of the request makes clear that the request is directed to all defendants of a party. Such should hold particularly true where (1) the requested items were previously disclosed during discovery to all defendants by the plaintiff, and (2) the defendants made no objection to the production request whatsoever. Your undersigned plaintiff

would respectfully submit that Magistrate Margolis' conclusion that the language of the instant production request is fatally "deficient" under F.R.C.P. 34 is clearly erroneous.

The same argument is advanced respecting the January production request [doc. #75] simultaneously at issue within paragraph IV of the order. Your plaintiff is a Pro Se litigant and his moving papers should be held to a less stringent standard than those drafted by a formal attorney. See, e.g., Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972). In this instance, the production request calls for a small number of generalized documents kept in the course of business and readily accessible by any one of the defendants to this action, or their counsel. That your plaintiff has denominated his request to all defendants collectively should be without great significance in this instance. This proposition finds further support in the defendants' failure to object to the request in any way, shape, or form. Accordingly, the order of Magistrate Margolis in denying your plaintiff's motions to compel [docs. #68 and 75] is clearly erroneous.

Magistrate Margolis next concludes that, because she has denied your plaintiff's motions to compel, a subsequent motion for sanctions [doc. #69] is moot. See Order @ p. 4. Your plaintiff would respectfully submit that this conclusion is in clear error.

A motion for sanctions seeks to address a party's, or their attorney's, non-compliance with the Federal Rules of Civil Procedure. When misconduct has occurred for a complete and repeated failure to respond, the Court's ultimate denial of the underlying motions is an event entirely irrelevant to the misconduct, and the motion for sanctions should be viewed independently and on its own merits.

The Court imposes discovery sanctions (1) to secure compliance with the discovery rules, (2) to deter others from violating them, and (3) to punish those who do violate them. National Hockey League v. Metropolitan Hockey Club, 427 US 639, 96 S.Ct 2778, 2781 (1976). A party may move for sanctions if a party or its representative does not serve answers or objections to interrogatories. F.R.C.P. 37(d)(2); Oklahoma Federated Gold and Numismatics, Inc., v. Blodgett, 24 F.3d 136, 139 (10th Cir. 1994). Or if the party fails to object or respond to a production request. F.R.C.P. 37(d)(3). Failure to respond is not excused on the ground that the discovery is objectionable, unless the party filed a motion for protective order. Badalamenti v. Dunham's Inc., 896 F.2d 1359, 1362 (Fed. Cir. 1990). Further, the public interest in quickly resolving litigation will support severe sanctions against a party whose actions create unjustified delays. Thompson v. Housing Authority, 782 F.2d 829, 831-32 (9th Cir. 1986). See also Coane v. Ferrara Pan Candy Co, 898 F.2d 1030, 1032 (5th Cir. 1990). Here, counsel for the defendants

has ignored every letter and motion since July of 2004. See Second Mtn for sanctions dated April 25, 2005 @ p. 7. In one instance, counsel filed a motion requesting time to comply with a discovery request and then totally failed to respond to that request. See Plaintiff's Mtn to Compel dated April 2, 2005 @ p. 3. Subsequently, one (1) day prior to the close of discovery, counsel filed another motion seeking additional discovery time to "depose the plaintiff" and file various motions. See Defs. Mtn to Modify Scheduling Order dated Nov. 30, 2004. However, at no time did counsel do any of such things. Once again, he has filed a frivolous motion to unnecessarily multiply the proceedings and delay the action. Here, sanctions are warranted.

Magistrate Margolis has mooted the motion(s) for sanctions concluding that the court's ability to adjudicate these motions is somehow dependent upon, or related to, the outcome of the underlying motions. This conclusion is clearly erroneous. Counsel's misconduct bears no correlation to the outcome of any other motion. It is entirely distinct. As is the court's duty to adjudicate these motions. It must be viewed seperately.

Once determined, if the court cares to levy no sanctions against counsel for his misconduct, such may fall within its rightful province. But the court cannot lawfully refuse to consider the merits of such motions concluding that their viability rests upon the determination of underlying motions. The outcome of such motions is irrelevant and both motions for sanctions [docs # 69

and 72 ] (paras. VI and XII, respectively, of Magistrate's Order) should be viewed entirely separate and considered on their own merits.

> III. Magistrate Margolis' Denial of Plaintiff's Motion to Compel [doc # 66] is clearly erroneous and contrary to law. (See para. VII of Magistrates' Order dated June 3, 2005)

In paragraph VII of the order, Magistrate Margolis has denied a separate motion to compel pursuant to D. Conn. L Rule 37(a)2, concluding that your plaintiff "has failed to demonstrate that he has made a good faith effort to resolve the discovery dispute" without court intervention. See para. VII of Order @ p. 5.

However, paragraphs 5 and 6 of the Motion to Compel make clear that resolution-based efforts were, in fact, undertaken both before and after the expiration of the deadline. See Mtn to Compel [doc # 66] paras 5 and 6 @ p. 3. Paragraph 5 indicates that your plaintiff directed a letter before the expiration of the deadline. Paragraph 6 clearly states "in spite of the plaintiff's numerous courtesy letters, the defendants have not filed (served) answers to such interrogatories."

F.R.C.P. 37(a)(2)(A) requires that a motion to compel includes a certification that the movant "... has in good faith... attempted to confer..." with the non-complying party. Here, such information is included. Your plaintiff has indicated that the defendants have ignored

his "letter" before the deadline had elapsed, and several "letters" thereafter. That your plaintiff failed to employ more desirable language within his motion is a harmless error. Sufficient indicia of your plaintiff's repeated resolution attempts is embodied within the motion. Generally, moving papers drafted by pro se litigants are held to a less stringent standards than those drafted by formal Attorneys. See, e.g., <u>Haines v Kerner</u>, 404 U.S. 519, 92 S.Ct 594. Further support is found in the defendants' failure to object to this motion. At no time did they assert a resolution-based objection. The Magistrate's conclusions in paragraph VII are clearly erroneous and contrary to law.

IV. MAGISTRATE MARGOLIS' sua sponte Order re-opening And Extending Discovery And Dispositive Motion Practice is Contrary to Law. (SEE Conclusion portion of Order dated June 3, 2005)

This Action was filed September 25, 2002. The defendants then filed serial motions for stay, until January 16, 2004. Pursuant to the initial scheduling Order, discovery was ordered completed by Nov 1, 2004 And dispositive motions were ordered filed by Jan 1, 2005. The defendants then requested An extension of time, until Mar. 1, 2005 for discovery And April 1, 2005 for dispositive motion practice. Once the scheduling order was modified, the defendants then ignored their own deadlines And took no action.

Without a request by any party, Magistrate Margolis has now re-opened and extended the time for discovery and dispositive motion practice. SEE Order @ p. 7.

Discovery and Summary Judgment phases in this action have long been concluded. They have already been modified and extended once. The defendants have had ample time to undertake in such practices, but have elected not to. To further delay this action and create a renewed opportunity for the defendants to conduct discovery and undertake in dispositive motion practice would unduly prejudice your plaintiff's ability to have his claims determined by a jury without undue delay, and in a manner prescribed by the Federal Rules of Civil Procedure. Your plaintiff hereby objects to Magistrate Margolis' Order permitting further discovery and dispositive motion practice as clearly erroneous and contrary to law.

## Conclusion

Appealed are the orders of Magistrate Margolis filed in her Ruling and Order dated June 3, 2005, respecting documents numbered as 68, 69, 75, 61, 66 as well as her Order re-opening and extending discovery and dispositive motion practice. It is requested that Hon. Judge Burns review and modify such orders as appropriate.

Respectfully submitted,

*[signature]*

Robert Saiatto
Your Plaintiff, Pr. Se
Radgowski C.C.
982 Norwich-New London Tnpk
Uncasville, CT 06382

Certification

The undersigned hereby certifies that one (1) copy of the foregoing was mailed, first-class postage pre-paid, to Attorney John Radshaw, 65 Wethersfield Avenue, Hartford, CT., by depositing it with the correctional officials and directing them to place it into the U.S. Mail on June 12, 2005.

*[signature]*

Robert Saiatto, Pro Se