United States District Court
District of Connecticut

FILED

Robert Salatto,
           Plaintiff

Vs

Town of Branford, Et Al,
           Defendants

# 3:02 CV 230 EBB/JGM

2005 JUL -6 P 12:24

U.S. DISTRICT COURT
BRIDGEPORT, CT

July 01, 2005,

Plaintiffs' Motion for leave to Serve More than 25 Interrogatories Upon Defendant

Your plaintiff, pursuant to F.R.C.P. 26(b)(2) and 33(a), hereby requests leave to expand the number of interrogatories propounded to defendant Patrick O'Malley, beyond 25 in number, to include 8 Additional interrogatories. In the parties' planning meeting report submitted in March of 2004, the parties Agreed to seek permission to serve more than 25 interrogatories upon each other. The defendants have since sought, and obtained, an enlargement in numerosity pursuant to such, and your plaintiff hereby requests a similar enlargement. A copy of the proposed interrogatories is attached herewith.

Respectfully submitted,

Robert Salatto, Pro Se
182 Norwich - New London Tpk.
Uncasville, Ct 06382

Certification.

This is to certify that one (1) copy hereof was mailed, postage prepaid to Atty. John Radshaw, 65 Wethersfield Avenue, Hartford, CT 06114, on July 1, 2005.

Respectfully,

Robert Salatto
Pro Se

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT F. SALATTO<br>Plaintiff | CASE # 302CV230(EBB)(JGM) |
| V. | |
| TOWN OF BRANFORD, et al.,<br>Defendants | USDC @ BRIDGEPORT<br><br>July 01, 2005 |

PLAINTIFF'S INTERROGATORIES TO DEFENDANT Patrick O'Malley

To the defendant Patrick O'Malley, through his attorney of record, John Radshaw, 65 Wethersfield Avenue, Hartford, Connecticut 06114:

The plaintiff, Robert Salatto, serves these interrogatories on DEFENDANT PATRICK O'MALLEY as authorized pursuant to Federal Rule of Civil Procedure 33. The defendant must serve an answer to each interrogatory seperately and fully, in writing and under oath, within 30 days after service.

DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. Parties: the term "plaintiff" or "defendant(s)" as well as a parties full or abbrieviated name or a pronoun referring to a party, means the party and, where applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to this litigation.

2. Person: the term "person" is defined as any natural person, any business, a legal or governmental entity, or an association.

3. Document: the term "document" is defined to be synonomous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and District of Connecticut Local Civil Rule 39(c)(2), and includes computer records in any format. A draft or nonidentical copy is a seperate document

within the meaning of this term. The term "document" also includes any "tangible things" as that term is used in Rule 34(a).

4. Communication: the term "communication" means the transmittal of information in the form of facts, ideas, inquires, or otherwise.

5. Identify (Person): when referring to a person, "identify" means to give, to extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place or employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6. Identify (Document): when referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; (g) and, whether the document has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

7. Relating: the term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

8. All/Each: the terms "all" and "each" should be construed as "and," "each," and "and/or."

9. Any: the term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope of the discovery request.

10. And/Or: the connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. Number: the use of the singular form of any words includes the plural and vice versa.

## INSTRUCTIONS

1. If your response to the interrogatory cannot fit within the

space provided, attach additional sheets as necessary.

2. If you contend that any interrogatory or request for production is not applicable, state the factual and/or legal basis for such contention.

3. If you claim any interrogatory or request for production is objectional in full or in part, the objection shall be stated with particularity. If you interpose an objection to part of a discovery request, the non-objectionable portion of such request shall be answered together with your answers to the remainder of the discovery request. When a discovery request is alleged to be over-broad, the request shall be conplied with to the extent that you concede that such discovery request is relevant.

4. If you assert a claim of priviledge as a ground for not fully complying with any discovery request, state the factual and/or legal basis for the claim of the privilege, the title of any documents alleged to be privileged, the date such documents were written, the author of such documents, the type of documents, the general subject matter of the documents, and the location of the documents.

5. If the response to any discovery requests consists, in whole or in part, of an objection relating to or including burdensomeness, then provide such information as can be ascertained or provided without undue burden, and state with particularity:

    A. A description of the process or method required to obtain any fact responsive to the interrogatory request;

    B. The estimated cost and time required to obtain any fact responsive to the discovery request; and

    C. The extent to which documents or other sources of information will be made available for inspection and copying.

6. Unless specifically stated, each interrogatory relates to a natural defendant to this action. Where an interrogatory is directed specifically to the defendant Town of Branford, such interrogatory shall be precisely so directed.

INTERROGATORIES to DEFENDANT Patrick O'Malley

1) If you contend that you lawfully applied force to the plaintiff on November 15, 2001, please state the name of all persons who were at any time present during your application of such force:

2) Please state the name of all persons in which you claim the plaintiff made representations to that he was infected with H.I.V. or A.I.D.S. as alleged in subparagraphs A and B of your affirmative defenses located on page 8 of your Answer to this lawsuit:

3) Please state your contention as to the question of whether or not a police officer retains a duty to provide medical care to a detainee, even when such detainee is responsible for causing, or contributing to cause, the injury necessitating the medical care.

4) On page 8 of your original Answer to this lawsuit, you claimed that the plaintiff "Attempted to escape from the custody of the Branford Police." Please substantiate that statement by indicating any specific dates that the plaintiff has attempted to escape and any such dates in which he was charged by the Branford Police Dept., with escape or attempted escape:

5) On page 8 of your original Answer to this lawsuit, you claimed that the plaintiff had "disobeyed the lawful orders of the Branford Police." Please substantiate that statement by indicating the specific orders in which he disobeyed and the specific manner in which he disobeyed them:

6) On page 9 of your original Answer to this lawsuit, you claimed that the plaintiff "resisted the officers." Please substantiate that statement by indicating the specific orders in which he resisted and the manner in which he resisted them:

7) Please indicate the specific criminal charges that the plaintiff was charged with in response to the "resistance" described both in your Answer and in interrogatory Six.

8) Please indicate any specific course of training that you received from the Town of Branford relative to the release of information to any person that any other person, including a detainee, is infected with a communicable disease.

Respectfully submitted,

Robert Salatto
The Plaintiff, Pro Se
982 Norwich New London Tpk.
Uncasville, Ct 06382

Oath Page

STATE OF CONNECTICUT )
) ss. Branford
COUNTY OF NEW HAVEN )

I, Patrick J. O'Malley, do hereby depose and state:

1) That I am over the age of 18 and understand both the meaning and obligation of the oath;

2) That I have read the foregoing interrogatories and do hereby state that my answers thereto are true and correct, under the penalty of perjury.

Patrick J. O'Malley
Defendant

Subscribed and sworn to before me on this _____ day of _____, 2005.

Notary Public
My Commission Expires

Respectfully submitted,

_____
Robert Salatto
982 Norwich-New London Tnpk
Uncasville, CT 06382

CERTIFICATION

This is to certify that one (1) copy of the foregoing was sent, first class postage prepaid, to Attorney for the defendants John Radshaw, 65 Wethersfield Avenue, Hartford, CT, on July 1, 2005.

_____
Robert Salatto