# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT SALATTO<br>PLAINTIFF<br>vs.<br>TOWN OF BRANFORD, et al,<br>DEFENDANTS | CASE #: 3:02 CV 230 (EBB) (JGM)<br>At BRIDGEPORT<br>JULY 1, 2005 |

## PLAINTIFF'S MOTION REQUESTING PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT DAVID ATKINSON

Your undersigned plaintiff, ROBERT SALATTO, pursuant to F.R.C.P. 56 (a), hereby requests that this Honorable Court enter an order directing a partial summary judgment against defendant DAVID ATKINSON, respecting the tort of defamation per se, as pleaded in paragraphs 20, 33 – 35 of the amended complaint. Your plaintiff respectfully submits that no genuine issue of material fact exists as to said count, and that said count should be isolated and a judgment thereupon entered as a matter of law. Alternatively, your plaintiff respectfully requests, pursuant to F.R.C.P. 56 (d), that this court ascertain what material facts as articulated hereof exist without substantial controversy, and render an order specifying same, as well as an order directing further proceedings as are just. All requests for an order directing a summary judgment raised in this motion shall extend to liability only, and should this court grant any portion of the relief requested in this motion, further adjudication respecting damages will be necessary. In support of this motion, your plaintiff respectfully represents as follows:

## I. BACKGROUND

Among the constitutional claims pleaded in the amended complaint dated April 02, 2005, your plaintiff pleaded supplemental defamation claims.

In paras. 18 – 20, your plaintiff alleged that the defendants, during the course of their duties as Branford police officers, made slanderous representations about him to several different persons on several different occasions, including to his fiancé just before their planned wedding. He further alleged that such representations generated a hysterical response from his fiancé, which ultimately caused her to terminate the engagement. Your plaintiff substantiated these allegations during discovery with sworn affidavits and deposition testimony from percipient witnesses.

1

Central to such comments were erroneous statements of fact that your plaintiff is infected with AIDS and makes an unrestrained practice of spreading the disease to unknowing recipients. Similarly pleaded were allegations that, on a particular occasion, defendant Atkinson created a handwritten reference on an official and public document, indicating about your plaintiff that "He is HIV positive". Atkinson then signed the document and circulated it to others. See Para. 20 of complaint as Exhibit A. Also see Branford Transfer Order as Exhibit B. It is this document which forms the basis for this motion. The statement written onto the document by Atkinson is defamous per se.

As maintained in the complaint, any representation that your plaintiff carries HIV or AIDS is unequivocally false. At no time has your plaintiff ever been so infected. See Para. 35 of complaint as Exhibit C. Nonetheless, Atkinson has made this statement about him in a public document. See document as Exhibit B. The falsity of this representation has been conclusively established by Serology testing of the plaintiff's blood. See Serology report dated Feb. 18, 2004 as Exhibit D. Parenthetically, none of the defendants, including Atkinson, now deny the falsity of such statements, including that of the Transfer Order. In fact, Atkinson has openly admitted that (1) he authored said document (it is additionally signed by him) and (2) he intended to communicate that your plaintiff was infected with either HIV or the AIDS virus. See Paras. 3 and 4 of Atkinson's Rule 36 admissions, deemed admitted on Feb. 25, 2005 as Exhibit E. Atkinson has further admitted that he possesses no information sufficient to determine whether your plaintiff really is, in fact, infected with HIV or AIDS. See Exhibit E at Para. 5. See also Para. 13 of Atkinson's interrogatories and supporting affidavit as Exhibits F and G. In Addition, Atkinson has admitted that he effectively published said document by giving it to another. See Para. 7 of same admissions, deemed admitted, as Exhibit H. Furthermore, publication cannot genuinely be disputed as the document remains today in public record within your plaintiff's community at the Town of Branford. Your plaintiff has recently obtained a copy of the document pursuant to the Freedom of Information Act. See F.O.I.A. response as Exhibit I.

Therefore, based upon the foregoing, no genuine issues of material fact exist as to the following: (1) that Atkinson has authored a document (2) containing a statement of fact (3) about your plaintiff (4) representing that your plaintiff is infected with HIV (5) that he published said document to others, and finally (6) that said representation avowing his infection with HIV or AIDS is, in fact, plainly false. See Statement of Uncontroverted Facts as Exhibit J. See plaintiff's Affidavit as Exhibit K. Accordingly, your plaintiff respectfully submits that no genuine issues of material fact exist, and summary judgment is therefore proper against Atkinson for defamation per se.

## II. LAW AND ARGUMENT

The elements incidental to the tort of defamation per se are well settled. Generally, under the loathsome disease standard, an utterance constitutes defamation per se, if the questionable representation (1) is a statement of fact (2) about a particular person (3) that such person has a loathsome or communicable disease (4) when in fact the statement is false, and (5) was effectively published to a third party. See Prosser and Keeton on the Law of Torts (5th Ed. 1989). The law imposes somewhat of a strict liability upon the tort-feasor, and the mental state of the wrongdoer and/or the ulterior source of the erroneous information, are both irrelevant. Id. Generally, the only affirmative defense is truth and damages in per se cases need not be proven; they are presumed. Id. See also, e.g., Sleight vs. Woods, 260 N.Y.S. 825 (erroneous statement that one has contagious, infectious, or repulsive disease is defamatory per se). See also Chuy vs. Philadelphia Eagles Football Club, 595 F.2d 1265, 1281 (3d. cir. 1979) (erroneous statement that person has "loathsome", or contagious disease constitutes defamatory per se; Polycythemia not loathsome disease). However, the statement must imply one still has the disease. See Lowe vs. DeHoog, 193 S.W. 969, 970 (1917). Lastly, some courts have altered the traditional rule to require "communicable" as opposed to "loathsome" disease. See Brown and Williamson Tobacco Corp. vs. Jacobsen, 713 F.2d 262, 268 (1983). In this case, all legal requirements demonstrating civil liability for defamation per se have been provided with scrupulous exactitude: Authorship is admitted; Substance and meaning are direct; Falsity is established, and Publication is continuing. See doc. as Exhibit B. Because these facts are not disputed, no genuine issues of material fact remain, and summary adjudication for defamation per se is proper.

In addition to tort principles, Atkinson's conduct violated clearly established Connecticut law. Atkinson completed the Transfer Order pursuant to your plaintiff's transfer and admission to the Connecticut DOC on Nov. 15, 2001. See Exhibit B. He then passed the document to a correctional officer, who signed it. Id at Foot. Even if we view these facts in a light most favorable to Atkinson and assume that your plaintiff was, in fact, so infected as indicated, the privacy of information identifying an inmate as either having or not having HIV or AIDS is protected by Connecticut law. See C.G.S. 19a – 581 et seq. (1997). See also, e.g., Connecticut DOC Admin. Dir. 8.11. Further, at no time can an individual's HIV status be made obvious through markings on his file, or through his treatment. See, DOC Admin. Dir. 8.11 (6) (A) (5). Moreover, if an individual's HIV status is deliberately revealed, he can sue the person who revealed that status in court for money damages. See C.G.S. 19a – 590. It is clear that arbitrary and unauthorized

disclosures of a person's HIV status, as occurred here, are meant to be prohibited by law and create a right of action in Connecticut against the wrongdoer.

Atkinson's conduct would have similarly violated clearly established constitutional principles. It has long been recognized that "Individuals have a reasonable expectation of privacy in the personal information that their bodily fluids contain." Glover vs. Eastern Nebraska Office of Retardation, 686 F. Supp @250, Aff'd, 867 F.2d 2181 (8th Cir.), cert. denied, 493 U.S. 932 (1984). Further, inmates have a right under the US Constitution to privacy concerning their personal information. See Whalen vs. Roe, 429 U.S. 584, 599 (1977); Barry vs. City of New York, 712 F. 2d 1554, 1559 (2d Cir. 1983). In particular, inmates have a right of privacy concerning health and HIV-related information. See Schacter vs. Whalen, 581 F. 2d 35, 36 – 37 (2d Cir. 1978) (per curiam); see also Doe vs. City of New York, 15 F. 3d 264, 267 (2d Cir. 1994) (Noting existence of privacy right with regard to information revealing HIV status in particular). What such legal principles make clear is that arbitrary and unauthorized disclosures of a person's HIV status, as occurred here, violate clearly established state and federal law. The courts have spoken clearly on this issue.

Courts and legislatures have also spoken universally on the impropriety of such conduct. Sections 19a – 590 of the Connecticut General Statutes confer a right of action against jail officials who deliberately reveal a person's HIV status. See also, e.g., Doe vs. Barrington, 729 F. Supp. 376, 378 – 79 (D.N.J. 1990); (involving police officers who failed to keep HIV positive status of individuals confidential); McCune vs. Neitzel, 457 N.W. 2d 803, 812 (Neb. 1990) (awarding $25,350 in defamation case against defendant who spread falsehood that plaintiff had AIDS); V. vs. State, 566 N.Y.S. 2d 987, 988 (NY, Ct, CL 1991) (recounting prison officials' failure to keep inmates' HIV information confidential); Hillman vs. Columbia County, 474 N.W. 2d 913, 915 – 16 (Wis. Ct. App. 1990) (discussing jail officials who disclosed HIV status to non-medical employees). Such citations, when evaluated in light of established principles of tort law, make manifest that a judgment on the merits either way is warranted. If your plaintiff was not infected, Atkinson has, committed defamation per se. Even if your plaintiff was infected, Atkinson's disclosure has violated state and Federal law. The defendant has backed himself into a Hobson's corner.

The following is not in dispute: (1) Atkinson has authored a document (2) containing a statement of fact (3) about your plaintiff (4) representing that your plaintiff is inflected with HIV (5) he then published said document, and (6) said representation, avowing your plaintiff's infection with HIV or AIDS, is plainly false. Accordingly, no genuine issues of material fact exist, and summary judgment should be entered against Atkinson on the counts of slander per se and libel per se as pleaded in paragraph 20, 33 – 35 of the prevailing complaint.

4

## III. WILLFUL NON-RESPONSIVENESS

It is noteworthy that the defendants have seemingly vanished. They have failed to respond to, acknowledge, or defend this Action since 2004. The defendants have ignored more than 20 consecutive discovery requests and motions, as well as a cluster of subsequent motions to compel and for sanctions. An amended complaint was filed on April 02, 2005. No answer was filed as required under F.R.C.P. 15(a). In her order dated June 03, 2005, Magistrate Margolis directed the defendants to answer the complaint by July 03, 2005. The defendants have ignored that order and once again scoffed at this action and at the Federal Rules of Civil Procedure. Summary Judgment is both proper and warranted. Alternatively, an order conclusively establishing such facts and directing further proceedings as are, or may be, just is warranted.

## IV. CONCLUSION

For such reasons, your undersigned plaintiff respectfully requests that this Honorable Court enter summary judgment against defendant David Atkinson respecting liability for defamation per se. Alternatively, your plaintiff respectfully requests that this court enter an order conclusively establishing such facts and directing further proceedings.

Respectfully submitted,

Robert Salatto, Pro Se.
Your Plaintiff
982 Norwich, New London Tnpk.
Uncasville, CT 06382

### CERTIFICATION

This is to certify that one copy hereof was mailed to Attorney for the defendants, John Radshaw III, 65 Wethersfield Avenue, Hartford, Connecticut, First-class postage prepaid, by US mail on: July 1, 2005 by depositing it with correctional officials.

Robert Salatto, Pro Se.

5

DEFENDANT GRANTLAND AGAIN REFUSED TO NOTIFY THE LOCAL PARAMEDICS OF THE PLAINTIFF'S INJURIES OR CAUSE MEDICAL TREATMENT TO BE PROVIDED;

17. EVENTUALLY, WHEN THE PLAINTIFF CONTINUED TO REQUEST AND PLEAD FOR MEDICAL ATTENTION, BOTH FOR HIS INJURIES AND FOR THE CONTINUING CHEST PAIN, THE DEFENDANTS, O'MALLEY AND ATKINSON, APPLIED UNNECESSARY AND OBJECTIVELY UNREASONABLE FORCE TO HIS PERSON BY PUNCHING, KICKING, AND BODY-SLAMMING, AND DRIVING HIS HEAD INTO A PARKED POLICE VEHICLE, ALL WHILE HIS HANDS WERE SECURED BEHIND HIS BACK WITH HANDCUFFS;

18. THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, ADDITIONALLY MADE A MYRIAD OF UTTERLY FALSE AND SLANDEROUS COMMENTS ABOUT THE PLAINTIFF TO HIS FIANCEE, KAREN HOLMES, JUST BEFORE THEIR PLANNED WEDDING, INCLUDING OUTRAGEOUS REPRESENTATIONS THAT THE PLAINTIFF "HAS AIDS... IS SPREADING AIDS THROUGH BRANFORD... IS DYING OF AIDS..." AND THAT SHE SHOULD "GET TESTED" AND REFRAIN HERSELF FROM SEXUAL RELATIONS OR MARRIAGE WITH THE PLAINTIFF;

19. ON A COMPLETELY DIFFERENT OCCASION, NOVEMBER 15, 2001, THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, MADE SIMILAR REPRESENTATIONS TO THE PLAINTIFF'S FATHER, TELLING HIM THAT HIS SON IS OCCUPIED "SPREADING AIDS THROUGH BRANFORD..."

20. ON YET ANOTHER COMPLETELY DIFFERENT OCCASION, DEFENDANT ATKINSON CREATED A HANDWRITTEN FOOTNOTE ON AN OFFICIAL AND PUBLIC DOCUMENT, REFERENCING ABOUT THE PLAINTIFF: "HE IS HIV POSITIVE." DESPITE THE OUTRIGHT FALSITY OF THAT CLAIM, THE DEFENDANTS THEN CIRCULATED THAT DOCUMENT TO OTHER INDIVIDUALS;

## Branford Police Department
### Transfer of Arrestee

**Purpose:** The purpose of this form is to provide documentation when arrestees are transferred or released to another Law Enforcement agency.

**Procedure:**
1. This form will be filled out by the officer releasing custody
2. The form will be signed by the releasing officer and the officer accepting custody.
3. The original will be filed with the arrestee's paperwork. The copy will be given to the agency taking custody.

Case # __01-21121__   Date: __11/15/01__   Time: __20:00__

Name of Arrestee: __Robert Salatte__

- [ ] UNIVERSAL PRECAUTION RECOMMENDED
- [x] Arrestee is a suicide risk (describe below)
- [ ] Arrestee has been violent (describe below)
- [ ] Arrestee has received medical attention (describe below)
- [ ] Arrestee is **WANTED** in another jurisdiction / Dept.   (where) _____
- [x] Arrestee has received all personal property

**Narrative:** He is HIV Positive.

Agency accepting Arrestee: __Whalley Correction__

Signed:   Accepting Officer: __c/o T.Boru__   ID/Badge # _____

B.P.D. Releasing Officer: __Atkinson__   ID/Badge # __11__

12

31. THE ACTS AND OMISSIONS OF THE DEFENDANTS AS DESCRIBED IN PARAGRAPH SEVENTEEN (17) VIOLATED SECTION 53a-22 of the Connecticut General Statutes in that:

A. THE DEFENDANT POLICE OFFICERS DID NOT REASONABLY believe THAT THE PLAINTIFF WAS ATTEMPTING TO ESCAPE; AND

B. THE DEFENDANT POLICE OFFERS WERE NOT ACTING IN DEFENSE OF THEMSELVES OR ANY THIRD PERSON;

32. THE ACTS AND OMISSIONS OF THE DEFENDANTS AS DESCRIBED IN PARAGRAPH SEVENTEEN (17) CONSTITUTED THE TORTS OF ASSAULT AND BATTERY;

FOURTH COUNT

33. THE ACTS OF THE DEFENDANTS AS DESCRIBED IN PARAGRAPHS ELEVEN (11) AND EIGHTEEN (18) THROUGH TWENTY (20) CONSTITUTED THE TORTS OF SLANDER PER SE AND LIBEL;

34. THE ACTS OF THE DEFENDANTS AS DESCRIBED IN PARAGRAPHS ELEVEN (11) AND EIGHTEEN (18) THROUGH TWENTY (20) CONSTITUTED SLANDER PER SE AND LIBEL WHEN, AS DESCRIBED, THE DEFENDANTS REPRESENTED TO SEPERATE INDIVIDUALS ON SEPERATE OCCASIONS, BOTH ORALLY AND IN WRITING, THAT THE PLAINTIFF IS INFECTED WITH A LOATHSOME DISEASE AND IS ENGAGED IN THE PRACTICE OF SPREADING THAT LOATHSOME DISEASE;

35. IN FACT, THE ALLEGATIONS OF THE DEFENDANTS AS DESCRIBED IN THIS COMPLAINT, NAMELY THAT THE PLAINTIFF IS INFECTED WITH

13

AIDS, HIV, OR ANY OTHER LOATHSOME DISEASE WHATSOEVER, ARE UTTERLY AND UNEQUIVOCALLY FALSE;

DEMAND FOR RELIEF

WHEREFORE, THE UNDERSIGNED PLAINTIFF HEREBY REQUESTS THE FOLLOWING FROM THIS HONORABLE COURT:

A. ACCEPT JURISDICTION AND SUPPLEMENTAL JURISDICTION OVER THIS MATTER;

B. ORDER COMPENSATORY AND PUNITIVE DAMAGES IN AN AMOUNT DEEMED JUST, FAIR, AND EQUITABLE;

C. GRANT ATTORNEYS FEES IF THE PLAINTIFF RETAINS COUNSEL;

D. ORDER ANY ADDITIONAL AND FURTHER RELIEF DEEMED JUST, FAIR, AND EQUITABLE BY THIS HONORABLE COURT.

A TRIAL BY JURY IS HEREBY REQUESTED.

RESPECTFULLY SUBMITTED,

[signature]

ROBERT F. SALATTO, JR., PLAINTIFF
986 Norwich-New London Tnpk
Uncasville, Connecticut 06382

```
                ST. MARY'S HOSPITAL                    LABORATORY REPORT
                56 FRANKLIN STREET                     PHONE:  203-574-6050
                WATERBURY, CT 06706
                                                                               23931
   NAME:   SALATTO,ROBERT
   HOSP#:  404700231          MR #: 593991   PATIENT PHONE: (203)591-8010    LOC: STAY
   DR:     KROSI,ZIFE  MD                    DOB: 09/10/1972    AGE/SEX: 31Y/M

   TEST                          FLAG    RESULT                  NORMAL RANGE       UNITS

   =================== PHYSICIAN COPY FOR DR: KROSI,ZIFE  MD ===================

   M347   COLL:02/16/2004  10:38    REC:02/16/2004  11:09    PHYS:KROSI,ZIFE  MD
```

| TEST | FLAG | RESULT | NORMAL RANGE | UNITS |
|---|---|---|---|---|
| HEPATITIS B SURFACE AB | | NOT IMMUNE | [NIM] | |
| HEPATITIS B SURFACE AG(HAA) | | NEGATIVE | [NEG] | |
| HIV ANTIBODY SCREEN | | NONREACTIVE : A NONREACTIVE TEST DOES NOT FULLY EXCLUDE POSSIBILITY OF EXPOSURE TO OR INFECTION WITH HIV. | [NREAC] | |
| HEPATITIS A ANTIBODY PROFILE | | | | |
|   HEPATITIS A TOTAL AB | | NON REACTIVE | Reference range: NON to REACTIVE | |
|   HEPATITIS A IGM AB | | NON REACTIVE | Reference range: NON to REACTIVE | |
|   HEPATITIS A IGG AB | | NON REACTIVE | Reference range: NON to REACTIVE | |
| REFERRAL TEST | | SUBMITTED BY ST.MARY'S | | |

{QW} = ANALYSIS PERFORMED BY: QUEST DIAGNOSTICS INCORPORATED  CL 0091, 3 STERLING DRIVE, WALLINGFORD, CT 06492  DIRECTOR: ROBERT J. WALAT, M.D.

RECEIVED
FEB 1 8 2004
STAYWELL

H = ABOVE REFERENCE LIMIT     L = BELOW REFERENCE LIMIT     SALATTO,ROBERT         END OF REPORT
$ = ABNORMAL TEXT RESULT                                    02/18/2004   12:50          PAGE:1



UNIVERSITY OF CONNECTICUT HEALTH CENTER
MANAGED HEALTH CARE
263 Farmington Avenue
Farmington, CT. 06030-5386
CT# HP-0213 CLIA# 07D0965914

NAME: 00000000
MRN#: 10000000
DOB 00/009/19 AGE: 00 SEX: M

**Radgowski**

FIELD REPORT
FINAL     Salatto, Robert   180 287
                            6/11/05

DATE: 000/00/2004
SA/HIV COUNSELOR

INFECTIOUS DISEASE SEROLOGY              0042063934

| TEST-NAME | RESULT | FLAG | REFERENCE INTERVALS | UNITS |
|---|---|---|---|---|
| HIV SEROLOGY | | | | |
| HIV 1 AB – Rapid Screen | *NEGATIVE | | Negative | |

A non-reactive result, using the OraQuick Rapid HIV-1 Antibody Test, does not preclude the possibility of exposure to HIV or infection with HIV. An antibody response to recent exposure may take several months to reach detectable levels.

[ ADDENDUM By PlAiNTIFF:
  This TEST result is A CErtiFied TEst result. This test was taken As A Follow-up Test more than 15 Months AFter the Attached serology report From ST. MAry's HospitAl. Due to the length of time elapsed between the First And Second test, this result conclusively establishes that I could Not have been infected As indicated. ]

**Radgowski Correctional Facility**

*-NEW RESULTS    L-LOW    H-HIGH    AB-ABNORMAL    C-CRITICAL    T-TOXIC    X-ABSURD    SSR-SEE SEPARATE REPORT

for Admissions to defendant Atkinson are as follows:

1) That at some point on November 15, 2001, I was ordered transferred from my detention at the Branford Police Department to the New Haven Correctional Center:

2) That on said date, I was the subject of a BPD transfer order document:

3) That you subscribed "He is HIV Positive" on said document:

4) That by said representation, it was your intention to communicate that I was, at that time, infected with either the HIV or AIDS virus:

5) That, in fact, today you possess no knowledge or information sufficiently reliable to determine if I am infected with the HIV or AIDS virus:

6) That, in fact, during the discovery process of this action, I disclosed to your attorney a document which appears to be an HIV/AIDS blood test, and the test appears to have been taken subsequent to your noted representation on November 15, 2001, and the test indicates a negative test result for HIV/AIDS Antibodies:

13. State whether, as of the date of May 3, 2004, you believe that the plaintiff of this action, Robert Salatto, Jr., is, in fact, infected with the AIDS virus or is HIV positive:

**RESPONSE**:

As a police officer in the Town of Branford, Officer Atkinson has become familiar with the plaintiff and his use of illegal drugs. It is common knowledge that IV drug users are at high risk of becoming HIV positive and/or for contracting the AIDS virus. As a police officer, Officer Atkinson has received special training concerning the existence of blood-borne pathogens, such as AIDS/HIV. As of May 3, 2004, Officer Atkinson has insufficient information to determine one way or another whether the plaintiff is, in fact, infected with the AIDS virus or is HIV positive.

14. State whether you have information that the plaintiff attempted to cause himself harm by hanging himself, or attempting to hang himself, while in the custody of the Branford Police Department on November 15, 2001:

**RESPONSE**:

The defendant, David J. Atkinson, does not possess any information that "the plaintiff attempted to cause himself harm by hanging himself, or attempting to hang himself" while in the custody of the Branford Police Department on November 15, 2001.

15. State whether any paramedic, ambulance, doctor, nurse, or other medical care provider was called to the Branford Police Department for the purpose of evaluating the plaintiff for any reason whatsoever on the date(s) of November 1, 2001 or November 15, 2001.

**RESPONSE**:

The defendant, David J. Atkinson, does not have any personal knowledge whether any medical professional was called to the Branford Police Department for the plaintiff on either November 1, 2001 or November 15, 2001.

16. If the defendant has conducted an investigation to learn the facts concerning the incidents which gave rise to this civil action, respond as follows:

    a. Identify, by name and job title, all persons who testified or provided information in the investigation;

    b. State whether the testimony taken was reduced to writing.

**RESPONSE**:

The defendant, David J. Atkinson, has not conducted any investigation to learn the facts concerning the incidents which gave rise to this civil action.

# VERIFICATION

STATE OF CONNECTICUT    )
                        )   ss: Branford
COUNTY OF NEW HAVEN     )

I, David J. Atkinson, do hereby depose and say:

1. I am over the age of 18 and understand the meaning and obligation of an oath.

2. I have read the foregoing responses to the plaintiff's interrogatories and do hereby verify that they are true and correct to the best of my knowledge and belief.

*[signature]*
DAVID J. ATKINSON

Subscribed and sworn to before me this 3rd day of June, 2004.

*[signature]*
Notary Public
My Commission Expires:

TRISTA CLYNE
NOTARY PUBLIC
MY COMMISSION EXPIRES MAY 31, 2008

7) That at some point on November 15, 2001, you ultimately gave said transfer document to another person;

8) That it was your intention that said recipient read the document, together with your noted representation;

9) That, generally, if person A falsely or mistakenly represents to person B that person C is infected with a loathsome disease and, in fact, person C is infected with no disease, person A has committed the tort of slander per se;

10) That through your dealings as a police officer, you had learned that I had been involved in an ongoing romantic relationship with Karen Holmes.

11) That you had personally witnessed my person in the company of Karen Holmes on several occasions prior to November 15, 2001;

12) That I had told you in front of Karen Holmes that I had loved her;

13) That you had reason to believe that we were engaged to be married;



Town of Branford Police Department
33 Laurel Street
Branford, CT 06405

Robert W. Gill
Chief of Police

Date:  April 11, 2005

Robert Salatto, Jr.
Corrigan Correctional Center
986 Norwich – New London Turnpike
Uncasville, CT 06382

Dear Mr. Salatto, Jr.

I am in receipt of you letter requesting several documents pursuant to the Freedom of Information Act, C. G. S. 1-200-1-212.

I have enclosed copies of incident reports for November 15, 2001 (case incident number 0100021121) and two for November 2, 2001 (case incident numbers 0100020260 and 0100020270).

Requested were Department Use of Force forms for each report which were not found.

Requested were Suicide Prevention forms which were not found with the incident reports.

In reference to requested copies of Detention card, Commander Log Sheet and Commanders Daily Report. These are no longer in effect. General Orders 78-8, 87-3 and 82-3 have been rescinded.

Enclosed is the Branford Police Department Transfer Order you requested.

Sincerely,

Joan Bartlett
Records Dept.

## Statement of Uncontroverted Facts

Your undersigned plaintiff, Robert Salatto, hereby states that the following facts are uncontroverted:

(1) That defendant Atkinson has authored a document. See Branford Police Document as Exhibit B; See also paragraphs 3 and 4 of defendant Atkinson's Rule 36 Admissions to plaintiff deemed Admitted on February 25, 2005;

(2) That the document authored by defendant Atkinson (A) contained a statement of fact (B) About the undersigned (C) representing that the undersigned is infected with H.I.V. See Branford Police Document as Exhibit B;

(3) That defendant Atkinson published said document to others. See signature at foot of document as Exhibit B; See also Exhibit I and defendants Admissions as Exhibit H at paragraph 7;

(4) That said representation is plainly false. See Exhibit D; See also Exhibits F and G; See also paragraphs 5 and 6 of Exhibit E.

_____
Robert Salatto, Plaintiff