Robert Salatto
   Plaintiff

Vs

Town of Branford, et al.,
   Defendants

# 3:02 CV 230 (EBB)(JGM)

FILED
2005 JUL 22 P 3:53
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

July 20, 2005

## Plaintiff's Second Motion to Strike

Your undersigned plaintiff, Robert Salatto, hereby requests that the Affirmative defense of Qualified Immunity raised by defendants O'Malley, Atkinson, and Crumstand be stricken. In support, your plaintiff represents as follows:

The defendants are not entitled to the Affirmative defense of Qualified Immunity. Although § 1983 contains no immunities on its face, the U.S. Supreme Court has established that certain public officials enjoy a Qualified Immunity from Sec. 1983 suits. See Harlow v. Fitzgerald, 457 U.S. 800, 817 (1982). Substantively, the question of whether a police officer is entitled to Qualified immunity in a particular case involves a two-step inquiry. See Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). First, the court must determine whether the officer's conduct deprived the person of a "clearly established" constitutional or statutory right. See Harlow, supra; See also Salas v. Carpenter, 980 F.2d 299, 304 (5th Cir. 1992)

(2)

(citing additional supporting cases). Second, an officer may successfully assert the defense of Qualified Immunity only if the officer's conduct was objectively reasonable. See Mouille v. City of Live Oak, 918 F.2d 548, 551 (5th Cir. 1990); Pfannstiel v. City of Marion, 918 F.2d 1178, 1183 (5th Cir. 1990); Also see Bills v. Dahm, 32 F.3d 333, 336 (8th Cir. 1994). Thus, in analyzing O'Malley, Atkinson, and Grantland's claims that they are entitled to the affirmative defense of Qualified Immunity, it becomes apparent that they are not.

That the actions of the defendants have violated clearly established constitutional principles is beyond good-faith dispute. In your plaintiff's amended complaint dated April 02, 2005, he has raised 3 constitutional claims. In paragraph 8, he has indicated that during the course of his arrest on November 15, 2001, he experienced "tightening and clubbing within his chest" accompanied by "dizziness and shortness of breath." When his symptoms worsened, both he and his father pleaded to the defendants that he be afforded an ambulance. See paras 9, 10, and 11. Despite obvious medical distress, the defendants denied the requests, and instead slandered your plaintiff by outrageously purporting to his father that he isn't concerned with chest pain when he is out "... spreading AIDS through Branford." See para 11. With no evaluation or medication, the condition persisted for several hours. At one point, your plaintiff vomited and

collapsed. See para. 12. Despite the obvious and emergent nature of your plaintiff's condition, O'Malley, Atkinson, and Grantland continued to laugh at, and ignore, your plaintiff's repeated requests for medical assistance. No medical care was at any time provided. See para 13. Ultimately, the plaintiff fastened a noose and hanged himself from the cell bars. Other officers responded and pulled him down. See para 14. Although your plaintiff was ashen and unconscious, Grantland still refused to provide him access to a paramedic. See para. 16. Eventually, when your plaintiff continued to plead for medical attention, Atkinson and O'Malley applied objectively unreasonable force to his person by "punching, kicking, and body-slamming, and driving his head into a parked police vehicle, all while his hands were secured behind his back with handcuffs." See para 17. Accordingly, based upon such facts, the defendants are not entitled to the affirmative defense of qualified immunity.

It is beyond good-faith dispute that pre-trial detainees enjoy the same constitutional protections as sentenced prisoners, and that the defendants had an affirmative constitutional duty to not be deliberately indifferent to the serious medical needs of your plaintiff. See Johnson v. Glick, 481 F.2d 1028, 1032 (2d. Cir. 1973) (pre-trial detainees possess at least the same constitutional protections as convicted prisoners); see also DeShaney v. Winnebago County Dept of Social Services, 489 U.S.

189, 199-200 (1989)(affirmative duty to protect safety and well-being); <u>City of Revere v. Mass. General Hosp.</u>, 463 U.S. 239, 244 (1983)(pretrial detainees must receive at least the same standard of medical care as sentenced prisoners); <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976)(establishing standard of medical care required; Government must not be deliberately indifferent to the serious medical needs of prisoners); See Also <u>Langley v. Coughlin</u>, 888 F.2d 252, 254 (2d Cir. 1989) (same). Accordingly, it cannot be genuinely disputed that O'Malley, Atkinson, and Grantland owed your plaintiff a constitutional duty not to be deliberately indifferent to his serious medical needs. It also cannot be disputed by the facts pleaded that they were, in fact, deliberately indifferent to those needs.

Similarly, there can be no genuine dispute that the defendants actions in "punching, kicking, body-slamming, and driving [your plaintiff's] head into a parked police vehicle, all while his hands were secured behind his back with handcuffs..." in response to his continued requests for medical care were barbaric, objectively unreasonable, and violated clearly established constitutional principles. Accordingly, the defendants assertion that they are entitled to qualified immunity should be stricken.

Additionally, should the defendants fail to respond or object to this motion, consent to this motion should therefore be implied, and this Honorable Court should deem any objection waived. A copy of this motion was, of course, certified

to the defendants as hereinafter indicated.

Wherefore, this Honorable Court should strike the Affirmative defense of Qualified Immunity raised by O'Malley, Atkinson, and Grantland.

Respectfully submitted,

*[signature]*

Robert Salatto, Your Plaintiff
982 Norwich-New London Tnpk
Uncasville, Ct 06382

CERTIFICATION

This is to certify that one copy hereof was mailed, via U.S. Mail, first class postage prepaid, to Attorney John Radshaw, Howd + Ludorf, 65 Wethersfield Avenue, Hartford, CT. 06114, on : July 20, 2005

*[signature]*

Robert Salatto, Your Plaintiff