FILED

Robert Salatto
     Plaintiff

Vs.

Town of Branford, et al.,
     Defendants

2005 JUL 22 P 3:53  # 3:02 cv 230 (EBB)(JGM)

U.S. DISTRICT COURT
BRIDGEPORT, CT

U.S. District Court @ Bpt.

July 20, 2005

## Plaintiff's Motion for Judicial Notice

Your undersigned plaintiff hereby requests that this Honorable Court take judicial notice of the following matters of law : (1) that convicted prisoners in this jurisdiction have a constitutional entitlement to reasonably necessary medical care for their serious medical needs ; (2) that severe chest pain, accompanied by dizziness, vomiting, sweating, and clubbing, if prolonged for several hours, constitutes an objectively serious health condition; and (3) that deliberate indifference to a prisoner's serious medical needs violates the U.S. Constitution. In support, your plaintiff respectfully represents as follows :

## I. Interests of convenience and Fair play

Your plaintiff is an incarcerated, indigent, pro se prisoner. Accordingly, logistics of this action render many traditional forms of discovery beyond the realm of availability. For example, depositions under Rules 30 and 31, or discovery

under Rule 35 or Rule 34 (a)(2) are unavailable. In Addition, due to recent contractual revisions, your plaintiff is no longer entitled to legal Assistance from I.L.A.P. Such discovery limitations have imposed colorable handicapps on your plaintiff's Ability to narrow the facts and confine the legal issues. Notwithstanding, notions of fair play suggest that your plaintiff should nonetheless be entitled to a reasonable opportunity to effectively litigate his claim for violations of fundamental constitutional rights. Judicial Notice is generally a tool of convenience. Here, it imports a distinct practical utility to the needs of this Action.

Judicial Notice respecting certain matters of established law would greatly Aid in the material development of this Action. A court shall take judicial Notice if requested by a party and supplied with the necessary information. F.R.E. 201 (d). A judicially noticed fact must be one not subject to reasonable dispute. F.R.E. 201. "In determining the content... of a rule of domestic law, the judge is unrestricted in [their] investigation and conclusion." 1972 Notes to F.R.E. 201 At para. 9. Furthermore, a matter of law may be judicially noticed As a matter of fact, i.e., the court can look into the law not As a rule governing the case before it, but As a social fact with evidentiary consequences. City of Wichita vs U.S. Gypsum Co., 72 F.3d 1491, 1496 (10th Cir. 1996). Judicial Notice of the following issues of law merely As matters of fact with evidentiary consequences would greatly Aid in the

material development of this action. It is in no way requested that this court relate or apply any legal findings to the facts of this particular case; only that it take judicial notice of specific items of law.

## II. Issues Presented for Judicial Notice:

### A. Convicted Prisoners in this Jurisdiction have a Constitutional Entitlement to Reasonably Necessary Medical Treatment for their Serious Medical Needs

The 8th Amendment to the U.S. Constitution proscribes "cruel and unusual punishment." See U.S. Const. Amend. 8. The Supreme Court has interpreted this provision to mean that prison officials are required to provide necessary medical care to those that they confine. Estelle v Gamble, 429 U.S. 97, 103, 97 S.Ct 285 (1976). Establishing "governments obligation to provide medical care for those whom it is punishing by incarceration." Id. The Second Circuit has held that, in such circumstances, prisoners are guaranteed "reasonably necessary medical care." Langley v. Coughlin, 888 F.2d 252, 254 (2d Cir. 1989). In addition, many sister circuits have similarly concluded that prisoners have an entitlement to reasonably adequate medical care. See, e.g., Wilson v. Seiter, 893 F.2d 861, 863 (6th Cir. 1990);

Ruiz Vs. Estelle, 503 F.Supp 1265, 1346 (S.D. Tex. 1980), Aff'd in part and vacated in part on other grounds, 679 F.2d 1115 (5th Cir. 1982), Amended in part and vacated in part on other grounds, 688 F.2d 266 (5th Cir. 1982), Cert denied, 460 U.S. 1042 (1983); Newman v. Alabama, 559 F.2d 283, 291 (5th Cir 1977) (State's obligation extends, inter alia, to reasonably adequate medical care), rev'd in part on other grounds sub nom; Alabama v. Pugh, 438 U.S. 781, 98 S.Ct 3057 (1978) (per curiam). What is clear is that, pursuant to this body of established jurisprudence, convicted prisoners incarcerated within this jurisdiction have a constitutional entitlement to reasonably necessary medical care for their serious medical needs. See Estelle and Langley, supra. This proposition is beyond reasonable dispute under existing constitutional law and nothing more than judicial notice of same is hereof requested.

B. <u>Severe chest pain, Accompanied by dizziness, vomiting, sweating, and clubbing, if prolonged for several hours, constitutes a serious health condition warranting medical treatment</u>

Prison officials violate the U.S. Constitution when they display deliberate indifference to a prisoner's "serious medical needs." A medical need is serious if it "is so obvious that even a layperson would easily recognize the necessity for a doctors Attention." Duran v. Anaya, 642 F.Supp 510, 524 (D. N.M. 1986) (citing Laaman v. Helgemoe, 437 F.Supp

1054, 1059 (D. Ill 1987)(citations omitted); (Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir 1980), cert. denied), 450 U.S. 1041 (1981); Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995)(serious medical need is one obvious to layperson); Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 2000). In addition, a "medical condition need not be an emergency to be considered serious under Estelle." Ellis v. Butler, 890 F.2d 1001, 1003 n.1 (8th Cir. 1989). Medical condition must constitute pain or "suffering" inconsistent with "contempory standards of decency." Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996) (citations omitted). Including any condition causing great pain. Hathaway v. Coughlin, 37 F.3d 63, 67 (2d Cir. 1994). It is generally beyond the reach of good-faith dispute that "severe chest pain, accompanied by dizziness, nausea, vomiting, sweating, and clubbing, if prolonged, for several hours" would be a serious health condition "obvious to a layperson" as one necessitating a medical evaluation, or one which would cause "pain" or "suffering." Indeed, even the most medically unsophisticated layperson would reasonably appreciate the potentially life-threatening nature of such symptoms and agree that such symptoms are "serious" and would warrant a "doctor's attention." The undersigned does not request that this court relate or apply this legal finding to the facts of this particular case; nothing more than judicial notice of this principle is hereof requested.

C. DELIBERATE Indifference to A Prisoners Serious Medical Needs Violates the U.S. Constitution

It has long been unequivocally established that deliberate indifference to serious Medical Needs of Prisoners Violates the U.S. Constitution. See Estelle v. Gamble, supra, 429 U.S. 97, 97 S.Ct 285 (1976) ("We therefore conclude that deliberate indifference to serious medical needs of prisoners" Violates the Eighth Amendment). There are two components to establishing violations of the Eighth Amendment: (1) the "objective component" (presence of objectively serious medical Need) And (2) the "subjective component" (presence of required state of mind). Farmer v. Brennan, 511 U.S. at 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-300 (1991). See Also Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)(Inmate must demonstrate that need was objectively serious And official knew of, And subjectively refused to treat it). In general, prison officials Act with "deliberate indifference" if they know of And disregard An Excessive risk to prisoners' health. Hathaway v. Coughlin, 37 F.3d 63, 67 (2d Cir. 1994). Prison officials Act with deliberate indifference by "intentionally denying or delaying Access to medical care." Estelle, supra. See Also Williams v. Vincent, 508 F.2d 541 (2d Cir. 1974); Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987); See Also Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977). A prison official is "deliberately indifferent" if he "knows of And disregards An Excessive risk to inmates' health ...." Farmer v. Brennan,

Hathaway v. Coughlin, 37 F.3d 63, 67 (2d Cir. 1994); See Also Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir 1986). This does not require proof of intent to harm or a detailed inquiry into officials state of mind. Hicks v. Frey, 992 F.2d at 1455 (6th Cir. 1993). See Also Parrish v. Johnson, 800 F.2d 600, 605 (6th Cir. 1986); Weeks v. Chaboudy, 984 F.2d 185 (6th Cir 1993). But the conduct or lack of conduct must demonstrate a knowing indifference to a serious medical need. See Boretti v. Wiscomb, 930 F.2d 1154-55 (6th Cir 1991); Byrd v. Wilson, 701 F.2d 592, 595 (6th Cir 1983)(per curiam); Miltier v. Beorn, 896 F.2d 848 (4th Cir 1990); Weeks v. Chaboudy, supra, 984 F.2d at 187; Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11th Cir. 1985); Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir)(per curiam), cert denied 496 U.S. 298 (1990). See Also Hathaway v. Coughlin, supra, 37 F.3d 63, 67 (2d Cir 1994). Based on the established body of well-settled and clearly defined jurisprudence under Estelle and its progeny, it is beyond good-faith dispute that "deliberate indifference to a prisoner's serious medical needs violates the U.S. Constitution." Nothing more than judicial notice of this principle is requested.

III. Conclusion

It is hereby requested that this Honorable Court take judicial notice of the following matters of law: (1) that convicted prisoners in this jurisdiction have

A constitutional entitlement to reasonably necessary medical care for their serious medical needs (2) that severe chest pain, accompanied by dizziness, vomiting, sweating, and clubbing, if prolonged for several hours, constitutes an objectively serious health condition, and (3) that deliberate indifference to a prisoners serious medical needs violates the U.S. Constitution. A proposed order form is attached hereto.

Respectfully submitted,

Robert Salatto
Your Plaintiff
982 Norwich-New London Tnpk.
Uncasville, Ct 06382

## CERTIFICATION

This is to certify that one copy hereof was mailed, first-class postage pre-paid to: Atty John Radshaw, III, 65 Wethersfield Avenue, Hartford, Ct 06114, on: July 20, 2005

Robert Salatto

Robert SAIATTo,                              # 3:02 CV 230 (EBB)(JGM)
    Plaintiff

Vs.

Town of BraNford, et el.
    Defendants


### Order

Judicial Notice is hereby taken of the following
Matters:

1. That convicted prisoners in this jurisdiction
have a constitutional entitlement to reasonably necessary
medical care for their serious medical needs;

2. That severe chest pain, accompanied by dizziness,
vomiting, sweating, and clubbing, if prolonged for
several hours, constitutes an objectively serious health
condition;

3. That deliberate indifference to a prisoner's serious
medical needs violates the U.S. Constitution;


DateD                    U.S. District Court Judge/Magistrate