# FILED

2005 AUG -9 P 4:21

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Robert Salatto
:           Plaintiff

Vs.

Town of Branford, et. al.,
Defendants

3:02-CV-230 (EBB)(JGM)

U.S. District Court @ Bpt.

August 8, 2005

## Plaintiff's Motion Requesting Discovery Sanctions

Your undersigned plaintiff, pursuant to Fed. Rule. Civ. P. 37(d), hereby requests that this Honorable Court sanction the defendants Town of Branford, O'Malley, Atkinson, and Grantland by issuing an order deeming the prima facie elements of his case established. In support of this motion, your plaintiff respectfully represents as follows:

1. The defendants have soundly demonstrated a predictable pattern of recalcitrance in this action. They have egregiously disregarded their rule-based obligation to cooperate in discovery and respond to properly served requests under Rules 33, 34, and 36. Their total failures to respond have now numbered at least 25. As of June, 2005, such total failures to respond had encompassed more than 20 consecutive motions and discovery requests, and at least 15 separate letters and communications. No responses were at any time issued. Now, the defendants have ignored another 5 discovery requests, as well as a clearly-defined court order directing them to file an

2

Answer to the Amended complaint by July 3, 2005. Necessary responses to such discovery requests And the judicially-ordered Answer were not filed;

2. On the only 2 occasions that the defendants have defended in substance since last year, they undertook in A festival of frivolity. On August 31, 2004 they requested an enlargment of time to respond to your plaintiff's valid discovery requests [doc 55]. The court granted the motion, And the defendants subsequently ignored their own request and took No Action. No responses were At Any time filed. Subsequently, the day before discovery was scheduled to close, the defendants filed yet Another frivolous motion, this time requesting A 4 month enlargment of of time in the scheduling order to take your plaintiff's "deposition" And propound various "dispositive motions" [doc 67]. Again, the court granted their motion only to become A victim of deception. At No time did the defendants take Any "deposition" or engage in Any motion practice. Both requests were entirely frivolous;

3. Then, on July 1 And 7, 2005, your plaintiff served various discovery requests upon O'Malley, Atkinson, And Grantland, totalling 5 in number. Served upon O'Malley were requests for production And for Admissions, dated July 1, 2005, respectively. Served upon Grantland were requests for production dated July 1, 2005, And

3

Requests for Admission dated July 7, 2005. Served upon Atkinson were Requests for production dated July 7, 2005. However, No response from Any defendant was AT Any time filed. Your plaintiff was Forced for File numerous compliance motions for their total failures to respond;

4. Your plaintiff subsequently forwarded A Rule-based resolution letter to the defendants' Attorney, John Radshaw, seeking to Address the continued Non-compliance without Judicial intervention. As usual, no response was issued And compliance was not executed. A copy of said letter is Attached As Exhibit A;

5. Additionally filed were one Motion for Summary Judgment, two Motions to Strike, And A Motion for Judicial Notice. The defendants ignored these motions And filed No response At Any time. Although technically A response is not Mandated (the defendants have merely waived their objections), Their continued non-responsiveness is indicative of ongoing contumaciousness And disregard For the Federal Rules And the needs of this Action;

6. An order deeming the prima facie elements of your plaintiff's case established is both equitable And warranted. Fed. R. Civ. P. 37 Allows courts to sanction for discovery Abuses. See Fed. R. Civ. P. 37. The Rule's primary goal is to compel discovery by deterring misbehavior. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976); In Re Agent Orange Prod. Liab. Litig., 818 F. 2d 210,

4

212 (2d Cir 1987), cert. denied, 484 U.S. 1004 (1988);
U.S. Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954, 955
(2d Cir. 1983)(per curiam). Furthermore, "deeming the establishment
of certain facts is one of the least harsh sanctions available
to the courts under F.R.C.P. 37(b)... only more severe than
the granting of Attorney's Fees." Chilcutt v. United States,
4 F.3d 1313, 1316 (5th Cir 1993). In Insurance Corp of
Ireland v. Compagnie des Bauxites de Guinee, 456 U.S.
694 (1982), the Supreme Court considered the imposition of
such less severe sanctions and established 2 guidelines:
(1) the sanctions must be just and fair, and (2) they must
be "specifically related" to the claim affected by the
discovery abuse. Id at 707. Furthermore, the Chilcutt
court reasoned that "when an adverse party fails to
provide requested material and presents no objections
to discovery, there can be a valid inference that the
information would have strengthened the requesting
party's claim." Chilcutt, supra, citing Hammond Packaging
Co., v. Arkansas, 212 U.S. 322, 351 (1909). Here, because
the defendants — every defendant — has absolutely ignored
the preceding 25 motions and discovery requests, there is
and should be a valid inference that the requested
material would have strengthened your plaintiff's claim.
Indeed, it is essentially indisputable that some
portion of information requested in the multitude of
disregarded discovery requests would have strengthened
your plaintiff's claim. Furthermore, the sanction requested
is just and fair in that the establishment of facts is

considered to be a sanction mild in severity. Because any one of such violations could have legitimately warranted the requested sanction, and your plaintiff has, in fact, demonstrated a total of 25 such violations, the requested sanction is just. In Addition, that the defendants have egregiously disregarded a court order to answer your plaintiff's amended complaint adds even further support to the appropriateness of the requested sanction; clearly, a direct relationship between conduct and sanction exists. Because such major infractions underly a clear record of delay and contumacious conduct, a sanction deeming the prima facie elements of your plaintiff's case established is warranted;

7. Specifically requested to be established are the facts pleaded in paragraphs 8, 11, 12, 13, 16, 17, 19, and 21 of your plaintiff's amended complaint. A copy of such paragraphs are attached herewith as Exhibits A, B, C, and D, respectively;

8. In addition, should the defendants fail to respond or object to this motion, this Honorable Court should imply consent to your plaintiff's requested relief, and any objection should be deemed waived. A copy of this motion has, of course, been forwarded to counsel for the defendants as hereinunder certified;

WHEREFORE, your undersigned plaintiff respectfully requests that this Honorable Court deem the facts as

6

pleaded in paragraphs 8, 11, 12, 13, 16, 17, 19, and 21 As conclusively Established.

Respectfully submitted,

Robert Salatto, Plaintiff
982 Norwich - New London Tnpk.
Uncasville, Ct 06382

CERTIFICATION

this is to certify that one copy hereof was mailed to counsel for the defendants, John J. Radshaw III, Howd and Ludorf, 65 Wethersfield Avenue, Hartford, Ct 06114, by U.S. Mail, first-class postage prepaid on:
August 8, 2005

Robert Salatto, Plaintiff

Attorney John Radshaw III
Howd And Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

RE: Good-Faith Attempt to resolve discovery non-compliance

Dear Attorney Radshaw:

As you know, I recently served discovery requests
upon defendants O'Malley, Atkinson, And Gumatland. The
responses were due several days Ago. I received
No response, compliance, or objection in Any way, shape,
or form. The defendants have Also failed to respond to
Atleast 20 other letters And discovery requests. Please
comply Immediately with All overdue discovery requests,
including the recent requests under Rules 33 And 34
And 36 of the Federal Rules of Civil Procedure. If I
do not receive An immediate response to this letter, I
will seek discovery sanctions And compelled compliance.
I do not wish to do such, please just comply.

CONSIDER THIS MY GOOD-FAITH RESOLUTION ATTEMPT.

Respectfully,

5

8. DURING THE DETENTION, THE PLAINTIFF BEGAN TO EXPERIENCE TIGHTENING AND CLUBBING WITHIN HIS CHEST, TOGETHER WITH DIZZINESS AND SHORTNESS OF BREATH. THE PLAINTIFF INFORMED THESE DEFENDANTS IN CLEAR LANGUAGE THAT HE WAS "NOT FEELING WELL", AND EXPERIENCING "CHEST PAIN" AND "DIZZINESS."

9. THE PLAINTIFF HAD RECENTLY BEEN HOSPITALIZED. THE PLAINTIFF HAD REQUESTED THAT THE DEFENDANTS PERMIT HIS FATHER TO FURNISH HIS PRESCRIPTION MEDICATION IN AID OF HIS SYMPTOMS, BUT THE DEFENDANTS IGNORED AND DENIED HIS REQUEST;

10. SEVERAL MINUTES LATER, WHEN THE PLAINTIFF'S SYMPTOMS WORSENED, HE CLEARLY AND FIRMLY REQUESTED THAT THE DEFENDANTS "CALL AN AMBULANCE." THE DEFENDANTS, HOWEVER, AGAIN DENIED HIS REQUEST;

11. THE PLAINTIFF'S FATHER ADDITIONALLY INTERJECTED AND DEMANDED THAT THE DEFENDANTS "CALL AN AMBULANCE." THE DEFENDANTS, ONCE AGAIN, IGNORED AND DENIED THE REQUEST. AMONG THE THINGS THEY REPLIED: "...YOUR SON ISN'T TOO WORRIED... WHEN HE'S... SPREADING AIDS THROUGH BRANFORD...."

12. THE PLAINTIFF CONTINUED TO REMAIN IN THE THROES OF A POTENTIALLY SERIOUS MEDICAL CONDITION FOR SEVERAL HOURS. HE ADDITIONALLY CONTINUED TO ADVANCE REQUEST AFTER UNHEEDED REQUEST TO THE DEFENDANTS FOR A MEDICAL EVALUATION AT ALL POINTS THROUGHOUT HIS ARREST AND DETENTION AT THE BRANFORD POLICE DEPARTMENT. THE PLAINTIFF CONTINUALLY COMPLAINED OF "CHEST PAIN," "PRESSURE," AND "DIZZINESS." AT ONE POINT, THE PLAINTIFF COLLAPSED AND VOMITED;

6

13. THE PLAINTIFF ALSO MADE SEVERAL REQUESTS FOR MEDICAL ATTENTION TO SHIFT COMMANDER GRANTLAND, TO NO AVAIL. IN FACT, THE PLAINTIFF'S FATHER ADDITIONALLY TELEPHONED DEFENDANT GRANTLAND AND REQUESTED THAT, AS A SAFETY MEASURE, DEFENDANT GRANTLAND CAUSE THE PLAINTIFF TO BE MEDICALLY EVALUATED FOR HIS CHEST PAIN AND VOMITING. DEFENDANT GRANTLAND AGAIN TOOK NO ACTION, EVEN IGNORING WRITTEN POLICE PROCEDURES MANDATING NOTIFICATION TO THE AMBULANCE/RESCUE SQUAD. THE DEFENDANTS, INCLUDING DEFENDANT GRANTLAND, CONTINUED TO DENY THE PLAINTIFF CONSTITUTIONALLY REQUIRED AND ADMINISTRATIVELY MANDATED MEDICAL TREATMENT IN A DIRECT EFFORT TO HARRASS, VEXATE, AND PUNISH HIM ;

14. ADDITIONALLY, THESE DEFENDANTS KNEW OR SHOULD HAVE KNOWN THAT THE PLAINTIFF MIGHT ATTEMPT TO CAUSE HIMSELF BODILY HARM WHILE IN CUSTODY, YET THEY IMPLEMENTED NO DEGREE OF PRECAUTIONARY MEASURES IN PRECLUSION OF ANY SUCH ATTEMPT ;

15. THESE DEFENDANTS HAD PARTICULAR KNOWLEDGE, THROUGH THEIR PRIOR DEALINGS WITH THE PLAINTIFF, THAT HE WAS UNDER THE CARE OF A PHYSICIAN, ON MEDICATION, AND HAD BEEN RECENTLY HOSPITALIZED FOR MAJOR DEPRESSION AND A SUICIDE ATTEMPT. NONETHELESS, THESE DEFENDANTS IGNORED CLEAR AND SPECIFIC POLICE ORDERS TO DISPOSSESS HIM OF HIS BELT, NECKTIE, AND SHOELACES WHILE DETAINED ;

16. ULTIMATELY, THE PLAINTIFF DID, IN FACT, ATTEMPT SUICIDE BY HANGING HIMSELF WITH ONE OR MORE OF THESE ITEMS. INTERESTINGLY, EVEN AFTER NUMEROUS OFFICERS WERE DISPATCHED TO HIS AID AND PULLED HIM DOWN,

7

DEFENDANT GRANTLAND AGAIN REFUSED TO NOTIFY THE LOCAL PARAMEDICS OF THE PLAINTIFF'S INJURIES OR CAUSE MEDICAL TREATMENT TO BE PROVIDED;

17. EVENTUALLY, WHEN THE PLAINTIFF CONTINUED TO REQUEST AND PLEAD FOR MEDICAL ATTENTION, BOTH FOR HIS INJURIES AND FOR THE CONTINUING CHEST PAIN, THE DEFENDANTS, O'MALLEY AND ATKINSON, APPLIED UNNECESSARY AND OBJECTIVELY UNREASONABLE FORCE TO HIS PERSON BY PUNCHING, KICKING, AND BODY-SLAMMING, AND DRIVING HIS HEAD INTO A PARKED POLICE VEHICLE, ALL WHILE HIS HANDS WERE SECURED BEHIND HIS BACK WITH HANDCUFFS;

18. THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, ADDITIONALLY MADE A MYRIAD OF UTTERLY FALSE AND SLANDEROUS COMMENTS ABOUT THE PLAINTIFF TO HIS FIANCEE, KAREN HOLMES, JUST BEFORE THEIR PLANNED WEDDING, INCLUDING OUTRAGEOUS REPRESENTATIONS THAT THE PLAINTIFF 'HAS AIDS... IS SPREADING AIDS THROUGH BRANFORD... IS DYING OF AIDS..." AND THAT SHE SHOULD "GET TESTED" AND REFRAIN HERSELF FROM SEXUAL RELATIONS OR MARRIAGE WITH THE PLAINTIFF;

19. ON A COMPLETELY DIFFERENT OCCASION, NOVEMBER 15, 2001, THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, MADE SIMILAR REPRESENTATIONS TO THE PLAINTIFF'S FATHER, TELLING HIM THAT HIS SON IS OCCUPIED "SPREADING AIDS THROUGH BRANFORD..."

20. ON YET ANOTHER COMPLETELY DIFFERENT OCCASION, DEFENDANT ATKINSON CREATED A HANDWRITTEN FOOTNOTE ON AN OFFICIAL AND PUBLIC DOCUMENT, REFERENCING ABOUT THE PLAINTIFF: "HE IS HIV POSITIVE." DESPITE THE OUTRIGHT FALSITY OF THAT CLAIM, THE DEFENDANTS THEN CIRCULATED THAT DOCUMENT TO OTHER INDIVIDUALS;

8

21. THE DEFENDANT Town of BRANFORD REALIZED AND APPRECIATED A NEED IN THESE DEFENDANTS For SUFFICIENT OR RENEWED TRAINING, AND FOR CONTINUED SUPERVISION, YET THE Town of Branford TOOK NO ACTION AND MADE NO EFFORT TO TRAIN, RE-TRAIN, OR Adequately SUPERVISE THESE DEFENDANTS EVEN IN THE FACE OF THAT MANIFEST AND OBVIOUS NECESSITY;

22. IN ADDITION, THE Town of BranFORD AND THE DEFENDANT AGENTS OF THE BranFORD Police Department EXERTED DOMINION AND physical CONTROL OVER THE PLAINTIFF OF A SPECIAL AND DOMINANT NATURE ON NOVEMBER 15, 2001, IN THAT THE PLAINTIFF WAS INCARCERATED AND IMPRISONED WITHIN THEIR CUSTODY AND THE INSTRUMENTALITY NECESSARY FOR THE PLAINTIFF TO OBTAIN MEDICAL TREATMENT EXISTED EXCLUSIVELY WITHIN THEIR CONTROL AND THAT, BUT FOR THEIR ASSISTANCE, THE PLAINTIFF COULD NOT HAVE OBTAINED OR ACCESSED SUCH TREATMENT AS WAS REQUIRED;

LEGAL CLAIMS

23. THE Acts And OMISSIONS OF THE DEFENDANTS AS DESCRIBED IN PARAGRAPHS EIGHT (8) THROUGH THIRTEEN (13) And SIXTEEN (16) AND SEVENTEEN (17) Chilled THE plaintiff OF rights secured to him VIA THE Fourth, Fifth, Eighth, And FOURTEENTH Amendments to the United States Constitution;

24. THE DEFENDANTS' ACTIONS WERE UNCONSTITUTIONAL IN THAT THE plaintiff WAS ENTITLED, under clearly established And UNAMBIGUOUS LAW, TO REASONABLE MEDICAL CARE And TREATMENT FOR his SERIOUS MEDICAL NEEDS, INCLUDING, without QUESTION, A BASIC MEDICAL EVALUATION FOR HIS