Robert Salatto
  Plaintiff

Vs.

Town of Branford, et.al.,
  Defendants

FILED
2005 AUG 17 P 4:42
U.S. DISTRICT COURT
BRIDGEPORT, CONN

N° 3:02 CV 230 (EBB)(JGM)

August 8, 2005

## Plaintiff's Motion to Court For Default Judgment Against All Defendants

Your undersigned Plaintiff, Robert Salatto, hereby requests that this Honorable Court enter a default judgment, pursuant to Fed.R.Civ.P. 55(b)(2), against defendants Town of Branford, Patrick O'Malley, David Atkinson, and Thomas Gyantland (hereinafter "defendants"). In support of this motion, your plaintiff respectfully represents as follows:

1. The defendants have evidenced a clear record of delay and contumacious conduct in this action. They have had no contact with this action since August 2004. Since that time, they have indicated a clear intention to abandon defense of this action through their consistent nonfeasance. In total, the defendants have absolutely ignored 25 independent motions and discovery requests, as well as a motion for summary judgment and a multitude of personal communications imploring cooperation. Their recalcitrant conduct has spanned the course of one year. Such ignorance of the law, and of their obligations under the Federal Rules of Civil Procedure, and their egregious violation of a court order to respond, by anyone's standard, rises above gross negligence and constitutes

A willful and knowing default;

2. This claim was filed September 25, 2002. The defendants appeared and filed serial motions for stay, until August 29, 2003. An answer was ultimately filed on January 16, 2004. Subsequently, they participated in limited motion practice by framing a dilatory motion for bond [doc 43]; to dismiss for lack of bond [doc 47]; a parties' planning report [doc 49]; and memorandums in opposition to 2 of plaintiff's discovery motions [docs 54 and 60]. Beyond that, they have failed to respond, produce, defend this action in good faith, or permit your plaintiff to obtain discovery. The defendants' conduct has violated the certification requirements of Rule 11, their obligations under the scheduling order, and the aims of federal Rule 1. Judgment by default is equitable and warranted;

3. On the last 2 occasions that the defendants have appeared, they undertook in a festival of frivolity. On August 31, 2004, they requested an enlargement of time to respond to your plaintiff's valid discovery requests [doc 55]. The court granted the motion, and the defendants subsequently ignored their own request and took no action. No responses were at any time filed. Subsequently, one day prior to the close of discovery, the defendants filed yet another frivolous motion, this time requesting an additional 4 month enlargement in the scheduling order to conduct further discovery, depose your plaintiff, and file various dispositive motions [doc 67]. Again, the court granted their motion only to become a victim of deception. At no time did the defendants seek any additional discovery, take your plaintiff's deposition,

or file any dispositive motions. Both requests were entirely frivolous, and a pretext for delay. From that point, the defendants uncooperation became more apparent and egregious, they simply stopped responding.

4. In total, the defendants have since ignored some 25 successive motions and discovery requests, including a motion for summary judgment and numerous motions for sanctions. They have also ignored a multitude of written communications imploring cooperation. On April 02, 2005, an amended complaint was filed. The court ordered the defendants to answer the complaint by July 3, 2005 [See Magistrate's Order dated June 3, 2005]. To date, no answer was at any time filed. Your plaintiff subsequently filed numerous motions and discovery requests to the defendants, through their attorney. The defendants absolutely ignored all such requests. Your plaintiff then forwarded several letters requesting compliance. After the defendants took no action, your plaintiff forwarded an ultimatum letter in which he indicated that if compliance were not immediately executed, he would vigorously pursue a judgment by default. A copy of several letters are attached herewith as Exhibit A. With a clear understanding that your plaintiff would seek a judgment by default, the defendants took absolutely no action. No answer was at any time filed, and compliance was not executed. Defiance of this magnitude, and of the court order to respond, warrants default;

5. When a party defaults, the district court may enter a final judgment without a trial on liability. F.R.C.P. 55. A default occurs when the defendant does not plead or otherwise respond to the complaint. New York Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996); Pretzel and Stauffer v. Imperial Adjusters, 28 F.3d 42, 44 (7th Cir. 1994). In this case no answer was filed to the Amended complaint. On June 3, 2005, this court ordered the defendants to answer the Amended complaint by July 3, 2005. The defendants took no action. The defendants similarly took no action to the previous 25 propounded motions and discovery requests, as well as a plethora of written communications imploring compliance. The defendants ignored several motions for sanctions, and a motion for summary judgment. The defendants have violated the scheduling order and the Federal Rules of Civil Procedure. Moreover, after 12 months of absolute nonfeasance, your plaintiff has sent the defendants a letter indicating that he would "vigorously pursue a judgment by default" if compliance was not immediately executed. No action was taken by the defendants. A judgment by default is warranted;

6. A party may move for entry of default and default judgment in the same document. Direct Mail Specialists, Inc. v. Eclat Tech., Inc., 840 F.2d 685, 689 (9th Cir. 1988). Further, where the party against whom a default is sought has appeared but later defaulted, the court must enter default. F.R.C.P. 55(b)(2); Hoxworth v. Blinder, Robinson, and Co., 980 F.2d 912, 917-18 (3rd Cir. 1992)(defendant refused to cooperate

in discovery and appear for trial); <u>Ringgold Corp. v. Dorrah</u>, 880, F.2d 1138, 1140-41 (4th Cir. 1989)(defendant refused to attend pretrial conference); <u>Mutual Fed. S and L Ass'n. v. Richards</u>, 872 F.2d 88, 93 (4th Cir. 1989)(defendant refused to cooperate in discovery). It is therefore requested that this court grant entry of default and default judgment based on this motion;

7. Additionally, your plaintiff has requested unliquidated damages. Because the claim for relief does not meet the F.R.C.P. 55(b)(1) test for a sum certain, the court must grant default and hold an inquest. F.R.C.P. 55(b)(1), (b)(2). It is therefore requested that this court grant default and conduct an inquest;

8. Your plaintiff has attached a duly sworn affidavit to this motion as Exhibit B. The declarations set forth in said affidavit are incorporated herein by reference as though fully set forth. No defendant to this action is presently in the military. No defendant to this action is an infant or incompetent. All defendants to this action are represented by counsel. A copy of this motion has been certified to counsel;

9. In addition to compensatory and punitive damages, your plaintiff has made a de bene esse demand for attorney's fees under 42 U.S.C. 1988(b) and F.R.C.P. 54(a)(2). Your plaintiff reiterates his demand for attorney's fees and all costs of litigation, and reserves his right to retain counsel at any juncture of this proceeding or at an inquest;

6

10. Lastly, on July 1, 2005, your plaintiff filed a motion for summary judgment against defendant David Atkinson respecting supplementally invoked defamation claims. To the extent possible, your plaintiff respectfully requests that this motion not supercede or vitiate said motion, and that this court consider and adjudicate said motion independently and on its own merits. A successfully pursued summary judgment, on supplementally invoked claims, is more akin to a judgment on the merits and would be potentially severable and removable to State court under the provisions of F.R.C.P. 21. It is requested that these motions remain independently viable;

WHEREFORE, your undersigned plaintiff respectfully requests that this Honorable Court order and enter a default judgment against all defendants to this action.

Respectfully submitted,

[signature]
Robert F. Salatto, Plaintiff
982 Norwich-New London Tnpk.
Uncasville, CT 06382

This is to certify that one copy hereof was mailed, 1st class postage prepaid to Atty. John Radshaw, 65 Wethersfield Avenue, Hartford, CT 06114, on August 8, 2005

[signature]
Robert F. Salatto

August 1, 2005

John J. Radshaw, ESQ.
Hovd + Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Dear Attorney Radshaw:

<u>Please comply with this letter and contact me.</u>

As you know, I am still litigating case # 3:02 CV 230 against Branford, O'Malley, Atkinson, and Grantland. Most recently, these defendants have ignored a cluster of production/discovery requests. In total, that's 25. I have not received any notice that any other attorney has replaced you. If you no longer represent these defendants, please let me know at once.

Please be advised, should you not immediately contact me to discuss your consistent failure to respond, I will immediately seek a default. I will vigorously pursue a judgment by default by August 8th if I do not hear from you. I have not heard from you in nearly one year. Please contact me <u>immediately</u> to discuss these, and other, matters and to avoid a default.

Respectfully,

Robert Salatto #180287
982 Norwich-New London Tnpk.
Uncasville, CT 06382

Attorney John Radshaw III
Howd And Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

RE: <u>Good-faith Attempt to resolve discovery non-compliance</u>

Dear Attorney Radshaw:

As you know, I recently served discovery requests upon defendants O'Malley, Atkinson, And Gomolland. The responses were due several days ago. I received no response, compliance, or objection in any way, shape, or form. The defendants have also failed to respond to Atleast 20 other letters And discovery requests. Please comply immediately with all overdue discovery requests, including the recent requests under Rules 33 And 34 And 36 of the Federal Rules of Civil Procedure. If I do not receive An immediate response to this letter, I will seek discovery sanctions And compelled compliance. I do not wish to do such, please just comply.

<u>CONSIDER THIS MY GOOD-FAITH RESOLUTION ATTEMPT.</u>

Respectfully,

Robert Salatto

April 01, 2005                                    Verbatim Handwritten copy

Dear Attorney Radshaw:

Thank you for accepting this communication.

Enclosed, please find 5 motions which I have recently filed with the court. Among them is a request for leave to amend the complaint, as you had formerly requested. Should you have any questions respecting the proposed complaint, please let me know.

Be advised, I could not accomodate your request for supplementation of the responses to my interrogatories at this point because I do not have a copy of my former responses to those interrogatories. Unfortunately, you have ignored my written requests for those responses, thus I could not comply with your requests for supplementation. I will, however, be happy to review your request upon my receipt of those responses.

That brings me to my next point: Enclosed you will find a motion for sanctions which I have recently drafted. At this point, I have not filed it with the court. In fairness, I wanted to give you an opportunity to take a look at it and comply with the requested points before I file it. As you know, I have had to file previous motions requesting sanctions on several occasions.

Although I believe that the motions are entirely legitimate, I don't believe sanctioning motions should be used like hand grenades. I would like for you to review the motion to determine if there might be any possibility of compromise on your part. I will wait until April 23, 2005, before I file the motion; please let me know.

Additionally, my counselor John Wilkinson is available to receive incoming Attorney calls Monday through Friday, between 8:30 - 10:00 A.M. and 1:30 - 3:00 P.M. Should the need arise, you can call me directly at those times. The calls are accomodated without delay. The direct # is 860-848-8732.

Should it be easier on your schedule for me to call you, simply provide a specific date and time. I will do my best to accomodate your schedule.

Should you have any questions or concerns, please feel free to contact me.

Respectfully yours,

/s/
Robert Salatto

<u>Verbatim Handwritten Copy</u>
<u>Access to photocopier Unavailable</u>

November 24, 2004

John Radshaw, Esq.
65 Wethersfield Avenue
Hartford, CT. 06114

Dear Attorney Radshaw:

    Please be advised that my latest set of Rule 34 Requests for production dated October 7, 2004 has not yet been complied with, to my knowledge. I have received no responsive documents or objections. Obviously, it has been more than 7 weeks since I have served these such requests on you. Consider this my good-faith effort to resolve this matter devoid of motion practice.

    It is noteworthy to mention that I have had to file 2 successive motions to compel respecting the preceding 2 requests under Rules 33 and 34. If I am forced to file yet another motion to compel, I will be vigorously encouraging sanctions. Please just cooperate with my reasonable requests, as I believe I have done with your requests. Please keep in mind the

## Plaintiff's Affidavit in Support of Default Judgment

Your undersigned plaintiff, ROBERT SALATTO, after being duly sworn and placed under an oath, does depose and state:

1. That I am plaintiff in the action entitled <u>Salatto v. Branford</u> and as such make these statements based upon personal knowledge;

2. That no defendant to this action is in the Military. I called the Branford Police Department and was advised that the defendants are still presently Branford Police Officers;

3. That no defendant to this action is an infant or incompetent;

4. That this court issued an order in it's June 3, 2005 Ruling and order commanding the defendants to answer the Amended complaint by July 3, 2005;

5. That the defendants violated said order and took no action to answer said Amended complaint;

6. Accordingly, the defendants are presently in default. I know of no good reason why a default judgment should not be entered;

7. All defendants to this action are represented by counsel;

8. That defendants' counsel was certified with a copy of this motion.

MICHAEL LEWIS
NOTARY PUBLIC
MY COMMISSION EXPIRES APR. 30, 2008

_Michael Lewis_
NOTARY PUBLIC

_Robert Salatto_
ROBERT SALATTO
PLAINTIFF

April 1, 2005