**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ROBERT SALATTO, JR.

                                                        PRISONER
                                        CASE NO. 3:02cv230 (EBB) (JGM)

        v.

TOWN OF BRANFORD, ET AL.

                        RULING AND ORDER

        Pending before the court is a motion for default, two motions to compel, a motion to

withdraw, a motion for leave to file interrogatories, two motions to strike and three motions for

sanctions filed by the plaintiff.  For the reasons set forth below, the motions for default, to

compel and to withdraw are granted and the motions to strike and for sanctions are denied.

I.      Motion for Default [doc. # 95]

        The plaintiff seeks to default the defendants for failure to plead.  Under the court's

current scheduling order, defendants Town of Branford, O'Malley and Atkinson were to respond

to the second amended complaint on or before July 3, 2005.  (See doc. # 80.)   To date, counsel

for the defendants has failed to file a response to the second amended complaint.   The motion

for default is granted as to defendants Town of Branford, O'Malley and Atkinson for failure to

plead.

        Any motion to set aside default shall be filed within twenty days of the date of this order.

Plaintiff is advised that if a motion for default judgment is not filed within thirty days of the date

of this ruling, the second amended complaint will be dismissed as to defendants Town of

Branford, O'Malley and Atkinson.

        The record reveals that Defendant Grantland has never been served with a copy of the

complaint or amended complaints.  Accordingly, he is not in default for failure to plead.  The

motion for default is denied as to defendant Grantland.  The United States Marshal is directed to

personally serve the second amended complaint on defendant Grantland.

II.      Motion to Compel [doc. # 83]

The plaintiff seeks to compel the defendants to send him a copy of his answers to

interrogatories dated February 17, 2004, because he lost his copy of the answers.  The plaintiff

has made several unsuccessful attempts to secure a copy of the answers from counsel for the

defendants.  The defendants have not responded the motion to compel.  The motion is granted

absent objection.  Defendants' counsel shall forward a copy of plaintiff's responses to

defendants' interrogatories dated February 17, 2004, to plaintiff within twenty days of the date of

this order.

II.      Motion to Compel [doc. # 90]

The plaintiff seeks to compel defendant O'Malley to respond to his July 1, 2005 Request

for Production.  He sent a letter to counsel for defendant O'Malley in an effort to resolve this

discovery dispute, but counsel did not respond to the letter and has not responded to the motion

to compel.  The motion is granted absent objection.  Defendant O'Malley shall respond to

plaintiff's July 1, 2005 Request for Production within thirty days of the date of this order.

III.     Motion for Leave to Serve Interrogatories and Motion to Withdraw [docs. ## 84, 93]

The plaintiff seeks to withdraw his motion to serve more than twenty-five interrogatories

on the defendants.  The motion to withdraw is granted.  The motion to serve more than twenty-

five interrogatories is deemed withdrawn.

IV.      Motions to Strike Affirmative Defenses [docs. ## 86, 87]

The plaintiff seeks to strike the qualified immunity defense set forth in the defendants'

answer to the complaint.  The plaintiff has since filed two amended complaints.  Thus, the

complaint has been superceded by the amended complaints.  Accordingly, any motions to strike

the answer to the complaint or the affirmative defenses in the answer to the complaint are moot.

The motions to strike are denied.

V.      Motion for Judicial Notice [doc. #88]

The plaintiff asks the court to take judicial notice of three "matters of law."  Federal Rule

of Evidence 201(a) limits the scope of judicial notice to adjudicative facts.  Rule 201(b) provides

that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either

(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

Fed. R. Evid. 201(b).  The Advisory Committee Note to Rule 201(b) indicates that "with respect

to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the

matter be beyond reasonable controversy. . . . The Rule proceeds upon the theory that . . .

considerations call for dispensing with traditional methods of proof only in clear cases."  Rule

201(d) mandates a court to take judicial notice where "requested by a party and supplied with the

necessary information."  Fed. R. Evid. 201(d).

Here, the plaintiff asks the court to take judicial notice of Supreme Court law in the area

of prisoners' constitutional rights to medical care.  Because the plaintiff does not ask the court to

take judicial notice of adjudicative facts, the motion is denied.

VI.     Motions for Sanctions [docs. ## 89, 91, 92]

The plaintiff seeks various sanctions against the defendants for their failure to answer the

second amended complaint and comply with discovery requests.  The court has granted

plaintiff's motion for default for failure to plead and directed the plaintiff to move for default

judgment.  The plaintiff's motions for sanctions are denied without prejudice.  The plaintiff may

renew his motions if the court does not dispose of the case on a motion for default judgment filed

in response to this ruling.

Conclusion

The Motion for Default [**doc. # 95**] is **GRANTED** as to defendants Town of Branford,

O'Malley and Atkinson and **DENIED** as to defendant Grantland.  Any motion to set aside

default shall be filed within **twenty days** of the date of this order.  Plaintiff is advised that if a

motion for default judgment is not filed within **thirty days** of the date of this ruling, the second

amended complaint will be dismissed as to defendants Town of Branford, O'Malley and

Atkinson.

The Motion to Compel [**doc. # 83**] is **GRANTED** absent objection.  Defendants' counsel

shall forward a copy of plaintiff's responses to defendants' interrogatories dated February 17,

2004, within twenty days of the date of this order.  The Motion to Compel [**doc. # 90**] is

**GRANTED** absent objection.  Defendant O'Malley shall respond to plaintiff's July 1, 2005

Request for Production within thirty days of the date of this order.   The Motion to Withdraw

[**doc. # 93**] plaintiff's motion to serve more than twenty-five interrogatories is **GRANTED**.  The

Motion to Serve More Than Twenty-Five Interrogatories [**doc. # 84**]  is deemed

**WITHDRAWN**.

The Motions to Strike Affirmative Defenses [**docs. ## 86, 87**] and Motion for Judicial

Notice  [**doc. #88**] are **DENIED**.  The Motions for Sanctions [**docs. ## 89, 91, 92**] are **DENIED**

without prejudice.

The Clerk is directed to prepare the necessary papers to enable the United States Marshal

to personally serve defendant Grantland.  The United States Marshal is directed to personally

serve defendant Grantland at the Branford Police Department, 33 Laurel Street, Branford,

Connecticut within thirty days of the date of this order and file a return of service within fifty

days of the date of this order.

SO ORDERED this 3rd day of January, 2006, at New Haven, Connecticut.

/s/ Joan G. Margolis

Joan G. Margolis
United States Magistrate Judge