Robert Salatto
  Plaintiff

Vs.

Town of Branford
  Defendant

FILED 3:02CV230 EBB

2006 JAN 24 P 12:25

DISTRICT COURT

January 15, 2006

## Plaintiff's Motion For Compelled Responses As A Matter of Law

Your undersigned plaintiff, Robert Salatto, pursuant to FRCP 33(b)(3), 33(b)(4), and 37(a)(2)(B), hereby requests that this Honorable Court compel the defendant Town of Branford to respond to the complete set of FIVE (5) interrogatories propounded to it by the plaintiff on July 25, 2004. In support of this motion, the undersigned respectfully represents as follows:

1. On July 25, 2004, the undersigned propounded a set of interrogatories, totalling FIVE, to the defendant Town of Branford, through its Attorney, John J. Radshaw III. Said interrogatories are attached herewith as Exhibit A;

2. The defendant, through its Attorney, then filed a Motion seeking an extension of time by which to respond/object to said interrogatories, requesting up to the date of October 18, 2004 to act. See Motion as DOC #55 and Order granting motion as DOC #58;

3. This court granted said motion, and afforded the defendant until said date, October 18, 2004, to respond. However, the defendant took no action and at no time filed a response or an objection to said interrogatories;

4. The undersigned subsequently undertook a multitude of attempts in good-faith to obtain cooperation with the discovery request devoid of court intervention pursuant to F.R.C.P. 37(a)(2)(A) and D. Conn. L. Civ. R. 37(a)(2). However, the defendant took no action and compliance was not executed;

5. In fact, from the date of the defendants' motion requesting an extension of time to respond to said interrogatories, the defendants ignored some 25 additional motions and discovery requests, including a motion for default and various motions to compel and for sanctions. Ultimately, this court entered a default against this, and other defendants to this action on January 3, 2006;

6. Accordingly, the defendant has absolutely failed to respond to said interrogatories dated July 25, 2004, and has waived any retained objections to said interrogatories. As a matter of law, the defendant must answer each of them;

7. Objections to interrogatories must ordinarily be served within thirty (30) days after the interrogatories are served. FRCP 33(b)(3). In this instance, this court granted the defendant until October 18, 2004, to respond. The defendant then ignored the court's order and absolutely failed to respond. Indeed, the defendant subsequently absented itself from this action and a default was entered against it. Objections to interrogatories are deemed waived as a matter of law if the defendant absolutely ignores the interrogatories and does not respond. FRCP 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). A party may file a motion to compel answers if the interrogatories are not answered or objected to by the responding party. FRCP 33(b)(4); 37(a)(2)(B); Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 552 (5th Cir. 1980). If a party completely fails to serve answers, the court may order more severe sanctions. FRCP 37(d); Oklahoma Federated Gold and Numismatics v. Blodgett, 24 F.3d 136, 139-40 (10th Cir. 1994). Here, specific sanctions are not requested. However, answers to said interrogatories shall be compelled, without reservation, as a matter of law.

Respectfully submitted,

*Robert Salatto*
982 Norwich-New London Tnpk
Uncasville, CT 06382

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO  
    Plaintiff ]  
                      ]  CASE # 302CV230(EBB)(JGM)  
V.                    ]  
                      ]  USDC @ BRIDGEPORT  
TOWN OF BRANFORD, et al., ]  
    Defendants ]  
                      ]

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

To the defendant

John Radshaw, 65 Wethersfield Avenue, Hartford, Connecticut 06114: through attorney of record,

The plaintiff, Robert Salatto, serves these interrogatories on as authorized pursuant to Federal Rule of Civil Procedure 33. The defendant must serve an answer to each interrogatory seperately and fully, in writing and under oath, within 30 days after service.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. Parties: the term "plaintiff" or "defendant(s)" as well as a parties full or abbrieviated name or a pronoun referring to a party, means the party and, where applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to this litigation.

2. Person: the term "person" is defined as any natural person, any business, a legal or governmental entity, or an association.

3. Document: the term "document" is defined to be synonomous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and District of Connecticut Local Civil Rule 39(c)(2), and includes computer records in any format. A draft or nonidentical copy is a seperate document

within the meaning of this term. The term "document" also includes any "tangible things" as that term is used in Rule 34(a).

4. Communication: the term "communication" means the transmittal of information in the form of facts, ideas, inquires, or otherwise.

5. Identify (Person): when referring to a person, "identify" means to give, to extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place or employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6. Identify (Document): when referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; (g) and, whether the document has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

7. Relating: the term "relating" means concerning, referring, describing, evidincing, or constituting, directly or indirectly.

8. All/Each: the terms "all" and "each" should be construed as "and," "each," and "and/or."

9. Any: the term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope of the discovery request.

10. And/Or: the connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. Number: the use of the singular form of any words includes the plural and vice versa.

## INSTRUCTIONS

1. If your response to the interrogatory cannot fit within the

space provided, attach additional sheets as necessary.

2. If you contend that any interrogatory or request for production is not applicable, state the factual and/or legal basis for such contention.

3. If you claim any interrogatory or request for production is objectional in full or in part, the objection shall be stated with particularity. If you interpose an objection to part of a discovery request, the non-objectionable portion of such request shall be answered together with your answers to the remainder of the discovery request. When a discovery request is alleged to be over-broad, the request shall be conplied with to the extent that you concede that such discovery request is relevant.

4. If you assert a claim of priviledge as a ground for not fully complying with any discovery request, state the factual and/or legal basis for the claim of the privilege, the title of any documents alleged to be privileged, the date such documents were written, the author of such documents, the type of documents, the general subject matter of the documents, and the location of the documents.

5. If the response to any discovery requests consists, in whole or in part, of an objection relating to or including burdensomeness, then provide such information as can be ascertained or provided without undue burden, and state with particularity:

   A. A description of the process or method required to obtain any fact responsive to the interrogatory request;

   B. The estimated cost and time required to obtain any fact responsive to the discovery request; and

   C. The extent to which documents or other sources of information will be made available for inspection and copying.

6. Unless specifically stated, each interrogatory relates to a natural defendant to this action. Where an interrogatory is directed specifically to the defendant Town of Branford, such interrogatory shall be precisely so directed.

United States District Court
District of Connecticut

Robert F. Salatto
　Plaintiff
v.
Town of Branford, et al.
　Defendants

July 25, 2004

Plaintiff's Interrogatories directed to the DEFENDANT Town of Branford

## I) DEFINITIONS:

Identical definitions apply to the defendant Town of Branford as those enunciated in, and directed to, the natural defendants within their interrogatories. Specifically, defendant Patrick O'Malley.

## II) INSTRUCTIONS

Identical instructions apply to the defendant Town of Branford as those enunciated in, and directed to, the natural defendants within thier interrogatories. Specifically, defendant Patrick O'Malley.

### Interrogatories

#1. Identify all persons answering these interrogatories, supplying information, or in any way assisting with the preparation of the answers:

#2: Identify by NAME, caption, and docket number with COURT LOCATION, All prior suits in which the defendant Town of Branford was named as a defendant, involving in any manner Allegations of excessive force by a police officer, Abuse of Authority by a police officer, or general misconduct of a police officer, dating back the preceding Ten (10) years:

#3: Identify Any special training of a medical nature, required of Branford Police Officers by the Town of Branford, including but not limited to, the treatment or diagnosis of cardiovascular illness or complaints, suicidal ideation or complaints, general mental health crisis intervention, And the provision of (and ACCESS) to Arrestees and detainees of medical evaluation or CARE by AN E.M.T. or paramedic while in custody:

#4: Particularly Identify on what statute, case law, or other Authority you base your contention that you are immune from suit, or entitled to the Affirmative defense(s) of either Qualified immunity or Absolute immunity or any other form of immunity from suit:

#5: Particularly identify upon what statute, case law, or other authority you base your contention that your agents, the defendant police officers, are immune from suit, or entitled to the affirmative defense(s) of either Qualified Immunity, Absolute Immunity, or any other form of immunity:

I hereby certify that the foregoing answers are true and correct;

Respectfully

_____

I hereby certify that one copy of the foregoing interrogatories was mailed to Attorney John Radshaw, 65 Wethersfield Avenue, Hartford, postage prepaid, on July 25, 2004.

*[signature]*

Robert Salatto
The Plaintiff Pro-Se

Certification

This is to certify that a copy of the foregoing was mailed, postage prepaid, to Attorney John Radshaw III, 65 Wethersfield Avenue, Hartford, CT.,

January 19, 2006

Robert Salatto