Robert Salatto
   Plaintiff

Vs.

Town of Branford, et al.,
   Defendants

302 CV 230 EBB/JGM

FILED
2006 JAN 24 P 12:25

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

January 15, 2006

## Plaintiff's Second Renewed Motion for Sanctions

Your plaintiff, pursuant to the order of Magistrate Margolis dated January 3, 2006, hereby renews his prior motion requesting that, as a sanction, the defendants be precluded from making any reference to your plaintiff's criminal conviction history at trial. In support of this motion, your plaintiff respectfully represents as follows:

1. Your plaintiff has previously filed a Motion to Exclude as a Sanction. See Exhibit A. Said motion is incorporated herein by reference as though fully set forth;

2. Magistrate Margolis has deferred consideration of said motion and instead ordered your plaintiff to renew said motion if this case is not resolved by default. See Order dated January 3, 2006;

3. For the reasons set forth in said motion, attached herewith as Exhibit A, the defendants should

be precluded from entering any evidence as to your plaintiff's criminal record at trial.

Respectfully submitted,

_____
Robert F. Salatto
982 Norwich - New London Tnpk
Uncasville, CT 06382

CERTIFICATION

This is to certify that one copy hereof was mailed postage prepaid to Atty John Ladshaw, 65 Wethersfield Avenue, Hartford CT on

January 15, 2006    _____
                    Robert Salatto

Robert Salatto
         Plaintiff

Vs.

Town of Branford, et.al.,
         Defendants

N°: 3:02-CV-230 (EBB)(JGM)

U.S. District Court @ Bpt.

## Plaintiff's Motion to Exclude As A Sanction

Your undersigned plaintiff, Robert Salatto, pursuant to Fed.R.Civ.P. 37(d), hereby requests that this Honorable Court sanction the defendants, Town of Branford, O'Malley, Grantland, and Atkinson, for their recalcitrance and subterfuge by excluding any reference to your plaintiff's criminal conviction record from evidence at trial, and precluding the defendants from asserting their affirmative defense of qualified immunity at trial. In support of this motion, your plaintiff respectfully represents as follows:

1. The defendants have maintained a consistent pattern of bad-faith tactics during the discovery process of this action. In total, they have flatly ignored at least 25 motions and discovery requests. In one instance, they requested time to comply with a discovery request, and then totally failed to respond to that request [See doc 55]. In another instance, one day before the close of discovery, they requested a 4-month enlargement of time to depose your plaintiff and file various motions. [See Doc 67]. The court granted the request, and the defendants took no action; depositions, motions, or otherwise. The defendants

have ignored every motion and discovery request since August 2004. Most recently, they have ignored 5 discovery requests and a court-order to answer the Amended complaint by July 3, 2005 [See order dated June 3, 2005]. The defendants recalcitrance has been systematic, willful, and egregious;

2. This motion seeks to enjoin the defendants from introducing evidence on specific matters which they have effectively stonewalled from discovery through abusive and sanctionable discovery tactics. The defendants initially sought discovery regarding (1) your plaintiff's criminal history, and (2) their entitlement to the affirmative defense of qualified immunity. Your plaintiff undertook repeated attempts to comply, avowing that his criminal history is inadmissible, and that, in this instance, the defendants are not entitled to qualified immunity. The defendants, however, have since refused to cooperate in discovery and have flatly stonewalled your plaintiff's attempts to obtain necessary information regarding such matters. Discovery has since closed. Because the defendants are responsible for effectively blocking your plaintiff's discovery efforts on these issues through abusive tactics, it reasonably follows that they should be enjoined from introducing evidence on those very issues;

3. On February 17, 2004, the defendants served interrogatories on your plaintiff, principally requesting

information regarding his criminal history, and his contention that the defendants are not entitled to qualified immunity.

4. With reference to information surrounding your plaintiff's criminal history, your plaintiff objected, asserting that such information is not relevant, and is inadmissible at trial. With reference to information surrounding the defendants' purported entitlement to qualified immunity, your plaintiff provided some information and indicated that he would supplement additional information through discovery;

5. After written communication and a telephone conference on these issues, Attorney Radshaw directed a letter to your plaintiff dated June 9, 2004. In that letter, he indicated his entitlement to such information as follows: "I am entitled to elicit this information from you... this information is clearly discoverable... You are obligated to cooperate for [sic] the just, speedy, and inexpensive determination of the civil action." In response, your plaintiff issued a letter dated July 25, 2004, indicating about supplementation: "To do such, I would request that you forward me photocopies of (1) your interrogatories to me, and (2) my interrogatories to the defendants... Please specify exactly what materials you're seeking from the file... I will review the request and make every effort to get you any and all non-objectionable material."

4

6. Your plaintiff then undertook several additional attempts to obtain the necessary materials responsive to the criminal history and qualified immunity questions, including a copy of his answers and objections to the interrogatories propounded by the defendants on February 17, 2004;

7. The defendants ignored all such requests. Your plaintiff was forced to serve the defendants with formal requests for production seeking these items dated January 25, 2005;

8. The defendants took absolutely no action responsive to the January 25, 2005 production request;

9. In addition, your plaintiff had subsequently directed a letter to Attorney Radshaw indicating: "I am more than willing to fully and promptly comply with my discovery obligations. You cannot, however, reasonably expect me to disclose documents until I know particularly what you are requesting and exactly what my prior objections and assertions of priviledge were. I am attempting to comply; please understand that it is you who is frustrating my ambition."

10. Again, the defendants took no action relative to said letter, or a follow-up letter attempting to resolve the non-compliance without court intervention, and your plaintiff was forced to file a motion to compel production

5

dated April 02, 2005;

11. The defendants took absolutely no action to said motion;

12. However, on June 3, 2005, this court denied said motion based upon a procedural deficiency. The court denied said motion without prejudice;

13. Accordingly, on July 1, 2005, your plaintiff corrected the deficiency and served a renewed request for production upon defendant Gruntland. Said request is attached herewith as Exhibit A;

14. The defendants took absolutely no action relative to said request, and your plaintiff ultimately forwarded Attorney Cadshaw a letter attempting to address the total failure to respond to this, and 24 other motions and discovery requests. The defendants, however, took no action relative to said letter, a copy of which is attached as Exhibit B;

15. In addition, your plaintiff has directed countless other letters, motions, and discovery requests to Attorney Cadshaw, all to no avail. The defendants have absolutely failed to acknowledge this action since August, 2004. A copy of 2 recent letters are attached as Exhibits C and D, respectively;

16. The defendants total refusal to cooperate in discovery, or even acknowledge this action at any point since August 2004, was clearly unjustified and harmful to your plaintiff. The sanction of exclusion is generally appropriate in such instances where a party refuses to produce material evidence during discovery. <u>Carroll v. Acme</u>, 955 F.2d 1107, 1115-16 (7th Cir. 1992); <u>Navarro de Cosme v. Hospital Pavia</u>, 922 F.2d 926, 932 (1st Cir. 1991). Clearly, as the defendants have ignored some 25 motions and discovery requests, and a multitude of letters seeking to address such non-compliance, their omissions were both harmful and unjustified. In this instance, they have outrageously sought discovery on decisive issues, and subsequently stonewalled your plaintiffs' efforts to comply and unearth similar, countervailing evidence. These discovery abuses are extreme. In fact, the defendants have effectively stonewalled your plaintiff and cut him off from discovery for an entire year. In such circumstances, exclusion is proper. See <u>Grajales-Romero v. American Airlines, Inc.</u>, 194 F.3d 288, 297 (1st Cir 1999); <u>Newman v. G.H.A.</u>, 60 F.3d 153, 156 (3rd Cir 1995). The acts and omissions giving rise to this action happened four years ago; an order re-opening discovery at this juncture would be counter-productive and futile. It is neither requested nor desired. Moreover, the Advisory Committee notes to Rule 37 contemplate that it may be more effective in some circumstances to impose a sanction excluding evidence instead of an order compelling production. See <u>Sierra Club v. Cedar Point Oil</u>, 73 F.3d 546, 572 (5th Cir 1996). Such an order is hereby requested.

17. In Addition, should the defendants FAIL to respond to this motion, their omission should be considered;

WHEREFORE, your undersigned plaintiff hereby requests that this Honorable Court enjoin the defendants from introducing evidence on his criminal record and their affirmative defense of Qualified immunity.

Respectfully,

Robert Salatto
982 Norwich-New London Tpk.
Uncasville, Ct 06382

Certification

This is to certify that one copy hereof was mailed, U.S. Mail, first-class postage prepaid to Atty John Radshaw, 65 Wethersfield Avenue, Hartford, Ct 06114, by placing it with Correctional Officials on:

Robert Salatto