Robert Salatto
    Plaintiff

Vs.

Town of Branford, et al.,
    Defendants

3:02 CV 230 EBB/JGM

FILED
2006 JAN 24 P 12: 25

DISTRICT COURT

January 15, 2006

## Plaintiff's Renewed Motion for Sanctions

In her order dated January 3, 2006, Hon. Joan G. Margolis entered a default against several defendants to this action, deferred three motions for sanctions, and directed the undersigned to renew said motions at a subsequent date. SEE Magistrates Order dated January 3, 2006 at VI respecting docs. 89, 91, and 92. Your plaintiff hereby renews his motion for sanctions and respectfully requests that this Honorable Court enter an order deeming the prima facie elements of his case established. In support of this renewed motion, your plaintiff respectfully represents as follows:

1. Your undersigned plaintiff has previously filed a motion for sanctions pursuant to FRCP 37(d) requesting that the prima facie elements of his case be deemed established. SEE Exhibit A. Said motion is incorporated herein by reference as though fully set forth;

2. During the discovery phase of this action, the defendants had egregiously disregarded their rule-based

obligation to cooperate in discovery and respond to properly served requests under Rules 34, 33, and 36. In total, all defendants to this action had disappeared from participation and totally failed to respond to some 25 written motions and discovery requests, spanning more than 15 months. See Exhibit A. A default was ultimately entered against several defendants on January 3, 2006, after they ignored a court order directing them to respond. It reasonably follows that your plaintiff should not be irreversably prejudiced by the defendants' willfull abuse of the Federal Rules of Civil Procedure, and for the reasons articulated in the attached motion, the prima facie elements of your plaintiff's case should be deemed established, or some lesser discovery sanction should be imposed.

Respectfully Submitted,

/s/ Robert Salatto

Robert Salatto
982 Norwich-New London Tpk
Uncasville, CT 06382

Certification

This is to certify that one copy hereof was mailed to Atty. John Radshaw, 65 Wethersfield Avenue, Hartford, CT, on

January 15, 2006

/s/ Robert Salatto

Robert Sulatto
    Plaintiff
                                                    #3:02-CV-230(EBB)(JGM)
Vs.

Town of Branford, et. al.,        U.S. District Court @ Bpt.
    Defendants

### Plaintiff's Motion Requesting Discovery Sanctions

    Your undersigned plaintiff, pursuant to Fed. Rule. Civ. P. 37(d), hereby requests that this Honorable Court sanction the defendants Town of Branford, O'Malley, Atkinson, and Gratitland by issuing an order deeming the prima facie elements of his case established. In support of this motion, your plaintiff respectfully represents as follows:

    1. The defendants have soundly demonstrated a predictable pattern of recalcitrance in this action. They have egregiously disregarded their rule-based obligation to cooperate in discovery and respond to properly served requests under Rules 33, 34, and 36. Their total failures to respond have now numbered atleast 25. As of June, 2005, such total failures to respond had encompassed more than 20 consecutive motions and discovery requests, and atleast 15 seperate letters and communications. No responses were at any time issued. Now, the defendants have ignored another 5 discovery requests, as well as a clearly-defined court order directing them to file an

Answer to the amended complaint by July 3, 2005. Necessary responses to such discovery requests and the judicially-ordered answer were not filed;

2. On the only 2 occasions that the defendants have defended in substance since last year, they undertook in a festival of frivolity. On August 31, 2004 they requested an enlargement of time to respond to your plaintiff's valid discovery requests [doc 55]. The court granted the motion, and the defendants subsequently ignored their own request and took no action. No responses were at any time filed. Subsequently, the day before discovery was scheduled to close, the defendants filed yet another frivolous motion, this time requesting a 4 month enlargement of of time in the scheduling order to take your plaintiff's "deposition" and propound various "dispositive motions" [doc 67]. Again, the court granted their motion only to become a victim of deception. At no time did the defendants take any "deposition" or engage in any motion practice. Both requests were entirely frivolous;

3. Then, on July 1 and 7, 2005, your plaintiff served various discovery requests upon O'Malley, Atkinson, and Grantland, totalling 5 in number. Served upon O'Malley were requests for production and for admissions, dated July 1, 2005, respectively. Served upon Grantland were requests for production dated July 1, 2005, and

Requests for Admission dated July 7, 2005. Served upon Atkinson were requests for production dated July 7, 2005. However, no response from any defendant was at any time filed. Your plaintiff was forced to file numerous compliance motions for their total failures to respond;

4. Your plaintiff subsequently forwarded a rule-based resolution letter to the defendants' Attorney, John Radshaw, seeking to address the continued non-compliance without judicial intervention. As usual, no response was issued and compliance was not executed. A copy of said letter is attached as Exhibit A;

5. Additionally filed were one motion for Summary Judgment, two motions to strike, and a motion for Judicial Notice. The defendants ignored these motions and filed no response at any time. Although technically a response is not mandated (the defendants have merely waived their objections), their continued non-responsiveness is indicative of ongoing contumaciousness and disregard for the Federal Rules and the needs of this action;

6. An order deeming the prima facie elements of your plaintiff's case established is both equitable and warranted. Fed. R. Civ. P. 37 allows courts to sanction for discovery abuses. SEE Fed. R. Civ. P. 37. The Rule's primary goal is to compel discovery by deterring misbehavior. SEE National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976); In re Agent Orange Prod. Liab. Litig., 818 F. 2d 210,

4

212 (2d Cir 1987), cert. denied, 484 U.S. 1004 (1988); U.S. Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954, 955 (2d Cir. 1983)(per curiam). Furthermore, "deeming the establishment of certain facts is one of the least harsh sanctions available to the courts under F.R.C.P. 37(b)... only more severe than the granting of Attorney's Fees." Chilcutt v. United States, 4 F.3d 1313, 1316 (5th Cir 1993). In Insurance Corp of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982), the Supreme Court considered the imposition of such less severe sanctions and established 2 guidelines: (1) the sanctions must be just and fair, and (2) they must be "specifically related" to the claim affected by the discovery abuse. Id at 707. Furthermore, the Chilcutt court reasoned that "when an adverse party fails to provide requested material and presents no objections to discovery, there can be a valid inference that the information would have strengthened the requesting party's claim." Chilcutt, supra, citing Hammond Packaging Co., v. Arkansas, 212 U.S. 322, 351 (1909). Here, because the defendants — every defendant — has absolutely ignored the preceding 25 motions and discovery requests, there is and should be a valid inference that the requested material would have strengthened your plaintiff's claim. Indeed, it is essentially indisputable that some portion of information requested in the multitude of disregarded discovery requests would have strengthened your plaintiff's claim. Furthermore, the sanction requested is just and fair in that the establishment of facts is

5

considered to be a sanction mild in severity. Because any one of such violations could have legitimately warranted the requested sanction, and your plaintiff has, in fact, demonstrated a TOTAL of 25 such violations, the requested sanction is just. In addition, that the defendants have egregiously disregarded a court order to answer your plaintiff's amended complaint adds even further support to the appropriateness of the requested sanction; clearly a direct relationship between conduct and sanction exists. Because such major infractions underly a clear record of delay and contumacious conduct, a sanction deeming the prima facie elements of your plaintiff's case established is warranted;

7. Specifically requested to be established are the facts pleaded in paragraphs 8, 11, 12, 13, 16, 17, 19, and 21 of your plaintiff's amended complaint. A copy of such paragraphs are attached herewith as Exhibits A, B, C, and D, respectively;

8. In addition, should the defendants fail to respond or object to this motion, this Honorable Court should imply consent to your plaintiff's requested relief, and any objection should be deemed waived. A copy of this motion has, of course, been forwarded to counsel for the defendants as hereinunder certified;

WHEREFORE, your undersigned plaintiff respectfully requests that this Honorable Court deem the facts as

6

pleaded in paragraphs 8, 11, 12, 13, 16, 17, 19, and 21 as conclusively established.

Respectfully submitted,

_____

Robert Salatto, Plaintiff
982 Norwich-New London Tnpk.
Uncasville, Ct 06382

CERTIFICATION

This is to certify that one copy hereof was mailed to counsel for the defendants, John J. Radshaw III, Howd and Ludorf, 65 Wethersfield Avenue, Hartford, Ct 06114, by U.S. Mail, first-class postage prepaid on:

_____

Robert Salatto, Plaintiff

Attorney John Radshaw III
Howd And Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

RE: <u>Good-faith Attempt to resolve discovery non-compliance</u>

Dear Attorney Radshaw:

As you know, I recently served discovery requests upon defendants O'Malley, Atkinson, And Gumoland. The responses were due several days ago. I received no response, compliance, or objection in Any way, shape, or form. The defendants have Also failed to respond to at least 20 other letters And discovery requests. Please comply immediately with all overdue discovery requests, including the recent requests under rules 33 And 34 And 36 of the federal Rules of Civil Procedure. If I do not receive an immediate response to this letter, I will seek discovery sanctions And compelled compliance. I do not wish to do such, please just comply.

<u>CONSIDER THIS MY GOOD-FAITH RESOLUTION ATTEMPT.</u>

Respectfully,



8

21. The defendant Town of Branford realized and appreciated a need in these defendants for sufficient or renewed training, and for continued supervision, yet the Town of Branford took no action and made no effort to train, re-train, or adequately supervise these defendants even in the face of that manifest and obvious necessity;

22. In addition, the Town of Branford and the defendant agents of the Branford Police Department exerted dominion and physical control over the plaintiff of a special and dominant nature on November 15, 2001, in that the plaintiff was incarcerated and imprisoned within their custody and the instrumentality necessary for the plaintiff to obtain medical treatment existed exclusively within their control and that, but for their assistance, the plaintiff could not have obtained or accessed such treatment as was required;

LEGAL CLAIMS

23. The acts and omissions of the defendants as described in paragraphs eight (8) through thirteen (13) and sixteen (16) and seventeen (17) chilled the plaintiff of rights secured to him via the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution;

24. The defendants' actions were unconstitutional in that the plaintiff was entitled, under clearly established and unambiguous law, to reasonable medical care and treatment for his serious medical needs, including, without question, a basic medical evaluation for his

6

13. The plaintiff also made several requests for medical attention to Shift Commander Grantland, to no avail. In fact, the plaintiff's father additionally telephoned defendant Grantland and requested that, as a safety measure, defendant Grantland cause the plaintiff to be medically evaluated for his chest pain and vomiting. Defendant Grantland again took no action, even ignoring written police procedures mandating notification to the ambulance/rescue squad. The defendants, including defendant Grantland, continued to deny the plaintiff constitutionally required and administratively mandated medical treatment in a direct effort to harrass, vexate, and punish him;

14. Additionally, these defendants knew or should have known that the plaintiff might attempt to cause himself bodily harm while in custody, yet they implemented no degree of precautionary measures in preclusion of any such attempt;

15. These defendants had particular knowledge, through their prior dealings with the plaintiff, that he was under the care of a physician, on medication, and had been recently hospitalized for major depression and a suicide attempt. Nonetheless, these defendants ignored clear and specific police orders to dispossess him of his belt, necktie, and shoelaces while detained;

16. Ultimately, the plaintiff did, in fact, attempt suicide by hanging himself with one or more of these items. Interestingly, even after numerous officers were dispatched to his aid and pulled him down,

7

DEFENDANT GRANTLAND AGAIN REFUSED TO NOTIFY THE LOCAL PARAMEDICS OF THE PLAINTIFF'S INJURIES OR CAUSE MEDICAL TREATMENT TO BE PROVIDED;

17. EVENTUALLY, WHEN THE PLAINTIFF CONTINUED TO REQUEST AND PLEAD FOR MEDICAL ATTENTION, BOTH FOR HIS INJURIES AND FOR THE CONTINUING CHEST PAIN, THE DEFENDANTS, O'MALLEY AND ATKINSON, APPLIED UNNECESSARY AND OBJECTIVELY UNREASONABLE FORCE TO HIS PERSON BY PUNCHING, KICKING, AND BODY-SLAMMING, AND DRIVING HIS HEAD INTO A PARKED POLICE VEHICLE, ALL WHILE HIS HANDS WERE SECURED BEHIND HIS BACK WITH HANDCUFFS;

18. THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, ADDITIONALLY MADE A MYRIAD OF UTTERLY FALSE AND SLANDEROUS COMMENTS ABOUT THE PLAINTIFF TO HIS FIANCEE, KAREN HOLMES, JUST BEFORE THEIR PLANNED WEDDING, INCLUDING OUTRAGEOUS REPRESENTATIONS THAT THE PLAINTIFF "HAS AIDS... IS SPREADING AIDS THROUGH BRANFORD... IS DYING OF AIDS..." AND THAT SHE SHOULD "GET TESTED" AND REFRAIN HERSELF FROM SEXUAL RELATIONS OR MARRIAGE WITH THE PLAINTIFF;

19. ON A COMPLETELY DIFFERENT OCCASION, NOVEMBER 15, 2001, THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, MADE SIMILAR REPRESENTATIONS TO THE PLAINTIFF'S FATHER, TELLING HIM THAT HIS SON IS OCCUPIED "SPREADING AIDS THROUGH BRANFORD..."

20. ~~ON YET ANOTHER COMPLETELY DIFFERENT OCCASION, DEFENDANT~~ ATKINSON CREATED A HANDWRITTEN FOOTNOTE ON AN OFFICIAL AND PUBLIC DOCUMENT, REFERENCING ABOUT THE PLAINTIFF: "HE IS HIV POSITIVE." DESPITE THE OUTRIGHT FALSITY OF THAT CLAIM, THE DEFENDANTS THEN CIRCULATED THAT DOCUMENT TO OTHER INDIVIDUALS;

5

8. During the detention, the plaintiff began to experience tightening and clubbing within his chest, together with dizziness and shortness of breath. The plaintiff informed these defendants in clear language that he was "NOT FEELING WELL", and experiencing "CHEST PAIN" and "DIZZINESS."

9. The plaintiff had recently been hospitalized. The plaintiff had requested that the defendants permit his father to furnish his prescription medication in aid of his symptoms, but the defendants ignored and denied his request;

10. Several minutes later, when the plaintiff's symptoms worsened, he clearly and firmly requested that the defendants "CALL AN AMBULANCE." The defendants, however, again denied his request;

11. The plaintiff's father additionally interjected and demanded that the defendants "CALL AN AMBULANCE." The defendants, once again, ignored and denied the request. Among the things they replied: "...YOUR SON ISN'T TOO WORRIED... WHEN HE'S... SPREADING AIDS THROUGH BRANFORD..."

12. The plaintiff continued to remain in the throes of a potentially serious medical condition for several hours. He additionally continued to advance request after unheeded request to the defendants for a medical evaluation at all points throughout his arrest and detention at the Branford Police Department. The plaintiff continually complained of "CHEST PAIN," "PRESSURE," and "DIZZINESS." At one point, the plaintiff collapsed and vomited;