Robert Salatto
          Plaintiff

Vs.

Town of Branford, et al,
          Defendants

FILED
3:02 CV 230 EBB
2006 JAN 24 P 12:24
DISTRICT COURT

January 15, 2006

## Plaintiff's Motion for Judgment by Default

Your undersigned plaintiff, Robert Salatto, pursuant to FRCP 55(b)(2), hereby requests that this Honorable Court render a judgment by default against defendants Town of Branford, David Atkinson, and Patrick O'Malley. In support of this motion, the undersigned respectfully represents as follows

1. All defendants to this action are represented by counsel. On January 3, 2006, this court entered a default against defendants Branford, O'Malley, and Atkinson, and directed the undersigned to FILE a motion for judgment by default against said defendants within 30 days. A copy of said order is attached herewith as Exhibit A;

2. The allegations of your plaintiff's initial motion to the court requesting both an entry of default and a judgment by default are incorporated herein by reference as though fully set forth. Said motion is attached as Exhibit B;

3. The defendants have demonstrated a clear record of delay and contumacious conduct in this action. In 2004, all defendants to this action absented themselves from participation in this proceeding and failed to meet their obligations under the federal Rules of Civil Procedure. SEE Exhibit B. In total, said defendants have absolutely ignored 25 consecutive motions and discovery requests, as well as a motion for summary judgment, the initial motion for default, and a multitude of personal communications implying cooperation. Finally, on January 3, 2026, this court entered a default against said defendants, for disobedience to a court order to respond;

4. No good reason exists why this Honorable Court should not render a judgment by default against said defendants. All defendants to this action are represented by counsel. No defendant to this action is presently in the military. No defendant to this action is an infant of incompetent. A copy of this motion has been duly certified to their attorney. Your plaintiff has executed a duly sworn renewed affidavit attesting to such facts, attached herewith as Exhibit C;

5. An inquest pursuant to F.R.C.P. 55(b)(1) and (b)(2) is hereby requested, as the claim for relief in this action does not meet the FRCP 55 test for a sum certain;

WHEREFORE, a judgment by default is hereby requested against defendants Town of Branford, David Atkinson, and Patrick O'Malley.

Respectfully submitted,

Robert F. Salatto
982 Norwich - New London Tnpk
Uncasville, CT 06382

## CERTIFICATION

This is to certify that one copy of the foregoing was mailed, postage prepaid, to Attorney John Radshaw, 645 Wethersfield Avenue, Hartford, CT, 06114, on

January 15, 2006.

Robert Salatto

Exhibit A

1 of 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ROBERT SALATTO, JR.

                                             PRISONER

                             CASE NO. 3:02cv230 (EBB) (JGM)

    v.

TOWN OF BRANFORD, ET AL.

## RULING AND ORDER

    Pending before the court is a motion for default, two motions to compel, a motion to withdraw, a motion for leave to file interrogatories, two motions to strike and three motions for sanctions filed by the plaintiff. For the reasons set forth below, the motions for default, to compel and to withdraw are granted and the motions to strike and for sanctions are denied.

I.    Motion for Default [doc. # 95]

    The plaintiff seeks to default the defendants for failure to plead. Under the court's current scheduling order, defendants Town of Branford, O'Malley and Atkinson were to respond to the second amended complaint on or before July 3, 2005. (See doc. # 80.) To date, counsel for the defendants has failed to file a response to the second amended complaint. The motion for default is granted as to defendants Town of Branford, O'Malley and Atkinson for failure to plead.

    Any motion to set aside default shall be filed within twenty days of the date of this order. Plaintiff is advised that if a motion for default judgment is not filed within thirty days of the date of this ruling, the second amended complaint will be dismissed as to defendants Town of Branford, O'Malley and Atkinson.

    The record reveals that Defendant Grantland has never been served with a copy of the

Robert Salatto
    Plaintiff

Vs

Town of Branford, et.al.,
    Defendants

N° 3.02 CV 230 (EBB)(JGM)

### Plaintiff's Motion to Court For Default Judgment Against All Defendants

Your undersigned Plaintiff, Robert Salatto, hereby requests that this Honorable Court enter a default judgment, pursuant to Fed.R.Civ.P. 55(b)(2), against defendants Town of Branford, Patrick O'Malley, David Atkinson, and Thomas Grymland (hereinafter "defendants"). In support of this motion, your plaintiff respectfully represents as follows:

1. The defendants have evidenced a clear record of delay and contumacious conduct in this action. They have had no contact with this action since August 2004. Since that time, they have indicated a clear intention to abandon defense of this action through their consistent nonfeasance. In total, the defendants have absolutely ignored 25 independent motions and discovery requests, as well as a motion for summary judgment and a multitude of personal communications imploring cooperation. Their recalcitrant conduct has spanned the course of one year. Such ignorance of the law, and of their obligations under the Federal Rules of Civil Procedure, and their egregious violation of a court order to respond, by anyone's standard, rises above gross negligence and constitutes

2

A willful and knowing default:

2. This claim was filed September 25, 2002. The defendants appeared and filed serial motions for stay, until August 29, 2003. An answer was ultimately filed on January 16, 2004. Subsequently, they participated in limited motion practice by framing a dilatory motion for bond [doc 43]; to dismiss for lack of bond [doc 47]; a parties' planning report [doc 49]; and memorandums in opposition to 2 of plaintiffs' discovery motions [docs 54 and 60]. Beyond that, they have failed to respond, produce, defend this action in good faith, or permit your plaintiff to obtain discovery. The defendants' conduct has violated the certification requirements of Rule 11, their obligations under the scheduling order, and the aims of federal Rule 1. Judgment by default is equitable and unrefuted;

3 On the last 2 occasions that the defendants have appeared, they undertook in a festival of frivolity. On August 31, 2004, they requested an enlargement of time to respond to your plaintiffs' valid discovery requests [doc 55]. The court granted the motion, and the defendants subsequently ignored their own request and took no action. No responses were at any time filed. Subsequently, one day prior to the close of discovery, the defendants filed yet another frivolous motion, this time requesting an additional 4 month enlargment in the scheduling order to conduct further discovery, depose your plaintiff, and file various dispositive motions [doc 67]. Again, the court granted their motion only to become a victim of deception. At no time did the defendants seek any additional discovery, take your plaintiffs' deposition,

3

or file any dispositive motions. Both requests were entirely frivolous, and a pretext for delay. From that point, the defendants uncooperation became more apparent and egregious, they simply stopped responding.

4. In total, the defendants have since ignored some 25 successive motions and discovery requests, including a motion for summary judgment and numerous motions for sanctions. They have also ignored a multitude of written communications imploring cooperation. On April 12, 2005, an amended complaint was filed. The court ordered the defendants to answer the complaint by July 3, 2005 [See Magistrate's Order dated June 3, 2005]. To date, no answer was at any time filed. Your plaintiff subsequently filed numerous motions and discovery requests to the defendants, through their attorney. The defendants absolutely ignored all such requests. Your plaintiff then forwarded several letters requesting compliance. After the defendants took no action, your plaintiff forwarded an ultimatum letter in which he indicated that if compliance were not immediately executed, he would vigorously pursue a judgment by default. A copy of several letters are attached herewith as Exhibit A. With a clear understanding that your plaintiff would seek a judgment by default, the defendants took absolutely no action. No answer was at any time filed, and compliance was not executed. Defiance of this magnitude, and of the court order to respond, warrants default;

5. When A PARTY defaults, the district court may enter a final judgment without a trial on liability. F.R.C.P. 55. A default occurs when the defendant does not plead or otherwise respond to the complaint. New York Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir 1996); Pretzel and Stauffer v. Imperial Adjusters, 28 F.3d 42, 44 (7th Cir. 1994). In this case no answer was filed to the Amended complaint. On June 3, 2005, this court ordered the defendants to answer the Amended complaint by July 3, 2005. The defendants took no action. The defendants similarly took no action to the previous 15 propounded motions and discovery requests, as well as a plethora of written communications imploring compliance. The defendants ignored several motions for sanctions, and a motion for summary judgment. The defendants have violated the scheduling order and the Federal Rules of Civil Procedure. Moreover, After 12 months of absolute nonfeasance, your plaintiff has sent the defendants a letter indicating that he would "vigorously pursue a judgment by default" if compliance was not immediately executed. No action was taken by the defendants. A judgment by default is warranted;

6. A party may move for entry of default and default judgment in the same document. Direct Mail Specialists, Inc v. Eclat Tech, Inc., 840 F.2d 685, 689 (9th Cir. 1988). Further, where the party against whom a default is sought has appeared but later defaulted, the court must enter default. F.R.C.P. 55(b)(2); Hoxworth v. Blinder, Robinson, And Co, 980 F.2d 912, 917-18 (3rd Cir. 1992) (defendant refused to cooperate

-5-

in discovery and appear for trial); Ringgold Corp. v. Worrall, 880, F.2d 1138, 1140-41 (11th Cir. 1989)(defendant refused to attend pretrial conference); Mutuel Fed. S and L Assn. v. Richards, 872 F.2d 88, 93 (4th Cir. 1989)(defendant refused to cooperate in discovery). It is therefore requested that this court grant entry of default and default judgment based on this motion;

7. Additionally, your plaintiff has requested unliquidated damages. Because the claim for relief does not meet the FRCP. 55(b)(1) test for a sum certain, the court must grant default and hold an inquest. F.R.C.P. 55(b)(1), (b)(2). It is therefore requested that this court grant default and conduct an inquest;

8. Your plaintiff has attached a duly sworn affidavit to this motion as Exhibit B. The declarations set forth in said affidavit are incorporated herein by reference as though fully set forth. No defendant to this action is presently in the military. No defendant to this action is an infant or incompetent. All defendants to this action are represented by counsel. A copy of this motion has been certified to counsel;

9. In addition to compensatory and punitive damages, your plaintiff has made a de bene esse demand for Attorney's Fees under 42 U.S.C. 1988(b) and F.R.C.P. 54(a)(2). Your plaintiff reiterates his demand for Attorney's Fees and all costs of litigation, and reserves his right to retain counsel at any juncture of this proceeding or at an inquest;

10. Lastly, on July 1, 2005, your plaintiff filed a motion for summary judgment against defendant David Atkinson respecting supplementally invoked defamation claims. To the extent possible, your plaintiff respectfully requests that this motion not supersede or VITIATE said motion, and that this court consider and ADJUDICATE said motion independently and on its own merits. A successfully pursued summary judgment, on supplementally invoked claims, is more akin to a judgment on the merits and would be potentially severable and removable to State court under the provisions of F.R.C.P. 21. It is requested that these motions remain independently viable.

WHEREFORE, your undersigned plaintiff respectfully requests that this Honorable court order and enter a default judgment against all defendants to this action.

Respectfully submitted,

Plaintiff

982 Norwich-New London Tnpk.
Uncasville, CT 06382

This is to certify that one copy hereof was mailed, 1st class postage prepaid to Atty. John Radshaw, 65 Wethersfield Avenue, Hartford, CT 06114, on

Plaintiff's Affidavit in Support of Default Judgment

Your undersigned plaintiff, ROBERT SALATTO, After being duly sworn and placed under an oath, does depose and state:

1. That I am plaintiff in the Action entitled Salatto v Branford And as such make these statements Based upon personal Knowledge;

2. That No defendant to this Action is in the Military. I called the Branford Police Department and was Advised that the defendants Are still presently Branford Police officers;

3. That No defendant to this Action is An infant or incompetent;

4. That This court issued an order in it's June 3, 2005 Ruling and order commanding the defendants to Answer the Amended complaint by July 3, 2005;

5. That the defendants violated said order and Took No Action to Answer Said Amended complaint;

6. Accordingly, the defendants Are presently in default. I know of No good reason why A default Judgment should not be entered;

7. All defendants to this Action Are represented by counsel;

8. That defendants' counsel was certified with a copy of this Motion.

**MICHAEL LEWIS**
***NOTARY PUBLIC***
MY COMMISSION EXPIRES APR. 30, 2008

_Michael Lewis_
NOTARY PUBLIC

_Robert Salatto_
ROBERT SALATTO
PLAINTIFF

## Plaintiff's Affidavit in Support of Judgment by Default

Your undersigned plaintiff, Robert Salatto, hereby declares under penalty of perjury, pursuant to <u>28 U.S.C. 1746</u>:

1. That I am the plaintiff in the action entitled Salatto v. Branford, 3:02 CV 230 EBB/JGM, and as such, I make this declaration based upon personal knowledge;

2. That no defendant in this action is (1) in the military, or (2) an infant, or incompetent;

3. That this Honorable Court entered a default against defendants Branford, O'Malley, and Atkinson on January 3, 2006, and directed the undersigned to file a motion requesting judgment by default within thirty (30) days;

4. That all defendants to this action are represented by counsel, and that said counsel was certified a copy of this motion;

5. The allegations of your plaintiff's duly sworn and notarized affidavit in support of default judgment respecting the initial motion for default are incorporated herein by reference as though fully set forth;

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 9, 2006. (28 U.S.C. 1746)

Robert Salatto