Robert Salatto
  Plaintiff

Vs.

Town of Branford, et al.,
  Defendants

3:02 CV 230 (EBB) JGM

2006 JAN 31 P 12: 20

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

January 28, 2006

## Plaintiff's Motion to Compel Responses to Interrogatories

Your undersigned plaintiff, pursuant to F.R.C.P. 33(b)(5) and 37(a)(2)(B) hereby requests that this Honorable Court compel the defendants, Thomas Grantland, David Atkinson, and Patrick O'Malley to advance full and frank responses to the interrogatories propounded to them by your plaintiff dated May 3, 2004. In support of this motion, your plaintiff respectfully represents as follows:

1. On May 3, 2004, your plaintiff propounded interrogatories to defendants Grantland, Atkinson, and O'Malley. Said interrogatories are attached herewith as Exhibits A, B, and C, respectively;

2. On June 3, 2004, said defendants, through their Attorney, advanced responses. However, the defendants merely objected to many of the interrogatories claiming that the information requested is "irrelevant, immaterial, and... [not calculated to] lead to the discovery of admissible evidence." See, e.g., Exhibit A;

3. Your plaintiff subsequently undertook numerous attempts to address such objections with opposing counsel and requested compliance devoid of judicial intervention as required pursuant to FRCP 37(a)(2)(A) and D.Conn.L.Rule 37(a)(2). However, such attempts were unsuccessful. In fact, the defendants absented themselves from participation in this action and failed to respond to some 29 consecutive discovery requests and motions. SEE, e.g., plaintiff's Motion for default [DOC # 95]. This court entered a default against the defendants for violating a court order to respond on January 3, 2006. Your plaintiff executed a final attempt to induce cooperation respecting the discovery dispute in January 2006, by letter. However, the defendants did not fully and frankly comply with the discovery request;

4. The information requested from these defendants is discoverable pursuant to FRCP 26(b). An order compelling these defendants to fully divulge the requested material is proper and equitable. Moreover, because these defendants have absented themselves from the discovery process for more than 16 months as a tactical approach to stonewall your plaintiff and thwart reasonable discovery efforts, disclosure of this material is all the more equitable;

5. In the event that this court finds itself unwilling to compel disclosure of said information on the basis of the "claims and defenses" language enunciated in FRCP 26(b), your plaintiff hereby requests an enlargement of the discovery

scope to that of the "subject matter" of the action, as provided similarly in FRCP 26(b);

6. Your plaintiff would respectfully submit that the requested information is discoverable and relevant to his claims and defenses, but if not, the material is clearly relevant to the subject matter of this action. The defendants' contumaciousness in refusing to participate in discovery practices for some 16 months and effectively erecting an iron curtain between your plaintiff, the defendants, and various articles of evidence through such an absence constitutes good cause for an enlargement in the discovery scope and an order compelling the defendants to respond to said interrogatories without reservation;

7. A memorandum of law is attached herewith supporting this motion;

Wherefore, an order compelling Quartland, Atkinson, and O'Malley to fully respond to the attached interrogatories is aptly warranted.

Respectfully submitted,

_____
Robert Saletto
982 Norwich-New London Tpk
Uncasville, CT 06382