Robert Salatto
    Plaintiff

Vs.

Town of Branford, et al.,
    Defendants

3:02 CV 230 EBB/JGM

FILED
2006 JAN 31 P 12:20

U.S. DISTRICT COURT
BRIDGEPORT CONN

January 28, 2006

<u>Plaintiff's Memorandum of Law in Support
of Compelled Compliance of
Interrogatories</u>

Your undersigned plaintiff, Robert Salatto, hereby files this memorandum of law requesting compelled responses to interrogatories directed to defendants Grantland, Atkinson, and O'Malley.

I. <u>BACKGROUND</u>

On May 3, 2004, your undersigned plaintiff directed interrogatories to defendants Grantland, Atkinson, and O'Malley. See Exhibits A, B, and C, respectively. The defendants, through their attorney, objected to many of such interrogatories, claiming that the information sought fell outside the realm of discoverable subject matter. This conclusion is erroneous. The defendants have adopted this position as a tactical approach to stonewall your plaintiff and thwart reasonable and due discovery efforts. In fact, the defendants have absented themselves from this action and refused to comply, respond, or acknowledge your

plaintiff's reasonable discovery requests and motions for more than 16 months. A default was entered against defendants Bamford, O'Malley, and Atkinson on January 3, 2006, for their failure to obey a court order directing them to respond to this action by July 3, 2005. The defendants' failure to comply with the reasonable needs of this action, and their refusal to respond to reasonable discovery requests in this action has been egregious.

## II. LAW AND ARGUMENT

### A. Scope of Discovery

FRCP 26(b) addresses the scope of discovery and controls what information can and cannot be discovered. In an effort to regulate contentious discovery requests, the 2000 amendments to FRCP 26 narrowed the scope of permissible discovery. See FRCP 26, as amended, Thompson v. Dept. of Hous. and Urban Dev., 199 F.R.D. 168, 171 (D.Md 2001). Under the amended rules, a party can discover any nonprivileged information relevant to the claims or defenses of any other party. FRCP 26(b)(1). If a party desires information relevant to the subject matter of the lawsuit, it must show good cause and obtain a court order. Id. Courts have a great deal of latitude in awarding subject matter discovery. See, e.g., Lpnnenzano v. Lehigh Valley Hosp., ___ F.Supp. 2d ___ (E.D. PA 2001) (allowing discovery regarding "incidents of the same type" in discrimination suit). Relevant information does not have to be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1); Degan v. U.S., 517

U.S. 820, 825-26, 116 S.Ct 1777, 1782 (1996). A party is entitled to discover information about all fact witnesses. FRCP 26(b)(i). Fact witnesses include all persons with relevant information, whether or not their testimony supports the position of the disclosing party. Sheetz v. Bridgestone/Firestone, Inc., 152 F.R.D. 628, 631 n. 3 (D. Mont. 1993). Opinions and contentions of a party that relate to a fact, or the application of law to a fact are generally discoverable. See FRCP 26(b)(i), 36. A party may ask another party to admit a statement, opinion, legal or factual conclusion, or the genuineness of a document. FRCP 36. It is clear that the scope of discovery under the Federal Rules of Civil Procedure is meant to be somewhat expansive and flexible.

FRCP 26(b)(i) vests broad discretion in the court to permit subject matter discovery: "Under the amended provisions [of FRCP 26], if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims and defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." 2000 Advisory Committee Notes of FRCP 26 at n. 24. Furthermore, "The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter... cannot be defined with precision. A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard..."

3

Similarly, information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Id at note 26. "When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." Id at n. 26. "The good-cause standard warranting broader discovery is meant to be flexible." Id at n. 24. It becomes manifest through a careful analysis of the Advisory Committee Notes respecting FRCP 26, that the court has broad, flexible discretion to permit subject-matter discovery when necessary, and that this would be an appropriate case for it to do such.

B. <u>The Information Requested of Defendants Grantland, Atkinson, and O'Malley is relevant to the Claims and Defenses Raised in this Action and is discoverable</u>

No factual demands are made of these defendants in the interrogatories propounded to them by your plaintiff. See Exhibits A, B, and C. The information sought from defendants Grantland, Atkinson, and O'Malley is relevant to the claims and defenses asserted in this action and is thus properly discoverable. This court should compel these defendants to fully and frankly respond to said interrogatories.

4

C. <u>EVEN IF THE INFORMATION SOUGHT FROM THESE DEFENDANTS EXCEEDS THE CLAIMS AND DEFENSES ASSERTED IN THIS ACTION, THE REQUESTED INFORMATION IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.</u>

FRCP 26(b)(1) provides that "[r]elevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1). In this case, even if the information sought from these defendants is found to exceed the "claims and defenses" language of FRCP 26, it is not susceptible to reasonable dispute that such information is "reasonably calculated to lead to the discovery of admissible evidence." Compelled compliance with the interrogatories should therefore be ordered.

D. <u>ALTERNATELY, GOOD CAUSE EXISTS FOR THIS COURT TO ORDER SUBJECT MATTER DISCOVERY</u>

FRCP 26(b)(1) vests broad discretion upon the court to expand the scope of discovery to that of the "subject matter" of the action, upon a showing of good cause. FRCP 26(b)(1). In this action, the defendants have absented themselves from this action for some 16 months and effectively stonewalled your plaintiff's reasonable discovery requests through recalcitrance and nonresponsiveness. A default was

5

entered against several defendants on January 3, 2006, after they violated a judicial order directing them to respond. See Order dated January 3, 2006; see also order dated June 3, 2005. In consequence of their consistent refusal to cooperate with reasonable discovery requests, and their egregious refusal to respond to this action since 2004, good cause exists for compelled compliance with the instant interrogatories.

Your plaintiff is entitled to a reasonable opportunity to discover and present his claims to a jury. It would be reasonable for this Honorable Court to order compelled compliance with each and every interrogatory objected to by defendants Grantland, Atkinson, and O'Malley in the interrogatories propounded to him dated May 3, 2004.

Wherefore, an order compelling Grantland, Atkinson, and O'Malley to respond to each and every interrogatory, fully and frankly, objected to by them in their responses dated June 3, 2004, is hereby requested.

Respectfully Submitted,

_____
Robert Salatto
982 Norwich–New London Tpk.
Uncasville, CT 06382

CERTIFICATION

One copy of the foregoing was certified to Attorney John Radshaw, West Wethersfield Hartford, CT, postage prepaid, on: Jan 28, 2006

_____ Robert Salatto

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT F. SALATTO, JR. | NO.: 3:02 CV 0230 (EBB) |
| v. | |
| TOWN OF BRANFORD; ROBERT GILL, CHIEF OF POLICE; PATRICK O'MALLEY, PATROL OFFICER; DAVID ATKINSON, PATROL OFFICER; and JOHN DOE, SHIFT SUPERVISOR | June 3, 2004 |

## DEFENDANT THOMAS W. GRANTLAND'S RESPONSES/OBJECTIONS TO PLAINTIFF'S INTERROGATORIES DATED MAY 3, 2004

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, THOMAS W. GRANTLAND, hereby responds and objects to plaintiff's interrogatories dated May 3, 2004, as follows:

### INTERROGATORIES

1. Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 1 insofar as it impermissibly intrudes upon the attorney-client relationship. This interrogatory seeks information that is exempt from disclosure under the attorney-client privilege and seeks to obtain the thoughts, mental impressions and trial strategies of counsel.

Without waiving any objection, the defendant responds: Thomas W. Grantland.

2. State your full name, any other names by which you have been known, your date of birth, all residences which you have lived at during the 10 years preceding the date of these interrogatories, and your social security number:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 2, insofar as it seeks his date of birth, previous and current residences, and social security number. This information is irrelevant, immaterial and will not lead to the discovery of admissible evidence. As a law enforcement officer in the State of Connecticut, the residential addresses are exempt from disclosure. Furthermore, the defendant's social security number is a private number between the Federal government and the individual. The plaintiff's lawsuit does not give him the power to

conduct a fishing expedition into the private life of the defendant. Moreover, in our modern society, concerns of identity theft and other economic crime is a substantial issue insofar as the plaintiff is a convicted felon.

Without waiving any objection the defendant responds: Thomas W. Grantland, c/o Town of Branford Police Department, 33 Laurel Street, Branford, CT 06405.

3. State the name, address, and years of attendance and graduation for each school that you have attended, commencing with high school, and including college, or any other place of training or continuing education;

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 3 as it is irrelevant, immaterial and is not calculated to lead to discovery of admissible evidence. The defendant's educational background has no bearing on the claims advanced by the plaintiff in his complaint. While naming the Town of Branford, the plaintiff does allege any constitutional violations on the part of the Town based on its failure to train the defendant. Moreover, disclosure of this educational information could allow the plaintiff to uncover the defendant's residential address which is exempt from disclosure.

Without waiving any objection, the defendant responds: Thomas W. Grantland, is a law enforcement officer licensed and certified by the State of Connecticut. He was graduated from high school and college, earning a B.A. in criminal justice administration. He was graduated from the police academy which is now known as P.O.S.T.

4. Identify all prior incidents to which you were a defendant, a respondent, a witness, or a party, involving an accusation of abuse of authority, excessive force, or failure to provide medical attention during the course of an investigation, arrest, or a detention:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, hereby objects to interrogatory no. 4 as is it irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Moreover, the interrogatory is overbroad encompassing the defendant's more than thirty (30) years of service as a police officer with the Town of Branford. Additionally, the identification of the defendant as a "respondent," "witness," "party," is well beyond the scope of discovery. Furthermore, the terms "abuse of authority," "respondent, and "witness" are not defined and makes no sense as phrased.

5. If you are currently the subject of any civil action, as either the plaintiff or the defendant, please state the name of the action, the court in which the action is pending, and give a description of the subject matter of the lawsuit:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, hereby objects to interrogatory no. 5 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Whether or not the defendant is or has been a litigant on any subject whatsoever has no bearing on the claims of the plaintiff. This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant.

6. If the plaintiff was injured in any manner or claimed to be ill, or requested medical attention while in custody on November 1, 2001, or November 15, 2001, describe the injury, claimed illness, or the basis for his request for medical attention:

**RESPONSE:**

The defendant, Thomas W. Grantland, has no personal knowledge as to whether the plaintiff was injured in any manner on November 1, or November 15, 2001

7. If any officers or other persons present during the plaintiff's arrest or detention on November 1, 2001 or November 15, 2001 drew their service revolver or employed the use of physical force upon his person at any time, identify the weapon drawn, the character and degree of force used, the person(s) whom employed such force, and the specific reasons therefore:

**RESPONSE:**

The defendant, Thomas W. Grantland, has no personal knowledge as to whether a service revolver was drawn on either November 1, 2001 or November 15, 2001. Similarly, Lieutenant Grantland has no personal knowledge as to whether any degree of force was used against the plaintiff on either November 1, 2001 or November 15, 2001.

8. Identify all internal regulations and policies relating to the Branford Police Department's guidelines on the use of force upon a suspect or a detainee, deadly or otherwise, during the course of an investigation, arrest or detention:

**RESPONSE:**

See attached.

20. State whether you have been, at any time, called to testify as a witness before a live proceeding in any civil, criminal, disciplinary, or administrative action. If so, state (1) the court, administrative body, or entity at which you testified; (2) the name of the action or proceeding at which you testified; and (3) the name of the person(s) on whose behalf you testified:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, hereby objects to interrogatory no. 20 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Whether or not the defendant is or has been a witness on any subject in either and administrative, civil or criminal matters whatsoever has no bearing on the claims of the plaintiff. This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant.

Moreover, this interrogatory is unduly burdensome insofar as Lieutenant Grantland has been a police officer for more than thirty (30) years and could not possibly compile all of the times that he was required to testify in this regard. This is another example of the plaintiff's effort to harass, vex, and annoy the defendant.

21. State whether you have, at any time, been terminated or resigned for any reason from a course of gainful employment:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, hereby objects to interrogatory no. 21 as is it irrelevant, immaterial, and is not calculated to lead to the discovery of admissible evidence. The employment history of the defendant has absolutely no bearing on the claims of the plaintiff and is another example of the plaintiff's effort to harass, annoy and vex the defendant.

22. Identify all potential parties to this lawsuit:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 22 insofar as it violative of the attorney-client privilege and seeks to discovery thoughts, mental impressions and trial strategies of counsel. Moreover, interrogatory no. 22 calls for legal conclusions, a topic not properly the subject of fact discovery.

(23)    Identify any person having knowledge of discoverable matter, other than those individuals used to support your claims or defenses.

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 23 insofar as it violative of the attorney-client privilege and seeks to discovery thoughts, mental impressions and trial strategies of counsel. Additionally, interrogatory no. 23 calls for a legal conclusion, something that is not properly advanced in fact discovery.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; and DAVID ATKINSON, Patrol Officer.

John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

**CERTIFICATION**

I hereby certify that on June 3, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
466 West Main Street
Waterbury, CT 06702

John J. Radshaw, III

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT F. SALATTO, JR. | NO.: 3:02 CV 0230 (EBB) |
| v. | |
| TOWN OF BRANFORD; ROBERT GILL, CHIEF OF POLICE; PATRICK O'MALLEY, PATROL OFFICER; DAVID ATKINSON, PATROL OFFICER; and JOHN DOE, SHIFT SUPERVISOR | June 3, 2004 |

### DEFENDANT DAVID ATKINSON'S RESPONSES/OBJECTIONS TO PLAINTIFF'S INTERROGATORIES DATED MAY 3, 2004

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, DAVID ATKINSON, hereby responds/objects to plaintiff's interrogatories dated May 3, 2004, as follows:

### INTERROGATORIES

(1) Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories:

**RESPONSE:**

**OBJECTION.** The defendant, David J. Atkinson, objects to interrogatory no. 1 insofar as it impermissibly intrudes upon the attorney-client relationship. This interrogatory seeks information that is exempt from disclosure under the attorney-client privilege and seeks to obtain the thoughts, mental impressions and trial strategies of counsel.

Without waiving any objection, the defendant responds: David J. Atkinson.

(2) State your full name, any other names by which you have been known, your date of birth, the addresses of all residences to which you have lived during the 10 years preceding the date of these interrogatories, and your social security number:

**RESPONSE:**

**OBJECTION.** The defendant, David J. Atkinson, objects to interrogatory no. 2, insofar as it seeks his date of birth, previous and current residences, and social security number. This information is irrelevant, immaterial and will not lead to the discovery of admissible evidence. As a law enforcement officer in the State of Connecticut, the residential addresses are exempt from disclosure. Furthermore, social security number is a private number between the Federal government and the individual. The plaintiff's lawsuit does not give him the power to conduct a fishing expedition into the private life

of the defendant. Moreover, in our modern society concerns of identity theft and other economic crime is a substantial issue insofar as the plaintiff is a convicted felon.

Without waiving any objection, the defendant responds: David J. Atkinson, c/o Town of Branford Police Department, 33 Laurel Street, Branford, CT 06405.

3.) State the name, address, and years of attendance and graduation for each school that you have attended, commencing with high school, and including college, or any other place of training or continuing education;

**RESPONSE:**

**OBJECTION.** The defendant, David J. Atkinson, objects to interrogatory no. 3 as it is irrelevant, immaterial and is not calculated to lead to discovery of admissible evidence. The defendant's educational background has no bearing on the claims advanced by the plaintiff in his complaint. While naming the Town of Branford, the plaintiff does allege any constitutional violations on the part of the Town based on its failure to train the defendant. Moreover, disclosure of this educational information could allow the plaintiff to uncover the defendant's residential address which is exempt from disclosure.

Without waiving any objection, the defendant, David J. Atkinson, is a law enforcement officer licensed and certified by the State of Connecticut. He was graduated from high school and the police academy which is now known as P.O.S.T.

4.) Identify all prior incidents to which you were a defendant, a respondent, a witness, or a party, involving an accusation of abuse of authority, excessive force, or failure to provide medical attention during the course of an investigation, arrest, or a detention:

**RESPONSE:**

**OBJECTION.** The defendant, David Atkinson, hereby objects to interrogatory no. 4 as is it irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Moreover, the interrogatory is overbroad encompassing the defendant's nearly ten (10) years as a police officer with the Town of Branford. Additionally, the identification of the defendant as a "respondent," "witness," "party," is well beyond the scope of discovery. Furthermore, the terms "abuse of authority," "respondent, and "witness" are not defined and makes no sense as phrased. Lastly, there is no claim that the Town of Branford failed to train or discipline Officer Atkinson; accordingly, other instances are both irrelevant and inadmissible. Additionally, this interrogatory is unlimited in time and scope.

17. State whether it is the policy or practice of the Branford Police Department to keep a written data record, or other record, including a caller identification log, regarding incoming telephone calls, including but not limited to, the calling party's name or telephone number, the nature of the call, and whether such calls are contemporaneously recorded. If any portion of this interrogatory is answered in the affirmative, describe the nature of the data recorded, and state (1) the length of time that such audio recordings are preserved and maintained; (2) the length of time that such written records are preserved and maintained:

**RESPONSE**:

As a patrolman, Officer Atkinson is not responsible for the polices or practices of the Town of Branford Police Department as it relates to written data records pertaining to incoming telephone calls or whether such calls are recorded. Officer Atkinson has no personal knowledge as to the specific polices or practices of the Town of Branford Police Department as it relates to written data records pertaining to incoming telephone calls. Generally, Officer Atkinson is aware that some calls are recorded.

18. State whether prisoner detention cells at Branford Police Department are monitored by video an/or audio. If so, specify whether by video or audio, and state (1) whether the content forming the subject of the monitoring is captured by, or reduced to, a recording; (2) the length of time that any such recordings are preserved; and (3) the purpose for which any recordings are maintained:

**RESPONSE**:

As a patrolman, Officer Atkinson is not responsible for operation or maintenance of the equipment which monitors the prisoner detention cells at the Branford Police Department. Generally, Officer Atkinson is aware that many areas of the Branford Police Department had orders, including prisoner detention cells, are monitored by video and audio means. Officer Atkinson has no personal knowledge concerning the nature of the recordings or the time for which said recordings are retained.

19. State whether you have, at any time, been either a plaintiff or a defendant to any civil action, claim, complaint, or administrative action. If so, state (1) the name and docket number of the action; (2) the court, administrative body, or entity at which the action was, or is, being heard, and (3) the disposition:

**RESPONSE:**

**OBJECTION.** The defendant, David J. Atkinson, hereby objects to interrogatory no. 19 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Whether or not the defendant is or has been a plaintiff or defendant on any subject in either and administrative, civil or criminal matters whatsoever has no bearing on the claims of the plaintiff. This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant. Moreover, it is duplicative, in part, of interrogatory no. 5.

6

(20) State whether you have been, at any time, called to testify as a witness before a live proceeding in any civil, criminal, disciplinary, or administrative action. If so, state (1) the court, administrative body, or entity at which you testified; (2) the name of the action or proceeding at which you testified; and (3) the name of the person(s) on whose behalf you testified:

**RESPONSE:**

**OBJECTION.** The defendant, David J. Atkinson, hereby objects to interrogatory no. 20 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Whether or not the defendant is or has been a witness on any subject in either and administrative, civil or criminal matters whatsoever has no bearing on the claims of the plaintiff. This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant.

Moreover, this interrogatory is unduly burdensome insofar as Officer Atkinson has been a police officer for nearly ten (10) years and could not possibly compile all of the times that he was required to testify in this regard. This is another example of the plaintiff's effort to harass, vex, and annoy the defendant.

(21) State whether you have, at any time, been terminated or resigned for any reason from a course of gainful employment:

**RESPONSE:**

**OBJECTION.** The defendant, David J. Atkinson, hereby objects to interrogatory no. 21 as is it irrelevant, immaterial, and is not calculated to lead to the discovery of admissible evidence. The employment history of the defendant has absolutely no bearing on the claims of the plaintiff and is another example of the plaintiff's effort to harass, annoy and vex the defendant.

22. Identify all potential parties to this lawsuit:

**RESPONSE:**

**OBJECTION.** The defendant, David J. Atkinson, objects to interrogatory no. 22 insofar as it violative of the attorney-client privilege and seeks to discovery thoughts, mental impressions and trial strategies of counsel. Moreover, interrogatory no. 22 calls for legal conclusions, a topic not properly the subject of fact discovery.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO, JR.           :       NO.: 3:02 CV 0230 (EBB)
                                 :
v.                               :
                                 :
TOWN OF BRANFORD; ROBERT GILL,   :
CHIEF OF POLICE; PATRICK O'MALLEY,:
PATROL OFFICER; DAVID ATKINSON,  :
PATROL OFFICER; and JOHN DOE,    :
SHIFT SUPERVISOR                 :       June 3, 2004

## DEFENDANT PATRICK J. O'MALLEY'S RESPONSES/OBJECTIONS TO PLAINTIFF'S INTERROGATORIES DATED MAY 3, 2004

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, PATRICK O'MALLEY, hereby responds/objects to plaintiff's interrogatories dated May 3, 2004, as follows:

### INTERROGATORIES

1. Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories:

**RESPONSE:**

   **OBJECTION.** The defendant, Patrick O'Malley, objects to interrogatory no. 1 insofar as it impermissibly intrudes upon the attorney-client relationship. This interrogatory seeks information that is exempt from disclosure under the attorney-client privilege and seeks to obtain the thoughts, mental impressions and trial strategies of counsel.

   Without waiving any objection, the defendant responds: Patrick J. O'Malley.

2. State your full name, any other names by which you have been known, your date of birth, all residences which you have lived at during the 10 years preceding the date of these interrogatories, and your social security number:

**RESPONSE:**

   **OBJECTION.** The defendant, Patrick O'Malley, objects to interrogatory no. 2, insofar as it seeks his date of birth, previous and current residences, and social security number. This information is irrelevant, immaterial and will not lead to the discovery of admissible evidence. As a law enforcement officer in the State of Connecticut, the residential addresses are exempt from disclosure. Furthermore, the defendant's social security number is a private number between the Federal government and the individual. The plaintiff's lawsuit does not give him the power to conduct a fishing expedition into the private life of the defendant. Moreover, in our modern society

concerns of identity theft and other economic crime is a substantial issue insofar as the plaintiff is a convicted felon.

Without waiving any objection the defendant responds: Patrick J. O'Malley, c/o Town of Branford Police Department, 33 Laurel Street, Branford, CT 06405.

(3) State the name, address, and years of attendance and graduation for each school that you have attended, commencing with high school, and including college, or any other place of training or continuing education;

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, objects to interrogatory no. 3 as it is irrelevant, immaterial and is not calculated to lead to discovery of admissible evidence. The defendant's educational background has no bearing on the claims advanced by the plaintiff in his complaint. While naming the Town of Branford, the plaintiff does allege any constitutional violations on the part of the Town based on its failure to train the defendant. Moreover, disclosure of this educational information could allow the plaintiff to uncover the defendant's residential address which is exempt from disclosure.

Without waiving any objection, the defendant responds: Patrick J. O'Malley, is a law enforcement officer licensed and certified by the State of Connecticut. He was graduated from high school and the police academy which is now known as P.O.S.T.

(4) Identify all prior incidents to which you were a defendant, a respondent, a witness, or a party, involving an accusation of abuse of authority, excessive force, or failure to provide medical attention during the course of an investigation, arrest, or a detention:

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, hereby objects to interrogatory no. 4 as is it irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Moreover, the interrogatory is overbroad encompassing the defendant's entire service as a police officer with the Town of Branford. Additionally, the identification of the defendant as a "respondent," "witness," "party," is well beyond the scope of discovery. Furthermore, the terms "abuse of authority," "respondent, and "witness" are not defined and makes no sense as phrased. Lastly, there is no claim that the Town of Branford failed to train or discipline Officer O'Malley; accordingly, other instances are both irrelevant and inadmissible. Additionally, this interrogatory is unlimited in time and scope.

18. State whether prisoner detention cells at Branford Police Department are monitored by video and/or audio. If so, specify whether by video or audio, and state (1) whether the content forming the subject of the monitoring is captured by, or reduced to, a recording; (2) the length of time that any such recordings are preserved; and (4) the purpose for which any recordings are maintained:

**RESPONSE**:

As a patrolman, Officer O'Malley is not responsible for operation or maintenance of the equipment which monitors the prisoner detention cells at the Branford Police Department. Generally, Officer O'Malley is aware that many areas of the Branford Police Department had orders, including prisoner detention cells, are monitored by video and audio means. Officer O'Malley has no personal knowledge concerning the nature of the recordings or the time for which said recordings are retained.

19. State whether you have, at any time, been either a plaintiff or a defendant to any civil action, claim, complaint, or administrative action. If so, state (1) the name and docket number of the action; (2) the court, administrative body, or entity at which the action was, or is, being heard, and (3) the disposition:

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, hereby objects to interrogatory no. 19 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Whether or not the defendant is or has been a plaintiff or defendant on any subject in either and administrative, civil or criminal matters whatsoever has no bearing on the claims of the plaintiff. This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant. Moreover, it is duplicative, in part, of interrogatory no. 5.

20. State whether you have been, at any time, called to testify as a witness before a live proceeding in any civil, criminal, disciplinary, or administrative action. If so, state (1) the court, administrative body, or entity at which you testified; (2) the name of the action or proceeding at which you testified; and (3) the name of the person(s) on whose behalf you testified:

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, hereby objects to interrogatory no. 20 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Whether or not the defendant is or has been a witness on any subject in either and administrative, civil or criminal matters whatsoever has no bearing on the claims of the plaintiff. This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant.

Moreover, this interrogatory is unduly burdensome insofar as Officer O'Malley has been a police officer for nearly ten (10) years and could not possibly compile all of

the times that he was required to testify in this regard. This is another example of the plaintiff's effort to harass, vex, and annoy the defendant.

21.) State whether you have, at any time, been terminated or resigned for any reason from a course of gainful employment:

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, hereby objects to interrogatory no. 21 as is it irrelevant, immaterial, and is not calculated to lead to the discovery of admissible evidence. The employment history of the defendant has absolutely no bearing on the claims of the plaintiff and is another example of the plaintiff's effort to harass, annoy and vex the defendant.

22. Identify all potential parties to this lawsuit:

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, objects to interrogatory no. 22 insofar as it is violative of the attorney-client privilege and seeks to discovery thoughts, mental impressions and trial strategies of counsel. Moreover, interrogatory no. 22 calls for legal conclusions, a topic not properly the subject of fact discovery.

23. Identify any person having knowledge of discoverable matter, other than those individuals used to support your claims or defenses.

**RESPONSE:**

**OBJECTION.** The defendant, Patrick J. O'Malley, objects to interrogatory no. 23 insofar as it violative of the attorney-client privilege and seeks to discovery thoughts, mental impressions and trial strategies of counsel. Additionally, interrogatory no. 23 calls for a legal conclusion, something that is not properly advanced in fact discovery.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT
GILL, Chief of Police; PATRICK
O'MALLEY, Patrol Officer; and DAVID
ATKINSON, Patrol Officer.

_____
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

8

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 28 day of January, 2006

Atty. John J. Radshaw III
65 Wethersfield Avenue
Hartford, CT 06114

*[signature]*

Robert Salatto