UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| *Plaintiff,* | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| *Defendants.* | FEBRUARY 2, 2006 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION RE ORDER ON MOTION FOR DEFAULT

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor, submit the following memorandum of law in support of their motion for the Court to reconsider its order on the plaintiffs' Motion for Default.

Sometime in the summer months of 2005, the defendants' legal file was sent into closed file storage by mistaken and the file was marked closed. As a result, pleadings associated with this file were not properly forwarded to the undersigned. On February 1, 2006, the undersigned received a number of pleadings filed by the plaintiff. Based on those pleadings, the docket was reviewed and the undersigned was made aware of the numerous pending motions, including the pending motion for default. As soon as the file was located and retrieved, the undersigned took every step to cure the default and address all of the pending outstanding issues. The failure to address the pending

motions was a mistake made in good faith that would have been remedied in short order but for the mistaken closure. The file was closed along with an adjacent, larger file, and the entirety was sent to storage. As a closed file, additional pleadings were forwarded to a closed filing folder and not to the undersigned. In the present case, good cause exists to set aside the default as it was entirely inadvertent and was a result of an administrative procedural error. Based on the administrative procedural error, the undersigned has taken steps to change office procedures to prevent such an event from occurring again. The defendants have submitted an answer with affirmative defenses to the second amended complaint on this date.

Fed.R.Civ.P. 60 allows the court to reconsider its decision. Under Fed. R. Civ. P. 55(c), an entry of default may be set aside "for good cause shown." Trial courts have discretion in deciding whether or not to set aside an entry of default . *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir.1991), *cert. denied*, 503 U.S. 1006, 112 S.Ct. 1763, 118 L.Ed.2d 425 (1992); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983). Where a default judgment has been entered, it may also be set aside in accordance with Rule 60(b).Fed. Rule Civ. P. 60 provides for relief based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason justifying relief from the operation of judgment," Fed. R. Civ. P. 60(b)(6). In applying the "good cause" inquiry in the context of Rules 55(c) and 60(b), courts examine (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993). In deciding whether or not to set aside default,

courts must weigh the competing principles of "maintain[ing] a balance between clearing its calendar and affording litigants a reasonable chance to be heard." *Id.* "The relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.* at 97 (*citing Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir.1986).

In the present case, good cause exists to set aside the default. The present default was entirely inadvertent. The file was mistakenly closed and administrative office procedures on the handling of pleadings directed to closed files compounded the error. Setting aside the default would not prejudice the plaintiff. He is interested in their day in court. Most of all, as police officers, these defendants are protected by governmental immunity; this theory, along with the contested issues of liability and damages establish that meritorious defenses are presented. The judgment of default would bring about a harsh or unfair result.

WHEREFORE, the defendants pray that their motion is granted and the default is set aside.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114

- 4 -

(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

      I hereby certify that on February 2, 2006, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
Inmate #180287
Corrigan Correctional Institute
986 Norwich New London Turnpike
Uncasville, CT 06382

      /s/ John J. Radshaw III
      John J. Radshaw III

- 4 -