UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, <br><br> *Plaintiff,* <br><br> v. <br><br> TOWN OF BRANFORD, ET AL., <br><br> *Defendant*s. | Civil Action No. <br><br> 3:02 CV 0230 (EBB) (JGM) <br><br><br> FEBRUARY 2, 2006 |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**AMENDED COMPLAINT DATED APRIL 2, 2005**

**Introduction**

The allegations of the unnumbered paragraphs in the section captioned "Introduction" are denied.

**Jurisdiction**

1. As to the allegations of paragraph 1, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

**Parties**

2. As to the allegations of paragraph 2, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

3. The allegations of paragraph 3 are admitted.

- 2 -

4. So much of paragraph 4 that alleges that Thomas W Grantland is a police officer employed by the Branford Police Department is admitted; the remaining allegations of paragraph 4 are denied.

5. So much of paragraph 5 that alleges that Patrick O'Malley is a patrol officer employed by the Branford Police Department is admitted; the remaining allegations of paragraph 5 are denied.

6. So much of paragraph 5 that alleges David J. Atkinson is a patrol officer employed by the Branford Police Department is admitted; the remaining allegations of paragraph 6 are denied.

**Facts**

7. As to the allegations of paragraph 7, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

8. As to the allegations of paragraph 8, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

9. As to the allegations of paragraph 9, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

- 3 -

10. As to the allegations of paragraph 10, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

11. As to the allegations of paragraph 11, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

12. As to the allegations of paragraph 12, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

13. As to the allegations of paragraph 13, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

14. As to the allegations of paragraph 14, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

15. It is admitted that the plaintiff had been arrested by members of the Branford Police Department on prior and subsequent occasions. As to the remaining allegatiosn of paragraph 15, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

16. As to the allegations of paragraph 16, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

17. As to the allegations of paragraph 17, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

18. As to the allegations of paragraph 18, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

19. As to the allegations of paragraph 19, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

20. As to the allegations of paragraph 20, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

21. As to the allegations of paragraph 21, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

22. As to the allegations of paragraph 22, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

### First Count

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

### Second Count

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are denied.

### Third Count

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

### Fourth Count

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

### **AFFIRMATIVE DEFENSES**

*First Affirmative Defense to all Counts*

The plaintiff's complaint fails to state a claim upon which relief may be granted.

### *Second Affirmative Defense to All Counts*

The negligence and carelessness of the plaintiff, ROBERT F. SALATTO, JR., contributed to and was a substantial factor in causing the plaintiff's injuries and losses in one or more of the following ways:

a. on prior occasions, in an effort to obtain transport to the hospital instead of the lock-up, he told one or more members of the Branford Police Department that he was infected with the AIDS virus;

b. in an effort to obtain transport to the hospital instead of the lock-up, he told one or more members of the Branford Police Department that he had tested HIV positive;

c. in an effort to obtain transport to the hospital instead of the lock-up, he voluntarily struck his own face on the police cruiser window;

d. in an effort to obtain transport to the hospital instead of the lock-up, he voluntarily attempted to smash to door window in the police cruiser;

e. he attempted to escape from the custody of the Branford Police;

f. he disobeyed the lawful orders of the Branford Police;

g. he resisted the officers;

h. he failed to heed lawful orders to get into the patrol car; and

    i.      on many occasion prior, plaintiff claimed "medical problems" with the sole intention of avoiding time in the lock-up.

### *Affirmative Defense to the First, Second and Third Counts*

The plaintiff's claims are barred by the doctrine of qualified immunity.

### *Affirmative Defense to the First, Second, Third and Fourth Counts*

The plaintiff's claims are barred by the doctrine of governmental immunity as established by Conn. Gen. Stat. §52-557n and the common law.

### *Affirmative Defense to As to the Third Count*

The defendants' use of force was justified by Conn. Gen. Stat. §53a-22.

### *First Affirmative Defense to the Fourth Count*

Any alleged defamatory statements or alleged statements claimed to be defamatory *per se* alleged to be made by the defendants were protected by privilege.

### *Second Affirmative Defense to the Fourth Count*

Any alleged defamatory statements or alleged statements claimed to be defamatory per se alleged to be made by the defendants were protected by a qualified privilege.

**THE DEFENDANTS DEMAND A TRIAL BY JURY**

- 8 -

          THE DEFENDANTS,
          TOWN OF BRANFORD; ROBERT
          GILL, Chief of Police; PATRICK
          O'MALLEY, Patrol Officer; and DAVID
          ATKINSON, Patrol Officer.

          /s/ John J. Radshaw, III
          John J. Radshaw, III, ct19882
          HOWD & LUDORF, LLC
          65 Wethersfield Avenue
          Hartford, CT 06114
          (860) 249-1361
          (860) 249-7665 (fax)
          jradshaw@hl-law.com

## **CERTIFICATION**

      I hereby certify that on February 2, 2006 a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
Inmate # 180287
Corrigan Correctional Center
986 Norwich-New London Turnpike
Uncasville, CT 06382

          /s/ John J. Radshaw, III
          John J. Radshaw, III

- 8 -