Robert Salatto
 Plaintiff

Vs.

Town of Branford, et al.
 Defendants

FILED Nº: 302 CV 230 EBB

2006 FEB -9 P 4:49

DISTRICT COURT
BRIDGEPORT CONN

February 6, 2006

## Plaintiff's Motion to Compel Production

Your undersigned plaintiff, pursuant to FRCP 37(a) hereby requests that this Honorable Court compel the defendant Town of Branford to respond to your plaintiff's requests for production dated September 4, 2004. In support of this motion, your plaintiff respectfully represents as follows:

1. On September 4, 2004, your plaintiff propounded a set of production requests upon the defendant Town of Branford. Said requests are attached herewith as Exhibit A;

2. The defendant objected to each of the four (4) requests. See Exhibit A;

3. The defendant's objections to said requests were unjust and unwarranted. The defendant should be compelled to produce the requested materials, without reservation;

4. Your undersigned plaintiff has undertaken good-faith measures to resolve this discovery dispute pursuant to the provisions of F.R.C.P. 37(a)(2)(A) and D. Conn. L. Civ. Rule 37(a)(2), to no avail;

5. The information requested in said requests is entirely relevant. FRCP 26(b) addresses the scope of discovery and controls what information can and cannot be discovered. In an effort to regulate contentious discovery requests, the 2000 amendments to FRCP 26 narrowed the scope of permissible discovery. See FRCP 26, as amended; Thompson v. Dept. of Hous. and Urban Development, 199 F.R.D. 168, 171 (D. Md 2001). Under the Amended Rules, a party can discover any nonprivileged information relevant to the claims or defenses of any party. FRCP 26(b)(1). If a party desires information relevant to the subject matter of the lawsuit, it must show good cause and obtain a court order. Id. Courts have a great deal of latitude in awarding subject matter discovery. SEE, e.g., Lancenzano v. Lehigh Valley Hosp. ___ F.Supp 2d ___, (E.D. PA 2001)(Allowing discovery regarding "incidents of the same type" in discrimination suit). Relevant information does not have to be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1); Degen v. U.S., 517 U.S. 820, 825-26, 116 S.Ct 1777, 1782 (1996). It is clear that the scope of discovery under the Federal Rules of Civil Procedure is meant to be somewhat expansive and flexible.

F.R.C.P. 26 (b)(1) vests broad discretion in the court to permit subject matter discovery. "Under the amended provisions [of FRCP 26] if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims and defenses, and if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." 2000 Committee Notes of FRCP 26 at n. 24. Furthermore, "A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type... could be properly discoverable under the revised standard... Similarly, information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses might be properly discoverable." Id at n. 25. "[T]he actual scope of discovery should be determined according to the reasonable needs of the action." Id at n. 26. It becomes apparent after a careful construction of FRCP 26, that the documents sought are properly discoverable in the context of this action.

6. The defendants have abandoned this action several years ago and absolutely failed to respond or acknowledge some 50 consecutive discovery requests, motions, and court orders to permit discovery. On January 3, 2006, this court ordered the defendants to produce discovery

products. However, the defendants contumaciously ignored said court order and failed to comply. In all fairness, the defendants have provided essentially no material discovery due to their lengthy abandonment of this action, since 2004. The requested material is relevant and this court should compel production. Alternatively, good-cause exists for this Honorable Court to enlarge the scope of discovery in this action to that of the subject matter, and this is an instance where it should properly do such.

Wherefore, the defendant Town of Branford should be compelled to fully respond to your plaintiff's production request dated September 4, 2004.

Respectfully submitted,

[signature]

Robert Salatto
982 Norwich-New London Tpk
Uncasville, Ct 06382

### CERTIFICATION

This is to certify that one copy hereof was mailed, first-class postage pre-paid, to Attorney John Radshaw III, 65 Wethersfield Avenue, Hartford, Connecticut 06114, on:

February 6, 2006      [signature]

Robert Salatto

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO, JR.         :      NO.: 3:02 CV 0230 (EBB)
                               :
v.                             :
                               :
TOWN OF BRANFORD; ROBERT GILL, :
CHIEF OF POLICE; PATRICK O'MALLEY, :
PATROL OFFICER; DAVID ATKINSON, :
PATROL OFFICER; AND JOHN DOE,  :
SHIFT SUPERVISOR               :      OCTOBER 4, 2004

## OBJECTIONS TO PLAINTIFF'S
## PRODUCTION REQUESTS DATED SEPTEMBER 4, 2004

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, Town of Branford, hereby responds/objects to plaintiff's requests for production #1, dated September 4, 2004, as follows:.

### REQUESTS FOR PRODUCTION

1.  Any written complaint made against Defendant Patrick O'Malley, charging misconduct; or the use of excessive physical force while on duty; or failing to provide adequate medical attention; or insubordinance [sic] of any kind; (while on duty).

**RESPONSE:**

**OBJECTION.** The defendant, Town of Branford, hereby objects to request no. 1 as is it irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Moreover, the request is overbroad encompassing the defendant, Patrick O'Malley's, entire service as a police officer with the Town of Branford. Furthermore, the terms "abuse of authority," "respondent, and "witness" are not defined and makes no sense as phrased. Lastly, there is no claim that the Town of Branford failed to train or discipline Officer O'Malley; accordingly, other instances are both irrelevant and inadmissible. Additionally, this interrogatory is unlimited in time and scope. Lastly, this request is duplicative of interrogatories already propounded and objected to. If the plaintiff is desirous of this information, the proper method is to resolve the earlier objection, not propound new discovery.

2.  Any written complaint made against Defendant Robert Gill, charging misconduct; abuse of authority; or requiring an investigation of any manner for acts or omissions alleged to have occurred during the performance of his duties.

**RESPONSE:**

**OBJECTION.** The defendant, Town of Branford, hereby objects to request no. 2 as is it irrelevant, immaterial, and will not lead to the discovery of admissible evidence.

Moreover, the request is overbroad encompassing the defendant, Robert Gill's, entire service as a police officer with the Town of Branford. Furthermore, the term "abuse of authority," is not defined and makes no sense as phrased. Lastly, there is no claim that the Town of Branford failed to train or discipline Chief Gill; accordingly, other instances are both irrelevant and inadmissible. Additionally, this interrogatory is unlimited in time and scope. Lastly, this request is duplicative of similar interrogatories already propounded and objected to. If the plaintiff is desirous of this information, the proper method is to resolve the earlier objection, not propound new discovery.

   3.   Any written complaint, made against Defendant Robert Grantland, charging misconduct; or abuse of authority; or requiring an investigation of any manner for acts or omissions alleged to have occurred during the performance of his duties.

**RESPONSE**

   **OBJECTION.** The defendant, Town of Branford, hereby objects to request no. 3 as is it irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Moreover, the request is overbroad encompassing the defendant, Robert Grantland's, entire service as a police officer with the Town of Branford. Furthermore, the term "abuse of authority," is not defined and makes no sense as phrased. Lastly, there is no claim that the Town of Branford failed to train or discipline Grantland; accordingly, other instances are both irrelevant and inadmissible. Additionally, this interrogatory is unlimited in time and scope. Lastly, this request is duplicative of interrogatories already propounded and objected to. If the plaintiff is desirous of this information, the proper method is to resolve the earlier objection, not propound new discovery.

   4.   Any written complaint, made against Defendant David Atkinson, charging misconduct; or the use of excessive force; (Physical force while on duty); or failing to provide adequate medical attention; or insubordinance [sic] of any kind.

**RESPONSE:**

   **OBJECTION.** The defendant, Town of Branford, hereby objects to request no. 4 as is it irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Moreover, the request is overbroad encompassing the defendant, David Atkinson's, entire service as a police officer with the Town of Branford. Furthermore, the term "abuse of authority," is not defined and makes no sense as phrased. Lastly, there is no claim that the Town of Branford failed to train or discipline Officer Atkinson; accordingly, other instances are both irrelevant and inadmissible. Additionally, this interrogatory is unlimited in time and scope. Lastly, this request is duplicative of written discovery already propounded and objected to. If the plaintiff is desirous of this information, the proper method is to resolve the earlier objection, not propound new discovery.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; and DAVID ATKINSON, Patrol Officer.

John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

## CERTIFICATION

I hereby certify that on October 4, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr., #180287
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

John J. Radshaw, III