Robert Salatto
  Plaintiff

Us.

Town of Branford, et al.,
  Defendants

FILED 3:02 CV 230 EBB

2006 FEB -9 P 4: 49

U.S. DISTRICT COURT
BRIDGEPORT, CT

February 6, 2006

<u>Plaintiff's Motion For Judicial Notice And Exclusion of Nondisclosed Fact Witnesses</u>

The defendants, through their attorney, have repeatedly ignored your plaintiff's requests for the names and identities of any and all fact witnesses known to them, and all persons who may have knowledge of discoverable matter other than the defendants themselves. On every occasion, the defendants have not responded. Recently, on January 15, 2006, your plaintiff forwarded counsel for the defendants a written communication requesting such information. Said letter is attached herewith as Exhibit A. This letter, of course, was merely one of many genuine attempts to elicit such information.

Your plaintiff is duly entitled to such information and the defendants are correspondingly required to provide such information pursuant to various provisions of FRCP 26. The defendants have absolutely ignored some <u>50</u> consecutive motions, discovery requests, and court orders, including numerous requests for the identity of all fact witnesses or persons with knowledge of

discoverable information. Because they have continually refused to identify any such persons, no person other than the party defendants should be permitted to offer testimony as to any fact at trial.

If a party does not identify a fact witness or supplement disclosures under FRCP 26(e)(1) or amend an earlier response to discovery as required by FRCP 26(e)(2), the party cannot use any witness or evidence not disclosed unless the nondisclosure is harmless. FRCP 37(c)(1); see Patterson v. State Auto. Mut. Ins. Co., 105 F.3d 1251, 1252 (8th Cir. 1997) (nondisclosure of additional inspection and testing by expert justified exclusion of expert's testimony on those subjects). The sanction of exclusion is automatic and mandatory unless the party who failed to supplement can show that its violation was either justified or harmless. Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996). Under FRCP 37(c), the court can award the same sanctions for failure to supplement discovery as it can for failure to supplement disclosures. 2000 Notes to FRCP at ¶2; see Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980). Thus, failure to supplement discovery responses under FRCP 26(e)(2) may result in exclusion of evidence or testimony. See Ortiz-Lopez v. Sociedad Espanola, 248 F.3d 28, 33 (1st Cir. 2001); Holiday Inn Inc. v. Robertshaw Controls, 560 F.2d 856, 858 (7th Cir. 1977). When faced with accusations that a party has not properly supplemented, a court may look to the conduct of the party, the importance of the

evidence of information to the nonsupplementing party, the ability of the opposing party to formulate a response, and the reason for the nondisclosure or nonsupplementation. Thibeault v. Square D. Co., 960 F.2d 239, 244 (1st Cir. 1992).

In this instance, because the defendants have disappeared from this action several years ago in 2004, and subsequently ignored some 50 consecutive motions, discovery requests, and court orders, exclusion is both warranted and justified. Wherefore, Judicial notice of absolute nondisclosure of witnesses and/or persons who may have knowledge of discoverable matter, and exclusion of testimony from any and all nondisclosed individuals is hereby requested.

Respectfully submitted,

_____
Robert Salatto
982 Norwich - New London Tpk
Uncasville Ct 06382

CERTIFICATION

This is to certify that one copy hereof was mailed, postage prepaid, to Attorney John J. Radshaw, 65 Wethersfield Avenue, Hartford, Connecticut, on

Feb 6, 2006

_____
Robert Salatto

Attorney John Cadshaw
65 Wethersfield Avenue
Hartford, CT 06114

January 15, 2006

In RE: Supplementation of Prior Responses

Dear Attorney Cadshaw:

Because of your lengthy absence from this action, I must respectfully request that you formally supplement each of your prior responses to all prior discovery requests. As you know, discovery responses must be supplemented seasonably. In particular, I note that in prior responses the defendants have indicated knowledge of no additional persons, other than themselves (O'Malley, Atkinson, and Grantland) who may have knowledge of discoverable information, or of other fact witnesses as that term is defined in FRCP 26(b)(1), or of any written statement(s) previously made by me.

I respectfully remind you of your duty to make such information available to me and request that you do such immediately.

Respectfully yours,

[signature]