Robert Salatto
 Plaintiff

vs.

Town of Branford, et al.,
Defendants

FILE N°: 302 CV 230 EBB/JGM

2006 FEB -9 P 4:49

U.S. DISTRICT COURT
BRIDGEPORT, CONN

February 6, 2006

## Plaintiff's Motion to Exclude for Absolute Non-compliance with Judicial Order Mandating Disclosure of Specific Discovery Items

Your undersigned plaintiff, Robert Salatto, pursuant to F.R.C.P. 37(b) and the recent order of this court dated January 03, 2006, hereby requests that the defendants, Branford, O'Malley, Atkinson, and Grantland, be unequivocally prohibited from introducing testimony or evidence on specific matters which they have stonewalled through egregiously abusive discovery tactics, including absolute nonfeasance with a judicial order from this court mandating disclosure of information and items specifically related to such matters. In support of this motion, your plaintiff respectfully represents as follows:

1. Since 2004, the defendants have flatly abandoned defense of this action and ignored each and every motion, discovery request, and court order mandating disclosure. In total, the defendants have ignored some <u>50</u> seperate discovery requests, motions, and judicial orders mandating compliance. The defendants' absolute

refusal to acknowledge this action in any respect has been egregious, outrageous, and unequivocal. On June 3, 2005, this court directed the defendants to respond to this action; the defendants took no action. On January 3, 2006, this court entered a default against three defendants and afforded them a period of 20 days to move to set said entry aside; the defendants took no action. On January 3, 2006, this court ordered a fourth defendant to be re-served with the complaint by a State Marshal; said defendant to date, has not answered or responded. On January 3, 2006, this court issued an order commanding the defendants to comply with a July 1, 2005 request for production and additionally provide responses to interrogatories dated February 17, 2004. See Order of Court dated January 3, 2006. These defendants scoffed at said order and absolutely failed to respond, comply, or disclose. Because of these manifest abuses of discovery as clearly apparent from the face of the record, it reasonably follows that these defendants should be enjoined from contesting the very matters that such articles were sought to prove. Your plaintiff has a right to fairly litigate his action; said defendants have refused to respond or acknowledge your plaintiff's discovery requests since 2004. Their contumaciousness has been absolute and unequivocal. In consequence, the very

matters sought to be established/excluded from the discovery should be deemed established/excluded as follows:

    A. That your plaintiff's entire criminal history should be excluded at trial;

    B. That on November 15, 2001, while your plaintiff was submissive and handcuffed, defendants O'Malley and Atkinson punched, kicked, body-slammed, and rammed his person;

    C. That the defendants are not entitled to their purported affirmative defense of Qualified Immunity;

    2. A party may move for such orders under FRCP 37(b) if a party disobeyed a specific discovery order by the court to submit to discovery. <u>Salahuddin Vs. Harris</u>, 782 F.2d 1127, 1131 (2d Cir. 1986). The requirement of a prior order (1) serves to alert the offending party to the seriousness of its noncompliance (2) permits judicial scrutiny of the discovery request (3) functions as a final warning that sanctions are imminent, and (4) informs the party resisting discovery of its obligations. <u>Daval Steel Prods. v. M/V Fakredine</u>, 951 F.2d 1357, 1364-65 (2d Cir. 1991);

    3. FRCP 37(b) gives courts power to enforce discovery orders by providing strong and specific sanctions for not complying. <u>SEE</u> FRCP 37. A court may order that matters relating

to the violated discovery order or any other facts be deemed established/excluded for the purposes of the case. FRCP 37(b)(2)(A). Similarly, a court may refuse to allow a party to support or oppose claims or to introduce evidence. FRCP 37(b)(2)(B). This sanction is generally used to enjoin the introduction of evidence that the party refused to provide, or evidence related to the discovery that the party refused to provide, during discovery. Carroll v. Acme-Cleveland Corp., 955 F.2d 1107, 1115-16 (7th Cir. 1992); Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 932 (1st Cir. 1991). The court is entirely justified in ordering established/excluded evidence where the offending party's failure to comply was both unjustified and harmful to the opposing party. Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 297 (1st Cir. 1999); Newman v. GHA Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995). In this instance, it cannot be reasonably denied that the defendants' noncompliance and recalcitrance as demonstrated since 2004 was both unjustified and harmful. These defendants have effectively stonewalled your plaintiff from facts and documents in this action and thwarted each and every discovery effort since 2004. In total, the defendants have absolutely ignored some 50 consecutive discovery requests, motions, and combined court orders, including the instant court orders of January 3, 2006 mandating compliance and disclosure. The defendants, through their attorney, have additionally ignored some 15 letters requesting compliance. An order establishing/excluding the specified matters set forth

4

in paragraph one (1) hereof is just, warranted, and lawful.

Wherefore, this Honorable Court should grant the relief requested in this motion.

Respectfully Submitted,

_____
Robert Salitto
982 Norwich-New London Tpk.
Uncasville, CT 06382

## Certification

This is to certify that one copy hereof was mailed, postage prepaid, to Attorney John Ludshaw, 607 Wethersfield Avenue, Hartford, Connecticut, on:

February 6, 2006

_____
Robert Salitto