Robert Salatto
  Plaintiff
Vs.
Town of Branford, et al.,
  Defendants

FILED
No. 3:02 CV 230 EBB/JGM
2006 FEB -9 P 4:50
U.S. DISTRICT COURT
BRIDGEPORT CONN.

February 6, 2006

## Plaintiff's Motion to Compel Responses As A Matter of Law

Your undersigned plaintiff, pursuant to FRCP 37(d)(2), 37(a)(2)(B), 33(b)(5) hereby requests that this Honorable Court compel the defendant, Patrick O'Malley, to respond fully and fairly, without reservation, to the interrogatories served upon him on January 25, 2005. In support of this motion, your plaintiff respectfully represents as follows:

1. On January 25, 2005, your plaintiff served a set of eight (8) interrogatories upon defendant Patrick O'Malley. Said interrogatories are attached herewith as Exhibit A;

2. At no time did the defendant, Patrick O'Malley, respond or object in any manner;

3. Your plaintiff undertook good-faith measures to address the defendant's absolute nonfeasance to said interrogatories pursuant to F.R.C.P. 37(a)(2)(A) and D.Conn.L.Civ.R. 37(a)(2) to no avail. At no time did

the defendant comply, respond, or object;

4. Accordingly, the defendant has waived any objection(s) or potential objection(s) and the defendant must respond to said interrogatories in full, without reservation. FRCP 33(b)(4). A party may file a motion to compel if interrogatories are not answered or objected. FRCP 33(b)(5), 37(a)(2)(B); Pan-Islamic Trade Corp., 632 F.2d at 552. If a party completely fails to serve answers to interrogatories, the court may order more severe sanctions. FRCP 37(d); Oklahoma Federated Gold & Numismatics, Inc., v. Blodgett, 24 F.3d 136, 139-40 (10th Cir. 1994). In any event, the defendant has absolutely failed to respond, and said interrogatories should be answered in full, absent reservation;

5. In addition, the defendants to this action have abandoned this case several years ago, in 2004. Since that time, they have absolutely ignored some 50 consecutive discovery requests, motions, and court orders to provide discovery products. On January 3, 2006, this court ordered defendant O'Malley to respond to a July 1, 2005, request for production. See Order dated January 3, 2006, at para. II (Motion to Compel [doc # 90]). Defendant O'Malley has contumaciously ignored the orders of this court and failed to produce the necessary documents. The defendants have stonewalled your plaintiff through their prolonged abandonment of this action, and the information requested

of him in the instant interrogatories is necessary and warranted;

WHEREFORE, the defendant, Patrick O'Malley, should be compelled to respond to the interrogatories served upon him on January 25, 2005, without reservation.

Respectfully yours,

_____
Robert Salatto
982 Norwich-New London Tpk.
Uncasville, Ct 06382

### CERTIFICATION

This is to certify that one copy hereof was mailed, postage pre-paid, to Attorney John Radshaw, 65 Wethersfield Avenue, Hartford, Connecticut 06114, on

February 6, 2006

_____
Robert Salatto

Case 3:02-cv-00230-EBB    Document 121    Filed 02/09/2006    Page 4 of 10

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO ]
    Plaintiff ]    CASE # 302CV230(EBB)(JGM)
]
V. ]
]    USDC @ BRIDGEPORT
TOWN OF BRANFORD, et al., ]
    Defendants ]
]

PLAINTIFF'S INTERROGATORIES TO DEFENDANT

To the defendant _Patrick O'Malley_ through _his_ attorney of record, John Radshaw, 65 Wethersfield Avenue, Hartford, Connecticut 06114:

The plaintiff, Robert Salatto, serves these interrogatories on _Patrick O'Malley_ as authorized pursuant to Federal Rule of Civil Procedure 33. The defendant must serve an answer to each interrogatory seperately and fully, in writing and under oath, within 30 days after service.

DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. Parties: the term "plaintiff" or "defendant(s)" as well as a parties full or abbrieviated name or a pronoun referring to a party, means the party and, where applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to this litigation.

2. Person: the term "person" is defined as any natural person, any business, a legal or governmental entity, or an association.

3. Document: the term "document" is defined to be synonomous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and District of Connecticut Local Civil Rule 39(c)(2), and includes computer records in any format. A draft or nonidentical copy is a seperate document

within the meaning of this term. The term "document" also includes any "tangible things" as that term is used in Rule 34(a).

4. Communication: the term "communication" means the transmittal of information in the form of facts, ideas, inquires, or otherwise.

5. Identify (Person): when referring to a person, "identify" means to give, to extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place or employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6. Identify (Document): when referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; (g) and, whether the document has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

7. Relating: the term "relating" means concerning, referring, describing, evidincing, or constituting, directly or indirectly.

8. All/Each: the terms "all" and "each" should be construed as "and," "each," and "and/or."

9. Any: the term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope of the discovery request.

10. And/Or: the connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. Number: the use of the singular form of any words includes the plural and vice versa.

### INSTRUCTIONS

1. If your response to the interrogatory cannot fit within the

space provided, attach additional sheets as necessary.

2. If you contend that any interrogatory or request for production is not applicable, state the factual and/or legal basis for such contention.

3. If you claim any interrogatory or request for production is objectional in full or in part, the objection shall be stated with particularity. If you interpose an objection to part of a discovery request, the non-objectionable portion of such request shall be answered together with your answers to the remainder of the discovery request. When a discovery request is alleged to be over-broad, the request shall be conplied with to the extent that you concede that such discovery request is relevant.

4. If you assert a claim of priviledge as a ground for not fully complying with any discovery request, state the factual and/or legal basis for the claim of the privilege, the title of any documents alleged to be privileged, the date such documents were written, the author of such documents, the type of documents, the general subject matter of the documents, and the location of the documents.

5. If the response to any discovery requests consists, in whole or in part, of an objection relating to or including burdensomeness, then provide such information as can be ascertained or provided without undue burden, and state with particularity:

    A. A description of the process or method required to obtain any fact responsive to the interrogatory request;

    B. The estimated cost and time required to obtain any fact responsive to the discovery request; and

    C. The extent to which documents or other sources of information will be made available for inspection and copying.

6. Unless specifically stated, each interrogatory relates to a natural defendant to this action. Where an interrogatory is directed specifically to the defendant Town of Branford, such interrogatory shall be precisely so directed.



<u>INTERROGATORIES to DEFENDANT PATRICK O'MALLEY</u>:

INTERROGATORY ONE: If you contend that you lawfully applied force upon the plaintiff's person at any time on November 15, 2001, state the name of all persons who were at any time present during your application of such force upon the plaintiff:

INTERROGATORY TWO: Please state the name of all persons in which you claim the plaintiff made representations to that he was infected with either AIDS or HIV, as alleged in subparagraphs A and B of your affirmative defenses located on page 8 of your answer to this lawsuit:

INTERROGATORY THREE: Please state your contention as to whether or not a police officer has a duty to nonetheless provide medical care to a detainee when such detainee is responsible for causing, or contributing to cause, physical injury to himself:

INTERROGATORY FOUR: On page 8 of your answer to this lawsuit you claimed that the plaintiff "attempted to escape from the custody of the Branford



Police." Please indicate any specific dates that you claim the plaintiff attempted to escape, and any such date(s) in which the plaintiff was charged by the Branford Police Department with the offense of escape or attempted escape:

Interrogatory Five: On page 8 of your Answer to this lawsuit, you claim that the plaintiff had "disobeyed" the lawful orders of the Branford Police. Please indicate the specific orders in which the plaintiff disobeyed, and the specific manner in which he so disobeyed them:

Interrogatory Six: On page 9 of your Answer to this lawsuit, you claim that the plaintiff "resisted the officers." Please indicate the specific manner in which the plaintiff "resisted the officers," the specific offers in which he "resisted," and the officers' specific actions in response to the plaintiff's resistance:

CERTIFICATION

This is to certify that one copy of the foregoing motion was sent, first class postage prepaid, via USPS, on the date of Jan 25, 2005 to the following counsel of record:

Attorney John J. Radshaw
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut

BY: _____
Robert Salatto, Jr.

11