Robert Salatto,
   Plaintiff

Vs.

Town of Branford, et. al.,
   Defendants

FILED
2006 FEB 13 P 4:46 USDC @ Bpt
U.S. DISTRICT COURT

Case 302 cv 230

February 9, 2006

## Plaintiff's First Motion in Limine

Your undersigned plaintiff, Robert Salatto, hereby requests that this Honorable Court enter an order, or any appropriate orders, precluding all defendants and their attorney from referencing in any way, either directly or indirectly, or placing into evidence or testimony any fact, opinion, or statement relative to the following at trial:

1. Any prior act(s) of untried misconduct by the plaintiff;

2. Other crimes, wrongs, or acts of the plaintiff or witnesses admitted to show the character of the plaintiff or a witness or to prove that he or any witness acted in conformity therewith on a particular occasion;

3. Criminal convictions of the plaintiff or any witness;

4. Any perceived or known psychiatric illness or disability, or any perceived or known psychiatric hospitalization or any perceived or known psychiatric diagnosis of the plaintiff;

5. Information relative to any fact or opinion respecting any conversation or therapeutic exchange between the plaintiff and any counselor, psychiatrist, or social worker, including in any written form;

6. Information relative to any conversation, exchange, or communication, therapeutic or otherwise, made to a psychotherapist or persons who are participating in the diagnosis or treatment under the direction of a psychotherapist for the purposes of diagnosis or treatment of a mental or emotional condition, including drug addiction and alcoholism;

7. Information relative to any compromise or settlement offer made regarding this action;

8. The testimony of any expert witness;

9. Evidence regarding any other issue not preserved in the final pretrial order;

Your plaintiff hereby requests that this Honorable Court devise any appropriate order or orders instructing either the defendants or their attorney to refrain from referencing, in any manner, such items in the presence of the jury, as the probative value of such items is substantially outweighed by the danger of unfair or irreparable prejudice. Opposing counsel should be required to approach the bench or otherwise raise any matter relative to such items outside of the presence of the jury before asking a related question or introducing any related evidence.

Respectfully,

*[signature]*

Robert Salatto, Your Plaintiff
986 Norwich-New London Tpk
Uncasville, CT 06382

## CERTIFICATION

This is to certify that one copy of the foregoing motion was sent, first class postage prepaid, via USPS, on the date of February 9, 2006, to the following counsel of record:

Attorney John J. Radshaw
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut

BY: _____
Robert Salatto, Jr.