Gbert Salatto
  Plaintiff

Vs.

Town of Branford, et al.,
  Defendants

FILED 230 EBB/JGM

2006 FEB 16 P 4:36

U.S. DISTRICT COURT
BRIDGEPORT, CONN

February 14, 2006

### Plaintiff's Memorandum in Opposition to Defendants' Objection to Motion for Default dated February 02, 2006

Your undersigned plaintiff hereby files this memorandum in opposition to the defendants' Objection to Motion for default dated February 2, 2006. For the following reasons, said objection must be overruled.

1. Your plaintiff has filed a memorandum in opposition to defendants' request to vacate judgment by default. The factual and legal matters set forth in said memorandum are incorporated herein by reference as though fully set forth;

2. The defendants' Memorandum is out of time. The defendants' objection is dated February 2, 2006. <u>See</u> objection. Your plaintiff's first motion requesting entry of default and contemporaneous judgment by default is dated August 8, 2005. <u>See</u> plaintiffs motion. Local rules require responsive motions to be propounded within Twenty-One (21) days. Therefore, the defendants' objection is out-of-time;

3. The defendants objection is frivolous. The defendants abandoned this action in 2004. Since that time, they have absolutely ignored some Seventy-five (75) various articles and communications respecting this action, including some Fifty (50) separate motions, Fifteen (15) letters, Five (5) court orders, and Six (6) additional letters directed to them about this action from the Town of Branford Clerk's Office. See Memorandum in Opposition to Request to Vacate default judgment. The defendants incredulously purport that their pomposnousness was "a mistake made in good faith" and that no pleadings or communications respecting this action were received by counsel for the defendants. See defendants' Memorandum, see also plaintiff's memorandum in opposition. However, the Seventy-Five (75) separately ignored motions, letters, discovery requests, and court orders make absolutely clear that such is not factually possible. In particular, counsel for the defendants ostensibly purports that his office received, examined, and summarily disposed of Five (5) separate judicial orders respecting this case during a Seven (7) month period without his knowledge. The falsity of this assertion is manifest and self-evident. However, in any event, counsel has advanced an argument which inherently relegates himself to a losing position. If, in fact, counsel's averments are true, and members of his office purposefully diverted some Fifty (50) motions, Fifteen (15) letters, Five (5) court orders, and Six (6) additional third-party communications to a "closed filing folder", and then to storage without his knowledge, then counsel has admitted facts which demonstrate gross negligence and an absence of internal procedural safeguards. See plaintiff's

memorandum. Alternatively, if counsel's averments are contrived and false, then counsel has ignored some Seventy-Five (75) separate articles and communications spanning several years respecting this action and counsel has demonstrated a willful and knowing intention to default. See plaintiff's memorandum. In either scenario, counsel's motion must be denied as a matter of law. The Federal Rules of Civil Procedure permit that a judgment by default may be vacated only in instances of "mistake, inadvertence, surprise, or excusable neglect." SEE FRCP 60(b); See also plaintiff's memorandum in opposition to defendants' request to vacate. Because counsel's default was the product of gross negligence at best and a willful and knowing default at worst, the defendants' motion to vacate, and the defendants' objection to motion for default must be denied.

WHEREFORE, the defendants' motions must be denied.

Respectfully submitted,

_____
Robert Salatto
982 Norwich-New London Tpk
Uncasville, CT 06382

This is to certify that one copy hereof was mailed, postage prepaid to Atty J. Fadshaw, 65 Wethersfield Avenue, Hartford, CT, on.

Feb. 14, 2006

By: _____
Robert Salatto