UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 FEB 16 P 4: 36

U.S. DISTRICT COURT
BRIDGEPORT. CONN

| | | |
|---|---|---|
| ROBERT SALATTO | : | CASE NO: 302CV230(EBB) |
|     Plaintiff | : | |
| Vs. | : | AT BRIDGEPORT, CONNECTICUT |
| TOWN OF BRANFORD, et al. | : | |
|     Defendants | : | February 10, 2006 |

## PLAINTIFF'S MOTION REQUESTING PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT DAVID ATKINSON

The undersigned plaintiff, ROBERT SALATTO, pursuant to FRCP 56(a), hereby requests that this Honorable Court direct a partial summary judgment against defendant DAVID ATKINSON respecting the supplemental tort of defamation per se as pleaded within paragraphs 20, 33-35 of the prevailing amended complaint. Your plaintiff respectfully submits that no genuine issue of material fact exists upon said court, and that a judgment hereupon should be rendered in favor of the undersigned as a matter of law. Alternatively, pursuant to FRCP 56(d), your plaintiff respectfully requests that this court determine what material facts exist thereupon without substantial controversy, and render an order articulating such facts and directing future proceedings as may be just and consistent with a timely resolution of such matters. In support of this motion, your plaintiff respectfully represents as follows:

## I. BACKGROUND

This action was filed on February 6, 2002, for acts and omissions occurring on various dates in Branford, Connecticut, in 2001. Among the Constitutional claims pleaded in the amended complaint dated April 02, 2005, your plaintiff pleaded supplemental counts sounding in defamation per se. In paragraphs 18-20, your plaintiff alleged that several of the natural

1

defendants, Branford Police Officers acting in their official capacities by and through the Town of Branford, Connecticut, made false and slanderous representations about him to several different persons on several different occasions, including to his fiancé just before their planned wedding. He further alleged that such representations generated a hysterical response from his fiancé and caused her to terminate the marital engagement. Your plaintiff substantiated such allegations during discovery with sworn affidavits and oral deposition testimony from percipient witnesses, and discovery admissions from specific defendants.

Central to such comments were erroneous statements of fact that your plaintiff is infected with AIDS (Acquired Immune Deficiency Syndrome) and makes an unrestrained practice of spreading the disease to unknowing recipients. Similarly pleaded were allegations that on November 15, 2001, defendant Atkinson created a handwritten reference on an official and public document declaring about your plaintiff: "He is HIV positive." Atkinson then signed the document and circulated it to others on behalf of the Town of Branford. See para. 20 of amended complaint as Exhibit A; see also Branford Police Department Transfer Order as Exhibit B. It is this document which forms the basis for this motion. The statement written onto the document by Atkinson is defamous per se.

As maintained in the complaint, any representation purporting that your plaintiff is infected with HIV or the AIDS Virus is unequivocally false. At no time has your plaintiff ever been so infected. See para. 35 of complaint as Exhibit C. Nonetheless, Atkinson has made this false statement about him in a public document. See document as Exhibit B. The falsity of this representation has been conclusively established by serology testing of your plaintiff's blood. See serology report dated Feb. 18, 2004 as Exhibit D. Parenthetically, none of the defendants, including Atkinson, now contest the unequivocal falsity of such statements, including, in

2

particular, that of the transfer order. In fact, Atkinson has openly admitted during discovery that (1) he authored the statement written onto the document (it is additionally signed by him) and (2) he intended to communicate that your plaintiff is infected with the HIV Virus. See paras. 3 and 4 of Atkinson's FRCP 36 Admissions (Atkinson openly declined to respond to said admissions, and they were deemed admitted as a matter of law on February 25, 2005. Your plaintiff then filed a motion requesting judicial notice that said admissions had been deemed admitted by Atkinson as a matter of law and Atkinson, again, openly declined to respond.) Atkinson has further admitted that he possesses no information sufficient to determine whether your plaintiff really is, in fact, infected with HIV or AIDS. See Exhibit E at para. 5; see also para. 13 of Atkinson's interrogatories and supporting affidavit as Exhibits F and G, respectively. In addition, Atkinson has admitted that he published said document by personally giving it to others. See para. 7 of same admissions, deemed admitted, as Exhibit H. At least one recipient of said document personally signed it upon receipt. See Exhibit B. Furthermore, publication cannot genuinely be disputed as the document remains today in public record on file with the Town of Branford. Your plaintiff has recently obtained a copy of said document pursuant to the Freedom of Information Act. See FOIA response as Exhibit I. To date, these false and outrageous statements have not been retracted.

Accordingly, based on the foregoing, no genuine issues of material fact exist as to the following: (1) David Atkinson (2) authored a statement of fact (3) about your undersigned plaintiff (4) representing that your plaintiff is infected with HIV (5) he then published said document to others, and (6) said representation avowing your plaintiff's purported infection with HIV is plainly false. See statement of uncontroverted facts as Exhibit J; see plaintiff's duly sworn affidavit as Exhibit K. Based upon same, your plaintiff would respectfully submit that no

genuine issues of material fact exist, and summary judgment against Atkinson for defamation per se is proper.

## II.    **LAW AND ARGUMENT**

Elements necessary to impute liability for the tort of defamation per se are well settled. Generally, an utterance constitutes defamation per se if it is (1) a statement of fact (2) about a particular person (3) representing that such person has a loathsome or communicable disease (4) when, in fact, the statement is false (5) and was published to a third party. See Prosser and Keeton on the Law of Torts, Ch. 19 (5th Ed. 1984). The law imposes somewhat of a strict liability upon the Tort-feasor, and the mental state of the wrongdoer or the ulterior source of the slanderous information are both generally irrelevant. Id. The only viable affirmative defense is truth. Id. Damages in per se cases usually need not be proven; they are presumed as a matter of law. Id; see also Ventresca v. Kissner, 1927, 105 Conn. 533; Taylor v. Gumpert, 96 Ark. 354. Even evidence that no actual damage was suffered goes only to mitigate the damages recovered. Ibid at 788; National Bank v. N.B. McFall, 144 Ark. 149; See also, e.g., Sleight v. Woods, 260 N.Y.S. 825 (erroneous statement that one has contagious, infectious, or repulsive disease is defamatory per se); Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1281 (3d.Cir.1979)(erroneous statement that one has "loathsome' or "contagious" disease constitutes defamation per se). However, the statement must imply one still has the disease. See Lowe v. DeHoog, 193 S.W. 969, 970 (1917). Lastly, some courts have altered the traditional rule to require "communicable" as opposed to "loathsome" disease. See Brown and Williamson Tobacco Corp. v. Jacobsen, 713 F.2d 262, 268 (1983). Under such principles, all factual elements imputing liability upon Atkinson are salient and not disputed: (1) David Atkinson (2) authored a statement of fact (3) about your undersigned plaintiff (4) representing that your

4

plaintiff is infected with HIV (5) he then published said document to others, and (6) said representation, avowing your plaintiff's infection with HIV, is plainly false. See Exhibits B through K, respectively. Because no genuine issues of material fact remain, summary adjudication against Atkinson for slander per se and libel per se is proper and warranted.

In addition, Atkinson's conduct violated clearly established Connecticut law. Connecticut General Statutes § 19a-583 expressly prohibits disclosure of HIV-related information except in very narrow and clearly-defined circumstances. See C.G.S. § 19a-583. In particular, the statute speaks directly to federal, state, and local officials, as well as medical professionals. Id. However, the statute is broad and reaches all persons, including the general public. Id. The statute's nondisclosure requirements are mandatory.

The chronological progression surrounding the document is clear. Atkinson executed the document on November 15, 2001, pursuant to your plaintiff's transfer to the Connecticut Dept. of Corrections. Atkinson took it upon himself to scribble the slanderous declaration on the face of the document, even though any such information was not required and, in fact, prohibited by law. See Exhibit B. He then passed the document to a state correctional officer, who signed it. Id at foot. Atkinson then entered a second copy of the document into official and public record in the municipality of Branford, where you plaintiff and his family live. See Exhibit I. The document so remains today. Id. Even if we view these facts in a light most favorable to Atkinson and assume that Atkinson's perception that your plaintiff is infected was correct, Atkinson's conduct still violated the law in several conspicuous respects.

Firstly, C.G.S § 19a-583(9) sets forth very specific requirements for the disclosure of HIV-related information to employees of the Dept. of Corrections. Among them is a requirement that approval first be obtained from the medical director and chief administrator of

the facility, as well as a limitation that disclosure be made only where no "reasonable alternatives" to nondisclosure exist. Here, no such requirements were met. In addition, beyond the statutory nondisclosure requirements found in C.G.S. § 19a-583, Connecticut DOC Administrative Directives prohibit disclosure of information identifying an inmate as either having or not having HIV or AIDS. DOC Admin. Dir. 8.11. Further, at no time can an individual's HIV status be made obvious through markings on his file. DOC Admin. Dir. 8.11(6)(A)(5). Moreover, C.G.S. § 19a-590 creates a statutory case of action against any person who unduly discloses another persons HIV status. C.G.S. § 19a-590. Whatever anyone's view of Atkinson, it is clear that his conduct in arbitrarily making said disclosure violated Connecticut law.

Atkinson's conduct would have similarly violated clearly established principles of Constitutional jurisprudence. It has long been recognized that "Individuals have a reasonable expectation of privacy in the personal information that their bodily fluids contain." Glover v. Eastern Neb. Off. of Retardation, 686 F.Supp 250, A'ffd 867 F.2d 2181 (8th Cir)(cert. denied, 493 U.S. 932 (1984). Further, inmates have a right under the U.S. Constitution to privacy concerning their personal information. Whalen v. Roe, 429 U.S. 584, 599 (1977); Barry v. City of New York, 712 F.2d 1554, 1559 (2d Cir. 1983). In particular, inmates have a right of privacy concerning health and HIV-related information. Shacter v. Whalen, 581 F.2d 35, 36-37 (2d Cir. 1978)(per curiam); see also Doe v. City of New York, 15 F.3d 264, 267 (2d Cir. 1994) (Noting existence of privacy right respecting disclosure of HIV status in particular). See also, e.g., Doe v. Barrington, 729 F.Supp. 376, 378-79 (D. NJ 1990)(involving police officers who failed to keep HIV-positive status of individuals confidential); McCune v. Neitzel, 457 N.W. 2d 803, 812 (Neb. 1990)(awarding $25,350 in defamation case against defendant who spread falsehood that

6

plaintiff had AIDS); <u>V. v. State</u>, 566 N.Y.S. 2d 987, 988 (N.Y. Ct. CL 1991)(recounting prison officials' failure to keep inmates' HIV information confidential); <u>Hillman v. Columbia County</u>, 474 N.W. 2d 913, 915-16 (Wis. Ct. App. 1990)(Discussing jail officials who disclosed HIV status to non-medical employees).  Analysis of such principles makes clear several pertinent notions.  Firstly, that Atkinson's conduct violated clearly established law.  As a police officer, Atkinson is bound to uphold and obey the law.  Here, Atkinson <u>violated</u> the law.  Secondly, in this instance, a judgment on the merits either way is warranted.  If your plaintiff was not infected, Atkinson has committed the tort of defamation per se.  Hypothetically, even if your plaintiff was infected, Atkinson's disclosure violates clearly established state and federal law. Atkinson has backed himself in to a Hobson's corner.

The following facts are not in dispute: (1) that Atkinson (2) has authored a statement of fact (3) about your plaintiff (4) representing that your plaintiff is infected with HIV (5) he then published said statement of fact to others, in writing, and (6) said representation, avowing your plaintiff's purported infection with HIV, is plainly and unequivocally false.  Accordingly, no genuine issue of material fact exists, and summary judgment should be rendered against Atkinson as to liability on counts of slander per se, libel per se, and defamation per se, as pleaded in paragraphs 20, 33-35 of the prevailing complaint.

## III.   <u>SEVERABILITY</u>

It is respectfully requested that this Honorable Court adjudicate this motion independent of any other pending or dispositive motions.  Should this court grant the relief requested herein, your plaintiff would seek to isolate and sever this count, pursuant to FRCP 21, and have a determination of damages be made forthwith in state court.

IV.    **CONCLUSION**

This Honorable Court should enter summary judgment against Atkinson for liability as to defamation per se.

Respectfully submitted,

Robert F. Salatto, Jr.
982 Norwich-New London Tnpk.
Uncasville, CT  06382

8

## CERTIFICATION

This is to certify that one copy of the foregoing motion was sent, first class postage prepaid, via USPS, on the date of  2 | 10 | 06    to the following counsel of record:

Attorney John J. Radshaw
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut

BY: _____
Robert Salatto, Jr.

DEFENDANT GRANTLAND AGAIN REFUSED TO NOTIFY THE LOCAL PARAMEDICS OF THE PLAINTIFF'S INJURIES OR CAUSE MEDICAL TREATMENT TO BE PROVIDED ;

17. EVENTUALLY, WHEN THE PLAINTIFF CONTINUED TO REQUEST AND PLEAD FOR MEDICAL ATTENTION, BOTH FOR HIS INJURIES AND FOR THE CONTINUING CHEST PAIN, THE DEFENDANTS, O'MALLEY AND ATKINSON, APPLIED UNNECESSARY AND OBJECTIVELY UNREASONABLE FORCE TO HIS PERSON BY PUNCHING, KICKING, AND BODY-SLAMMING, AND DRIVING HIS HEAD INTO A PARKED POLICE VEHICLE, ALL WHILE HIS HANDS WERE SECURED BEHIND HIS BACK WITH HANDCUFFS ;

18. THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, ADDITIONALLY MADE A MYRIAD OF UTTERLY FALSE AND SLANDEROUS COMMENTS ABOUT THE PLAINTIFF TO HIS FIANCÉE, KAREN HOLMES, JUST BEFORE THEIR PLANNED WEDDING, INCLUDING OUTRAGEOUS REPRESENTATIONS THAT THE PLAINTIFF "HAS AIDS...IS SPREADING AIDS THROUGH BRANFORD...IS DYING OF AIDS..." AND THAT SHE SHOULD "GET TESTED" AND REFRAIN HERSELF FROM SEXUAL RELATIONS OR MARRIAGE WITH THE PLAINTIFF;

19. ON A COMPLETELY DIFFERENT OCCASION, NOVEMBER 15, 2001, THE DEFENDANT OFFICERS, O'MALLEY AND ATKINSON, MADE SIMILAR REPRESENTATIONS TO THE PLAINTIFF'S FATHER, TELLING HIM THAT HIS SON IS OCCUPIED "SPREADING AIDS THROUGH BRANFORD..."

20. ON YET ANOTHER COMPLETELY DIFFERENT OCCASION, DEFENDANT ATKINSON CREATED A HANDWRITTEN FOOTNOTE ON AN OFFICIAL AND PUBLIC DOCUMENT, REFERENCING ABOUT THE PLAINTIFF : "HE IS HIV POSITIVE." DESPITE THE OUTRIGHT FALSITY OF THAT CLAIM, THE DEFENDANTS THEN CIRCULATED THAT DOCUMENT TO OTHER INDIVIDUALS ;

# Branford Police Department
## Transfer of Arrestee

**Purpose:** The purpose of this form is to provide documentation when arrestees are transferred or released to another Law Enforcement agency.

**Procedure:** 1. This form will be filled out by the officer releasing custody
2. The form will be signed by the releasing officer and the officer accepting custody.
3. The original will be filed with the arrestee's paperwork.
The copy will be given to the agency taking custody.

Case # _01-21121_          Date: _11/15/01_          Time: _20:00_

Name of Arrestee: _Robert Salatto_

- [ ] **UNIVERSAL PRECAUTION RECOMMENDED**
- [x] Arrestee is a suicide risk (describe below)
- [ ] Arrestee has been violent (describe below)
- [ ] Arrestee has received medical attention (describe below)
- [ ] Arrestee is **WANTED** in another jurisdiction / Dept.     (where) _____
- [x] Arrestee has received all personal property

**Narrative:** _He is HIV Positive._

Agency accepting Arrestee: _Whalley Correction_

Signed:    Accepting Officer: _c/o TBora___     ID/Badge # _____

B.P.D. Releasing Officer: _Atkinson_          ID/Badge # _11_

31. The acts and omissions of the defendants as described in paragraph seventeen (17) violated Section 53a-22 of the Connecticut General Statutes in that:

A. The defendant police officers did not reasonably believe that the plaintiff was attempting to escape; and

B. The defendant police officers were not acting in defense of themselves or any third person;

32. The acts and omissions of the defendants as described in paragraph seventeen (17) constituted the torts of assault and battery;

FOURTH COUNT

33. The acts of the defendants as described in paragraphs eleven (11) and eighteen (18) through twenty (20) constituted the torts of slander per se and libel;

34. The acts of the defendants as described in paragraphs eleven (11) and eighteen (18) through twenty (20) constituted slander per se and libel when, as described, the defendants represented to seperate individuals on seperate occasions, both orally and in writing, that the plaintiff is infected with a loathsome disease and is engaged in the practice of spreading that loathsome disease;

35. In fact, the allegations of the defendants as described in this complaint, namely that the plaintiff is infected with

AIDS, HIV, OR ANY OTHER LOATHSOME DISEASE WHATSOEVER, ARE UTTERLY AND UNEQUIVOCALLY FALSE;

DEMAND FOR RELIEF

WHEREFORE, THE UNDERSIGNED PLAINTIFF HEREBY REQUESTS THE FOLLOWING FROM THIS HONORABLE COURT:

A. ACCEPT JURISDICTION AND SUPPLEMENTAL JURISDICTION OVER THIS MATTER;

B. ORDER COMPENSATORY AND PUNITIVE DAMAGES IN AN AMOUNT DEEMED JUST, FAIR, AND EQUITABLE;

C. GRANT ATTORNEYS FEES IF THE PLAINTIFF RETAINS COUNSEL;

D. ORDER ANY ADDITIONAL AND FURTHER RELIEF DEEMED JUST, FAIR, AND EQUITABLE BY THIS HONORABLE COURT.

A TRIAL BY JURY IS HEREBY REQUESTED.

RESPECTFULLY SUBMITTED,

ROBERT F. SALATTO, JR., PLAINTIFF
986 Norwich- New London Tnpk
Uncasville, Connecticut 06382

ST. MARY'S HOSPITAL
56 FRANKLIN STREET
WATERBURY, CT 06706

LABORATORY REPORT

23931

| NAME: | SALATTO,ROBERT | | PATIENT PHONE: (203)591-8010 | LOC: STAY |
|-------|---------------|--|------------------------------|-----------|
| HOSP#: | 404700231 | MR #: 593991 | DOB: 09/10/1972 | AGE/SEX: 31Y/M |
| DR: | KROSI,ZIFE  MD | | | |

| TEST | FLAG | RESULT | NORMAL RANGE | UNITS |
|------|------|--------|--------------|-------|

PHYSICIAN COPY FOR DR: KROSI,ZIFE  MD

M347    COLL:02/16/2004  10:38    REC:02/16/2004  11:09    PHYS:KROSI,ZIFE  MD

HEPATITIS B SURFACE AB                NOT IMMUNE              [NIM]

HEPATITIS B SURFACE AG(HAA)           NEGATIVE               [NEG]

HIV ANTIBODY SCREEN                                          [NREAC]
                                      NONREACTIVE :  A NONREACTIVE TEST
                                      DOES NOT FULLY EXCLUDE
                                      POSSIBILITY OF EXPOSURE TO
                                      OR INFECTION WITH HIV.

HEPATITIS A ANTIBODY PROFILE
  HEPATITIS A TOTAL AB                NON REACTIVE
                                      Reference range: NON to REACTIVE
  HEPATITIS A IGM AB                  NON REACTIVE
                                      Reference range: NON to REACTIVE
  HEPATITIS A IGG AB                  NON REACTIVE
                                      Reference range: NON to REACTIVE
  REFERRAL TEST

                                      SUBMITTED BY ST.MARY'S

{QW} = ANALYSIS PERFORMED BY: QUEST DIAGNOSTICS INCORPORATED  CL 0091, 3 STERLING
       DRIVE, WALLINGFORD, CT 06492  DIRECTOR: ROBERT J. WALAT, M.D.

RECEIVED

FEB 1 8 2004

STAYWELL

| H = ABOVE REFERENCE LIMIT    L = BELOW REFERENCE LIMIT | SALATTO,ROBERT | END OF REPORT |
|---|---|---|
| $ = ABNORMAL TEXT RESULT | 02/18/2004    12:50 | PAGE:1 |

UNIVERSITY OF CONNECTICUT HEALTH CENTER
MANAGED HEALTH CARE
263 Farmington Avenue
Farmington, CT. 06030-5386
CT# HP-0213 CLIA# 07D0965914

PATIENT NAME I0000000G
MRN#: I0000000
DOB 00/009/19 AGE: 00  SEX: M

**Radgowski**

FIELD REPORT
FINAL

*Salatto, Robert   180 287*
*6/11/05*

DATE: 000/00/2004
SA/HIV COUNSELOR

INFECTIOUS DISEASE SEROLOGY

0042063934

| TEST-NAME | RESULT | FLAG | REFERENCE INTERVALS | UNITS |
|---|---|---|---|---|

HIV SEROLOGY

HIV 1 AB – Rapid Screen     *NEGATIVE          Negative

A non-reactive result, using the OraQuick Rapid HIV-1 Antibody Test, does not
preclude the possibility of exposure to HIV or infection with HIV. An antibody
response to recent exposure may take several months to reach detectable levels.

ADDENDUM BY PLAINTIFF:
    This Test result is a certified test result. This test was taken
as a follow-up test more than 15 months after the attached
serology report from St. Mary's Hospital. Due to the length of time
elapsed between the first and second test, this result conclusively
establishes that I could not have been infected as indicated.

**Radgowski Correctional Facility**

N-NEW RESULTS   L-LOW   H-HIGH   AB-ABNORMAL   C-CRITICAL   T-TOXIC   X-ABSURD   SSR-SEE SEPARATE REPORT

- 2 -

for Admissions to defendant Atkinson Are As follows :

1) That AT some point on November 15, 2001, I was ordered/ transferred/ from my detention AT the Branford Police Department to the New Haven Correctional Center :

2) That on said date, I was the subject of a BPD transfer order document :

3) That you subscribed "HE is HIV Positive" on said document :

4) that by said representation, it was your intention to communicate that I was, at that time, infected with either the HIV or AIDS virus :

5) That, in fact, today you possess no knowledge or information sufficiently reliable to determine if I am infected with the HIV or AIDS virus :

6) that, in fact, during the discovery process of this Action, I disclosed to your attorney A document which appears to be an HIV/AIDS blood TEST, And the TEST appears to have been taken subsequent to your noted representation on November 15, 2001, And the test indicates A NEGATIVE TEST result for HIV/AIDS Antibodies :

13. State whether, as of the date of May 3, 2004, you believe that the plaintiff of this action, Robert Salatto, Jr., is, in fact, infected with the AIDS virus or is HIV positive:

**RESPONSE**:

As a police officer in the Town of Branford, Officer Atkinson has become familiar with the plaintiff and his use of illegal drugs. It is common knowledge that IV drug users are at high risk of becoming HIV positive and/or for contracting the AIDS virus. As a police officer, Officer Atkinson has received special training concerning the existence of blood-borne pathogens, such as AIDS/HIV. As of May 3, 2004, Officer Atkinson has insufficient information to determine one way or another whether the plaintiff is in fact infected with the AIDS virus or is HIV positive.

14. State whether you have information that the plaintiff attempted to cause himself harm by hanging himself, or attempting to hang himself, while in the custody of the Branford Police Department on November 15, 2001:

**RESPONSE**:

The defendant, David J. Atkinson, does not possess any information that "the plaintiff attempted to cause himself harm by hanging himself, or attempting to hang himself" while in the custody of the Branford Police Department on November 15, 2001.

15. State whether any paramedic, ambulance, doctor, nurse, or other medical care provider was called to the Branford Police Department for the purpose of evaluating the plaintiff for any reason whatsoever on the date(s) of November 1, 2001 or November 15, 2001.

**RESPONSE**:

The defendant, David J. Atkinson, does not have any personal knowledge whether any medical professional was called to the Branford Police Department for the plaintiff on either November 1, 2001 or November 15, 2001.

16. If the defendant has conducted an investigation to learn the facts concerning the incidents which gave rise to this civil action, respond as follows:

     a. Identify, by name and job title, all persons who testified or provided information in the investigation;

     b. State whether the testimony taken was reduced to writing.

**RESPONSE**:

The defendant, David J. Atkinson, has not conducted any investigation to learn the facts concerning the incidents which gave rise to this civil action.

# VERIFICATION

STATE OF CONNECTICUT        )
                           )        ss:  Branford
COUNTY OF NEW HAVEN         )

I, David J. Atkinson, do hereby depose and say:

1.    I am over the age of 18 and understand the meaning and obligation
      of an oath.

2.    I have read the foregoing responses to the plaintiff's interrogatories
      and do hereby verify that they are true and correct to the best of my
      knowledge and belief.

DAVID J. ATKINSON

Subscribed and sworn to before me this 3rd day of June, 2004.

Notary Public
My Commission Expires:

TRISTA CLYNE
NOTARY PUBLIC
MY COMMISSION EXPIRES MAY 31, 2008

10

TOTAL P.01

- 3 -

7) That at some point on November 15, 2001, you ultimately gave said transfer document to another person :

8) That it was your intention that said recipient read the document, together with your noted representation :

9) That, generally, if person A falsely or mistakenly represents to person B that person C is infected with a loathsome disease and, in fact, person C is infected with no disease, person A has committed the tort of slander per se :

10) That through your dealings as a police officer, you had learned that I had been involved in an ongoing romantic relationship with Karen Holmes :

11) That you had personally witnessed my person in the company of Karen Holmes on several occasions prior to November 15, 2001 :

12) That I had told you in front of Karen Holmes that I had loved her :

13) That you had reason to believe that we were engaged to be married :



Town of Branford Police Department
33 Laurel Street
Branford, CT 06405

Robert W. Gill
Chief of Police

Date:   April 11, 2005

Robert Salatto, Jr.
Corrigan Correctional Center
986 Norwich – New London Turnpike
Uncasville, CT 06382

Dear Mr. Salatto, Jr.

I am in receipt of you letter requesting several documents pursuant to the Freedom of Information Act, C. G. S. 1-200-1-212.

I have enclosed copies of incident reports for November 15, 2001 (case incident number 0100021121) and two for November 2, 2001 (case incident numbers 0100020260 and 0100020270).

Requested were Department Use of Force forms for each report which were not found.

Requested were Suicide Prevention forms which were not found with the incident reports.

In reference to requested copies of Detention card, Commander Log Sheet and Commanders Daily Report. These are no longer in effect. General Orders 78-8, 87-3 and 82-3 have been rescinded.

Enclosed is the Branford Police Department Transfer Order you requested.

Sincerely,

Joan Bartlett
Records Dept.

Statement of Uncontroverted Facts

Your undersigned plaintiff, Robert Salatto, hereby states that the following facts are uncontroverted:

(1) That defendant Atkinson has authored a document. See Branford Police Document as Exhibit B; See also paragraphs 3 and 4 of defendant Atkinson's Rule 36 Admissions to plaintiff deemed admitted on February 25, 2005;

(2) That the document authored by defendant Atkinson (A) contained a statement of fact (B) about the undersigned (C) representing that the undersigned is infected with H.I.V.. See Branford Police Document as Exhibit B;

(3) That defendant Atkinson published said document to others. See signature at foot of document as Exhibit B; See also Exhibit I and defendants Admissions as Exhibit H at paragraph 7;

(4) That said representation is plainly false. See Exhibit D; See also Exhibits F and G; See also paragraphs 5 and 6 of Exhibit E.

Robert Salatto, Plaintiff

STATE OF CONNECTICUT
County of New London :   SWORN AFFIDAVIT OF ROBERT F. SALATTO

I, Robert Frank Salatto, Jr, the undersigned AFFIANT, After being duly sworn And placed under An oath, do depose And State:

1. That I Am over 18 years of Age And understand the meaning And obligation of An oath;

2. That I Am plaintiff of the Action entitled Salatto v. Town of Branford, et al., USDC # 3:02-cv-230 (EBB)(JGM);

3. That, As plaintiff in, And subject of, the Above-referenced Action, the facts stated in this AFFIDAVIT Are based upon personal knowledge;

4. That, on November 15, 2001, I was A misdemeanit suspect detained in the custody of the Branford Connecticut Police Department;

5. That, shortly thereafter, I had came to learn that A STATEMENT OF FACT had been Authored upon An OFFICIAL And public document indicating that I Am "H.I.V. Positive." The document is signed by Officer Atkinson, Badge 111;

6. That, the Above-referenced STATEMENT is FALSE;

7. That the document Attached to this motion