Robert Salatto
Plaintiff

Vs.

Town of Branford, et al.,
Defendants

No 3:02 CV 230 EBB / JGM

FILED
2006 FEB 17 P 4: 05
U.S. DISTRICT COURT
BRIDGEPORT, CONN

February 14, 2006

## Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Reconsideration

Your undersigned plaintiff hereby files this memorandum of law in opposition to the defendants' request to set aside judgment by default. For the reasons set forth in this memorandum, said motion must be denied.

## I. BACKGROUND

Your plaintiff filed this action in February of 2002. The defendants, through counsel, filed an answer in 2004. The defendants then participated in limited discovery and ultimately abandoned this action in late 2004. This court then issued an order in 2005 commanding them to respond. When the defendants failed to respond, this court ordered an entry of default against several of them in 2006 and accorded them twenty (20) days to respond. When the defendants again failed to respond, this court ordered a judgment by default against them. Counsel now seeks to vacate said judgment and asserts that his more than seventy-five (75) separate instances of nonresponsiveness to this action were the product of "good faith," and "excusable neglect." The defendants' motion should be denied.

## II. LAW AND ARGUMENT

## I. THE DEFENDANT'S MOTION IS FACIALLY FRIVOLOUS

Your plaintiff filed this action in February of 2002. The defendants, through counsel, filed an answer in January of 2004. The defendants then participated in a very limited quantity of discovery. Then, on November 30, 2004, one day before the discovery process in this action was set forth to expire, the defendants filed a motion to modify the scheduling order, requesting a four (4) month enlargment of time to "conduct further discovery," "depose [your plaintiff,]" and "file various dispositive motions." SEE doc. # 67. The court then granted said motion and the defendants neither conducted discovery, deposed your plaintiff, or propounded any dispositive motions. Id. Similarly, on August 31, 2004, the defendants requested further enlargment of time to respond to outstanding discovery. SEE doc # 59. The court granted said motion, and the defendants burned this court; they ignored the very discovery request that they promised to address and took no action. These two occasions were the last time that the defendants made contact with this action.

Since that time, the defendants have ignored some fifty (50) consecutive discovery requests, motions, and court orders, including, inter alia: a motion for summary judgment; several judicial orders commanding them to produce discovery products; a judicial order commanding them to respond to the amended complaint; and an order entering a default against several defendants. A chronological index of ignored contacts is attached herewith as Exhibit A. Counsel for the defendants additionally ignored some fifteen (15) seperate letters addressed directly to him at his law office. Copies of several letters sent to him are attached herewith as Exhibit B. In addition, counsel ignored at least six (6) additional letters forwarded to both him, and Robin Sandler, Town Attorney for Branford, from the Branford Clerk's Office in response to numerous inquiries made by your plaintiff

about this action. Several copies of such letters are attached herewith as Exhibit C. Such exhibits clearly indicate that carbon copies were duplicated to Attorney Radshaw. Id. These letters were sent to him during the exact months that counsel purports to have received no communication regarding this action.

In addition, counsel cannot escape the fact that his office received and ignored five (5) court orders on seperate dates addressed to him from this court. Counsel incredulously purports that he had no information that this action was still pending because every document associated with this case was diverted to a "closed filing folder" without his knowledge. Memorandum at 2. Either counsel asks this court to believe that a member of his law office clairvoyantly speculated without opening such envelopes that they pertained to this particular action and diverted the sealed envelopes automatically to storage without his knowledge, or else he must admit that his office received and examined such orders, and that he willfully and repeatedly disregarded them. In either scenario, counsel becomes culpable for the consequences of his egregious nonresponsiveness. Counsel has failed to respond in any manner to some seventy-five (75) seperate articles and communications respecting this action from three (3) independent sources. Because he contumaciously ignored a multitude of consecutive judicial orders commanding him to perform specific acts, he certainly cannot now claim that his abandonment of this action several years ago was the product of "good faith error," "inadvertance," or "excusable neglect." The orders of this court were forwarded to him during the exact months that counsel frivolously purports to have received absolutely no communication respecting this action or to have had no awareness that this action was even still pending. Counsel has trapped himself in a flagrant lie.

Also, counsel purports to offer no explanation as to how or why all knowledge and awareness of this action spontaneously dissipated from his memory, or how neither he, nor any one person from his law office, even realized that this action existed or was still pending. The shamelessness with which counsel makes these incredulous assertions is striking. Counsel had a duty to further the just, speedy, and inexpensive determination of this action; to examine and obey all judicial orders; and to uphold the scheduling order. Furthermore, counsel astonishingly purports that he miraculously re-gained awareness of this action and began receiving communications again on February 1, 2006; one day before this court entered judgment. Memorandum at 1. These transparent and convenient falsehoods are the product of unethical lawyerly arguendo and have been conspicuously conjured to satisfy counsel's fact-specific dilemma.

Moreover, even accepting such statements as true, counsel's omissions in forgetting about this action and failing to acknowledge more than seventy-five (75) seperate articles and communications would reflect an absence of minimal internal procedural safeguards. Numerous circuits have held that carelessness on the part of an attorney that suggests an absence of minimal internal procedural safeguards is not excusable neglect. See, e.g., Rogers v. Hartford Life Acc. Ins. Co., 167 F.3d 933, 939 (5th Cir. 1999); Johnson v. Gudmundsson, 35 F.3d 1104, 1117 (7th Cir. 1994); Gibbs v. Air Canada, 810 F.2d 1529, 1537-38 (11th Cir. 1987). Further, the courts will not vacate a default judgment if the default was willful. A default is "willful" when, inter alia, the defendant ignores court orders. See Swaim v. Moltan Co., 73 F.3d at 721-22 (7th Cir 1996); Action S.A. v. Marc Rich Co., 951 F.2d at 507 (2d Cir. 1991); Berthelsen v. Kane, 907 F.2d at 622 (6th Cir 1990). Here, the defendants have ignored some fifty (50) motions and discovery requests, fifteen (15) letters, and five (5) court orders to act. Their default was clearly willful, and the judgment of this court must stand.

Lastly, counsel interestingly claims that his nonresponsiveness was a "mistake made in good faith" caused exclusively because the "legal file was sent into closed file storage by mistaken [s.c.] and the file was marked closed." Memorandum at 1, 2. However, if such were true, from the moment his office received the first judicial order from this court commanding the defendants to respond, counsel would have investigated the matter and corrected the mistake immediately. At minimum, counsel had a duty of inquiry. In fact, counsel ignored a discernable multitude of seperate court orders addressed to him at his law office from this court spanning a seven (7) month period. This parade of uninvestigated and unresponded contacts from this court demonstrates without question that counsel's abandonment of this action was not the product of a "mistake made in good faith" caused by a misplaced legal file. It is not factually possible that counsel's averment is true. Because counsel's abandonment of this action was not the product of "good faith", and counsel has advanced no other factual basis for this court to vacate the judgment, counsel's motion must be denied.

## 2. CORRECT LEGAL STANDARD

The courts apply two different standards of review for a motion to set aside an entry of default and for a motion to vacate a default judgment. Manufacturers' Indus Relations Ass'n v. East Akron Casting Co., 58 F.3d 204, 209 (6th Cir 1995); Pretzel & Stauffer v. Imperial Adjusters Inc., 28 F.3d 42, 44-45 (7th Cir 1994). On a motion to set aside an entry of default, courts will apply the more lenient "good cause" standard of review. FRCP 55(c). On a motion to vacate a default judgment, courts will apply the more stringent "excusable neglect" standard of review in accordance with FRCP 60(b). U.S. v. Timbers Preserve, 999 F.2d 452, 454 (10th Cir. 1993). This court has entered a judgment by default

Against several defendants to this action on February 2, 2006. SEE Order dated February 2, 2006. Therefore, the correct standard of review in this matter is "excusable neglect." The defendants cannot successfully make that showing and their motion to vacate should be denied.

In determining whether to vacate a default judgment, the courts will consider three factors: (1) prejudice, (2) meritorious defense, and (3) culpable conduct. Cody v. Mello, 59 F.3d 13, 16 (2d Cir. 1995); Al-Torki v. Kaempen, 78 F.3d 1381, 1384-85 (4th Cir. 1996); See Swaim v. Moltan Co., 73 F.3d 711, 722 (7th Cir 1996). Each of these factors are addressed in turn:

## A. IRREPARABLE PREJUDICE HAS OCCURRED

The court may refuse to vacate a default judgment if it would pose too great a burden on your plaintiff because of lost evidence, increased problems with discovery, or greater potential for fraud. Action S.A. v. Marc Rich and Co., 951 F.2d 504, 507-08 (2d Cir 1991); Home Port Rentals, Inc., v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992); Berthelson v. Kane, 907 F.2d 617, 621 (6th Cir. 1990); See Whelan v. Abell, 48 F.3d 1247, 1258-59 (D.C. Cir. 1995). In this instance, the defendants willful nonresponsiveness and subterfuge has caused irreparable prejudice to your plaintiff's ability to present his claim on the merits. For example, one critical percipient witness necessary to your plaintiffs case-in-chief has moved permanently to the State of Florida. See plaintiff's sworn declaration attached herewith as Exhibit D. The whereabouts of yet another fact witness have become unknown. Id. These crucial witnesses have been available and willing to participate in this action for several years. If not for the defendants' dilatory misconduct spanning the course of several years in

this action, testimony and participation from such persons would have remained feasible. In addition, the defendants have affirmatively stonewalled your plaintiff from securing discovery products and innumerable articles of material evidence and relevant information. To date, your plaintiff was forced to frame at least eighteen (18) various motions to compel and eight (8) additional motions for sanctions on various occasions over four years. All of such motions were additionally ignored. The problems associated with obtaining primary or secondary discovery products or substantive evidence at this late juncture are self-evident and obvious. This action has been pending for four (4) years and remains well outside the parameters of the scheduling order. The defendants have employed sanctionable and egregious delay tactics as a means to throw your plaintiff's case into a state of dilapidation. Such hardships are real, and your plaintiff should not be compelled to incur actual and substantive prejudice as a direct result of the defendants' misconduct. Their motion to vacate should be denied.

## B. BARE ASSERTIONS THAT THE DEFENDANTS POSSESS A MERITORIOUS DEFENSE ARE SUBSTANTIVELY INSUFFICIENT

Respecting the "meritorious defense" analysis, the court should require a proffer of evidence sufficient to "permit a finding for the defaulting party." See Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp., 843 F.3d 808, 812 (4th Cir 1988). In their Motion for Reconsideration, and Objection to Motion for Default Judgment, dated February 2, 2006, respectively, the defendants have offered absolutely nothing more than bare and conclusory assertions that "Good and Valuable defenses exist both in liability and damages in this case." See defendants' motions.

The defendants offer nothing by way of substantiation to support such statements. In fact, the defendants are entitled to no such defenses. If the defendants were entitled to such "good and valuable" defenses, they would have established them long ago and ended this action instead of willfully defaulting. The defendants' bare and conclusory assertions that they possess a meritorious defense(s) to this action are substantively insufficient as a matter of law. Accordingly, their motion to vacate this judgment should be denied.

### C. THE DEFENDANTS' NONRESPONSIVENESS IS ATTRIBUTABLE TO THEIR OWN WILLFULNESS AND CULPABLE CONDUCT

FRCP 60(b)(1) encompasses situations in which the movant's failure to respond is attributable to its own negligence. See Pioneer Inv. Services Co. v. Brunswick Assoc., 507 U.S. 380, 394, 113 S.Ct 1489, 1497 (1993). Because Congress provided no guideposts for determining what categories of neglect are excusable, the Pioneer court emphasized an equitable inquiry "taking into account all relevant circumstances surrounding the party's omission." Id at 395, 113 S Ct at 1498. Although the concept of excusable neglect is "somewhat elastic," it generally excludes gross carelessness, ignorance of the Rules, or ignorance of the law. See Id at 392, 113 S Ct at 1496; see also Calumet Lumber, Inc. v. Mid-America Indus., Inc., 103 F.3d 612, 614 (7th Cir 1997) (For court to grant relief, actions leading to default must not be willful, careless, or negligent); Swaim, 73 F.3d at 721 (same). The court will not vacate a default judgment if the default was willful. Id; Brien, 71 F.3d at 1078; Information Sys. and Networks Corp. v U.S., 994 F.2d 792, 796 (Fed.Cir. 1993). A default is "willful" when, inter alia, the defendant ignores court orders or intentionally violates court rules. See Swaim, 73 F.3d at 721-22; Action, 951 F2d at 507; Berthelsen, 907 F.2d at 622. Mere legal blunders are not excusable neglect. Cash v.

9

Illinois Div. of Ment. Health, 209 F.3d 695, 697-98 (7th Cir 2000). Mere carelessness is not excusable neglect. In re Woods, 113 F.3d 770, 779 (10th Cir 1999). In addition, some courts have held that carelessness on the part of an attorney that suggests an absence of minimal internal procedural safeguards is not excusable neglect. See, e.g. Rogers v. Hartford Life & Acc. Ins. Co., 167 F.3d 933, 939 (5th Cir 1999); Johnson v. Gudmundsson, 35 F.3d 1104, 1117 (7th Cir 1994); Gibbs v. Air Canada, 810 F.2d 1529, 1537-38 (11th Cir 1987). In any event, even accepting the defendants' argument as true, it becomes apparent that their motion to reconsider or vacate the default judgment must be denied.

The defendants abandoned this action in 2004. Since that time, they have absolutely ignored some seventy-five (75) various articles and communications respecting this action, including some fifty (50) separate motions, fifteen (15) letters, five (5) court orders, and six (6) additional letters directed to them about this action from the Town of Branford. See Exhibits A, B, and C. On the last two occasions that the defendants appeared, they engaged in overtly deceptive and frivolous maneuvers. On one occasion, the day before the scheduled discovery period was set forth to expire, the defendants propounded a motion requesting a four (4) month enlargment of time to take specific steps. Doc # 67. This court granted the motion and the defendants took no such steps. See Id. Similarly, on August 31, 2004, the defendants requested another enlargment of time to respond to outstanding discovery requests. Doc # 55. The court accorded the defendants the benefit of their request and the defendants took absolutely no action to address the discovery or comply with the very extension that they requested. See Id. Now, the defendants astoundingly purport that their nonresponsiveness was "a mistake made in good faith," and that no pleadings or communications were received by counsel for the defendants. Memorandum at 1, 2.

However, the Seventy-five (75) seperately ignored motions, letters, discovery requests, and court orders make absolutely clear that such is not factually possible. See Exhibit A. For example, counsel ostensibly purports that his office received, examined, and summarily disposed of Five (5) seperately mailed judicial orders addressed to him from this court spanning a Seven (7) month period, without his knowledge. See Memorandum at 1,2; See Also supporting affidavits. The falsity of this assertion is manifest and self-evident. However, in any event, counsel has advanced an argument which inherently relegates itself to a losing position.

Even if counsel's averments were believable, and members of his office actually did divert some Fifty (50) motions, fifteen (15) letters, Five (5) court orders, and Six (6) additional third-party communications addressed to him from the Branford Clerk's Office to a "closed filing folder" without his knowledge, then counsel has admitted facts which demonstrate gross negligence and an absence of internal procedural safeguards. Clearly, counsel has a bright-lined and inexcusable duty to open and examine any court orders addressed to him by the court. If the file were, in fact, mistakenly lost, counsel would have been immediately alerted to same upon receipt of the first judicial order commanding him to respond in June, 2005. Counsel has indicated that he has had no awareness of this action whatsoever. Therefore, counsel has admitted that members of his office received and purposefully diverted some Five (5) court orders without his knowledge. Counsel has admitted gross negligence. The Federal rules do not permit that a judgment by default may be set aside upon gross negligence.

Alternatively, if counsels' assertions are contrived and false,

then counsel has ignored some seventy-five (75) seperate articles and communications spanning several years respecting this action and has demonstrated an egregious and outstanding example of a knowing and conscious intention to default. In either scenario, counsel's motion must be denied as a matter of law. The Federal Rules of Civil Procedure permit that a judgment of default may be vacated only in instances of "mistake, inadvertence, surprise, or excusable neglect." FRCP 60 (b) Because counsel's default was the product of gross negligence at best, and a willful, knowing default at worst, the defendants' motion must be denied.

WHEREFORE, your plaintiff has suffered irreparable prejudice and the defendants' motions must be denied.

Respectfully submitted,

Robert Salatto
982 Norwich-New London Tpk.
Uncasville, CT 06382

This is to certify that one copy hereof was mailed, postage pre-paid, to Attorney John Radshaw, 65 Wethersfield Ave., Hartford, Ct., 06114, on:

February 14, 2006

Robert Salatto

## BEGINNING Oct. 7, 2004

| NO. | ARTICLE AND NATURE | DATE | STATUS |
|---|---|---|---|
| 1 | REQUEST FOR PRODUCTION (DOCUMENTS) | Oct 7, 2004 | NO RESPONSE |
| 2 | Motion to COMPEL ORDINARY wk. Product | Oct 7, 2004 | NO RESPONSE |
| 3 | Motion to COMPEL STATEMENT | Oct 22, 2004 | NO RESPONSE |
| 4 | Motion to COMPEL | Oct 22, 2004 | NO RESPONSE |
| 5 | Motion to COMPEL INTERROGATORY Resp. | Oct 7, 2004 | NO RESPONSE |
| 6 | Motion to COMPEL INTERROGATORY Resp. | Nov 7, 2004 | NO RESPONSE |
| 7 | Motion REQUESTING sanctions | DEC. 22, 2004 | NO RESPONSE |
| 8 | Motion to COMPEL disc. production | DEC 22, 2004 | NO RESPONSE |
| 9 | REQUEST FOR Production | Jan 25, 2005 | NO RESPONSE |
| 10 | REQUEST FOR Admissions | Jan 25, 2005 | NO RESPONSE |
| 11 | INTERROGATORIES SERVED | Jan 25, 2005 | NO RESPONSE |
| 12 | Motion to COMPEL Production (1st) | April 2, 2005 | NO RESPONSE |
| 13 | Motion to COMPEL Production (2nd) | April 2, 2005 | NO RESPONSE |
| 14 | Motion to COMPEL Production (3rd) | April 2, 2005 | NO RESPONSE |
| 15 | Motion in limine | April 2, 2005 | NO RESPONSE |
| 16 | Motion FOR Appointment | April 2, 2005 | NO RESPONSE |
| 17 | Motion to Amend Complaint | April 2, 2005 | NO RESPONSE |
| 18 | Amended Complaint | April 2, 2005 | NO RESPONSE |
| 19 | NOTICE OF TRIAL READINESS | April 2, 2005 | NO RESPONSE |
| 20 | Motion FOR Sanctions | April 25, 2005 | NO RESPONSE |
| 21 | COURT ORDER ISSUED to Δ | June 3, 2005 | NO RESPONSE |
| 22 | Appeal to portions of order | June 12, 2005 | NO RESPONSE |
| 23 | REQUEST FOR Production | July 1, 2005 | NO RESPONSE |
| 24 | REQUEST FOR Admissions | July 1, 2005 | NO RESPONSE |
| 25 | REQUEST FOR Production | July 1, 2005 | NO RESPONSE |
| 26 | Motion to ENLARGE # of Interrogatories | July 1, 2005 | NO RESPONSE |
| 27 | INTERROGATORIES | July 1, 2005 | NO RESPONSE |

EXHIBIT A (2 of 4)

(Cont. page 2)

| No. | Article and Nature | Date | Status |
|---|---|---|---|
| 28 | Motion to compel prior statement | July 1, 2005 | No response |
| 29 | Requests for Admissions (1st) | July 7, 2005 | No response |
| 30 | Requests for Admissions (2nd) | July 7, 2005 | No response |
| 31 | Motion for summary judgment | July 1, 2005 | No response |
| 32 | Motion to strike (1st) | July 20, 2005 | No response |
| 33 | Motion to strike (2nd) | July 20, 2005 | No response |
| 34 | Motion for judicial notice | July 20, 2005 | No response |
| 35 | Motion for default | Aug 8, 2005 | No response |
| 36 | Motion for judicial notice | Aug 8, 2005 | No response |
| 37 | Motion for withdraw | Aug 8, 2005 | No response |
| 38 | Motion requesting discovery sanctions | Aug 8, 2005 | No response |
| 39 | Motion to compel | Aug 8, 2005 | No response |
| 40 | Motion requesting disc. sanctions (2nd) | Aug 8, 2005 | No response |
| 41 | Motion to exclude | Aug 8, 2005 | No response |
| 42 | Court order (Magistrate Mayol.s) | Jan 3, 2006 | No response |
| 43 | Court order (Hon. J. Burns) | Jan 5, 2006 | No response |
| 44 | Motion for default judgment | Jan 15, 2006 | No response |
| 45 | Motion requesting sanctions (1st) | Jan 15, 2006 | No response |
| 46 | Motion requesting sanctions (2nd) | Jan 15, 2006 | No response |
| 47 | Motion requesting sanctions (3rd) | Jan 15, 2006 | No response |
| 48 | Motion to strike | Jan 15, 2006 | No response |
| 49 | Motion for articulation | Jan 15, 2006 | No response |
| 50 | Motion to compel disc. products (1st) | Jan 15, 2006 | No response |
| 51 | Motion to compel disc. products (2nd) | Jan 15, 2006 | No response |

(cont. page 3)

| NO. | ARTICLE AND DESCRIPTION | DATE | STATUS |
|---|---|---|---|
| 52 | REQUEST FOR HEARING IN DAMAGES | Jan 15, 2006 | No Response |
| 53 | REQUEST FOR PRETRIAL CONFERENCE | Jan 15, 2006 | No Response |
| 54 | MOTION FOR COMPELLED RESPONSES | Jan 25, 2006 | No Response |
| 55 | COURT ORDER (Hon. J. Burns) | Feb 2, 2006 | |
| 56 - 70 | IN ADDITION, DEFENDANTS RECEIVED FIFTEEN (15) LETTERS (NO RESPONSE) | —<br>2004 - 2006 | |
| 70 - 76 | IN ADDITION, DEFENDANTS RECEIVED SIX (6) LETTERS FROM BRANFORD TOWN CLERK RESPONSIVE to this Action (NO RESPONSE) | 2005 -<br>2006 | |
| | IN ADDITION, the following motions ARE PENDING, to which the defendants have NOT RESPONDED TO DATE : | | * * * * |
| 77 | MOTION FOR JUDICIAL NOTICE (RFAs) | Jan 30, 2006 | Pending |
| 78 | motion to COMPEL | Feb 6, 2006 | Pending |
| 79 | MOTION FOR JUD. NOTICE/EXCLUSION | Feb 6, 2006 | Pending |
| 80 | motion to EXCLUDE FOR noncompliance | Feb 6, 2006 | Pending |
| 81 | motion to COMPEL AS matter of law | Feb 6, 2006 | Pending |
| 82 | motion to COMPEL | Feb 7, 2006 | Pending |
| 83 | motion to STRIKE | Feb 8, 2006 | Pending |

Exhibit A (4 of 4)

(CONT. Page 4)

| NO. | ARTICLE AND DESCRIPTION | DATE | STATUS |
|---|---|---|---|
| 84 | Motion to COMPEL (1st) | Feb 8, 2006 | Pending |
| 85 | Motion to COMPEL (2nd) | Feb 8, 2006 | Pending |
| 86 | Motion Requesting Sanctions | Feb 8, 2006 | Pending |
| 87 | Motion for Compelled Responses | Feb 8, 2006 | Pending |
| 88 | Renewed Motion for Sanctions | Feb 8, 2006 | Pending |
| 89 | Motion to Strike (2nd) | Feb 9, 2006 | Pending |
| 90 | Motion in Limine | Feb 9, 2006 | Pending |
| 91 | Request for pretrial conference | Feb 9, 2006 | Pending |

NOTE: NUMBERS 1-76 OF this list REPRESENT ARTICLES ABSOLUTELY ignored. Items 76-91 REPRESENT ARTICLES NOT ANSWERED AS OF DATE OF this Motion.

CONCLUSION: 76 items Absolutely ignored plus 15 unanswered (pending) motions to date. Should the defendants fail to respond to the pending motions, their NONRESPONSIVENESS should BE considered relative to this Motion.

Exhibit B (1 of 5)

August 1, 2005

John. J. Radshaw, ESQ.
Hould + Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Dear Attorney Radshaw :

Please comply with this letter And contact ME.

As you know, I Am still litigating case # 3:02 CV 230 against Branford, O'Malley, Atkinson, And Grantland. Most recently, these defendants have ignored A cluster of production/discovery requests. In total, that's 25. I have not received Any notice that Any other Attorney has replaced you. If you no longer represent these defendants, please let me know At once.

Please be Advised, should you not immediately contact me to discuss your consistent failure to respond, I will immediately seek A default. I will vigorously pursue A judgment by default by August 8th if I do not hear from you. I have not heard from you in nearly one YEAR. Please contact me immediately to discuss these, And other, matters And to avoid A default.

Respectfully,

Robert Salatto #180287
982 Norwich-New London Tnpk.
Uncasville, CT 06382

Attorney John Radshaw III
Howd And Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

RE: Good-faith Attempt to resolve discovery non-compliance

Dear Attorney Radshaw:

As you know, I recently served discovery requests upon defendants O'Malley, Atkinson, And Gurnullard. The responses were due several days Ago. I received no response, compliance, or objection in Any way, shape, or form. The defendants have Also failed to respond to Atleast 20 other letters And discovery requests. Please comply Immediately with all overdue discovery requests, including the recent requests under Rules 33 And 34 And 36 of the Federal Rules of Civil Procedure. If I do not receive An immediate response to this letter, I will seek discovery sanctions And compelled compliance. I do not wish to do such, please just comply.

CONSIDER THIS MY GOOD-FAITH RESOLUTION ATTEMPT.

Respectfully,



Exhibit B (3 of 5)

Attorney John Bradshaw
65 Wethersfield Avenue
Hartford, CT 06114

In RE: Supplementation of Prior Responses

DEAR Attorney Bradshaw:

Because of your lengthy absence from this Action, I must respectfully request that you formally supplement each of your prior responses to all prior discovery requests. As you know, discovery responses must be supplemented seasonably. In particular, I note that in prior responses the defendants have indicated knowledge of no additional persons, other than themselves (O'Malley, Atkinson, and Grantland) who may have knowledge of discoverable information, or of other fact witnesses as that term is defined in FRCP 26 (b)(1), or of any written statement(s) previously made by me.

I respectfully remind you of your duty to make such information available to me and request that you do such immediately.

Respectfully yours,

Exhibit B (49 of 25)

January 14, 2000

Attorney John Radshaw
605 Wethersfield Avenue
Hartford CT 06114


DEAR Attorney Radshaw


Thank you for accepting this letter.


Because of your lengthy absence from this action, I must
respectfully request that you bring the case up to date by:
(1) Responding to my Interrogatories to the Town of Branford
dated July 25, 2004. As you will note, you filed a motion
requesting until October 18, 2004 in which to respond, and
you never responded at all. Said motion was the last contact
made by you in this action. Please respond to said
interrogatories, (2) Providing a copy of any policy of insurance
held by the defendants which would be expected, wholly or
partly, to satisfy any judgment rendered in this action. I
requested this material from you in 2004, but again, you
disappeared from the action; (3) Reconsidering your objections to
my interrogatories to David Atkinson dated May 3, 2004. In
particular, numbers 4, 5, 19, 20, and 21. If you fully and
fairly respond to such interrogatories, I will refrain from
drafting a motion to compel; (4) Reconsidering your objections
to my interrogatories to Patrick O'Malley dated May 3, 2004.
In particular, numbers 4, 19, 20, 21, and 23. I believe that I
am entitled to the requested information, Please reconsider

Exhibit B (5 of 5)

ATTORNEY Radshaw                                        Jan 25, 2005

Enclosed please find ONE SET of interrogatories, REQUESTS For
ADMISSIONS, And REQUESTS For production, TOTALING three sets of
DISCOVERY REQUESTS. PLEASE BE ADvised that I WAS compelled
to File the REQUESTS For production only After you ignored
my letter of January 06, 2005 REQUESTING the MATERIALS iN
Good-FAith. You claimed iN A MOTION that I have failed
to disclose discovery documents and/or supplement my prior
responses. As you know, I indicated to you on several
OCCASIONS that I AM more than willing to Fully And
promptly comply with my discovery obligations. You cannot,
however, reasonably expect me to disclose documents
until I know particularly what you Are requesting And
EXACTLY what my prior objections And ASSERTIONS of priviledge
WERE. I AM ATTEMPTING To comply; please understand
that it is you who is FRUSTRATING my AMBITION.

     Also, please BE SURE to supplement all of your disclosures
to include All FACT witnesses As required under FRCP 26(b)(i)
Further, A copy of the defendants insurance policy was NOT
initially disclosed As required under FRCP 26(a)(i)(D). Kindly
Direct your ATTENTION to these MATTERS. As you know, Any
non-supplemented or non-disclosed evidence may be inadmissible.

                              thank you,

                              Robert Salatto

# BOARD OF SELECTMEN

### BRANFORD, CONNECTICUT



**JOHN E. OPIE**
*First Selectman*

**JUDITH C. MYJAK**
**FRANK J. KINNEY**

1019 MAIN STREET
POST OFFICE BOX 150
(203) 488-8394
FAX 481-5561

July 5, 2005

Mr. Robert Salatto
982 Norwich-New London Turnpike
Uncasville, CT  06382

Dear Mr. Salatto:

The Town of Branford hereby acknowledges receipt of a Freedom of Information requests dated June 22, 2005.  A review of our records will be conducted to locate any documents that may be responsive to your request.  You will be notified once the review is complete and the documents, if any, are available.

Very truly yours,

Trista Clyne
Administrative Assistant

Cc:     Robin Sandler, Town Attorney
        John Radshaw, Attorney, Howd & Ludorf

BOARD OF SELECTMEN    Exhibit C (2 of 4)

BRANFORD, CONNECTICUT



**JOHN E. OPIE**
*First Selectman*

JUDITH C. MYJAK
FRANK J. KINNEY

1019 MAIN STREET
POST OFFICE BOX 150
(203) 488-8394
FAX 481-5561
www..branford-ct.gov

August 30, 2005

Mr. Robert Salatto
982 Norwich-New London Turnpike
Uncasville, CT 06382

Dear Mr. Salatto:

The Town of Branford has reviewed records that may be responsive to your request dated June 22, 2005. Due to current privacy laws you are required to fill out, sign and notarize the enclosed *Authorization for Medical Record Release Request* form before any records can be released.

The town will not release any documents until this form completed and returned. For your convenience I have enclosed a self addressed stamped envelope.

Very truly yours,

Trista Clyne
Administrative Assistant

Cc:    Robin Sandler, Town Attorney
       John Radshaw, Attorney, Howd & Ludorf

Exhibit C (3 of 4)

# BOARD OF SELECTMEN

### BRANFORD, CONNECTICUT



**JOHN E. OPIE**
*First Selectman*

**JUDITH C. MYJAK**
**FRANK J. KINNEY**

1019 MAIN STREET
POST OFFICE BOX 150
(203) 488-8394
FAX 481-5561
www..branford-ct.gov

October 5, 2005

Mr. Robert Salatto
982 Norwich-New London Turnpike
Uncasville, CT  06382

Dear Mr. Salatto:

The Town of Branford has received the signed *Authorization to Disclose Health Information* form.  Please be advised that I need a notarized copy of said form prior to the release of the requested records.

Please fill out the form again, have it notarized and mail it back to me at the address above.  Thank you.

Very truly yours,

Trista Clyne
Administrative Assistant

Cc:     Robin Sandler, Town Attorney
        John Radshaw, Attorney, Howd & Ludorf

# BOARD OF SELECTMEN

### BRANFORD, CONNECTICUT

Exhibit C (4 of 4)



CHERYL P. MORRIS
*First Selectwoman*

RICHARD W. SULLIVAN
JOHN E. OPIE

1019 MAIN STREET
POST OFFICE BOX 150
(203) 488-8394
FAX 481-5561
www.branford-ct.gov

December 29, 2005

Mr. Robert Salatto
982 Norwich-New London Turnpike
Uncasville, CT  06382

Dear Mr. Salatto:

Enclosed please find copies of two reports pursuant to your Freedom of Information request.

Please remit payment in the amount of $1.00 to the Treasurer, Town of Branford, P.O. Box 150, Branford, CT  06405.

Very truly yours,

Trista Clyne
Administrative Assistant

Cc:    Edward Marcus, Town Attorney
       John Radshaw, Attorney, Howd & Ludorf

State of Connecticut
County of New London

: SWORN AFFIDAVIT OF Robert F. Salatto

I, Robert Frank Salatto, Jr., the undersigned Affiant, do depose and state under penalty of perjury:

1. That I am over the age of 18 and understand the meaning and obligation of an Oath;

2. That, as plaintiff in the action entitled Salatto v. Branford, et al., # 3:02-cv-230 EBB/JGM, I make the declarations in this affidavit upon personal knowledge;

3. That, in late 2005, I learned that a percipient witness necessary to the case-in-chief of this action has moved permanently to the State of Florida and has expressed an affirmative intention not to return to Connecticut;

4. That, as of January 2006, the whereabouts of yet another fact witness to this action has become unknown;

5. That, had this action not been delayed by the defendants, testimony from these critical witnesses would have been feasible;

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 10, 2006.

Robert Salatto.