Robert Salatto
     Plaintiff

Vs.

Town of Branford, et al.,
     Defendants

FILED 3 02 CV 230 EBB/JGM

2006 FEB 21 P 4:47

U.S. DISTRICT COURT
BRIDGEPORT, CONN

February 17, 2006

## Plaintiff's Motion for Default Against
## Defendant Thomas Grantland

Your undersigned plaintiff, Robert Salatto, pursuant to F.R.C.P. 55 (b)(2), hereby requests that this Honorable Court enter a default judgment against defendant Thomas Grantland. In support of this motion, your plaintiff respectfully represents as follows:

1. All defendants to this action have evidenced a clear and deliberate record of contumacious conduct in this action. They have had no contact with this action in several years, since 2004. Since that time, they have collectively indicated a manifest intention to abandon defense of this action. In total, the defendants, through their attorney, have absolutely ignored some fifty (50) consecutive discovery requests, motions, and court orders commanding them to respond and provide discovery. SEE, e.g., Order dated January 03, 2006. Such ignorance of the law, and of their obligations under the Federal Rules of Civil Procedure, and their egregious violations of court orders commanding them to respond EXCEEDS gross negligence and constitutes a willful

And deliberate default. On January 3, 2006, this court ordered an entry of default against defendants Town of Branford, O'Malley, and Atkinson, and afforded them until January 23, 2006, to move to set aside said entry. The defendants, through their attorney, took no action and on February 2, 2006, this court granted a judgment by default against said defendants. See Order dated February 2, 2006, attached herewith as Exhibit A;

2. On January 3, 2006, this court noted that defendant Grantland had not been formally served by a U.S. Marshal and directed the U.S. Marshal to personally do such. See Order dated January 3, 2006, attached herewith as Exhibit B. However, all defendants to this action, including defendant Grantland, are represented by counsel. In fact, defendant Grantland, through his attorney, has acquiesced and openly submitted to this action in both 2003 and 2004 by (1) answering the complaint, and (2) participating in various forms of written discovery. See defendants answer dated January 14, 2004, attached herewith as Exhibit C. See also defendant Grantland's responses to plaintiff's interrogatories dated May 3, 2004, attached herewith as Exhibit D. Accordingly, Due Process requirements have been satisfied and this court should not hesitate to render a judgment by default against defendant Thomas Grantland;

3. Your plaintiff filed this complaint on September 5, 2002, including as a defendant one "John Doe, Shift Supervisor

AT Branford Police Department." SEE Complaint dated February 6, 2002. Subsequently, on January 2, 2003, your plaintiff amended his complaint to substitute defendant Thomas Grantland, Shift Supervisor for John Doe, Shift Supervisor. SEE Amended Complaint dated December 20, 2002, attached herewith as Exhibit E. Subsequently, on January 14, 2003, the defendants, including defendant Grantland, answered the amended complaint. SEE Exhibit C at paragraph 3. Defendant Grantland, through his attorney, responded to each and every allegation directed expressly to him in the amended complaint without objection. Due process has therefore been satisfied and this court should enter a judgment by default against defendant Grantland without hesitation;

4. The purposes of service of process are to give the court jurisdiction over the defendant, to satisfy due process requirements by giving the defendant notice of the suit and the opportunity to defend itself. SEE Henderson v. U.S., 517 U.S. 654, 672, 116 S.Ct 1638, 1648 (1996); Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S.Ct 404, 409 (1987). Because in this instance the defendant is represented by counsel, received notice of suit, filed a formal answer to the suit, was afforded an opportunity to defend himself and deliberately failed to do such, this court should render a judgment by default against him;

5. When a party defaults, the district court may enter a final judgment without a trial on liability. FRCP 55. A default occurs when the defendant does not plead or otherwise respond to the complaint. New York Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir 1996); Pretzel and Stauffer v. Imperial Adjusters, 28 F.3d 42, 44 (7th Cir 1994). In this case, the defendant has acknowledged and responded to this action, but subsequently abandoned defense of this suit for several years and ignored some 50 consecutive discovery requests, motions, and court orders commanding him to act. In addition, the U.S. Marshal was directed by this court to personally serve the defendant with a copy of the amended complaint on January 3, 2006. See Exhibit B. To date, the defendant has filed no response. Based on the recalcitrance of all defendants to this action, including this defendant, no reasonable conclusion can be drawn other than that the defending parties, through their attorney, have defaulted willfully. A judgment by default is rightfully warranted;

6. A party may move for entry of default and judgment by default in the same document. Direct Mail Specialists, Inc., v. Eclat Tech, Inc, 840 F.2d 685, 689 (4th Cir 1988). Further, where the party against whom a default is sought has appeared but later defaulted, the court must enter default. FRCP 55 (b)(2); Hoxworth v. Blinder, Robinson, and Co, 980 F.2d 912, 917-18 (3d Cir 1992)( defendant refused to cooperate in

discovery and APPEAR For triAL); Ringgold Corp. v. worram, 880 F.2d 1138, 1140-41 (4th Cir 1989)( defendant refused to attend pretrial conference); Mutual Fed S and L Assn v. Richards, 872 F.2d 88. 93 (4th Cir 1989)(defendant refused to cooperate in discovery). It is therefore requested that this court grant entry of default and default judgment based on this motion;

7. Additionally, your plaintiff has requested unliquidated damages. Because the demand for relief does not meet the F.R.C.P. 55 (b)(1) test for A sum CERTAIN, the court must grant default and hold an inquest. FRCP 55 (b)(1), (b)(2). The court has Already granted default judgments against All other defendants to this action and ordered the MAgistrate to conduct A hearing in damages. SEE Exhibit A. It is therefore requested that All counts and claims Against defendant GrantLand be heard and determined therewith;

8. Your plaintiff has attached A duly sworn declaration under penalty of perjury pursuant to 28 U.S.C. 1746 As Exhibit F. The declarations set forth in said affidavit are incorporated herein by reference As though fully set forth : The defendant is NOT presently in the military ; The defendant is NOT an INFANT or incompetent ; The defendant is represented by counsel ; A copy of this motion has been duly certified to counsel ; And to GrantLand Personally @ Bnfd P.D. ;

9. In Addition to compensatory and punitive damages, your plaintiff has made A de bene esse demand for Attorney's fees under 42. U.S.C. 1988 (b) and FRCP 54 (a)(2). Your

plaintiff reiterates his demand for Attorney's fees and all costs of litigation and reserves his right to retain cansel at any juncture of this proceeding or at an inquest;

WHEREFORE, because this defendant has appeared, defended, and abandoned this action several years ago, and because he was served with a copy of the amended complaint and filed no response, your undersigned plaintiff respectfully requests that this honorable Court enter a judgment of default against defendant Thomas W. Grantland without further delay.

Respectfully submitted,

Robert Salatto
982 Norwich-New London Tpk
Uncasville, CT 06382

CERTIFICATION

This is to certify that one copy hereof was mailed, postage pre-paid, to Attorney to defendant Grantland, John J. Radshaw, 65 Wethersfield Avenue, Hartford, Ct 06114  AND to DEFENDANT THOMAS GRANTLAND PERSONALLY % Branford Police Department, 33 Laurel Street, Branford, Ct 06405, on:

February 17, 2006

Robert Salatto

Exhibit A

Case 3:02-cv-00230-EBB    Document 113    Filed 02/02/2006    Page 1 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ROBERT SALATTO, JR.

                                        PRISONER
                          CASE NO. 3:02cv230 (EBB) (JGM)

     v.

TOWN OF BRANFORD, ET AL.

### RULING AND ORDER

Pending before the court are plaintiff's motions for articulation, default judgment and hearing in damages.  For the reasons set forth below, the motions are granted.

The plaintiff asks the court to address his objection to Magistrate Judge Margolis' June 3, 2005 Ruling and Order denying his multiple motions to compel and for sanctions.  With certain listed exceptions, a district judge may refer pretrial motions to a magistrate judge for determination.  See 28 U.S.C. § 636(b)(1)(A).  The district judge may reconsider these pretrial matters on a motion by a party where the party shows that the magistrate judge's order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  The court has reviewed the June 3, 2005 Ruling and Order and concludes that the Magistrate's ruling is not "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Thus, the plaintiff's motion seeking review of Magistrate Judge Margolis' June 3, 2005 Ruling is granted, but after careful review, the court overrules the plaintiff's objections to the ruling.

On January 3, 2006, the Court defaulted defendants Town of Branford, O'Malley and Atkinson for failure to plead and directed the defendants to file a motion to set aside the default within twenty days of the order and directed the plaintiff to file a motion for default judgment within thirty days of the order.  To date, defendants have not moved to set aside the default.  The

plaintiff has filed a motion for default judgment in compliance with the court's order.  The

motion for default judgment as to defendants Town of Branford, O'Malley and Atkinson and

motion for a hearing in damages is granted.

Conclusion

Thus, the plaintiff's Motion [**doc. # 99**] seeking review of Magistrate Judge Margolis'

June 3, 2005 Ruling is **GRANTED**, but after careful review, the court **OVERRULES** the

plaintiff's objection [**doc. # 82**] to the ruling.  The Motion for Default Judgment [**doc. # 108**]  as

to defendants Town of Branford, O'Malley and Atkinson and Motion for Hearing in Damages

[**doc. # 101**] are **GRANTED**.  This matter is referred to Magistrate Judge Margolis for a hearing

in damages.

SO ORDERED this 2nd of February, 2006, in New Haven, Connecticut.

/s/ Ellen B. Burns
Ellen B. Burns
Senior United States District Judge

Exhibit B

Case 3:02-cv-00230-EBB   Document 96-1   Filed 01/03/2006   Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO, JR.

PRISONER
CASE NO. 3:02cv230 (EBB) (JGM)

v.

TOWN OF BRANFORD, ET AL.

RULING AND ORDER

Pending before the court is a motion for default, two motions to compel, a motion to withdraw, a motion for leave to file interrogatories, two motions to strike and three motions for sanctions filed by the plaintiff. For the reasons set forth below, the motions for default, to compel and to withdraw are granted and the motions to strike and for sanctions are denied.

I.    Motion for Default [doc. # 95]

The plaintiff seeks to default the defendants for failure to plead. Under the court's current scheduling order, defendants Town of Branford, O'Malley and Atkinson were to respond to the second amended complaint on or before July 3, 2005. (See doc. # 80.) To date, counsel for the defendants has failed to file a response to the second amended complaint. The motion for default is granted as to defendants Town of Branford, O'Malley and Atkinson for failure to plead.

Any motion to set aside default shall be filed within twenty days of the date of this order. Plaintiff is advised that if a motion for default judgment is not filed within thirty days of the date of this ruling, the second amended complaint will be dismissed as to defendants Town of Branford, O'Malley and Atkinson.

The record reveals that Defendant Grantland has never been served with a copy of the

complaint or amended complaints. Accordingly, he is not in default for failure to plead. The

motion for default is denied as to defendant Grantland. The United States Marshal is directed to

personally serve the second amended complaint on defendant Grantland.

II.    Motion to Compel [doc. # 83]

     The plaintiff seeks to compel the defendants to send him a copy of his answers to

interrogatories dated February 17, 2004, because he lost his copy of the answers. The plaintiff

has made several unsuccessful attempts to secure a copy of the answers from counsel for the

defendants. The defendants have not responded the motion to compel. The motion is granted

absent objection. Defendants' counsel shall forward a copy of plaintiff's responses to

defendants' interrogatories dated February 17, 2004, to plaintiff within twenty days of the date of

this order.

II.    Motion to Compel [doc. # 90]

     The plaintiff seeks to compel defendant O'Malley to respond to his July 1, 2005 Request

for Production. He sent a letter to counsel for defendant O'Malley in an effort to resolve this

discovery dispute, but counsel did not respond to the letter and has not responded to the motion

to compel. The motion is granted absent objection. Defendant O'Malley shall respond to

plaintiff's July 1, 2005 Request for Production within thirty days of the date of this order.

III.    Motion for Leave to Serve Interrogatories and Motion to Withdraw [docs. ## 84, 93]

     The plaintiff seeks to withdraw his motion to serve more than twenty-five interrogatories

on the defendants. The motion to withdraw is granted. The motion to serve more than twenty-

five interrogatories is deemed withdrawn.

IV.    Motions to Strike Affirmative Defenses [docs. ## 86, 87]

     The plaintiff seeks to strike the qualified immunity defense set forth in the defendants'

Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO, *PRO SE*,

Plaintiff,

v.

TOWN OF BRANFORD, ET AL.,

Defendants.

Civil Action No.

3:02 CV 0230 (EBB) (JGM)

JANUARY 14, 2004

## ANSWER AND AFFIRMATIVE DEFENSES
## TO AMENDED COMPLAINT DATED DECEMBER 20, 2002

### Introduction

The allegations of the unnumbered paragraphs in the section captioned "Introduction" are denied.

### Jurisdiction

1.  As to the allegations of paragraph 1, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

### Parties

2.  As to the allegations of paragraph 2, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

3.  So much of paragraph 3 that alleges that Thomas W Grantland is a police officer employed by the Branford Police Department is admitted; the remaining allegations of paragraph 4 are denied.

Exhibit D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO, JR.                  :        NO.:  3:02 CV 0230 (EBB)
                                                     :
v.                                                   :
                                                     :
TOWN OF BRANFORD; ROBERT GILL,          :
CHIEF OF POLICE; PATRICK O'MALLEY,      :
PATROL OFFICER; DAVID ATKINSON,         :
PATROL OFFICER; and JOHN DOE,           :
SHIFT SUPERVISOR                        :        June 3, 2004

## DEFENDANT THOMAS W. GRANTLAND'S RESPONSES/OBJECTIONS TO PLAINTIFF'S INTERROGATORIES DATED MAY 3, 2004

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, THOMAS W. GRANTLAND, hereby responds and objects to plaintiff's interrogatories dated May 3, 2004, as follows:

### INTERROGATORIES

①        Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 1 insofar as it impermissibly intrudes upon the attorney-client relationship. This interrogatory seeks information that is exempt from disclosure under the attorney-client privilege and seeks to obtain the thoughts, mental impressions and trial strategies of counsel.

Without waiving any objection, the defendant responds: Thomas W. Grantland.

②        State your full name, any other names by which you have been known, your date of birth, all residences which you have lived at during the 10 years preceding the date of these interrogatories, and your social security number:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 2, insofar as it seeks his date of birth, previous and current residences, and social security number. This information is irrelevant, immaterial and will not lead to the discovery of admissible evidence. As a law enforcement officer in the State of Connecticut, the residential addresses are exempt from disclosure. Furthermore, the defendant's social security number is a private number between the Federal government and the individual. The plaintiff's lawsuit does not give him the power to

conduct a fishing expedition into the private life of the defendant.  Moreover, in our modern society, concerns of identity theft and other economic crime is a substantial issue insofar as the plaintiff is a convicted felon.

Without waiving any objection the defendant responds: Thomas W. Grantland, c/o Town of Branford Police Department, 33 Laurel Street, Branford, CT  06405.


3.    State the name, address, and years of attendance and graduation for each school that you have attended, commencing with high school, and including college, or any other place of training or continuing education;

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 3 as it is irrelevant, immaterial and is not calculated to lead to discovery of admissible evidence.  The defendant's educational background has no bearing on the claims advanced by the plaintiff in his complaint.  While naming the Town of Branford, the plaintiff does allege any constitutional violations on the part of the Town based on its failure to train the defendant.  Moreover, disclosure of this educational information could allow the plaintiff to uncover the defendant's residential address which is exempt from disclosure.

Without waiving any objection, the defendant responds: Thomas W. Grantland, is a law enforcement officer licensed and certified by the State of Connecticut.  He was graduated from high school and college, earning a B.A. in criminal justice administration.  He was graduated from the police academy which is now known as P.O.S.T.


4.    Identify all prior incidents to which you were a defendant, a respondent, a witness, or a party, involving an accusation of abuse of authority, excessive force, or failure to provide medical attention during the course of an investigation, arrest, or a detention:

**RESPONSE:**

**OBJECTION.**  The defendant, Thomas W. Grantland, hereby objects to interrogatory no. 4 as is it irrelevant, immaterial, and will not lead to the discovery of admissible evidence.  Moreover, the interrogatory is overbroad encompassing the defendant's more than thirty (30) years of service as a police officer with the Town of Branford.  Additionally, the identification of the defendant as a "respondent," "witness," "party," is well beyond the scope of discovery.  Furthermore, the terms "abuse of authority," "respondent, and "witness" are not defined and makes no sense as phrased.

2

(5.)    If you are currently the subject of any civil action, as either the plaintiff or the defendant, please state the name of the action, the court in which the action is pending, and give a description of the subject matter of the lawsuit:

**RESPONSE:**

OBJECTION. The defendant, Thomas W. Grantland, hereby objects to interrogatory no. 5 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Whether or not the defendant is or has been a litigant on any subject whatsoever has no bearing on the claims of the plaintiff. This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant.

6.    If the plaintiff was injured in any manner or claimed to be ill, or requested medical attention while in custody on November 1, 2001, or November 15, 2001, describe the injury, claimed illness, or the basis for his request for medical attention:

**RESPONSE:**

The defendant, Thomas W. Grantland, has no personal knowledge as to whether the plaintiff was injured in any manner on November 1, or November 15, 2001

7.    If any officers or other persons present during the plaintiff's arrest or detention on November 1, 2001 or November 15, 2001 drew their service revolver or employed the use of physical force upon his person at any time, identify the weapon drawn, the character and degree of force used, the person(s) whom employed such force, and the specific reasons therefore:

**RESPONSE:**

The defendant, Thomas W. Grantland, has no personal knowledge as to whether a service revolver was drawn on either November 1, 2001 or November 15, 2001. Similarly, Lieutenant Grantland has no personal knowledge as to whether any degree of force was used against the plaintiff on either November 1, 2001 or November 15, 2001.

8.    Identify all internal regulations and policies relating to the Branford Police Department's guidelines on the use of force upon a suspect or a detainee, deadly or otherwise, during the course of an investigation, arrest or detention:

**RESPONSE:**

See attached.

3

9.    Identify all internal regulations and policies relating to the Branford Police Department's guidelines on the provision of medical care to a suspect, arrestee or detainee:

**RESPONSE**:

See attached.

10.    Identify all internal regulations and policies relating to the Branford Police Department's guidelines on the disclosure of medical information to any person, regarding a suspect, arrestee or a detainee, specifically including the disclosure of information regarding the HIV or AID's virus(es):

**RESPONSE**:

See attached.

11.    State whether you have received any specific course of specialized training relating to the diagnosis and treatment of chest pain or other cardiovascular illness. if so, please state from whom or where, the exact training received, and list any certification or degree conferred:

**RESPONSE**:

During P.O.S.T. training, I received a variety of first aid training. Until the mid-1990s, I was certified as an EMT by the State of Connecticut.

12.    State whether any rule, policy, or custom exists in any manner providing that when a suspect, arrestee or detainee in the custody of the Branford Police Department specifically indicates that (s)he is encountering chest pain and specifically requests a medical evaluation or medical treatment from an individual qualified in the diagnosis or treatment of cardiac arrest or chest pain, such a suspect shall NOT be afforded such an opportunity to obtain the requested course of medical treatment.

**RESPONSE**:



13.    State whether, as of the date of May 3, 2004, you believe that the plaintiff of this action, Robert Salatto, Jr., is, in fact, infected with the AID's virus or is HIV positive:

**RESPONSE**:

4

14. State whether you have information that the plaintiff attempted to cause himself harm by hanging himself, or attempting to hang himself, while in the custody of the Branford Police Department on November 15, 2001:

**RESPONSE:**

The defendant, Thomas W. Grantland, does not possess any information that "the plaintiff attempted to cause himself harm by hanging, or attempting to hang himself" while in the custody of the Branford Police Department on November 15, 2001.

15. State whether any paramedic, ambulance, doctor, nurse, or other medical care provider was called to the Branford Police Department for the purpose of evaluating the plaintiff for any reason whatsoever on the date(s) of November 1, 2001 or November 15, 2001:

**RESPONSE:**

The defendant, Thomas W. Grantland, does not have any personal knowledge whether any medical professional was called to the Branford Police Department for the plaintiff on either November 1, 2001 or November 15, 2001. The plaintiff was released on November 2, 2001 to the care of the Branford Fire Department for transport to Yale-New Haven Hospital.

16. If the defendant has conducted an investigation to learn the facts concerning the incidents which gave rise to this civil action, respond as follows:

    a.    Identify, by name and job title, all persons who testified or provided information in the investigation;

    b.    State whether the testimony taken was reduced to writing.

**RESPONSE:**

The defendant, Thomas W. Grantland, has not conducted any investigation to learn the facts concerning the incidents which gave rise to this civil action.

17. State whether it is the policy or practice of the Branford Police Department to keep a written data record, or other record, including a caller identification log, regarding incoming telephone calls, including but not limited to, the calling party's name or telephone number, the nature of the call, and whether such calls are contemporaneously recorded. If any portion of this interrogatory is answered in the affirmative, describe the nature of the data recorded, and state (1) the length of time that such audio recordings are preserved and maintained; (2) the length of time that such written records are preserved and maintained:

**RESPONSE:**

The dispatch area is not under the direct responsibility of the defendant, Thomas W. Grantland. Upon investigation, Lieutenant Grantland has determined that the

Branford Police Department is required to keep certain records concerning incoming 911 calls. However, no requirement exists to keep records concerning telephone calls that do not reach the Department via 911. During 2001, all calls to the dispatcher were recorded, 911 or otherwise. However, if the dispatcher transferred that call to another extension or line within headquarters, the recording did not continue. Recordings of 911 calls are preserved and maintained for 60 days. No "written" records are maintained of this data. During 2001, no caller identification logs or any other information was maintained.

18.    State whether prisoner detention cells at Branford Police Department are monitored by video and/or audio. If so, specify whether by video or audio, and state (1) whether the content forming the subject of the monitoring is captured by, or reduced to, a recording; (2) the length of time that any such recordings are preserved; and (3) the purpose for which any recordings are maintained:

**RESPONSE**:

Many areas of the Branford Police Department, including prisoner detention areas, are monitored by video and audio means. The video and audio is recorded and held for 30 days. After that time, the tapes are reused.

19.    State whether you have, at any time, been either a plaintiff or a defendant to any civil action, claim, complaint, or administrative action. If so, state (1) the name and docket number of the action; (2) the court, administrative body, or entity at which the action was, or is, being heard, and (3) the disposition:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, hereby objects to interrogatory no. 19 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Whether or not the defendant is or has been a plaintiff or defendant on any subject in either and administrative, civil or criminal matters whatsoever has no bearing on the claims of the plaintiff. This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant. Moreover, it is duplicative, in part, of interrogatory no. 5.

6

20. State whether you have been, at any time, called to testify as a witness before a live proceeding in any civil, criminal, disciplinary, or administrative action. If so, state (1) the court, administrative body, or entity at which you testified; (2) the name of the action or proceeding at which you testified; and (3) the name of the person(s) on whose behalf you testified:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, hereby objects to interrogatory no. 20 insofar as it is irrelevant, immaterial, and will not lead to the discovery of admissible evidence. Whether or not the defendant is or has been a witness on any subject in either and administrative, civil or criminal matters whatsoever has no bearing on the claims of the plaintiff. This interrogatory is classically overbroad seeking matters well outside the scope of discovery and is another example of the plaintiff's illegal fishing expedition into the affairs of the defendant.

Moreover, this interrogatory is unduly burdensome insofar as Lieutenant Grantland has been a police officer for more than thirty (30) years and could not possibly compile all of the times that he was required to testify in this regard. This is another example of the plaintiff's effort to harass, vex, and annoy the defendant.

21. State whether you have, at any time, been terminated or resigned for any reason from a course of gainful employment:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, hereby objects to interrogatory no. 21 as is it irrelevant, immaterial, and is not calculated to lead to the discovery of admissible evidence. The employment history of the defendant has absolutely no bearing on the claims of the plaintiff and is another example of the plaintiff's effort to harass, annoy and vex the defendant.

22. Identify all potential parties to this lawsuit:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 22 insofar as it violative of the attorney-client privilege and seeks to discovery thoughts, mental impressions and trial strategies of counsel. Moreover, interrogatory no. 22 calls for legal conclusions, a topic not properly the subject of fact discovery.

23) Identify any person having knowledge of discoverable matter, other than those individuals used to support your claims or defenses.

**RESPONSE:**

**OBJECTION**. The defendant, Thomas W. Grantland, objects to interrogatory no. 23 insofar as it violative of the attorney-client privilege and seeks to discovery thoughts, mental impressions and trial strategies of counsel. Additionally, interrogatory no. 23 calls for a legal conclusion, something that is not properly advanced in fact discovery.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT
GILL, Chief of Police; PATRICK
O'MALLEY, Patrol Officer; and DAVID
ATKINSON, Patrol Officer.

John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

## CERTIFICATION

I hereby certify that on June 3, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
466 West Main Street
Waterbury, CT 06702

John J. Radshaw, III

8

Exhibit E

*Note: 2nd Complaint (2nd of 3)*
*Superceded by 3rd Amended*
*Complaint*
*dated 4/2/05*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO, JR.,
    PLAINTIFF

Vs.

BRANFORD, TOWN OF; THOMAS W.
GRANTLAND   ; PATRICK O'MALLEY;
DAVID ATKINSON; EACH RESPECTIVELY
SUED IN THEIR INDIVIDUAL CAPACITY
    DEFENDANTS

;
;
;
;
;
;
;
;
;
;
;
;

CIVIL ACTION NO.: 302 CV 230 (EBB)

U.S.D.C. AT BRIDGEPORT

MAJISTRATE JOAN G. MARGOLIS

DECEMBER 20, 2002

## PLAINTIFF'S AMENDED COMPLAINT WITH A JURY DEMAND

### INTRODUCTION

Plaintiff brings this action seeking damages pursuant to 42 U.S.C. § 1983 against law enforcement officials and Town of Branford for deprivations of rights and protections secured via the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution; 42 C.F.R. § 2; Article First §§ Seven, Eight, Nine, and Twenty of the Constitution of the State of Connecticut; Chapter 899 of Connecticut General Statutes; and the torts of assault, battery, libel, slander, invasion of privacy, negligence, and negligent or intentional infliction of emotional distress, actionable pursuant to Connecticut law, and hereby invoked under the supplemental jurisdiction of this Court.

Defendant officers had particular knowledge of plaintiff's serious medical condition and suicidal proclivity, yet willfully delayed and denied him access

Exhibit F

# Plaintiff's Affidavit/Declaration
## Pursuant to 28 U.S.C. 1746

Your undersigned plaintiff, Robert F. Salatto, Jr., hereby declares under penalty of perjury, pursuant to 28 U.S.C. 1746 :

1. That I am the plaintiff of the action entitled Salatto v. Branford, et al., and as such, I make all declarations set forth in this document based upon my personal knowledge ;

2. That defendant Thomas W. Grantland is neither (1) presently in active military service, or (2) an infant or incompetent ;

3. That defendant Thomas W. Grantland has participated in written discovery but subsequently abandoned this action ;

4. That defendant Thomas W. Grantland was/is represented by Attorney John J. Radshaw, III, 65 Wethersfield Avenue, Hartford, Connecticut, 06114 ;

5. The undersigned knows of no other reason why a default judgment should not enter against said defendant. Further deponent says not.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 7, 2006 (28 USC 1746)

BY : _____

Robert Frank Salatto, Jr.