Robert Salatto
          Plaintiff

Vs.

Town of Branford, et al,
          Defendants

FILED

2006 FEB 22 P 4:28

U.S. DISTRICT COURT
BRIDGEPORT, CONN

No 3:02 CV 230 EBB

February 15, 2006

## Plaintiffs Memorandum in Opposition to Defendants' February 7, 2006 Motion For Reconsideration re Order of Default

I an undersigned plaintiff hereby files this memorandum in opposition to the defendants' Motion for Reconsideration re order on default dated February 7, 2006. For the following reasons, the judgment by default entered by this court on February 2, 2006 must stand.

The defendants' motion rises above frivolity and is almost laughable. The defendants abandoned this action in 2004. Their disappearance from this action has been unequivocal and absolute. Since 2004, the defendants have ignored some Seventy-Five (75) various articles and communications respecting this action, including some Fifty (50) successive motions and Five (5) separate court orders, as well as Fifteen (15) letters from the undersigned and Six (6) additional third-party letters directed to them about this action from the Town of Branford Clerks' Office. SEE plaintiff's memorandum in opposition to request to vacate default judgment dated

2

February 14, 2006. This multitude of consistent contacts and communications occurred at the very time that the defendants purport to have had no awareness of this action. SEE defendants' memorandum dated February 7, 2006; see Also plaintiff's first memorandum in opposition dated February 14, 2006. It is therefore apparent that the defendants' memorandum is facially frivolous and their assertions not factually possible.

In particular, counsel for the defendants has incredulously asserted that members of his office received, examined, and diverted said articles to a "closed filing folder" and ultimately to "storage" without his knowledge. SEE defendants memorandums dated February 2 and 7, 2006. Now, counsel for the defendants has filed a supplemental memorandum additionally claiming that all electronic notices forwarded to his office by this court were "consumed by a spam filter or other electronic issue." Defendants' memorandum dated February 7, 2006, at 2. Counsel boldly asks this court to believe that some Seventy-Five (75) separate articles addressed directly to him at his law office from at least three (3) separate sources including this court were received over a Fifteen (15) month period but automatically diverted to "storage" by "mistake" without his knowledge, and that all electronic orders sent to his E-Mail address were coincidentally "consumed by a spam filter," also without his knowledge. Id. Apparently, only communications pertaining to this action dissipated, and fortunately for counsel, he again began receiving communications about this action on the very day before

this court entered a judgment by default. Id at 1; see also counsel's affidavit dated February 7, 2006, at 1. The shamelessness with which counsel makes these overtly frivolous and incredulous assertions is striking. In any event, even accepting counsel's averments as true, he has advanced an argument which disentitles him to request that this judgment be set aside, and the judgment must stand.

Counsel has requested that this judgment be set aside pursuant to the "mistake, inadvertance, surprise, or excusable neglect" standard of FRCP 60 (b). Id. Even if this court accepts counsel's wildly rediculous explanations as true and his office did, in fact, receive and divert some seventy-five (75) seperate communications and articles respecting this action without his knowledge, and that a "spam filter" consumed all court orders addressed to him, counsel has admitted facts which demonstrate gross negligence and an absence of internal procedural safeguards. See plaintff's First Memorandum. Counsel nonetheless had an affirmative obligation to keep track of his caseload in general and this action in particular. Counsel astandingly abandoned this action in 2004 after filing several frivolous dilatory motions with this court. See plaintff's First Memorandum at 2; see also docs # 55 and 67 of this action. Now, counsel floats yet another frivolous motion asking this court to believe that seventy-five (75) seperate articles addressed to him since 2004 at his law office were never received

by him, and that A "spam filter" coincidentally consumed every court order e-mailed to him (and that such supernatural occurrences affected only this action, and inexplicably ceased on the very day before A judgment was entered). These transparent and convenient Falsehoods are the product of unethical and sanctionable lawyerly arguendo and have been conspicuously conjured to Ameliorate counsel's Fact-specific dilemma. In any event, counsel's motion to set aside this judgment must be denied.

FRCP 60 provides that in certain circumstances, A judgment may be set aside for excusable neglect. FRCP 60 (b). Because such facts, even if accepted, would demonstrate only gross negligence and an absence of internal procedural safeguards at best, and a willful, knowing default at worst, counsel's request to vacate the judgment by default entered by this court must be denied.

In addition, setting aside this judgment at this late juncture would irreparably prejudice your plaintiffs' ability to present his case on the merits. This action has been pending for Four (4) years. Counsel has filed Ten (10) seperate motions requesting a stay of litigation, as well as several Frivolous dilatory motions as a litigation tactic. Counsel then abandoned this action and has refused to acknowledge this matter in any manner for several years. During that time, several necessary witnesses incidental to your plaintiffs case have become unavailable. In late 2005, one percipient witness Fundamentally necessary to your plaintiffs case-in-chief

has moved permanently to the state of Florida. In 2005-2006, the whereabouts of yet another fact witness to this action has become unknown. Your plaintiff has attached a duly sworn affidavit attesting to such facts as Exhibit A. Because one way or the other the defendants bear responsibility for imposing such prejudice, and your plaintiff, too, has a right to fairly and fully litigate his case, the defendants' motion must be denied.

Lastly, the defendants still refuse to comply with the needs of this action. On January 3, 2006, this court ordered the defendants to produce forthwith several discovery articles. SEE order dated January 3, 2006. To date, these defendants have contumpciously refused to comply with express orders of this court commanding specific affirmative steps. In addition, should these defendants refuse to respond to any of the Twenty-Two (22) pending motions, including a motion requesting summary judgment, their continued nonfeasance should be duly considered by this court as a demonstration of overt unwillingness to comply with this action in good-faith. In any event, although judgments other than on the merits are generally disfavored, the federal rules of Civil Procedure do not permit judgments obtained upon gross negligence or willful disregard for the rules to be set aside. Accordingly, the defendants' motion must be denied.

Respectfully submitted,

_Robert Salatto_ (signature)

Robert Salatto
982 Norwich-New London Tpk
Uncasville, CT 06382

<u>Certification</u>

This is to certify that one copy hereof was mailed,
postage prepaid, to Attorney John Radshaw III, 65
Wethersfield Avenue, Hartford, CT 06114, on:

February 16, 2006            _Robert Salatto_ (signature)

                             Robert Salatto

State of Connecticut    : SWORN AFFIDAVIT OF Robert F. Salatto
County of New London

I, Robert Frank Salatto, Jr., the undersigned AFFIANT, do depose and state under penalty of perjury:

1. That I am over the age of 18 and understand the meaning and obligation of an Oath;

2. That, As plaintiff in the action entitled Salatto v. Branford, et al., # 3:02-CV-230 EBB/JGM, I make the declarations in this Affidavit upon personal knowledge;

3. That, in Late 2005, I learned that A percipient witness necessary to the case-in-chief of this action has moved permanently to the State of Florida and has expressed an affirmative intention not to return to Connecticut;

4. That, As of January 2006, the whereabouts of yet Another FACT witness to this action has become unknown;

5. That, had this action not been delayed by the defendants, testimony from these critical witnesses would have been feasible;

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 15, 2006, pursuant to 28 U.S.C. 1746 And Notarized

_Michael Lewis_
Notary Public          _Robert Salatto_

MICHAEL LEWIS
NOTARY PUBLIC
MY COMMISSION EXPIRES APR. 30, 2008