Robert Salatto
Plaintiff

Vs.

Town of Branford, et. al.,
Defendants

FILED

2006 FEB 24 P 12:17
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

No. 3:02-cv-230 (EBB)(JGM)

U.S. District Court @ Bpt.

February 16, 2006

## Plaintiff's Motion to Exclude As A Sanction

Your undersigned plaintiff, Robert Salatto, pursuant to Fed.R.Civ.P. 37(d), hereby requests that this Honorable Court sanction the defendants, Town of Branford, O'Malley, Grantland, and Atkinson, for their recalcitrance and subterfuge by excluding any reference to your plaintiff's criminal conviction record from evidence at trial, and precluding the defendants from asserting their affirmative defense of qualified immunity at trial. In support of this motion, your plaintiff respectfully represents as follows:

1. The defendants have maintained a consistent pattern of bad-faith tactics during the discovery process of this action. In total, they have flatly ignored at least 50 motions and discovery requests. In one instance, they requested time to comply with a discovery request, and then totally failed to respond to that request [see doc 55]. In another instance, one day before the close of discovery, they requested a 4-month enlargment of time to depose your plaintiff and file various motions [See Doc 67]. The court granted the request, and the defendants took no action; depositions, motions, or otherwise. The defendants

2

have ignored every motion and discovery request since August 2004. Most recently, they have ignored 5 discovery requests and a court-order to answer the Amended complaint by July 3, 2005 [See order dated June 3, 2005]. The defendants' recalcitrance has been systematic, willful, and egregious;

2. This motion seeks to enjoin the defendants from introducing evidence on specific matters which they have effectively stonewalled from discovery through abusive and sanctionable discovery tactics. The defendants initially sought discovery regarding (1) your plaintiff's criminal history, and (2) their entitlement to the affirmative defense of Qualified immunity. Your plaintiff undertook repeated attempts to comply, avowing that his criminal history is inadmissible, and that, in this instance, the defendants are not entitled to Qualified immunity. The defendants, however, have since refused to cooperate in discovery and have flatly stonewalled your plaintiff's attempts to obtain necessary information regarding such matters. Discovery has since closed. Because the defendants are responsible for effectively blocking your plaintiff's discovery efforts on these issues through abusive tactics, it reasonably follows that they should be enjoined from introducing evidence on those very issues;

3. On February 17, 2004, the defendants served interrogatories on your plaintiff, principally requesting

information regarding his criminal history, and his contention that the defendants are not entitled to qualified immunity.

4. With reference to information surrounding your plaintiff's criminal history, your plaintiff objected, asserting that such information is not relevant, and is inadmissible at trial. With reference to information surrounding the defendants purported entitlement to qualified immunity, your plaintiff provided some information and indicated that he would supplement additional information through discovery;

5. After written communication and a telephone conference on these issues, Attorney Radshaw directed a letter to your plaintiff dated June 9, 2004. In that letter, he indicated his entitlement to such information as follows: "I am entitled to elicit this information from you... this information is clearly discoverable... You are obligated to cooperate for [sic] the just, speedy, and inexpensive determination of the civil action." In response, your plaintiff issued a letter dated July 25, 2004, indicating about supplementation: "To do such, I would request that you forward me photocopies of (1) your interrogatories to me, and (2) my interrogatories to the defendants... Please specify exactly what materials you're seeking from the file... I will review the request and make every effort to get you any and all non-objectionable material."

dated April 02, 2005;

11. The defendants took absolutely no action to said motion;

12. However, on June 3, 2005, this court denied said motion based upon a procedural deficiency. The court denied said motion without prejudice;

13. Accordingly, on July 1, 2005, your plaintiff corrected the deficiency and served a renewed request for production upon defendant Gruitland. Said request is attached herewith as Exhibit A;

14. The defendants took absolutely no action relative to said request, and your plaintiff ultimately forwarded Attorney Cadshaw a letter attempting to address the total failure to respond to this, and 24 other motions and discovery requests. The defendants, however, took no action relative to said letter, a copy of which is attached as Exhibit B;

15. In addition, your plaintiff has directed countless other letters, motions, and discovery requests to Attorney Cadshaw, all to no avail. The defendants have absolutely failed to acknowledge this action since August, 2004. A copy of 2 recent letters are attached as Exhibits C and D, respectively;

6. Your plaintiff then undertook several additional attempts to obtain the necessary materials responsive to the criminal history and qualified immunity questions, including a copy of his answers and objections to the interrogatories propounded by the defendants on February 17, 2004;

7. The defendants ignored all such requests. Your plaintiff was forced to serve the defendants with formal requests for production seeking these items dated January 25, 2005;

8. The defendants took absolutely no action responsive to the January 25, 2005 production request;

9. In addition, your plaintiff had subsequently directed a letter to Attorney Radshaw indicating: "I am more than willing to fully and promptly comply with my discovery obligations. You cannot, however, reasonably expect me to disclose documents until I know particularly what you are requesting and exactly what my prior objections and assertions of priviledge were. I am attempting to comply; please understand that it is you who is frustrating my ambition."

10. Again, the defendants took no action relative to said letter, or a follow-up letter attempting to resolve the non-compliance without court intervention, and your plaintiff was forced to file a motion to compel production

6

16. The defendants total refusal to cooperate in discovery, or even acknowledge this action at any point since August 2004, was clearly unjustified and harmful to your plaintiff. The sanction of exclusion is generally appropriate in such instances where a party refuses to produce material evidence during discovery. Carroll v. Acme, 955 F.2d 1107, 1115-16 (7th Cir. 1992); Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 932 (1st Cir. 1991). Clearly, as the defendants have ignored some 50 motions and discovery requests, and a multitude of letters seeking to address such non-compliance, their omissions were both harmful and unjustified. In this instance, they have outrageously sought discovery on decisive issues, and subsequently stonewalled your plaintiff's efforts to comply and unearth similar, countervailing evidence. These discovery abuses are extreme. In fact, the defendants have effectively stonewalled your plaintiff and cut him off from discovery for an entire year. In such circumstances, exclusion is proper. See Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 297 (1st Cir 1999); Newman v. G.H.A., 60 F.3d 153, 156 (3rd Cir 1995). The acts and omissions giving rise to this action happened four years ago; an order re-opening discovery at this juncture would be counter-productive and futile. It is neither requested nor desired. Moreover, the Advisory committee notes to Rule 37 contemplate that it may be more effective in some circumstances to impose a sanction excluding evidence instead of an order compelling production. See Sierra Club v. Cedar Point Oil, 73 F.3d 546, 572 (5th Cir 1996). Such an order is hereby requested.

17. In Addition, should the defendants fail to respond to this Motion, their omission should be considered;

WHEREFORE, your undersigned plaintiff hereby requests that this Honorable Court enjoin the defendants from introducing evidence on his criminal record and their affirmative defense of Qualified immunity.

Respectfully,

*/s/ Robert Salatto*

Robert Salatto
982 Norwich-New London Tnpk.
Uncasville, Ct 06382

Certification

This is to certify that one copy hereof was mailed, U.S. Mail, first-class postage prepaid to Atty John Bradshaw, 65 Wethersfield Avenue, Hartford, Ct 06114, by placing it with Correctional Officials on:

February 16, 2006

*/s/ Robert Salatto*

United States District Court
District of Connecticut

Robert Salatto                                    # 302 CV 230 EBB/JGM
   Plaintiff
Vs

Town of Branford, Et Al.,
   Defendants                             July 1, 2005

### Plaintiff's Request for Production

Your plaintiff, Robert Salatto, hereby requests that Defendant Thomas Grantland produce the following documents for inspection and copying pursuant to F.R.C.P. 34. The method of production shall be either via U.S. Mail, or at Radgowski Correctional Center in Uncasville, Connecticut. Time for production shall be thirty (30) days in accordance with F.R.C.P. 34. Your plaintiff hereby requests the following documents:

(1) Prior written statements of Robert Salatto, Sr., and Karen Holmes;

(2) Plaintiffs' responses to defendants' interrogatories dated February 17, 2004;

Respectfully submitted,

/s/
_____
Robert Salatto
982 Norwich-New London Tnpk
Uncasville, CT 06382

Certification

This is to certify that one (1) copy of the foregoing was sent, first class postage prepaid, to Attorney for the defendants John Radshaw, 65 Wethersfield Avenue, Hartford, CT, on

/s/
_____
Robert Salatto

Attorney John Radshaw III
Howd And Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

RE: Good-faith Attempt to resolve discovery non-compliance

Dear Attorney Radshaw:

As you know, I recently served discovery requests upon defendants O'Malley, Atkinson, And Gomulland. The responses were due several days ago. I received no response, compliance, or objection in any way, shape, or form. The defendants have also failed to respond to at least 20 other letters and discovery requests. Please comply immediately with all overdue discovery requests, including the recent requests under Rules 33 And 34 And 36 of the Federal Rules of Civil Procedure. If I do not receive an immediate response to this letter, I will seek discovery sanctions and compelled compliance. I do not wish to do such, please just comply.

CONSIDER THIS MY GOOD-FAITH RESOLUTION ATTEMPT.

Respectfully,

Robert Gatto

August 1, 2005

John J. Radshaw, ESQ.
Hood + Ludorf
65 Wethersfield Avenue
Hartford, Ct 06114

Dear Attorney Radshaw:

Please comply with this letter and contact me.

As you know, I am still litigating case # 3:02 cv 230 against Branford, O'Malley, Atkinson, and Grantland. Most recently, these defendants have ignored a cluster of production/discovery requests. In total, that's 25. I have not received any notice that any other attorney has replaced you. If you no longer represent these defendants, please let me know at once.

Please be advised, should you not immediately contact me to discuss your consistent failure to respond, I will immediately seek a default. I will vigorously pursue a judgment by default by August 8th if I do not hear from you. I have not heard from you in nearly one year. Please contact me immediately to discuss these, and other, matters and to avoid a default.

Respectfully,

Robert Salatto #180287
982 Norwich-New London Tnpk.
Uncasville, CT 06382

January 15, 2006

Attorney John Radshaw
65 Wethersfield Avenue
Hartford CT 06114

Dear Attorney Radshaw

Thank you for accepting this letter.

Because of your lengthy absence from this action, I must respectfully request that you bring the case up to date by: (1) Responding to my interrogatories to the Town of Branford dated July 25, 2004. As you will note, you filed a motion requesting until October 18, 2004 in which to respond, and you never responded at all. Said motion was the last contact made by you in this action. Please respond to said interrogatories; (2) Providing a copy of any policy of insurance held by the defendants which would be expected, wholly or partly, to satisfy any judgment rendered in this action. I requested this material from you in 2004, but again, you disappeared from the action; (3) Reconsidering your objections to my interrogatories to David Atkinson dated May 3, 2004. In particular, numbers 4, 5, 19, 20, and 21. If you fully and fairly respond to such interrogatories, I will refrain from drafting a motion to compel; (4) Reconsidering your objections to my interrogatories to Patrick O'Malley dated May 3, 2004. In particular, numbers 4, 19, 20, 21, and 23. I believe that I am entitled to the requested information. Please reconsider

Attorney John Gadshaw
65 Wethersfield Avenue
Hartford, CT 06114

In RE: Supplementation of Prior Responses

Dear Attorney Gadshaw

Because of your lengthy absence from this Action, I must respectfully request that you formally supplement each of your prior responses to all prior discovery requests. As you know, discovery responses must be supplemented seasonably. In particular, I note that in prior responses the defendants have indicated knowledge of no additional persons, other than themselves (O'Malley, Atkinson, and Grantland) who may have knowledge of discoverable information, or of other fact witnesses as that term is defined in FRCP 26(b)(1), or of any written statement(s) previously made by me.

I respectfully remind you of your duty to make such information available to me and request that you do such immediately.

Respectfully yours,

[signature]