Robert Salatto
    Plaintiff

Vs.

Town of Branford, et al.,
    Defendants

F 3:02 CV 230 EBB/JGM

2006 MAR 20 P 4:28

U.S. DISTRICT COURT
BRIDGEPORT

March 10, 2006

## Plaintiff's Objection to Defendants' (Second) Motion to Modify the Scheduling Order

Your undersigned plaintiff, Robert Salatto, vehemently objects to, and opposes, the defendants' motion to modify the scheduling order. The undersigned has filed seperate memorandums of law in response to the defendants' requests to set aside the judgment by default entered by this court on February 2, 2006. Said memorandums set forth in clear terms the undersigned's position with reference to any additional dilatory endeavors sought by the defendants, and are incorporated herein by reference. The defendants' motion should be denied.

    These defendants have willfully defaulted and ignored some seventy-five (75) seperate court orders, motions, letters, and discovery requests spanning the course of several years. Only after the undersigned propounded a sworn declaration indicating that two central witnesses have become unavailable, through some three years of the defendants' contrived nonfeasance, did such defendants suddenly re-appear and seek again to litigate this action. See plaintiff's sworn affidavit in support of memorandum in opposition. To grant their present motion to modify the scheduling order and permit them further opportunity to secure discovery at this juncture while your plaintiff has lost any corresponding opportunity through the loss of necessary percipient witnesses and deliberate nonfeasance would be harsh, unfair, and create irreparable prejudice to your plaintiff's ability to litigate his action.

    This action was filed in February of 2002. The defendants'

then filed some ten (10) dilatory motions for stay and did not file an answer until January of 2004. Then, on November 30, 2004, one day before the discovery sector of this action was set forth to expire, the defendants filed a motion to modify the scheduling order, requesting a four (4) month enlargement of time to "conduct further discovery," "depose [your plaintiff,]" and file various "dispositive motions." See doc # 67. The court granted said motion and the defendants neither conducted any discovery, deposed your plaintiff, or propounded any dispositive motions. Now, several years later, the defendants propound an identical motion requesting yet even additional time to again conduct discovery and address this action, this time only after they have ignored some seventy-five (75) separate articles and court orders, and learned that witnesses important to your plaintiff's case have become unavailable. The defendants have had an abundance of time to depose your plaintiff, and file desired motions; indeed they have had four (4) years. Any additional opportunity to do so again would prejudice your plaintiff and should be denied.

In addition, this court has ordered the defendants to produce discovery materials pursuant to your plaintiffs' motion(s) to compel. See Order dated January 3, 2006. To date, the defendants have contumaciously refused to comply with such orders and took no action. This Honorable Court should consider the degree of willfulness, bad faith, and neglect consistently demonstrated by the defendants in considering this request, as well as the impact of a modification on the orderly and efficient conduct of the case at this stage of the litigation, and the degree of prejudice that any further modification would cause on your plaintiff.

F.R.C.P. 16(b) permits that a scheduling order shall not be modified except upon a showing of "good cause." Any lack of desirability respecting the status or development of the defendants' position is attributable exclusively to the defendants themselves, and good cause for an additional modification simply does not exist.

FOR SUCH REASONS, this Honorable Court should deny the defendants' motion to modify the scheduling order.

Respectfully submitted,

Robert Salatto
986 Norwich-New London Tpk.
Uncasville, CT 06382

## CERTIFICATION

This is to certify that one copy hereof was mailed, 1st class postage pre-paid, to Atty. John Radshaw, III, 65 Wethersfield Avenue, Hartford, CT 06114, on March 10, 2006

Robert Salatto