UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT SALATTO,<br>Plaintiff | CASE 3:02-CV-230 (EBB/JGM) |
| Vs. | AT BRIDGEPORT |
| TOWN OF BRANFORD, et al.,<br>Defendants | MARCH 24, 2006 |

### PLAINTIFF'S MEMORANDUM OF LAW TO INCORPORATE AND SUPPLANT PLAINTIFF'S PRIOR MEMORANDUMS IN OPPOSITION TO THE DEFENDANT'S MOTIONS TO VACATE JUDGMENT BY DEFAULT

Your undersigned plaintiff, ROBERT SALATTO, hereby files this memorandum of law in opposition to the defendant's request to set aside the pending judgment by default. This memorandum is intended to supplant your plaintiff's prior memorandums in opposition to the defendant's motion(s) to vacate the pending judgment by default, and is based on new information. For the reasons set forth in this memorandum, the defendants' motions must be denied and the judgment of default must stand.

I.    **BACKGROUND**

Your plaintiff filed this action in February of 2002. The defendants, through counsel, filed an answer in 2004. The defendants then participated in limited discovery and ultimately abandoned this action in late 2004. This court then issued

1

an order in 2005 commanding them to respond. When the defendants failed to respond, this court ordered an entry of default against several of them in 2006 and accorded them Twenty (20) days to respond. When the defendants again failed to respond, this court ordered a judgment by default against them. Counsel now seeks to vacate said judgment and asserts that his more than Seventy-Five (75) separate instances of non-responsiveness to this action were the product of "good faith," and "excusable neglect." For the following reasons, the defendants' motion should be denied.

II. **LAW AND ARGUMENT**

Your plaintiff filed this action in February of 2002. The defendants, through counsel, filed an answer in January of 2004. The defendants then participated in a very limited quantity of discovery. Then, on November 30, 2004, one day before the discovery process in this action was set forth to expire, the defendants filed a motion to modify the scheduling order, requesting a Four (4) month enlargement of time to "conduct further discovery…depose [your plaintiff]…and file various dispositive motions." See doc. # 67. The court then granted said motion, and the defendants neither conducted discovery, deposed your plaintiff, or propounded any dispositive motions. Similarly, on August 31, 2004, the defendants requested another enlargement of time to respond to outstanding discovery. See doc. # 55. The court granted said motion, and the defendants ignored the very discovery that they promised to address and again took no action. Such motions were improper and frivolous.

Since that time, the defendants have ignored some 75 separate contacts, including some 50 discovery requests and motions, several judicial orders commanding them to produce discovery materials, and several judicial orders commanding them to address this action or suffer judgment by default. A chronological index of ignored contacts is attached herewith as Exhibit A. Counsel for the defendants has additionally ignored some 15 separate letters from the undersigned addressed to him at his law office. Copies of several letters are attached as Exhibit B. Counsel has additionally ignored 6 separate letters addressed to him, as well as to corporation counsel for the Town of Branford, forwarded to them from the Branford Clerk's Office in response to numerous inquiries made by your plaintiff about this action. Copies of several letters are attached as Exhibit C. These letters were sent during the exact time that counsel purports to have received no communication regarding this action.

It is also noteworthy that counsel has contumaciously ignored some 5 separate court orders from this court spanning a period of 7 months. Furthermore, counsel has recently scoffed at several court orders commanding him to produce specific discovery products. Counsel incredulously purports that he had no memory that this action was still pending because every document associated with this case was diverted to a "closed filing folder" without his knowledge. See defendants' memorandum at 2. However, each of said articles were forwarded to counsel directly addressed to his law office. Either counsel asks this court to believe that members of his law firm clairvoyantly speculated without opening such envelopes that they pertained to this particular action and then diverted the sealed envelopes

3

automatically to storage without his knowledge, or he must admit that his office received and examined such orders, but that he willfully disregarded them. In either event, counsel becomes culpable for his the consequences of his egregious non-responsiveness. The orders of this court were forwarded to him during the exact months that counsel purports to have received absolutely no communication respecting this action.

In addition, counsel has now filed a supplemental memorandum purporting that—aside from the plethora of disappearing written documents—all electronic notices forwarded to his office by this court were "consumed by a spam filter or other electronic issue" and also disappeared without his knowledge. See defendants' memorandum dated Feb. 7, 2006 at 2. Counsel boldly asks this court to believe that not only did some 75 separate written articles from 3 separate sources become lost, but that all electronic orders sent to his E-mail address were also mistakenly deleted without his knowledge. Id. Counsel expects this court to believe that, somehow, written materials from only this case were diverted to storage, and, somehow, E-mail and judicial orders from only this case were consumed by a computer filter. According to counsel, he fortunately began receiving communications and legal orders again on the very day that this court entered a judgment by default. Id at 1; see also counsel's affidavit dated Feb. 7, 2006 at 1. The shamelessness with which counsel makes these incredulous averments is striking. The chances that some 75 written communications spanning several years would all become diverted without his knowledge *and* several electronic notices forwarded to him during the same period would also be destroyed by a "spam

filter," similarly without his knowledge, are simply astronomical. Spam filters do not consume E-mail. Even so, it is not conceivable that a spam filter would consume <u>every</u> order separately E-mailed to counsel over a 7-month period, and <u>only</u> orders from this action. These transparent and convenient falsehoods are the product of unethical lawyerly arguendo and have been conspicuously conjured to satisfy counsel's fact-specific dilemma.

Further, counsel offers nothing that would negate his culpability for failing to properly maintain his caseload, or for merely "forgetting" about this action for several years, or anything that would explain why written and electronic communications from only this particular action vanished. It is respectfully submitted that counsel's argument is little more than a bastion of frivolity based on a desire to account for gross professional negligence.

Moreover, even accepting such statements as true, counsel's admitted nonresponsiveness would reflect an absence of minimal internal procedural safeguards. Numerous circuits have held that carelessness on the part of an attorney that suggests an absence of minimal internal procedural safeguards is not excusable neglect. <u>See</u>, e.g., <u>Rogers v. Hartford Life Acc. Ins. Co.</u>, 167 F.3d 933, 939 (5thCir.1999); <u>Johnson v. Gudmundson</u>, 35 F.3d 1104, 1117 (7th Cir.1994); <u>Gibbs v. Air Canada</u>, 810 F.2d 1529, 1537-38 (11 the Cir.1987). Further, the courts will not vacate a default judgment if the default was willful. A default is "willful" when, inter alia, the defendant ignores court orders. <u>See</u> <u>Swaim v. Moltan Co.</u>, 73 F.3d at 721-22 (7 the Cir.1996); <u>Action S.A. v. Marc Rich Co.</u>, 951 F.2d at 507 (2 nd Cir.1991); <u>Berthelsen v. Kane</u>, 907 F.2d at 622 (6 the Cir.1990). Here, the defendants have ignored some 5 court orders to act. Their non-responsiveness was clearly willful, and the judgment of this court must therefore stand.

Lastly, counsel claims that his non-responsiveness was a "mistake made in good faith" caused exclusively because the "legal file was sent into closed file storage by mistaken [sic] and the file was marked closed," Memorandum at 1, 2. However, if such were true, from the moment his office received the first judicial order commanding a response, counsel would have investigated the matter and immediately corrected the deficiency. At minimum, counsel had a duty of inquiry. Because counsel did not do so, his abandonment of this action cannot reasonably be said to be a product of good faith. Because it was not the product of good faith, and counsel has advanced no other factual basis for this court to vacate the judgment, the defendants' motion must be denied.

## A.  CORRECT LEGAL STANDARD

The courts apply two different standards of review for a motion to set aside an entry of default and for a motion to vacate a default judgment. See Manufactures Indus. Relations Ass'n v. East Akron Casting Co., 58 F. 3d 204, 209 (6 the Cir. 1995); Pretzel and Stauffer v. Imperial Adjusters Inc., 28 F.3d 42, 44-45 (7 the Cir. 1994). On a motion to set aside an entry of default, courts will apply the more lenient "good cause" standard of review. FRCP 55 ( c ). On a motion to vacate a default judgment, courts will apply the more stringent "excusable neglect" standard of review in accordance with FRCP 60 ( b ). See U.S. v. Timbers Preserve, 999 F.2d 452, 454 (10 the Cir. 1993). This court has entered a judgment by default against several defendants to this action on February 2, 2006. See Order dated February 2, 2006. Therefore, the correct legal standard of review in this matter is "excusable neglect."

In determining whether to vacate a default judgment, the courts will consider three factors: (1) prejudice, (2) meritorious defense, and (3) culpable conduct. See Cody v. Mello, 59 F.3d 13, 16 (2d Cir. 1995); Al-Torki v. Kaempen, 78 F.3d 1381, 1384-85 (9 the Cir. 1995); See Swaim, supra, 73 F.3d 711, 722 (7 the Cir. 1996). Each of these factors are addressed in turn:

## 1.  IRREPARABLE PREJUDICE HAS OCCURRED

The court may refuse to vacate a default judgment if it would pose too great a burden on your plaintiff because of lost evidence, increased problems with discovery, or greater potential for fraud. See Action S.A. v. Marc Rich and Co., 951 F.2d 504, 507-08 (2d Cir.1991); Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4 the Cir.1992); Berthelson v. Kane, 907 F.2d 617, 621 (6 the Cir.1990); See Whalen v. Abell, 48 F.3d 1247, 1258-59 (D.C. Cir.1995). In this instance, the defendants' willful non-responsiveness and subterfuge has caused irreparable prejudice to your plaintiff's ability to present his claim on the merits. For example, one crucial percipient witness central to your plaintiff's case-in-chief has moved permanently to the state of Florida. See plaintiff's sworn declaration attached as Exhibit D. The whereabouts of yet another critical fact witness have recently become unknown. Id. These crucial witnesses have been available and willing to participate in this action for several years. If not for the defendants' dilatory misconduct spanning the course of several years, cooperation and participation from such persons would have remained feasible. In addition, the defendants have affirmatively stonewalled your plaintiff from securing material discovery products and relevant information. To date, your plaintiff was forced to frame at least 18 various motions to compel and 8 motions requesting sanctions. At no time did the defendants respond to such motions. In fact, even after this court issued a judicial order commanding them to produce documents and discovery products, the defendants flagrantly disregarded such orders and refused to comply. To date, they have still failed to comply.

The problems associated with obtaining primary or secondary evidence at this late juncture are self-evident. This action has been pending for 4 years and remains well outside the parameters circumscribed in the scheduling order. The defendants have employed sanctionable and egregious delay tactics as a means to throw your plaintiff's case into a

state of dilapidation. Such actions have manifested irreparable prejudice. Any further

prejudice would be fatal.

## 2. BARE ASSERTIONS THAT A MERITORIOUS DEFENSE EXISTS ARE SUBSTANTIVELY INSUFFICIENT

Respecting the "meritorious defense" analysis, the court should require a proffer of

evidence sufficient to "permit a finding for the defaulting party." See Augusta Fiberglass

Coatings, Inc., v. Fodor Contracting Corp., 843 F.3d 808, 812 (4 the Cir.1988). In their

motion for reconsideration and objection to motion for default judgment dated February 2,

2006, the defendants have offered absolutely nothing more than bare and conclusory

assertions that "good and valuable defenses exist both in liability and damages." See

defendants' motions. The defendants offer nothing by way of substantiation to support

such sweeping contentions. In fact, the defendants are entitled to no such defenses. If such

defenses existed, the defendants would have asserted them long ago and ended the

litigation. The defendants' bare and conclusory assertions that they possess meritorious

defenses are insufficient as a matter of law. Their motion should be denied.

## 3. THE DEFENDANT'S NON-RESPONSIVENESS IS ATTRIBUTABLE TO THEIR OWN WILLLFULNESS AND CULPABLE CONDUCT

FRCP 60 (b)(1) encompasses situations in which the movant's failure to respond is

attributable to its own negligence. See Pioneer Inv. Services Co. v. Brunswick Assocs., 507

U.S. 380, 394, 113 S.Ct 1489, 1497 (1993). Because Congress provided no guideposts for

determining what categories of neglect are excusable, the *Pioneer* court emphasized an

equitable inquiry "taking into account all relevant circumstances surrounding the party's

omission." Id at 395, 113 S.Ct at 1498. Although the concept of excusable neglect is

"somewhat elastic," it generally excludes gross carelessness, ignorance of the rules, or

ignorance of the law. See Id at 392, 113 S.Ct at 1496; see also Calumet Lumbar Inc., v.

Mid- America Indus. Inc., 103 F.3d 612, 614 (7 the Cir.1993)(for court to grant relief, actions leading to default must not be willful, careless, or negligent); Swaim, 73 F.3d at 721 (same). The court will not vacate a default judgment if the default was willful. Id; Brien, 71 F.3d at 1078; Information Systems and Network Corp. v. U.S., 994 F.2d 792, 796 (Fed. Cir. 1993). A default is "willful" when, *inter alia*, the defendant ignores court orders or intentionally violates court rules. See Swaim, 73 F.3d at 721-22; Action, 951 F.2d at 507; Berthlesen, 907 F.2d at 622. Mere legal blunders are not excusable neglect. Cash v. Illinois Div. of Ment. Health, 209 F.3d 695, 697-98 (7 th Cir.2000). Mere carelessness is not excusable neglect. In re Woods, 173 F.3d 770, 779 (10 th Cir.1999). In addition, some courts have held that carelessness on the part of an attorney that suggests an absence of internal procedural safeguards is not excusable neglect. See, e.g., Rogers v. Hartford Life and Acc. Ins. Co., 167 F.3d 933, 939 (5 th Cir.1999); Johnson v. Gudmunsson, 35 F.3d 1104, 1117 (7 th Cir.1994); Gibbs v. Air Canada, 810 F.2d 1529, 1537-38 (11 th Cir.1987). In any event, even accepting the defendants' argument as true, it becomes apparent that their motion to reconsider or vacate the default judgment must be denied.

## B. DEFAULT AS TO DEFENDANT THOMAS GRANTLAND

On January 3, 2006, this court noted that, although defendant Thomas Grantland had been named in this action since 2003, the U.S. Marshal had not personally served him with a copy of the complaint. See Order dated January 3, 2006. This court ordered the U.S. Marshal to locate and serve defendant Grantland with process. However, counsel represents all defendants to this action, specifically including defendant Grantland. Defendant Grantland, through his attorney, has acquiesced and openly submitted to this action in both 2003 and 2004 by (1) answering the complaint, and (2) participating in various forms of written discovery. See defendants' answer dated January 14, 2004, attached herewith as Exhibit E; see also defendant Grantland's responses to plaintiff's

9

interrogatories dated May 3, 2004 attached herewith as Exhibit F. Accordingly, due

process requirements have been satisfied and this court should not hesitate to render a

judgment by default against defendant Grantland.

   Interestingly, on March 6, 2006, this court issued an order declaring that the U.S.

Marshal had informed the court that it had no record of receiving the service papers from

the clerk. See Order dated March 6, 2006. Accordingly, the court re-directed the U.S.

Marshal to personally serve defendant Grantland by March 15, 2006. Id. However, such

information is incorrect. On January 23, 2005, the U.S. Marshal did, in fact, travel to the

Branford Police Department and serve process on Grantland. See Return of Service dated

January 23, 2006 attached as Exhibit G. Clearly, two U.S. Marshals (Dunn, C., and

Gallucci, T.) subscribed and attested to same upon the face of the return. Id. The marshals

indicated that "Lt. Fowler" informed them that Grantland had retired. Id. Therefore the

marshals were able to effectuate service upon Grantland in his official capacity. Id. Service

of Grantland in his personal capacity was not made, and that writ was returned unexecuted.

Id. Accordingly, Grantland was served in his official capacity. Your plaintiff would

respectfully submit that the court's second order, dated March 6, 2006, directing the U.S.

Marshal to re-serve Grantland was the product of a breakdown in communication.

Notwithstanding, your plaintiff would submit that due process requirements were already

satisfied in the first instance. Judgment by default against defendant Grantland is proper

and warranted.

## C. CONTINUED FRIVOLOTY AND SUBTERFUGE

   On March 6, 2006, the defendants have filed a motion requesting an extension time to

respond to your plaintiff's pending motions, up to the date of "Friday, March 17, 2006 in

which to respond to *all* of the plaintiff's motions pending as of March 6, 2006." However,

as of the date of this memorandum, March 26, 2006, your plaintiff has received no

responses from the defendants responsive to any pending motions. Once again, it appears

that counsel for the defendants continues to file frivolous and improper requests with this court as a pretext for delay. If, in fact, the defendants have failed to respond to said motions within the time frame proposed in their motion, this court should consider such ongoing abuses of the Federal Rules of Civil Procedure and the certification requirements of Rule 11. Again, your plaintiff would submit that the egregious non-responsiveness consistently manifested by the defendants in this action embodies the antithesis if "excusable neglect," and constitutes willful misconduct at worst and gross negligence at best. The judgment by default entered by this court should stand.

Furthermore, this court entered an order on January 3, 2006 commanding the defendants to produce discovery products that they failed to produce earlier in the action. See Order dated January 3, 2006. Although almost three (3) months have elapsed since said order, the defendants have still refused to comply with the orders of this court and produce such items. Such flagrant contumaciousness in disregard of a judicial order bolsters your plaintiff's contention that, in this instance, the defendants' misconduct continues to be the product of conscious bad faith and the judgment of default entered in this action should stand.

**III. CONCLUSION**

For these reasons, irreparable prejudice has occurred and the judgment of default entered in this action must stand as a matter of law. Your plaintiff respectfully requests a hearing in damages in this matter.

Respectfully submitted,

Robert Salatto
The Plaintiff, Pro Se.
C/O Eddy Center
Post Office Box 351
Middletown, Ct 06457

11

## CERTIFICATION

This is to certify that one copy hereof was mailed by U.S. Mail, First-Class Postage

Pre-paid, to Attorney John Radshaw III, Howd and Ludorf, 65 Wethersfield Avenue,

Hartford, Connecticut 06114 on: _March 26, 2006_

Robert Salatto

## BEGINNING Oct. 7, 2004

| NO. | ARTICLE AND NATURE | DATE | STATUS |
|---|---|---|---|
| 1 | REQUEST FOR PRODUCTION (DOCUMENTS) | Oct 7, 2004 | NO RESPONSE |
| 2 | Motion to COMPEL ORDINARY wk. Product | Oct 7, 2004 | NO RESPONSE |
| 3 | Motion to COMPEL STATEMENT | Oct 22, 2004 | NO RESPONSE |
| 4 | Motion to COMPEL | Oct 22, 2004 | NO RESPONSE |
| 5 | Motion to COMPEL INTERROGATORY RESP. | Oct 7, 2004 | NO RESPONSE |
| 6 | Motion to COMPEL INTERROGATORY RESP. | NOV 7, 2004 | NO Response |
| 7 | Motion REQUESTING Sanctions | DEC. 22, 2004 | NO RESPONSE |
| 8 | Motion to COMPEL disc. production | DEC 22, 2004 | NO RESPONSE |
| 9 | REQUEST FOR Production | Jan 25, 2005 | NO Response |
| 10 | REQUEST FOR Admissions | Jan 25, 2005 | NO Response |
| 11 | INTERROGATORIES SERVED | Jan 25, 2005 | NO Response |
| 12 | Motion to COMPEL Production (1st) | April 2, 2005 | NO RESPONSE |
| 13 | Motion to COMPEL production (2nd) | April 2, 2005 | NO RESPONSE |
| 14 | Motion to COMPEL production (3rd) | April 2, 2005 | NO RESPONSE |
| 15 | Motion in limine | April 2, 2005 | NO RESPONSE |
| 16 | Motion FOR APPOINTMENT | April 2, 2005 | NO RESPONSE |
| 17 | Motion to Amend COMPLAINT | April 2, 2005 | NO RESPONSE |
| 18 | AMended Complaint | April 2, 2005 | NO RESPONSE |
| 19 | NOTICE OF TRIAL READINESS | April 2, 2005 | NO RESPONSE |
| 20 | Motion FOR Sanctions | April 25, 2005 | NO RESPONSE |
| 21 | COURT ORDER ISSUED to Δ | June 3, 2005 | NO RESPONSE |
| 22 | APPEAL to portions of order | June 12, 2005 | NO Response |
| 23 | REQUEST FOR production | July 1, 2005 | NO Response |
| 24 | REQUEST FOR Admissions | July 1, 2005 | NO RESPONSE |
| 25 | REQUEST FOR production | July 1, 2005 | NO Response |
| 26 | Motion to ENLARGE # of interrogatories | July 1, 2005 | NO Response |
| 27 | INTERROGATORIES | July 1, 2005 | NO Response |

Exhibit A p.2

(CONT. PAGE 2-)

| NO. | ARTICLE AND NATURE | DATE | STATUS |
|---|---|---|---|
| 28 | MOTION TO COMPEL PRIOR STATEMENT | July 1, 2005 | NO RESPONSE |
| 29 | REQUESTS FOR ADMISSIONS (1st) | July 7, 2005 | NO RESPONSE |
| 30 | REQUESTS FOR ADMISSIONS (2nd) | July 7, 2005 | NO Response |
| 31 | MOTION FOR SUMMARY JUDGMENT | July 1, 2005 | NO response |
| 32 | MOTION TO STRIKE (1st) | July 20, 2005 | NO RESPONSE |
| 33 | MOTION TO STRIKE (2nd) | July 20, 2005 | NO response |
| 34 | MOTION FOR JUDICIAL NOTICE | July 20, 2005 | NO Response |
| 35 | MOTION FOR DEFAULT | Aug 8, 2005 | NO Response |
| 36 | MOTION FOR JUDICIAL NOTICE | Aug 8, 2005 | NO Response |
| 37 | MOTION FOR WITHDRAW | Aug 8, 2005 | NO Response |
| 38 | MOTION REQUESTING DISCOVERY SANCTIONS | Aug 8, 2005 | NO Response |
| 39 | MOTION TO COMPEL | Aug 8, 2005 | NO response |
| 40 | MOTION REQUESTING DISC. SANCTIONS (2nd) | Aug 8, 2005 | NO Response |
| 41 | MOTION TO EXCLUDE | Aug 8, 2005 | NO Response |
| 42 | COURT ORDER (Magistrate Margol.s) | Jan 3, 2006 | NO Response |
| 43 | COURT ORDER (Hon. J. Burns) | Jan 5, 2006 | NO Response |
| 44 | MOTION FOR DEFAULT JUDGMENT | Jan 15, 2006 | NO Response |
| 45 | MOTION REQUESTING SANCTIONS (1st) | Jan 15, 2006 | NO Response |
| 46 | MOTION REQUESTING SANCTIONS (2nd) | Jan 15, 2006 | NO Response |
| 47 | MOTION REQUESTING SANCTIONS (3rd) | Jan 15, 2006 | NO Response |
| 48 | MOTION TO STRIKE | Jan 15, 2006 | NO Response |
| 49 | MOTION FOR ARTICULATION | Jan 15, 2006 | NO Response |
| 50 | MOTION TO COMPEL DISC. PRODUCTS (1st) | Jan 15, 2006 | NO Response |
| 51 | MOTION TO COMPEL DISC. PRODUCTS (2nd) | Jan 15, 2006 | NO Response |

(Cont. Page 3)

| NO. | ARTICLE AND DESCRIPTION | DATE | STATUS |
|---|---|---|---|
| 52 | REQUEST FOR HEARING IN DAMAGES | Jan 15, 2006 | No Response |
| 53 | REQUEST FOR PRETRIAL CONFERENCE | Jan 15, 2006 | No Response |
| 54 | MOTION FOR COMPELLED RESPONSES | Jan 25, 2006 | No Response |
| 55 | COURT ORDER (Hon. J. Burns) | Feb 2, 2006 | |
| 56-70 | IN ADDITION, DEFENDANTS RECEIVED FIFTEEN (15) LETTERS (NO RESPONSE) | — 2004-2006 | |
| 70-76 | IN ADDITION, DEFENDANTS RECEIVED SIX (6) LETTERS FROM BRANFORD TOWN CLERK RESPONSIVE to THIS ACTION (NO RESPONSE) | 2005- 2006 | |
| | IN ADDITION, THE FOLLOWING MOTIONS ARE PENDING, TO WHICH THE DEFENDANTS HAVE NOT RESPONDED TO DATE: | | * * * * |
| 77 | MOTION FOR JUDICIAL NOTICE (RFAs) | Jan 30, 2006 | Pending |
| 78 | MOTION TO COMPEL | Feb 6, 2006 | Pending |
| 79 | MOTION FOR JUD. NOTICE/EXCLUSION | Feb 6, 2006 | Pending |
| 80 | MOTION TO EXCLUDE FOR NONCOMPLIANCE | Feb 6, 2006 | Pending |
| 81 | MOTION TO COMPEL AS MATTER OF LAW | Feb 6, 2006 | Pending |
| 82 | MOTION TO COMPEL | Feb 7, 2006 | Pending |
| 83 | MOTION TO STRIKE | Feb 8, 2006 | Pending |

(CONT. Page 4)                          Exhibit A  p. 4

| NO. | ARTICLE and DESCRIPTION | DATE | STATUS |
|---|---|---|---|
| 84 | Motion to COMPEL (1st) | Feb 8, 2006 | Pending |
| 85 | Motion to COMPEL (2nd) | Feb 8, 2006 | Pending |
| 86 | Motion requesting Sanctions | Feb 8, 2006 | Pending |
| 87 | Motion for compelled responses | Feb 8, 2006 | Pending |
| 88 | Renewed Motion for Sanctions | Feb 8, 2006 | Pending |
| 89 | Motion to STRIKE (2nd) | Feb 9, 2006 | Pending |
| 90 | Motion in LIMINE | Feb 9, 2006 | Pending |
| 91 | Request for Pretrial conference | Feb 9, 2006 | Pending |

NOTE: NUMBERS 1-76 OF this list
REPRESENT ARTICLES ABSOLUTELY ignored.
Items 76-91 REPRESENT ARTICLES NOT
ANSWERED AS OF DATE OF this
Motion.

CONCLUSION: 76 items Absolutely ignored
plus 15 unanswered (pending)
motions to date. Should the
defendants Fail to respond to
the pending Motions, their
NONRESPONSIVENESS should
BE considered relative to
this Motion.

August 1, 2005

Exhibit B  p.1

John J. Radshaw, ESQ.
Hoved + Ludorf
65 Wethersfield Avenue
Hartford, Ct 06114

Dear Attorney Radshaw:

<u>Please comply with this letter And contact ME.</u>

As you know, I Am still litigating Case # 3:02 CV 230 Against Branford, O'Malley, Atkinson, And Grantland. Most recently, these defendants have ignored A cluster of production/discovery requests. In total, that's 25. I have not received Any Notice that Any other Attorney has replaced you. If you no longer Represent these defendants, please let me know At once.

Please be Advised, should you not immediately contact me to discuss your consistent failure to respond, I will immediately seek A default. I will vigorously pursue A Judgment by default by August 8th if I do Not hear from you. I have Not heard from you in nearly one YEAR. Please contact me <u>immediately</u> to discuss these, And other, matters And to Avoid A default.

Respectfully,

Robert Salatto  #180287
982 Norwich-New London Tnpk.
Uncasville, CT 06382

Attorney John Radshaw III
Howd And Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

RE: Good-faith Attempt to resolve discovery non-compliance

Dear Attorney Radshaw:

As you know, I recently served discovery requests upon defendants O'Malley, Atkinson, And Gotilland. The responses were due several days ago. I received no response, compliance, or objection in Any way, shape, or form. The defendants have Also failed to respond to Atleast 20 other letters And discovery requests. Please comply immediately with All overdue discovery requests, including the recent requests under Rules 33 And 34 And 36 of the Federal Rules of Civil Procedure. If I do not receive An immediate response to this letter, I will seek discovery sanctions And compelled compliance. I do not wish to do such, please just comply.

CONSIDER THIS MY GOOD-FAITH RESOLUTION ATTEMPT.

Respectfully,

Attorney John Bradshaw
65 Wethersfield Avenue
Hartford, CT 06114

In RE: Supplementation of Prior Responses

DEAR Attorney Bradshaw:

Because of your lengthy absence from this Action, I must respectfully request that you formally supplement each of your prior responses to all prior discovery requests. As you know, discovery responses must be supplemented seasonably. In particular, I note that in prior responses the defendants have indicated knowledge of no additional persons, other than themselves (O'Malley, Atkinson, and Grantland) who may have knowledge of discoverable information, or of other fact witnesses as that term is defined in FRCP 26 (b)(1), or of any written statement(s) previously made by me.

I respectfully remind you of your duty to make such information available to me and request that you do such immediately.

Respectfully yours,

January 15, 2006

Exhibit B p. 4

Attorney John Radshaw
65 Wethersfield Avenue
Hartford CT 06114

DEAR Attorney Radshaw

Thank you for accepting this Letter.

Because of your Lengthy absence from this action, I must respectfully request that you bring the case up to date by: (1) responding to my interrogatories to the Town of Branford dated July 25, 2004. As you will note, you filed a motion requesting until October 18, 2004 in which to respond, and you never responded at all. Said motion was the last contact made by you in this action. Please respond to said interrogatories; (2) providing a copy of any policy of insurance held by the defendants which would be expected, wholly or partly, to satisfy any judgment rendered in this action. I requested this policies from you in 2004, but again, you disappeared from the action; (3) reconsidering your objections to my interrogatories to David Atkinson dated May 3, 2004. In particular, numbers 4, 5, 19, 20, and 21. If you fully and fairly respond to such interrogatories, I will refrain from drafting a motion to compel; (4) reconsidering your objections to my interrogatories to Patrick O'Malley dated May 3, 2004. In particular, numbers 4, 19, 20, 21, and 23. I believe that I am entitled to the requested information. Please reconsider

Exhibit B p.5

ATTORNEY Radshaw                                    Jan 25, 2005

Enclosed please find ONE SET of INTERROGATORIES, REQUESTS For
ADMISSIONS, And REQUESTS FOR production, TOTALLING three sets of
DISCOVERY REQUESTS. PLEASE BE ADVISED that I WAS compelled
to FILE the REQUESTS FOR production ONLY AFTER you ignored
My letter of January 06, 2005 REQUESTING the MATERIALS IN
GOOD-FAITH. You claimed in A MOTION that I have failed
to disclose discovery documents and/or supplement my prior
responses. As you know, I indicated to you on several
OCCASIONS that I AM MORE than willing to Fully And
promptly comply with my discovery OBLIGATIONS. You cannot,
however, reasonably expect me to disclose documents
until I know particularly what you Are requesting And
EXACTLY what my prior objections And Assertions of priviledge
WERE. I AM ATTEMPTING TO COMPLY; please understand
that it is you who is FRUSTRATING MY AMBITION.

     Also, please BE sure to supplement all of your disclosures
to include All FACT WITNESSES As required under FRCP 26(b)(i).
Further, A COPY of the DEFENDANTS insurance policy was NOT
initially disclosed As required under FRCP 26(a)(i)(D). Kindly
Direct your Attention to these MATTERS. As you know, Any
non-supplemented or non-disclosed evidence may be inadmissible.

                              thank you,

                              [signature]
                              Robert Salatto

# BOARD OF SELECTMEN

### BRANFORD, CONNECTICUT

**JOHN E. OPIE**
*First Selectman*

**JUDITH C. MYJAK**
**FRANK J. KINNEY**



1019 MAIN STREET
POST OFFICE BOX 150
(203) 488-8394
FAX 481-5561

July 5, 2005

Mr. Robert Salatto
982 Norwich-New London Turnpike
Uncasville, CT 06382

Dear Mr. Salatto:

The Town of Branford hereby acknowledges receipt of a Freedom of Information requests dated June 22, 2005. A review of our records will be conducted to locate any documents that may be responsive to your request. You will be notified once the review is complete and the documents, if any, are available.

Very truly yours,

Trista Clyne
Administrative Assistant

Cc:    Robin Sandler, Town Attorney
       John Radshaw, Attorney, Howd & Ludorf

Exhibit C p.2

# BOARD OF SELECTMEN

### BRANFORD, CONNECTICUT

**JOHN E. OPIE**
*First Selectman*

JUDITH C. MYJAK
FRANK J. KINNEY



1019 MAIN STREET
POST OFFICE BOX 150
(203) 488-8394
FAX 481-5561
www..branford-ct.gov

August 30, 2005

Mr. Robert Salatto
982 Norwich-New London Turnpike
Uncasville, CT  06382

Dear Mr. Salatto:

The Town of Branford has reviewed records that may be responsive to your request dated June 22, 2005.  Due to current privacy laws you are required to fill out, sign and notarize the enclosed *Authorization for Medical Record Release Request* form before any records can be released.

The town will not release any documents until this form completed and returned.  For your convenience I have enclosed a self addressed stamped envelope.

Very truly yours,

Trista Clyne
Administrative Assistant

Cc:    Robin Sandler, Town Attorney
        John Radshaw, Attorney, Howd & Ludorf

# BOARD OF SELECTMEN

### BRANFORD, CONNECTICUT



**JOHN E. OPIE**
*First Selectman*

**JUDITH C. MYJAK**
**FRANK J. KINNEY**

1019 MAIN STREET
POST OFFICE BOX 150
(203) 488-8394
FAX 481-5561
www..branford-ct.gov

October 5, 2005

Mr. Robert Salatto
982 Norwich-New London Turnpike
Uncasville, CT  06382

Dear Mr. Salatto:

The Town of Branford has received the signed *Authorization to Disclose Health Information* form.  Please be advised that I need a notarized copy of said form prior to the release of the requested records.

Please fill out the form again, have it notarized and mail it back to me at the address above.  Thank you.

Very truly yours,

Trista Clyne
Administrative Assistant

Cc:    Robin Sandler, Town Attorney
       John Radshaw, Attorney, Howd & Ludorf

# BOARD OF SELECTMEN

### BRANFORD, CONNECTICUT



CHERYL P. MORRIS
*First Selectwoman*

RICHARD W. SULLIVAN
JOHN E. OPIE

1019 MAIN STREET
POST OFFICE BOX 150
(203) 488-8394
FAX 481-5561
www.branford-ct.gov

December 29, 2005

Mr. Robert Salatto
982 Norwich-New London Turnpike
Uncasville, CT 06382

Dear Mr. Salatto:

Enclosed please find copies of two reports pursuant to your Freedom of Information request.

Please remit payment in the amount of $1.00 to the Treasurer, Town of Branford, P.O. Box 150, Branford, CT 06405.

Very truly yours,

Trista Clyne
Administrative Assistant

Cc:    Edward Marcus, Town Attorney
       John Radshaw, Attorney, Howd & Ludorf

Exhibit D

State of Connecticut
County of New London

: SWORN AFFIDAVIT OF Robert F. Salatto

I, Robert Frank Salatto, Jr., the undersigned AFFIANT, do depose and state under penalty of perjury:

1. That I am over the age of 18 and understand the meaning and obligation of an Oath;

2. That, As plaintiff in the action entitled Salatto v. Branford, et al, # 3:02-CV-230 EBB/JGM, I make the declarations in this affidavit upon personal knowledge;

3. That, in Late 2005, I learned that A percipient witness necessary to the CASE-IN-chief of this action has moved permanently to the State of Florida and has expressed an affirmative intention not to return to Connecticut;

4. That, As of January 2006, the whereabouts of yet another FACT witness to this action has become unknown;

5. That, had this action not been delayed by the defendants, testimony from these critical witnesses would have been feasible;

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 15, 2006, pursuant to 28 U.S.C. 1746 And NOTARIZED

Michael Lewis
NOTARY Public    MICHAEL LEWIS
NOTARY PUBLIC
MY COMMISSION EXPIRES APR. 30, 2008

Robert Salatto

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO, *PRO SE*,

Plaintiff,

v.

TOWN OF BRANFORD, ET AL.,

Defendants.

Civil Action No.

3:02 CV 0230 (EBB) (JGM)

JANUARY 14, 2004

## ANSWER AND AFFIRMATIVE DEFENSES
## TO AMENDED COMPLAINT DATED DECEMBER 20, 2002

### Introduction

The allegations of the unnumbered paragraphs in the section captioned "Introduction" are denied.

### Jurisdiction

1.   As to the allegations of paragraph 1, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

### Parties

2.   As to the allegations of paragraph 2, the defendants have insufficient knowledge or information upon which to base a belief as to the truth of the allegations therein, and therefore, leave the plaintiff to his burden of proof.

3.   So much of paragraph 3 that alleges that Thomas W Grantland is a police officer employed by the Branford Police Department is admitted; the remaining allegations of paragraph 4 are denied.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO, JR.                     :        NO.: 3:02 CV 0230 (EBB)

v.                                          :

TOWN OF BRANFORD; ROBERT GILL,             :
CHIEF OF POLICE; PATRICK O'MALLEY,         :
PATROL OFFICER; DAVID ATKINSON,            :
PATROL OFFICER; and JOHN DOE,              :
SHIFT SUPERVISOR                           :        June 3, 2004

## <u>DEFENDANT THOMAS W. GRANTLAND'S RESPONSES/OBJECTIONS TO PLAINTIFF'S INTERROGATORIES DATED MAY 3, 2004</u>

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, THOMAS W. GRANTLAND, hereby responds and objects to plaintiff's interrogatories dated May 3, 2004, as follows:

## INTERROGATORIES

① Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 1 insofar as it impermissibly intrudes upon the attorney-client relationship. This interrogatory seeks information that is exempt from disclosure under the attorney-client privilege and seeks to obtain the thoughts, mental impressions and trial strategies of counsel.

Without waiving any objection, the defendant responds: Thomas W. Grantland.

② State your full name, any other names by which you have been known, your date of birth, all residences which you have lived at during the 10 years preceding the date of these interrogatories, and your social security number:

**RESPONSE:**

**OBJECTION.** The defendant, Thomas W. Grantland, objects to interrogatory no. 2, insofar as it seeks his date of birth, previous and current residences, and social security number. This information is irrelevant, immaterial and will not lead to the discovery of admissible evidence. As a law enforcement officer in the State of Connecticut, the residential addresses are exempt from disclosure. Furthermore, the defendant's social security number is a private number between the Federal government and the individual. The plaintiff's lawsuit does not give him the power to

# U.S. Department of Justice
## United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See Instructions for "Service of Process by the U.S. Marshal"*
*on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| ROBERT SALATTO, JR. | 3:02cv230(EBB)(JGM) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| TOWN OF BRANFORD, ET AL | SUMMONS & AMENDED COMPLAINT |

**SERVE** ➡ **AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

THOMAS GRANTLAND

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
Branford Police Department, 33 Laurel Street
Branford, Connecticut

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

ROBERT F. SALATTO, JR. #180287
RADGOWSKI CORRECTIONAL INSTITUTION
982 NORWICH-NEW LONDON TURNPIKE
UNCASVILLE, CT  06382

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                           Fold

IFP/OFFICIAL CAPACITY

SERVICE BY 2/2/06

RETURN SERVICE BY 2/22/06

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Clerk's Office | | (2003)570-5861 | 1/3/06 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | | | | |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| | |

| Address (complete only if different than shown above) | Date of Service | Time | am pm |
|---|---|---|---|
| | 11/3/ | 1:5 | |
| | Signature of U.S. Marshal or Deputy | | |
| | CT DUNN TR 9411 001 | | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 45.00 | 7.20 | | | | 52.28 | |

REMARKS:



**NOTE**