**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**ROBERT SALATTO**                                              CASE # 302-cv 230 (EBB)
       **Plaintiff**

Vs.

**TOWN OF BRANFORD, ET AL.,**
       **Defendants**                                                March 29, 2006

**PLAINTIFF'S NOTIFICATION AND MOTION FOR**
**CONTEMPT FOR NON-COMPLIANCE WITH JUDICIAL ORDER**

Your plaintiff, ROBERT SALATTO, hereby notifies this Honorable Court of the defendants absolute non-compliance with the judicial orders of this court dated January 03, 2006, commanding them to produce various discovery products within Twenty (20) and Thirty (30) days, respectively, and hereby requests that said defendants be *held in contempt* for such flagrant disobedience. In support of this motion, your plaintiff respectfully represents as follows:

1. On January 03, 2006, this Honorable Court issued an order commanding the defendants collectively, and defendant Patrick O'Malley specifically to produce various discovery products that they failed to produce during the discovery sector of this action. *See* Order of this court dated January 03, 2006;

2. To date, said defendants, through counsel, have absolutely failed to comply in any manner with said order, even though the time period circumscribed by this court commanding compliance has elapsed three-fold;

1

3. The defendants are well aware of the orders of this court, and their non-compliance can only be said to be conscious and willful. Not only did counsel acknowledge receipt of said orders in his motion for reconsideration of the pending judgment by default, but your plaintiff also addressed said non-compliance by representation in a subsequent motion, to no avail. *See* plaintiff's amended memorandum in opposition to defendants' request to vacate default;

4. Historically, these defendants have demonstrated one of the most egregious instances of disregard for a civil action imaginable. They have abandoned this action in 2004 and absolutely ignored some 75 separate contacts, including motions, judicial orders, and various letters and third-party letters. To date, the defendants continue to ignore every letter sent to them through counsel, even letters politely requesting a specific response;

5. On November 30, 2004, one day before the discovery sector in was set to close, the defendants requested a Four month enlargement of time to respond to outstanding discovery. *See* doc # 55. The court granted their request and the defendants failed to respond to a single request. In another instance, they requested additional time to conduct discovery. *See* doc # 67. This court granted this request and the defendants failed to pursue a single act of discovery. Then, the defendants absolutely ignored some 75 separate motions and contacts and incredulously claimed that every such article had been misplaced, and their computer had (coincidentally) destroyed every incoming court order. Now, on March 06, 2006, the defendants have filed a motion requesting until "Friday, March 17, 2006, in which to respond to *all* of the plaintiff's motions pending as

2

of March 6, 2006 [original emphasis]." *See* defendants' motion for extension of time dated March 06, 2006. At no time did the defendants respond to any of said motions;

6. In March, this court ordered that the U.S. Marshal serve process on defendant Thomas Grantland. To date, at no time has defendant Grantland answered said process, although he had submitted himself to discovery through counsel several years ago;

7. Your plaintiff would respectfully that the acts and omissions of the defendants as discernable from the face of the record exemplify a conscious and flagrant disregard for the rules of this court, their obligations pursuant to this civil action, and the orders of this court dated January 03, 3006. Counsel has consistently violated the provisions of F.Rule.Civ.P 11(b). Now that your plaintiff's ability to fairly litigate this action has been lost due to the unavailability of crucial witnesses, the judgment of default ordered in this action should stand. Alternatively, the defendants should be held in contempt, or some lesser sanction should be imposed, for their willful disobedience of the orders of this court commanding them to produce specific discovery products.

Respectfully submitted,

BY: _____
Robert Salatto

3

                                        The Eddy Center
                                        Post Office Box 351
                                        Middletown, CT 06457

## **CERTIFICATION**

This is to certify that one copy hereof was mailed, first-class postage pre-paid, to Attorney John Radshaw, 65 Wethersfiled Avenue, Hartford, CT 06114, on March 29, 2006.

                                        Robert Salatto

4