UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



ROBERT SALATTO, JR.　　　　　　　Case # 3:02-CV-230(EBB/JGM)
　　　　Plaintiff

Vs.

TOWN OF BRANFORD, ET AL,
　　　　Defendants　　　　　　　　April 25, 2006

**PLAINTIFF'S AFFIDAVIT IN REPLY TO DEFENDANTS'
OBJECTION TO MOTION TO COMPEL (#123)**

Your undersigned plaintiff, ROBERT SALATTO, respectfully requests that this Honorable Court overrule the defendants' objection to your plaintiff's motion to compel (#12**3**), and command the defendants to produce all materials responsive to his motion to compel (#123) without objection. In support of this reply, your plaintiff respectfully represents as follows:

1. The defendants' objection is out of time. The defendants have abandoned this action several years ago and flatly ignored some seventy-five combined motions, court orders commanding a response, and discovery requests, including the instant request. On April 04, 2006, after the defendants repeatedly engaged in such underhanded and unethical dilatory tactics as requesting expanded deadlines to respond to overdue motions and discovery requests and then ultimately ignoring the very deadlines that they, themselves, had requested, this court issued an order commanding then to respond to all pending motions, including the instant motion to compel "**on or before April 15, 2006** [emphasis original]." *See* order dated April 04, 2006. As evidenced by the certification page of the defendants' objection, the defendants did not

1

respond until April 17, 2006. No enlargement of time to respond was sought, nor should one be granted, and the defendants' objection is therefore fatally out of time;

2. In addition, after abandoning this action and ignoring seventy-five separate articles and numerous court orders to act, the defendants' astoundingly claimed that every one of said articles were mistakenly forwarded to a storage bin and never opened. *See* defendants' memorandum dated February 02, 2006. At the same time, the defendants purported that, in a separate but astronomically coincidental fashion, a "spam filter" happened to consume every action-commanding court order forwarded to them by this court. *See* defendants' memorandum dated February 07, 2006. They contend that only written and electronic articles from this particular action were divinely intercepted, and that their non-responsiveness was entirely the product of "good faith." Now, counsel for the defendants purports that your plaintiff did not undertake good-faith measures to resolve the discovery dispute at issue without the assistance of court intervention. *See* objection (#123). Your plaintiff would respectfully submit that counsel for the defendants continues to resort to desperate, unethical measures in an anemic attempt to rectify the consequences of his gross negligence. He is simply looking to fish in an undue windfall. Your plaintiff did, in fact, undertake a good-faith attempt to resolve counsel's non-responsiveness by way of a letter addressed to him at his law office. A duly sworn affidavit is attached herewith attesting to same as *Exhibit A*. It happens to be no big surprise that he now claims that he never received

said resolution-based letter, as he claims he did not receive some seventy-five additional articles and admits he "may not have been as diligent as necessary." *See* counsel's objection to motion to exclude (#120) at 1. He conveniently asserts that he is "available to discuss these specific objections at any time." However, if he were available to resolve this matter when his availability was absolutely required by the Federal Rules and the Scheduling Order, he would not likely find himself stuck in this dilemma. Counsel, and counsel only, is responsible for failing to respond to your plaintiff's resolution attempts. Because he did not do such, he has <u>waived</u> any objection to your plaintiff's motion to compel. His offer to make himself available is little more than a veiled attempt to further delay this action, and this Honorable Court should compel full and frank compliance, as a matter of law.

FOR THESE REASONS, the defendants' have waived their objection to your plaintiff's motion to compel, and their objection to motion to compel (#123) should be overruled. This Honorable Court should order full compliance with same.

                                              Respectfully submitted,

                                              Robert Salatto,
                                              The Plaintiff
                                              1 LaBella Circle
                                              Middletown, CT 06457

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

ROBERT SALATTO, JR.,
    *Plaintiff*

2006 APR 26 P 12: 18

U.S. DISTRICT COURT

Vs.                                CASE # 3:02-CV-230 (EBB)(JGM)

TOWN OF BRANFORD, ET AL.,
    *Defendants*

**SWORN AFFIDAVIT OF ROBERT F. SALATTO, JR.**

State of Connecticut

          Sworn Affidavit of Robert F. Salatto, Jr.

County of Middlesex

    I, Robert F. Salatto, Jr., the undersigned affiant, do hereby depose and state under penalty of perjury:

1. That I am over the age of 18 and understand the meaning and obligation of an oath;
2. That I am the plaintiff in the above-entitled action, and as such I make the declarations memorialized in this affidavit based upon personal knowledge;
3. That counsel for the defendants has absolutely ignored literally scores and scores of motions, discovery requests, and letters directed to him regarding this action since 2004;
4. That in response to said non-responsiveness, your plaintiff undertook many separate efforts to resolve counsel's abandonment of this action, specifically including his non-responsiveness relative to your plaintiff's motion to compel (#123) without court intervention. However, at no time did I receive a response relative to said attempts, specifically including that pertaining to docket # 123;

    I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on April 25, 2006, pursuant to 28 U.S.C. 1746.

BY: _____
        Robert F. Salatto, Jr.

## CERTIFICATION

This is to certify that one copy of the foregoing motion was sent, first class postage prepaid, via USPS, on the date of April 25, 2006 to the following counsel of record:

        Attorney John J. Radshaw
        Howd & Ludorf
        65 Wethersfield Avenue
        Hartford, Connecticut

BY: _____
Robert Salatto, Jr.