UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2006 APR 26  P 12: 18

U.S. DISTRICT COURT
BRIDGEPORT, CONN

ROBERT SALATTO, JR.  Case # 3:02-CV-230 (EBB/JGM)
  Plaintiff

Vs.

TOWN OF BRANFORD, ET AL,
  Defendants  April 24, 2006

**PLAINTIFF'S AFFIDAVIT IN REPLY TO DEFENDANTS'
OBJECTION TO MOTION TO COMPEL (#132)**

Your undersigned plaintiff, ROBERT SALATTO, respectfully requests that this Honorable Court overrule the defendants' objection to your plaintiff's motion to compel (#132), and order that the requested discovery material be produced, as a matter of law, without objection. In support of this reply, your plaintiff respectfully represents as follows:

1. The defendants' objection is out of time. The defendants have abandoned this action several years ago and flatly ignored some seventy-five combined motions, court orders commanding a response, and discovery requests, including the instant request. On April 04, 2006, after the defendants repeatedly engaged in such underhanded and unethical dilatory tactics as requesting expanded deadlines to respond to overdue motions and discovery requests and then ultimately ignoring the very deadlines that they, themselves, had requested, this court issued an order commanding then to respond to all pending motions, including the instant motion to compel "**on or before April 15, 2006** [emphasis original]." *See* order dated April 04, 2006. As evidenced by the certification page of the defendants' objection, the defendants did not

1

respond until April 17, 2006. No enlargement of time to respond was sought, nor should one be granted, and the defendants' objection is therefore fatally out of time;

2. In addition, after abandoning this action and ignoring seventy-five separate articles and numerous court orders to act, the defendants' astoundingly claimed that every one of said articles were mistakenly forwarded to a storage bin and never opened. *See* defendants' memorandum dated February 02, 2006. At the same time, the defendants purported that, in a separate but astronomically coincidental fashion, a "spam filter" happened to consume every action-commanding court order forwarded to them by this court. *See* defendants' memorandum dated February 07, 2006. They contend that only written and electronic articles from this particular action were divinely intercepted, and that their non-responsiveness was entirely the product of "good faith." Now, the defendants audaciously purport that they have "no record" of the instant request for the production of documents. Your plaintiff would respectfully submit that these ridiculous excuses are borne out of nothing more than a desire to insult the integrity of this process. Your plaintiff did, in fact, certify a copy of this request for production to counsel for the defendant as indicated on the face of the motion. A sworn affidavit attesting to same is attached herewith as *Exhibit A*. Furthermore, counsel for the defendants has admitted (although absolutely unbelievably) that his office misplaced and diverted at least seventy-five (75) motions and discovery requests over the course of several years. It is not the fault of your plaintiff

2

that counsel continues to exhibit gross professional negligence in the maintenance of this action. In addition, the requested materials were set forth, in seriatim, incidental to your plaintiff's motion to compel. Any claim of non-responsiveness could have, and should have, been made literally months ago. Your plaintiff filed the instant request for production in 2004. Because the defendants did not respond whatsoever to said request, and because the defendants have failed to respond to the instant motion to compel said products within the time-frame circumscribed by this court, their objection should be overruled, and they should be required to provide the requested materials unequivocally, without objection.

FOR THESE REASONS, the defendants objection should be overruled, and the defendants should be required to provide said materials without objection.

                                                 Respectfully submitted,

                                                 Robert Salatto,
                                                 The Plaintiff
                                                 1 LaBella Circle
                                                 Middletown, CT 06457

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 APR 26  P 12: 19

U.S. DISTRICT COURT
BRIDGEPORT, CONN

ROBERT SALATTO, JR.,
    *Plaintiff*

Vs.    CASE # 3:02-CV-230 (EBB)(JGM)

TOWN OF BRANFORD, ET AL.,
    *Defendants*

### SWORN AFFIDAVIT OF ROBERT F. SALATTO, JR.

State of Connecticut
          Sworn Affidavit of Robert F. Salatto, Jr.
County of Middlesex

    I, Robert F. Salatto, Jr., the undersigned affiant, do hereby depose and state under penalty of perjury:

1. That I am over the age of 18 and understand the meaning and obligation of an oath;
2. That I am the plaintiff in the above-entitled action, and as such I make the declarations memorialized in this affidavit based upon personal knowledge;
3. That in 2004, I properly certified one set of requests for production pursuant to Federal Rule of Civil Procedure 34 to counsel for the defendants, Attorney John J. Radshaw III. These requests were forwarded to counsel, first-class postage prepaid, properly addressed to Attorney John Radshaw, Howd & Ludorf, 65 Wethersfield Avenue, Hartford, Connecticut 06114;
4. That such requests included a demand for (1) The Branford Police Department Patrol Commander's Log Sheet for the dates of November 2 and 15, 2001; (2) Copies of your plaintiff's detention cards from the same dates; (3) "The Patrol Commander's Daily Report" for the same dates; (4) "The Departmental Suicide Prevention Form, together with all supplemental notes and reports pertaining to your plaintiff" from the same dates; and (5) "Any and all Use of Force Reports and Use of Force Incident Reports pertaining to the plaintiff or the plaintiff's arrest and detention" for the same dates.
5. That at no time did I receive any response responsive to said request from counsel for the defendants.

    I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on April 25, 2006, pursuant to 28 U.S.C. 1746.

BY: _____
      Robert F. Salatto, Jr.
      Affiant

## CERTIFICATION

This is to certify that one copy of the foregoing motion was sent, first class postage prepaid, via USPS, on the date of Apr. 25, 2006 to the following counsel of record:

        Attorney John J. Radshaw
        Howd & Ludorf
        65 Wethersfield Avenue
        Hartford, Connecticut

BY: _____
      Robert Salatto, Jr.