UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

ROBERT SALATTO, JR.                    Case # 3:02-CV-230 (EBB/JGM)   2006 APR 26  P 12: 19
      Plaintiff

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Vs.

TOWN OF BRANFORD, ET AL,
      Defendants                    April 24, 2006

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO
MOTION FOR SUMMARY JUDGMENT (#135)**

Your undersigned plaintiff, ROBERT SALATTO, hereby files this reply to the defendants' objection to motion for summary judgment (#135) dated April 15, 2006. For the reasons set forth below, your plaintiff's motion requesting summary judgment against defendant DAVID ATKINSON should be granted, and the defendant's objection to said motion should be overruled:

1. The defendants' motion is out of time. The defendants' have abandoned this action several years ago and flatly ignored some seventy-five independent motions, discovery requests, and court orders commanding a response. On April 04, 2006, after the defendants repeatedly engaged in such underhanded and unethical dilatory tactics as requesting expanded deadlines to respond to overdue motions and discovery requests, and then ultimately ignoring the very deadlines that they, themselves, had requested, this court issued an order commanding them to respond to all pending motions, including the instant motion for summary judgment by "**on or before April 15, 2006** [emphasis original]." As evidenced by the certification page of their objection, the

1

defendants failed to respond until April 17, 2006. Therefore, their objection is out of time;

2. Your plaintiff's motion properly complies with the Federal and Local Rules of Civil Procedure. The defendant has indicated that your plaintiff's motion is fatally deficient in that it fails to comply with Fed.R.Civ.P 56 and D.CONN.L.R. 56 because "Plaintiff has not set forth in a manner recognized by the local rules a statement, in separately number [sic] paragraphs, each and every material fact, along with a citation to the record establishing such fact." *See* defendants' objection at 1. This contention is entirely false. Your plaintiff's statement of uncontroverted facts is properly appended to the instant motion for summary judgment as Exhibit J. *See* Plaintiff's motion for summary judgment at Exhibit J. Therefore, it is unequivocally clear that the defendants' contention is entirely erroneous, and your plaintiff did, in fact, comply with the Federal and Local Rules of Civil Procedure;

3. The defendants have advanced no affirmative defense to any of the issues raised in your plaintiff's motion. The defendants summarily contend that your plaintiff "has no response to overcome the defendants' affirmative defense of privilege." See Defendants' Objection at 1. However, the defendants have not indicated the nature of any such "privilege." At no time do the defendants' articulate any ~~articulates~~ legal basis for any purported privilege or suggest any other basis that would support their contention that liability should not be assessed against them. The defendants' bare and wildly speculative allegations

that they are shielded by some unspecified "privilege" are insufficient as a matter of law, and particularly insufficient to provide a defense to this motion;

4. Lastly, counsel for the defendant has declared that the defendant "made this statement in good faith, without malice, in an honest belief in the truth of the statement, and in discharge of a public duty to the correction officers." *See* objection at 2. This contention is plainly false. Not only did said defendant make this representation upon this public document, but the defendant has refused to retract said representation even after learning of its conclusive falsity. Said document remains today in public record in the small shoreline town of your plaintiff's residence and business. Such would imply the antithesis of benevolence. In addition, this defendant made identical representations to several different persons on several different occasions, including to your plaintiff's fiancé just before his planned wedding, defaming your plaintiff and cautioning her that she should re-think her engagement to your plaintiff. Furthermore, C.G.S. 19a-583(9) is meticulously applicable to this fact-pattern and unequivocally prohibits any such disclosure, to a correctional official in particular. Atkinson violated Connecticut law. Your plaintiff would respectfully submit that no person who violates clearly applicable law could be said to have acted in good faith. The Connecticut legislature has decided the question of good faith by promulgating a statutory cause of action against any person who, for any reason, violates said statute. *See* C.G.S. 19a-590. However, in any event, Atkinson's state of mind is not relevant to the considerations before this court in deciding his liability for the

3

tort of defamation per se; the only valid questions are whether Atkinson, in fact, made a factual, slanderous representation about your plaintiff, published it to others, and whether the representation is, in fact, false. Those matters are admitted, and not in dispute. Therefore, summary judgment as to the count of defamation per se is warranted and proper. Any additional considerations, such as the extent of demonstrable damages suffered by your plaintiff and whether he, in fact, had "no reputation that may be injured" are damage-related considerations that should be explored entirely independent of the question of liability. Here, the only relevant questions are whether Atkinson made the factually slanderous representation, published it to third parties, and whether said slanderous representation is, in fact, false. These material facts are not in dispute.

FOR THESE REASONS, your plaintiff respectfully requests that his motion for summary judgment be granted, and the defendants' objection thereto be overruled.

Respectfully submitted,

BY: _____
Robert Salatto, Jr.
The Plaintiff, Pro Se
1 LaBella Circle
Middletown, CT 06457

CERTIFICATION

This is to certify that one copy of the foregoing motion was sent, first class postage prepaid, via USPS, on the date of April 26, 2006 to the following counsel of record:

        Attorney John J. Radshaw
        Howd & Ludorf
        65 Wethersfield Avenue
        Hartford, Connecticut

BY: _____
        Robert Salatto, Jr.