UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2006 APR 24 P 3: 29

U.S. DISTRICT COURT
NEW HAVEN CT

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| Plaintiff, | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| Defendants. | APRIL 15, 2006 |

## OBJECTION TO MOTIONS TO STRIKE AFFIRMATIVE DEFENSES (#124, 133)

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor, object to the plaintiff's motions to strike their affirmative defense of qualified immunity (#124, 133).

The plaintiff plainly misapprehends the nature of notice pleading and the standard upon which a motion to strike may be granted. All of the individual defendants are entitled to plead the affirmative defense of qualified immunity and the court must examine that defense in the light most favorable to the defendants. Such a motion should be granted only where no set of facts consistent with the allegations (or the affirmative defense) could be proven which would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957). The issue is not whether the party will prevail on the defense, but whether he should have the opportunity to prove his defense. *Id.* Here, all of the allegations presented by the plaintiff are hearsay, unsupported by any evidence and only his conjecture as to what may be objectively reasonable under the

circumstances. The plaintiff, himself, has claimed that the police officers were acting under color of law and as police officers on the day in question. A right is "clearly established" when "[t]he contours of the right [are] . . . sufficiently clear that a reasonable official would understand that what he is doing violates that right . . . [T]he unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). *See, e.g. Malley v. Briggs*, 475 U.S. 335, 341 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly break the law"); *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (officials are immune unless "the law clearly proscribed the actions they took"). In determining whether a particular right was clearly established at the time defendants acted, this Circuit has considered three factors: (1) whether the right in question was defined with "reasonable specificity"; (2) whether the decisional law of the Supreme Court and the [Second Circuit] support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant or official would have understood that his or her acts were unlawful. *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991). *See Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989), citing Anderson, 483 U.S. at 640. Recently, the Supreme Court has re-emphasized the need to look carefully at the "contours" of the right allegedly violated by a public official when undertaking the qualified immunity analysis. *Saucier v. Katz*, 533 U.S. 194 (2001). For example, there is no doubt that the case of *Graham v. Connor*, 490 U.S. 386 (1989), clearly establishes the general proposition that use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness. Yet, the Supreme Court has concluded that observation of that general principle is simply not enough when undertaking a qualified immunity analysis. All of the facts are not present

which could enable this court to determine the application of qualified immunity. Accordingly, the plaintiff's motion should be denied.

Concerning plaintiff's motion to strike (#133), the fact that the plaintiff lumped all defendants into each count present practical pleading problems for which there is no remedy under our federal rules. The defendants do not claim that the Town of Branford is entitled to qualified immunity. It is axiomatic that it is not so entitled. However, in order to establish municipal liability, the plaintiff must first establish a violation of his constitutional rights by the individual offers. Without a constitutional injury, the plaintiff's claim against the Town is subject to dismissal as a matter of law. *See, City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*per curiam*).

WHEREFORE, the defendants pray their objection is sustained.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

I hereby certify that on April 17, 2006, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
c/o The Eddy Center
One LaBella Circle
P.O. Box 351
Middletown, CT 06457

/s/ John J. Radshaw III
John J. Radshaw III