UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| *Plaintiff*, | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| *Defendants*. | APRIL 15, 2006 |

## OBJECTION TO MOTION FOR APPOINTMENT OF COUNSEL (#111)

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor, object to appointment of counsel.

The threshold requirement for appointment of counsel is the likelihood of success on the merits, *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir.1994), and "[b]ald assertions" by the litigant, that may place a fact in issue and avoid summary judgment, fall short of this requirement, *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989). "Only 'if the claim meets this threshold requirement, the court should then consider other criteria.' Those secondary criteria include plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Id*. at 174. "Bald assertions" are not enough to warrant appointment of counsel. *Johnson v. Sokol* 101 F.3d 682, 1996 WL 197231, **2 (2nd Cir.(N.Y.) (C.A.2 (N.Y.),1996).

Plaintiff's prolix, and prolific, pleadings demonstrate the familiarity with case law, legal research and the Federal Rules of Civil Procedure. Plaintiff is acquitting himself within the confines of the resources available to him. That does not, however, change the underlying fact that his claims are without merit. Appointment of counsel will not change that ultimate conclusion. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir.1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." 650 F.2d at 887 (citing Miller, 296 F.2d 283). If mere bald assertions by an indigent, which technically put a fact in issue and suffice to avert summary judgment, required appointment of an attorney under § 1915(d), the demand for such representation could be overwhelming

WHEREFORE, the defendants pray their objection is sustained.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT
GILL, Chief of Police; PATRICK
O'MALLEY, Patrol Officer; DAVID
ATKINSON, Patrol Officer; and JOHN
DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

I hereby certify that on April 17, 2006, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
c/o The Eddy Center
One LaBella Circle
P.O. Box 351
Middletown, CT 06457

/s/ John J. Radshaw III
John J. Radshaw III

- 3 -