UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2007 APR 24 P 3: 29

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| Plaintiff, | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| Defendants. | APRIL 15, 2006 |

### OBJECTION TO MOTION FOR SUMMARY JUDGMENT (#135)

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor, object to the plaintiff's motion for summary judgment (#135).

The defendants object to the plaintiff's motion for summary judgment on the defamation claim as the plaintiff has not complied with Rule 56 or Local Rule 56. The plaintiff has not provided what would be admissible evidence beyond his own, self-serving affidavit that shows that he is entitled to summary judgment as a matter of law. Plaintiff has not set forth in a manner recognized by the local rules a statement, in separately number paragraphs, each and every material fact, along with a citation to the record establishing such fact. *See* Fed.R.Civ.P. 56 and D.Conn.L.R. 56. Accordingly, the defendant cannot make a meaningful response.

Additionally, the plaintiff has no response to overcome the defendants' affirmative defense of privilege. With regard to the plaintiff's defamation claims, an indispensable element of an action of slander is injury to the reputation of the person defamed. *Urban*

*v. Hartford Gas Co.,* 139 Conn. 301, 308, 93 A.2d 292 (1952). Slander is "actionable per se" where the utterance charges a crime involving moral turpitude or to which an infamous penalty is attached. *Moriarty v. Lippe,* 162 Conn. 371, 383, 294 A.2d 326 (1972). The plaintiff, a recently incarcerated, convicted felon, who fancied IV drugs, has no reputation that may be injured. Nevertheless, the officers are protected from these claims by governmental immunity and by a qualified privilege to communicate to Corrections officers when Salatto was remanded to prison. The officer in question made this statement in good faith, without malice, in an honest belief in the truth of the statement, and in discharge of a public duty to the corrections officers. The officers believed the statements to be true in that Salatto was a notorious IV drug user who had open sores on his body and had been arrested by that officer with IV drug paraphernalia in the past and had told these officers that he was taking HIV medication in the past.

WHEREFORE, the defendants pray their objection is sustained.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT
GILL, Chief of Police; PATRICK
O'MALLEY, Patrol Officer; DAVID
ATKINSON, Patrol Officer; and JOHN
DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

I hereby certify that on April 17, 2006, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
c/o The Eddy Center
One LaBella Circle
P.O. Box 351
Middletown, CT 06457

/s/ John J. Radshaw III
John J. Radshaw III