UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2007 APR 24  P 3: 29

U.S. DISTRICT COURT
NEW HAVEN, CT

ROBERT F. SALATTO, *PRO SE*,

Plaintiff,

v.

TOWN OF BRANFORD, ET AL.,

Defendants.

Civil Action No.

3:02 CV 0230 (EBB) (JGM)

APRIL 15, 2006

## OBJECTION TO MOTION TO COMPEL (#110, 118) AND MOTION FOR JUDICIAL NOTICE AND EXCLUSION OF NON-DISCLOSED FACT WITNESSES (#119)

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor, object to plaintiff's motion to compel (#110, 118) and motion for judicial notice (#119).

In motion no. 110, the plaintiff has moved to compel answers over objection to written discovery propounded to the individual defendants, Grantland, Atkinson and O'Malley. Without itemization, the plaintiff claims entitlement to all of the information sought in discovery, not recognizing that some answers were provided without waiving objection. A brief review of the objections demonstrates that the objections are proper.

- o  The defendants' objection to identifying information is proper – Connecticut state law protects their identifying information.

- o  With respect to educational information, the plaintiff has not made a failure to train claim, thus this information is irrelevant.

- o Plaintiff's overbroad request for other lawsuit information is irrelevant. The defendants would consider tailoring a response if it were limited to the five (5) years preceding the subject incident and were limited to a claim of excessive force of a subject in custody at police headquarters.

The remaining objections speak for themselves.

In motion 118, the plaintiff seeks to compel answers to document requests to the Town of Branford concerning prior complaints against the individual defendants. The defendant's objections are proper, reasonable and appropriate, particularly because the plaintiff has not alleged a failure to train or properly supervise claim against the Town. The defendants already objected to this request and rather than to resolve it, the plaintiff merely sent a new pleading. That procedure is improper. Nevertheless, the Town would consider a compromise response if the request for production were limited to the five (5) years preceding the subject incident and were limited to claims of excessive force of a subject in custody at police headquarters.

In motion 119, the plaintiff seeks judicial notice of something although it is not clear from his pleading. Fed.R.Evid. 201 provides the procedure for taking judicial notice. Nothing appears in motion 119 that appears applicable to Rule 201. Plaintiff also requests exclusion of "non-disclosed" fact witnesses. At this time, the defendants have disclosed all of the materials they are required to disclose. If they learn of new witnesses, they will supplement applicable discovery responses, if any.

WHEREFORE, the defendants pray their objection is sustained.

THE DEFENDANTS,

TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

I hereby certify that on April 17, 2006, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
c/o The Eddy Center
One LaBella Circle
P.O. Box 351
Middletown, CT 06457

/s/ John J. Radshaw III
John J. Radshaw III