UNITED STATES DISTRICT COURT  FILED
DISTRICT OF CONNECTICUT

ROBERT SALATTO, JR.  Case # 3:02-CV-230 (EBB/JGM)
    Plaintiff

        2006 MAY -2  A 11: 51
        U.S. DISTRICT COURT
        BRIDGEPORT, CONN

Vs.

TOWN OF BRANFORD, ET AL,
    Defendants  May 01, 2006

## PLAINTIFF'S MOTION FOR SANCTIONS IN CONJUNCTION WITH PLAINTIFF'S DEMONSTRATION OF MISCONDUCT

Your plaintiff, ROBERT SALATTO, hereby requests that this Honorable Court impose sanctions upon the defendants in consequence of their calculated refusal to disclose required discovery materials, and for knowing violations of the certification requirements of Fed.R.Civ.P. 11(b) and 26(g)(2), and companion local rules. In support of this motion, your plaintiff respectfully represents as follows:

1. The defendants, through counsel, have consistently resorted to questionable, unethical, sanctionable tactics for several years in this action. Such tactics have severely, and irreparably, prejudiced your plaintiff's ability to fairly discover and litigate this action;

2. On several occasions, the defendants have resorted to unethical dilatory tactics such as requesting enlarged deadlines to conduct discovery and respond to overdue motions, and then absolutely ignoring their own requested deadlines and taking no action. *See* doc ## 55, 67, 142. Such requests were apparently interposed for delay. Among other things, such conduct is sharply violative of

1

Fed.R.Civ.P 1, 11(b), and 26 (g)(2), as well as an immeasurable body of self-evident principles, cannons, court decisions, and the scheduling order;

3. As a result, several percipient witnesses central to your plaintiff's claims have moved away, or otherwise become unavailable through the lapse of several years of unwarranted delay. *See* plaintiff's amended memorandum in opposition to reconsideration of default and supporting affidavit. The defendants' misconduct has caused actual, irreparable prejudice;

4. Between 2004-2006, the defendants have ignored some 75 combined discovery requests, motions, action-responsive court orders, letters, and third-party letters. Their abandonment of this action has been absolute and unequivocal;

5. A judgment of default was rendered against them on February 02, 2006;

6. The defendants subsequently appeared and frivolously purported that they had no knowledge that this action was still pending because every document associated with this case was diverted to a "closed filing folder." *See* defendants memorandum dated February 02, 2006;

7. Such is factually impossible unless members of counsel's office clairvoyantly speculated without opening such envelopes that they pertained to this particular action and then diverted the sealed envelopes automatically to storage without opening them. Furthermore, copies of third-party letters that the defendants received respecting this action from the Town of Branford during the exact months that they purport to have had no memory of this

action make clear that said representations are flatly fabricated and entirely frivolous. Such misconduct is sanctionable;

8. Next, the defendants appeared and boldly represented to the court that, during the same period, <u>every</u> individual court order electronically forwarded to them was coincidentally consumed by a wildly dysfunctional "spam filter." Thus, they suggest that they are wholly devoid of culpability for their failure to comply in various manners as commanded. They ostensibly purport that court orders from <u>only</u> this action were "consumed," and that the problem astoundingly resolved itself the moment that this court rendered the judgment against them. *See* defendants' memorandum dated February 07, 2006. These wildly imaginative falsehoods are self-apparent;

9. Next, on April 03, 2006, this court commanded counsel to indicate if, in fact, he represents defendant Thomas Grantland "**on or before April 15, 2006** [emphasis origingal]." *See* order. Counsel has ignored said order, and has taken no action. To date, the status of this issue is wholly unclear;

10. Next, on January 03, 2006, this court commanded the defendants to produce copies of responses to interrogatories in their possession by January 23, 2006. The defendants have ignored this order. Your plaintiff has raised this issue on several occasions, but to date, the defendants have still made no disclosure;

11. Next, on January 03, 2006, this court commanded defendant O'Malley to disclose discovery materials by February 03, 2006. Defendant O'Malley has ignored this order. Your plaintiff has raised this issue on several occasions,

but to date, O'Malley has still failed to comply. No disclosure was, at any time, made. Such contumaciousness is clearly sanctionable;

12. Then, in his dilatory responses to various motions to compel unrelated discovery products, counsel has merely claimed that he has never received the underlying production requests, which were, in fact, propounded months and months ago. Counsel neither responded to the underlying production requests, or the good-faith conference attempts, or the motion(s) to compel. Yet, in an attempt now to eschew his responsibility to disclose such materials, although he admits (incredulously) what would arguably constitute gross negligence on the part of his law office in misplacing scores and scores of requests and motions, he merely claims that he never received the underlying requests. This knowing and express falsehood constitutes egregious misconduct;

13. Now, your plaintiff has conclusively established counsel's outright deception in response to a valid, reasonable production request. Counsel has indicated that he does not possess the requested documents when, in fact, discovery transcripts evidence that he clearly possesses such documents. This time, his misconduct is indisputable. *See* attached motion dated May 1, 2006;

14. In addition, counsel has boldly fabricated that he deposed Ms. Karen Holmes. Id. At no time did counsel depose Ms. Holmes. Such representations are set forth in a calculated, knowing attempt to frustrate the fairness of this action, mislead this court, and conceal material evidence. These acts of misconduct are serious;

15. The sanctionable misconduct of the defendants has seriously and irreparably prejudiced your plaintiff's right to secure material evidence and have his claims fairly presented before a jury. Your plaintiff has alleged *serious* violations of the Constitution and laws against the defendants. While, generally, prisoner claims are not tremendously favored, your plaintiff's claims are meritorious, and abundantly founded. Your plaintiff is no longer incarcerated. Your plaintiff has diligently and attentively litigated his action for more than five (5) solid years. The lifeblood of our Constitution sustains itself only upon the notions of impartial enforcement, fairness, and meaningful equality. Every American citizen, even one arguably imperfect, deserves a meaningful opportunity to have his grievances fairly developed and impartially determined by a jury. Such is the grand wheel upon which Constitutional machinery must revolve. The rules of procedure must apply with equal force to both sides. Your plaintiff should be entitled to fairly, efficiently, and equitably litigate his action in accordance with the Federal and Local rules of Civil Procedure, as well as existing precedent, and the scheduling order. The defendants have willfully and egregiously executed a lawless obstruction of that prospect. Further delay at this incredibly late juncture is not requested, and would only cause yet additional prejudice. Sanctions are aptly warranted;

16. The court can impose discovery sanctions on an attorney who signed a discovery response in violation of Fed.R.Civ.P. 26(g)(1) or (g)(2). Fed.R.Civ.P 26(g); 6 Moore's 26.154[1]. Similarly, the court can impose

sanctions under Fed.R.Civ.P 37 for failure to obey a court order. Fed.R.Civ.P 37; *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir.1986). This is an instance where the court should do such.

17. Your plaintiff has undertaken many, many good-faith attempts to resolve these egregious acts of misconduct without court intervention. Specifically, your plaintiff has undertaken a good-faith attempt to resolve the instant misconduct by way of letter, to absolutely no avail. A copy of said letter is attached herewith as Exhibit A.

WHEREFORE, your plaintiff respectfully requests the following sanctions:

    A. That the judgment of default in this action remain inviolate;

    B. That material facts of your plaintiff's claims be deemed established;

    C. That monetary sanctions be imposed;

    D. That the requested statements be compelled;

    E. Any further relief deemed remedial by this Honorable Court.

Respectfully submitted,

_____
Robert Salatto
Your Plaintiff, Pro Se
1 LaBella Circle
Middletown, CT 06457

**CERTIFICATION**

This is to certify that one copy hereof was mailed, first-class postage prepaid, to Attorney John Radshaw, Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114, on: May 2, 2006

By: _____
Robert Salatto

April 24, 2006

Attorney John Radshaw
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Re: Good faith effort to resolve discovery dispute devoid of court intervention

Dear Attorney Radshaw:

    I respectfully direct your attention to your objection to my motion to compel (131), wherein I requested that you disclose written statements in your possession from Mr. Robert Salatto, Sr., and Ms. Karen Holmes. In your objection, you indicated that you possess no such statements. In fact, I am relatively certain that you do possess such statements. Both statements were in the form of affidavits, if my memory serves me correctly. I therefore request that you immediately amend position and disclose both items to me at once. Please cooperate in the just, inexpensive, an expedient resolution of this action in general, and this discovery dispute in particular.

    Because I have requested such statements from you on several occasions, and you have resisted my efforts, I respectfully request that you direct your immediate attention to this request. Please forward copies of any such statements presently in your possession. Should you not comply with your obligation to do such, I will be forced to attempt to prove that such statements are in your possession, and that you have improperly refused a valid, just discovery request. I would attempt to do such in the form of a motion for sanctions. I do not wish to do such; please just comply with your obligations.

    As you know from previous correspondence, I am no longer incarcerated and can be reached at (860) 343-5521. Please call me immediately if you are willing to amend your position on this matter, or to speak with me respecting any other matter related to this action. As always, I am willing to assist you in any manner possible.

                                            Respectfully yours,


                                            Robert Salatto, Jr.


Robert Salatto, Jr.
1 LaBelle Circle
Middletown, CT 06457
(860) 343-5521