UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO, JR.                 Case # 3:02CV-230 (EBB/JGM)
    Plaintiff

Vs.

TOWN OF BRANFORD, ET AL,
    Defendants                          May 01, 2006

### PLAINTIFF'S CONCLUSIVE DEMONSTRATION OF COUNSEL'S CALCULATED DECEPTION IN REPLY TO DEFENDANTS' OBJECTION TO MOTION TO COMPEL (#131)

Your plaintiff, ROBERT SALATTO, hereby demonstrates to this Honorable Court counsel's calculated deception in response to a just discovery request, in violation of Fed.R.Civ.P 34, and the certification requirements of Fed.R.Civ.P. 11(b) and 26(g)(2). For the reasons set forth in this motion, said objection (to motion to compel # 131) must be overruled, disclosure must be compelled, and sanctions should be levied against opposing counsel. In support of this motion, your plaintiff respectfully represents as follows:

1. Among literally dozens of other valid and properly served discovery requests that counsel has ignored, on at least five (5) separate occasions your plaintiff has requested, from opposing counsel, copies of written testimonial statements in counsel's possession from two percipient witnesses to this action, Mr. Robert Salatto, Sr., and Ms. Karen Holmes;

2. On any number of said occasions, counsel has either refused such efforts, or merely failed to respond. At no time were such statements disclosed;

1

3. On July 01, 2005, your plaintiff was forced to propound a formal request to counsel requesting copies of said statements pursuant to Fed.R.Civ.P. 34;

4. The defendants absolutely failed to respond to said production request;

5. Subsequently, your plaintiff was forced to propound a motion to compel such statements on February 08, 2006. *See* docket entry 131;

6. In response, counsel has filed an untimely objection, claiming that such statements do not exist. *See* defendants objection to motion to compel (#131) at 1;

7. In his objection, counsel for the defendants has stated:

> "The defendants do not have any statements of either Ms. Holmes or Mr. Salatto, Sr. However, both Ms. Holmes and Mr. Salatto, Sr, were deposed and such transcripts cost money...[t]ranscripts of each deposition may be purchased directly from the court reporters who transcribed the proceedings." *See* objection to #131 at 1;

8. Counsel has signed such objection pursuant to the certification requirements of Fed.R.Civ.P. 11(b) and 26(g)(2), and companion local rules;

9. Counsel's declaration that he possesses no such statements is, in fact, a calculated act of deception undertaken to conceal material evidence required to be disclosed under Federal Civil Rules 26(b)(1) and 34(b), as well as companion local rules;

10. Attached herewith as *Exhibit A* is a copy of page seven of the deposition transcript of Mr. Robert Salatto, Sr., which was conducted by counsel himself, on September 2, 2004;

11. Clearly, on lines 16 through 20, the following exchange occurs:

2

> **Attorney Radshaw:** "Okay. The next document I'm going to show you has been marked as Defendant's Exhibit 3. It's two pages long. It's dated March 22, 2002, and it's captioned 'Affidavit of Robert Salatto, Sr.' Is that you?"
>
> **Robert Salatto, Sr.:** "That's me."

12. Counsel has represented to this court that he is in possession of no such statement. As evidenced by counsel's own words at the deposition of Robert Salatto, Sr., he is, in fact, in possession of that very statement. *See* Exhibit A;

13. In addition, counsel has flatly deceived this court by indicating that he has no statement of Ms. Karen Holmes, and that Ms. Holmes was, in fact, deposed. <u>At no time was Karen Holmes deposed</u>. Such statements were offered as a calculated act of deception set forth by counsel in an attempt to conceal material evidence, delay this action, and obfuscate the fairness of this process. As set forth in the attached motion for sanctions, counsel has committed similar egregious acts of deception during the course of this action, with little compunction. Many of such acts are flagrant and extreme;

14. It is not disputable (according to counsel's own words) that counsel, in fact, is in possession of said statement. It is apparent that he has knowingly lied about same in response to the instant production request. It is similarly not disputable that counsel boldly lied about deposing Ms. Karen Holmes. At no time did counsel depose Ms. Holmes. In fact, he presently is in possession of the requested statements from both witnesses and has lied about possession of same in an effort to conceal material evidence which is expressly required to

be disclosed under Federal Civil Rules 26(b)(1) and 34(b), as well as companion local rules.

15. Counsel has made such fraudulent representations in violation of, inter alia, Fed.R.Civ.P 11(b) et seq., 26(g) et seq., and companion local rules;

16. A motion requesting sanctions is attached herewith;

17. Your plaintiff hereby certifies that he has undertaken good faith measures to resolve this dispute, by written correspondence, a copy of which is attached herewith as *Exhibit B*, to absolutely no avail.

WHEREFORE, your undersigned plaintiff respectfully requests the following:

A. That an order be issued commanding disclosure of such statements;

B. That this court impose sanctions in accordance with the attached motion;

C. Any other or further relief deemed just and necessary.

Respectfully submitted,

By: _____
Robert Salatto, The Plaintiff
1 LaBella Circle
Middletown, CT 06457

```
 1        A    I got a blank copy, right.  He told me his name is
 2   Tony Vacca, right.  But I didn't see nothing on the back.
 3        Q    Okay.  But is it true that on August 27th you were
 4   served in hand by Mr. Vacca with the subpoena, is that
 5   correct?
 6        A    Correct.
 7        Q    Okay.
 8        A    But, again, it was empty on the back.
 9        Q    I understand.
10             The next item is a Notice of Deposition.  It's
11   been marked as Defendant's Exhibit 2.  Have you seen a copy
12   of this document before?
13        A    Yes, I have.
14        Q    Okay.  And you got that in the mail?
15        A    Yes.
16        Q    Okay.  The next document I'm going to show you has
17   been marked as Defendant's Exhibit 3.  It's two pages long.
18   It's dated March 22, 2002, and it's captioned "Affidavit of
19   Robert Salatto, Sr."  Is that you?
20        A    That's me.
21        Q    Okay.  And is this the document that you believe
22   you wanted to see or you were going to leave this
23   deposition?
24        A    Yes.
25        Q    Okay.
```

April 24, 2006

Attorney John Radshaw
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Re: Good faith effort to resolve discovery dispute devoid of court intervention

Dear Attorney Radshaw:

    I respectfully direct your attention to your objection to my motion to compel (131), wherein I requested that you disclose written statements in your possession from Mr. Robert Salatto, Sr., and Ms. Karen Holmes. In your objection, you indicated that you possess no such statements. In fact, I am relatively certain that you do possess such statements. Both statements were in the form of affidavits, if my memory serves me correctly. I therefore request that you immediately amend position and disclose both items to me at once. Please cooperate in the just, inexpensive, an expedient resolution of this action in general, and this discovery dispute in particular.

    Because I have requested such statements from you on several occasions, and you have resisted my efforts, I respectfully request that you direct your immediate attention to this request. Please forward copies of any such statements presently in your possession. Should you not comply with your obligation to do such, I will be forced to attempt to prove that such statements are in your possession, and that you have improperly refused a valid, just discovery request. I would attempt to do such in the form of a motion for sanctions. I do not wish to do such; please just comply with your obligations.

    As you know from previous correspondence, I am no longer incarcerated and can be reached at (860) 343-5521. Please call me immediately if you are willing to amend your position on this matter, or to speak with me respecting any other matter related to this action. As always, I am willing to assist you in any manner possible.

                                          Respectfully yours,


                                          Robert Salatto, Jr.


Robert Salatto, Jr.
1 LaBelle Circle
Middletown, CT 06457
(860) 343-5521

## CERTIFICATION

This is to certify that one copy hereof was mailed, first-class postage prepaid, to Attorney John Radshaw III, 65 Wethersfield Avenue, Hartford CT 06114, on:

May 2, 2006

Robert Salatto, Jr.

5