UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO
    Plaintiff

Case 3:02-CV-230 (EBB/JGM)

Vs.

2006 MAY -8 P 12: 22

TOWN OF BRANFORD, ET AL.,
    Defendants

May 03, 2006

U.S. DISTRICT COURT
BRIDGEPO..

## PLAINTIFF'S REPLY TO DEFENDANTS OBJECTION TO MOTION TO COMPEL (#110, 118)

Counsel has indicated that your plaintiff has not properly made a failure to train claim against the Town of Branford. This contention is erroneous. In his revised complaint, your plaintiff, did, in fact, set forth a prima facie failure to train and supervise claim against the Town of Branford. Thus, the requested information respecting prior lawsuits is entirely relevant, discoverable, and calculated to lead to the discovery of admissible evidence. It is particularly important to uncover all failure to train or supervise claims that have been raised against the Town within the past Fifteen (15) years. Such would include all allegations respecting a failure to train or supervise each and every member of the Branford Police Department. A mere <u>three</u> natural defendants are named in this lawsuit. Counsel's offer to divulge information respecting only three members of a large police force is disingenuous. Knowing that he will likely be able to shield the vast majority of lawsuits by offering to divulge information respecting the mere three (3) defendants to this action, and offering to restrict his disclosure to five (5) years, counsel has offered cooperate with an otherwise just and proper discovery request. Unfortunately, there are potentially an exponential number of such suits, and your plaintiff would respectfully submit that they are properly within the purview of discoverable material. In

1

order to develop a failure to train claim, your plaintiff has a right to explore all prior allegations involving a failure to train or supervise officers or agents of the Town of Branford. Particularly, any lawsuit involving defendant Thomas Grantland as a plaintiff against the Town of Branford, independently or jointly with other Branford Police Officers, and Town agents. These matters are relevant.

Lastly, counsel has indicated: "at this time, the defendants have disclosed all of the materials that they are required to disclose." *See* objection at 2. In light of your plaintiff's conclusive demonstration that counsel has falsified information in an attempt to conceal material evidence, your plaintiff would respectfully submit that counsel has, in signing the instant motion, again violated the certification requirements of Federal Civil Rules 1, 11(b), and 26(g)(2) and companion local rules. Counsel has not disclosed all required materials.

WHEREFORE, your plaintiff would respectfully request that counsel's objection be overruled, disclosure be compelled, and other relief be implemented as deemed necessary and warranted.

Respectfully submitted,

Robert Salatto
The Roger Sherman House
48 Howe Street
New Haven, CT

## CERTIFICATION

This is to certify that one copy hereof was mailed, postage prepaid, to Attorney John Radshaw, Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114 on:

May 3, 2006