UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO                    Case 3:02-CV-230 (EBB/JGM)
    Plaintiff

Vs.

TOWN OF BRANFORD, ET AL.,         May 03, 2006
    Defendants

### PLAINTIFF'S REPLY TO DEFENDANTS OBJECTION TO MOTION TO COMPEL (#128)

Your plaintiff hereby requests that this court compel responses to the interrogatories directed to the Town of Branford dated July 27, 2004 as a matter of law. Counsel claims that he responded to said interrogatories. However, at no time did your plaintiff ever receive said responses. In light of counsel's enormous office problems, which he has admitted in prior motions, these interrogatories likely got diverted to closed storage and not forwarded to your plaintiff. Such interrogatories are now two years out of time, and responses should be compelled fully, and unequivocally, as a matter of law.

In any event, said interrogatories are clearly dated July 27, 2004. *See* counsels objection to motion to compel (#128), However, counsel's purported response is clearly dated October 12, 2004. *See* same objection. Thus, even accepting counsel's argument as true, he failed to respond to said interrogatories in a manner consistent with Fed.R.Civ.P 33, and responses must be compelled as a matter of law, without objection or reservation.

Respectfully submitted

Robert Salatto
The Roger Sherman House
48 Howe Street
New Haven, CT

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT F. SALATTO, JR.  :   NO.: 3:02 CV 0230 (EBB)

v.  :

TOWN OF BRANFORD; ROBERT GILL,  :
CHIEF OF POLICE; PATRICK O'MALLEY,
PATROL OFFICER; DAVID ATKINSON,  :
PATROL OFFICER; and JOHN DOE,
SHIFT SUPERVISOR  :   OCTOBER 12, 2004

## DEFENDANT TOWN OF BRANFORD'S RESPONSES/OBJECTIONS TO PLAINTIFF'S INTERROGATORIES DATED JULY 27, 2004

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, TOWN OF BRANFORD, hereby responds/objects to plaintiff's interrogatories dated July 27, 2004, as follows:

### INTERROGATORIES

1. Identify all persons answering these interrogatories, supplying information, or in any way assisting with the preparation of the answers:

**RESPONSE:**

**OBJECTION.** The defendant, Town of Branford, objects to interrogatory no. 1 insofar as it impermissibly intrudes upon the attorney-client relationship. This interrogatory seeks information that is exempt from disclosure under the attorney-client privilege and seeks to obtain the thoughts, mental impressions and trial strategies of counsel.

Without waiving any objection, the defendant responds that no substantive responses have been made to the plaintiff's written discovery, only objections. Therefore, the answer to this interrogatory is irrelevant.

2. Identify by name, caption, and docket number with court location, all prior suits in which the defendant Town of Branford was named as a defendant, involving in any manner allegations of excessive force by a police officer, abuse of authority by a police officer, or general misconduct of a police officer, dating back the preceding ten (10) years.

**RESPONSE:**

**OBJECTION.** The defendant, Town of Branford, objects to Interrogatory No. 1 is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Plaintiff has not alleged a claim based on the doctrine articulated in Monell v. Depart. of Soc. Servs., 436 U.S. 658 (1978). Therefore, discovery into this area is irrelevant, immaterial and will not lead to the discovery of admissible evidence.

## CERTIFICATION

This is to certify that one copy hereof was mailed, postage prepaid, to Attorney John Radshaw, Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114, on

May 3, 2006

Robert Salatto, Jr.