UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT SALATTO
Plaintiff

Case 3:02-CV-230 (EBB/JGM)

Vs.

TOWN OF BRANFORD, ET AL.,
Defendants

May 03, 2006

### PLAINTIFF'S REPLY TO DEFENDANTS OBJECTION TO MOTION TO EXCLUDE (#120)

In his objection to plaintiff's motion to exclude (#120), counsel indicates "[s]ince moving to set aside the default, defendants have acted promptly and lawfully to be met by a blizzard of motions, some of which are wholly unfounded." Your plaintiff vehemently disputes this proposition.

Firstly, counsel has boldly lied about documents in his possession in an attempt to conceal clearly discoverable evidence. *See* plaintiff's conclusive demonstration of counsel's calculated deception; *see also* related motion for sanctions. It is indisputable that counsel has flatly lied about deposing Ms. Karen Holmes in an attempt to mislead this court, and again, conceal material evidence through a knowing, calculated act of deception. In addition, counsel requested until March 17, 2006 "to respond to *all* pending motions [emphasis original]." Notwithstanding, counsel absolutely failed to comply with his own requested deadline. Ultimately, counsel was commanded by this court to respond to all pending motions "**on or before April 15, 2006** [emphasis original]." In fact, after receiving an abundance of notice, and time, counsel nonetheless filed untimely responses to each and every motion without even an offer of cause. In addition, this court commanded counsel to declare whether he, in fact, represents defendant Thomas

1

Grantland "**on or before April 15, 2006.**" To date, counsel has taken no such action (at least to your plaintiff's knowledge, he has received no certification of same). To date, this critical issue remains wholly unclear. Counsel simply refuses to comply with necessary obligations relative to this action.

Furthermore, on January 03, 2006, this court issued an order commanding counsel to disclose various discovery products as a matter of law. Counsel has again scoffed at the orders of this court and made no disclosure. This only after your plaintiff has raised this issue on <u>several</u> occasions. Counsel's refusal to comply with an express, valid order of this court, in light of his other violations, constitutes anything but "prompt" and "lawful" conduct.

Lastly, while it is true that your plaintiff has had to file many, many motions in an attempt to compel counsel's compliance with this action, counsel himself is wholly responsible for same. Counsel has abandoned this action since 2004. When a party to a civil action decides to scoff at the process, ignore every motion, letter, discovery request, and third-party letter, and then advances transparently conjured excuses in an attempt to justify his misconduct, vehement court enforcement is the appropriate remedy. While your plaintiff sympathizes with the added effort and attention made necessary by counsel's egregious disregard for this action, counsel--and only counsel--bears responsibility for such.

WHEREFORE, in light of counsel's continued misconduct, it is respectfully requested that counsel's objection to plaintiff's motion to exclude (#120) be overruled, and your plaintiff's motion be sustained.

Respectfully submitted,



Robert Palatto
The Roger Sherman House
48 Howe Street
New Haven, CT

## CERTIFICATION

This is to certify that one copy hereof was mailed, postage prepaid, to Attorney John Radshaw, Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114, on:

May 3, 2006

Robert Palatto, Jr