UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| Plaintiff, | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| Defendants. | APRIL 15, 2006 |

## OBJECTION TO MOTION TO COMPEL (#128)

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor, object to plaintiff's motion to compel (#128)

In motion 128, plaintiff claims that he did not get a response to certain interrogatories. He did, a copy of the responses and objections is attached. Plaintiff was incarcerated about that time and may have misplaced his file. A motion to compel when the document was already provided is inappropriate.

WHEREFORE, the defendants pray their objection is sustained.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT
GILL, Chief of Police; PATRICK
O'MALLEY, Patrol Officer; DAVID
ATKINSON, Patrol Officer; and JOHN
DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

I hereby certify that on April 17, 2006, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
c/o The Eddy Center
One LaBella Circle
P.O. Box 351
Middletown, CT 06457

/s/ John J. Radshaw III
John J. Radshaw III

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT F. SALATTO, JR. : | NO.: 3:02 CV 0230 (EBB) |
| v. : | |
| TOWN OF BRANFORD; ROBERT GILL, : | |
| CHIEF OF POLICE; PATRICK O'MALLEY, : | |
| PATROL OFFICER; DAVID ATKINSON, : | |
| PATROL OFFICER; and JOHN DOE, : | |
| SHIFT SUPERVISOR : | OCTOBER 12, 2004 |

### DEFENDANT TOWN OF BRANFORD'S RESPONSES/OBJECTIONS TO PLAINTIFF'S INTERROGATORIES DATED JULY 27, 2004

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, TOWN OF BRANFORD, hereby responds/objects to plaintiff's interrogatories dated July 27, 2004, as follows:

### INTERROGATORIES

1. Identify all persons answering these interrogatories, supplying information, or in any way assisting with the preparation of the answers:

**RESPONSE:**

**OBJECTION.** The defendant, Town of Branford, objects to interrogatory no. 1 insofar as it impermissibly intrudes upon the attorney-client relationship. This interrogatory seeks information that is exempt from disclosure under the attorney-client privilege and seeks to obtain the thoughts, mental impressions and trial strategies of counsel.

Without waiving any objection, the defendant responds that no substantive responses have been made to the plaintiff's written discovery, only objections. Therefore, the answer to this interrogatory is irrelevant.

2. Identify by name, caption, and docket number with court location, all prior suits in which the defendant Town of Branford was named as a defendant, involving in any manner allegations of excessive force by a police officer, abuse of authority by a police officer, or general misconduct of a police officer, dating back the preceding ten (10) years.

**RESPONSE:**

**OBJECTION.** The defendant, Town of Branford, objects to Interrogatory No. 1 is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Plaintiff has not alleged a claim based on the doctrine articulated in Monell v. Depart. of Soc. Servs., 436 U.S. 658 (1978). Therefore, discovery into this area is irrelevant, immaterial and will not lead to the discovery of admissible evidence.

      Additionally, the defendant, Town of Branford, objects to Interrogatory No. because it is overbroad and contains undefined terms. Interrogatory is overbroad in both time and scope. Ten (10) years is too long and overbroad. Moreover, suits against the Town of Branford that name officers other than those named as individual defendants in the present case implies the interrogatory is seeking lawsuits against each and every member of the Department. Such an interrogatory is overbroad.

      Moreover, the interrogatory includes undefined terms such as "abuse of authority" and "general misconduct." Neither term is defined in relation to the present lawsuit brought by the plaintiff. Those terms are far too overbroad, and therefore may uncover irrelevant and immaterial information.

      3.    Identify any special training of a medical nature, required of Branford Police Officers by the Town of Branford, including but not limited to, the treatment or diagnosis of cardiovascular illness or complaints, suicidal ideation or complaints, general mental health crisis intervention and the provision of (and access) to arrestees and detainees of medical evaluation of care by an E.M.T. or paramedic while in custody?

**RESPONSE:**

      **OBJECTION.** The defendant, TOWN OF BRANFORD, objects to this interrogatory as the complaint does not contain a claim based on the doctrine articulated in <u>Monell v. Depart. of Soc. Servs.</u>, 436 U.S. 658 (1978). Therefore, discovery into this area is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Because there is no claim based on a failure to train; the training of the officers is irrelevant.

      4.    Particularly identify on what statute, case law, or other authority you base your contention that you are immune from suit, or entitled to the affirmative defense(s) of either Qualified Immunity or Absolute Immunity or any other form of immunity from suit.

**RESPONSE:**

      **OBJECTION.** The defendant, TOWN OF BRANFORD, objects to Interrogatory No. 4 insofar as it impermissibly seeks to uncover the thoughts, mental impressions, legal conclusions, and trial strategy of defense counsel. It impermissibly seeks to discover legal theories and conclusions, not facts, and is, therefore, outside the scope of discovery. Moreover, it seeks to reveal the work product of counsel. All of this material is privileged and not subject to disclosure. Proper discovery is only directed to uncover facts, not legal theories.

5.      Particularly identify upon what statute, case law, or other authority you base your contention that your agents, the defendant police officers, are immune from suit, or entitled to the affirmative defense(s) of either Qualified Immunity, Absolute Immunity, or any other form of immunity.

**RESPONSE:**

**OBJECTION.** The defendant, TOWN OF BRANFORD, objects to Interrogatory No. 5 insofar as it impermissibly seeks to uncover the thoughts, mental impressions, legal conclusions, and trial strategy of defense counsel. It impermissibly seeks to discover legal theories and conclusions, not facts, and is, therefore, outside the scope of discovery. Moreover, it seeks to reveal the work product of counsel. All of this material is privileged and not subject to disclosure. Proper discovery is only directed to uncover facts, not legal theories.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; and DAVID ATKINSON, Patrol Officer.

John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

## **CERTIFICATION**

I hereby certify that on October 12, 2004, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr., #180287
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080


                                                                                            _____
                                                                                            John J. Radshaw, III