**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ROBERT F. SALATTO, JR.      :   NO. 3:02 CV 0230 (EBB) (JGM)
      Plaintiff

VS.                                                    :

TOWN OF BRANFORD, ET AL.  :  AUGUST 25, 2006
      Defendants

**MOTION FOR LEAVE TO FILE**
**SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF**
**OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENTS,**
<u>**AND RELATED EXHIBITS**</u>

The undersigned moves for leave to file the accompanying Supplemental Memorandum in Support of Opposition to Motion to Vacate Default Judgments, and Related Exhibits.

The Supplemental Memorandum was initially due Friday, August 4, 2006, and then extended to Friday, August 18, 2006 and again to August 22, 2006.

COUNSEL FOR DEFENDANTS was unavailable when I called to determine whether he consents, objects or takes no position with respect to this motion.   However, I am sure he would want the additional time added to his deadline for filing a response.   Also, I have no objection to any reasonable period of time the Court wishes to provide to defense counsel.

<u>Reasons for granting the requested relief.</u>

1. As the Court is aware, there nearly two hundred document entries and in excess of a hundred and seventy documents filed in this lawsuit, most

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

handwritten.   Perhaps unknown to the Court, there is also a history of much

correpondence involving the plaintiff, defense counsel, and several departments

of the Town of Branford.

2.   In my prior motion dated last Friday, August 18, 2006, I summarized

the difficulties with this case, in particular the nature of the file, and indicated I

needed additional time to finish and, if possible, to confer with Mr. Salatto who is

currently incarcerated in Bridgeport.

3.   I did in fact review my pleading with Mr. Salatto.   Coincidentally,

without advance notice he telephoned me hours before I was planning to go

meet with him and we were able to discuss at length both my overall approach

and  the substance, while saving me a trip.

3.   I was unable to complete filing by the end of Tuesday, August 22,

2006, in part because I was under the impression that Mr. Salatto had provided

me relevant Branford Police Department General Orders that covered the wrong

period of time, effective only after the November 2001 incidents at issue.  Since

those were public records, subject to the State Freedom of Information Act, on

Tuesday I spoke to and then wrote to a Branford Police Lieutenant who agreed to

try to locate the correct items, identifying myself as the attorney for Robert

Salatto, Jr. who had a pending lawsuit against the Town.  (I faxed defense

counsel a copy of my letter to the Branford Police Lieutenant so that counsel was

aware of the contact.)  I subsequently discovered the correct Police General

-2-

Orders, "buried" in the  numerous files I inherited from Mr. Salatto via his father, and I telephonically left a message to that effect for the Police Lieutenant.)

4.  It became too late in the day to get to Court to file another motion for extension, and I determined to file a Motion for Leave to File upon completion, expecting to be able to file late Wednesday with such a motion.

5. On Wednesday I had a seminar in Rocky Hill, which I attend every Wednesday this month.    On Thursday morning I had an appearance in New Haven Superior Court and then another in Superior Court, Criminal Session, in Meriden.  Since I was late because of the New Haven court appearance I had to wait an undue period of time and did not return to my office until the afternoon.  I had another criminal matter in Milford Superior Court most of this morning.

6.  I have faxed the accompanying Opposition, and mailed it postage prepaid, to defense counsel.

7.  In addition to the issues presented by the content of the defendants' Motion to Vacate the Default Judgment, I decided to attempt to address at length the many potential legal issues in this case even though the defendant's Motion devoted only one sentence to their burden of demonstrating a "meritorious defense."   Also, given the other emphasis in my Opposition memorandum to the voluminous communications Mr. Salatto had with defense counsel, both by pleadings and by letters, I have been making particular effort to be accurate in my representations about both the substance and chronology of the various

-3-

pleadings previously filed in this lawsuit as well as those letters.   That process

has been particularly difficult given the hand-written nature of most of those

communications, the fact that a number are undated, the extensive number, and

the added difficulty matching my copies of pleadings with the entries in the Court

Docket Sheets which often have different filing dates.


                                        Respectfully submitted,



                        _____/S/
                                        MARTIN S. ECHTER
                                        Federal Bar No. ct07596
                                        Law Office of Patricia A. Cofrancesco
                                        89 Kimberly Avenue
                                        East Haven, CT 06512
                                        Phone: (203) 467-6003
                                        Fax: (203) 467-6004



                        Certificate of Service

     I, Martin S. Echter, hereby certify that I have served the foregoing by
causing a copy to be FAXED and MAILED, POSTAGE PREPAID, to:

Attorney John J. Radshaw, III
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, Ct 06114

this  18th of August, 2006.

                        _____
                                        Martin S. Echter


                        -4-