**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**ROBERT F. SALATTO, JR.**      :    NO. 3:02 cv 0230 (EBB) (JGM)
     **Plaintiff**

**VS.**                                           :

**TOWN OF BRANFORD, ET AL.**  :   OCTOBER 6, 2006
     **Defendants**

**APPLICATION FOR ATTORNEY FEES AND COSTS**
**AS ORDERED BY MAGISTRATES**
**RECOMMENDED RULING**
**ON DEFENDANTS' MOTIONS FOR RECONSIDERATION**

The plaintiff, by counsel, respectfully submits the following Application for Attorney Fees and Costs, as ordered by the Magistrate's Recommended Ruling on Defendants' Motions for Reconsideration, filed by the Court September 22, 2006.

Although the Recommended Ruling has granted the defendants' Motion for Reconsideration Re Order on   Motion for Default, and Motion for Reconsideration Re Order on Motion for Default Judgment, the Magistrate concluded that an award of attorney fees and costs are warranted.

**Nature of this lawsuit.**   This prisoner lawsuit alleges that the plaintiff was (A) subjected to unreasonable physical force, (B) denied medical treatment on several occasions, (C) given inadequate protective supervision while in custody resulting in his attempt to commit suicide, and (D) on a number of occasions subjected to the false and unauthorized spreading of rumors that he was HIV positive and/or suffered from AIDS.  The complaint also alleges a failure of the

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

Town of Branford to adequately train and supervise its police officers.

**Relevant law.**    The basic (or "lodestar") hourly rate to be awarded is to be based on the reasonable prevailing rate actually <u>awarded</u> in the area for similar work performed by similarly skilled attorneys.  <u>Farrar, et al.</u> v. <u>Hobby</u>, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 *(1992); <u>City of Riverside</u> v. <u>Rivera</u>, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986);  <u>Blum</u> vs. <u>Stenson</u>, 465 U.S. 886 (1984); <u>Hensley</u> v. <u>Eckerhart</u>, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

**Relevant education, training and experience of counsel.**

The undersigned has been a litigation attorney for approximately 35 years, initially in Washington, D. C. and for the past 26 years in Connecticut.

Moreover, I believe I am one of the most experienced litigators of civil rights cases alleging police misconduct in the State of Connecticut, having been the primary (and usually the sole) attorney responsible in more than 120 such cases, and having actually tried, at a mimimum, 67 such cases to verdict, in several instances even involving police shootings of unarmed suspects.

In fact, it is at least conceivable that I have actually tried to verdict more such cases alleging police misconduct than any other attorney in Connecticut except Attorney John R. Williams.

I have also litigated many dozens of other types of substantial lawsuits, in both federal and state courts.

Education.  I am a graduate of Dartmouth College (B.A., 1964), George Washington National Law Center (J.D., 1970), and Georgetown University Law Center (LL.M., 1973).

Legal certifications.  I was admitted to the Bar of the District of Columbia and all federal courts in that jurisdiction in 1971.    I have been a member of the Connecticut Bar since 1973, and I have been a member of the Bar of the United States District Court since March 4, 1991.

Special legal experience.  Beginning in my last year in law school I served for two years (January 1970 to 1972) as Law Clerk to the Hon. Barrington D. Parker, Sr., United States District Judge for the District of Columbia.

Litigation experience. -- prior to 1984. I was in private practice in Washington, D. C. for much of the 1970's and early 1980's before returning to New Haven, Connecticut, my home town.    In private practice prior to 1984 I handled, inter alia, court-appointed criminal defense in local and federal courts, federal criminal forfeiture, and small business matters including representation before District of Columbia courts and government agencies.

I also devoted substantial time over a number of years to more than a dozen public interest lawsuits challenging national security exemptions claimed by the Central Intelligence Agency, the National Security Agency and the Federal Bureau of Investigation from the federal Freedom of Information Act.  In that latter regard I tried a number of the first cases raising those issues and was invited to appear as amicus curiae and argue an en banc case before the U. S.

-3-

Court of Appeals for the District of Columbia Circuit.

Office of the New Haven Corporation Counsel – 1984 to 2004.  For twenty (20) years of the years between 1984 and 2004 I was a Deputy Corporation Counsel for the City of New Haven, Connecticut, serving under three Mayors and six Corporation Counsels.   During my first fourteen (14) years as a Deputy Corporation Counsel I also served as Legal Advisor to the City Board of Ethics, responsible for advising the Board and writing approximately twenty (20) legal opinions during that time.

As Deputy Corporation Counsel for Litigation for all but the first year in that office, I personally litigated nearly all federal cases, substantial complicated State Court cases, and, for more than a dozen years, all tax appeals.

I defended several hundred major lawsuits for the City of New Haven (most successfully) including civil rights claims of false arrest, malicious prosecution or excessive force by police officers, employee claims of race or gender discrimination or violation of civil service rules, zoning and other land disputes and major municipal construction projects, disputes with City unions, issues regarding indemnification of municipal employees, tax appeals, tax exemptions, and conflicts between the City and the Connecticut and New Haven Boards of Education.

Approximately two-thirds of my litigation responsibilities for the City of New Haven involved defending individual sworn New Haven Police Officers for alleged instances of illegal search or seizure, false arrest, malicious prosecution,

-4-

or excessive force.  On a number of occasions such lawsuits also claimed that the City should also be liable for an alleged policy or custom of fostering such alleged misconduct.

I have recently had occasion in another lawsuit to review the following twenty-one (21) such cases alleging police misconduct I litigated which resulted in published decisions, although the list is not exhaustive.  Markos Pappas v. New Haven Police Department, et al., 278 F.Supp.2d 296 (D.Conn. 2003); Gary Sessions v. Quincy Freeman, et al., 67 Fed. Appx. 69 (2d Cir. 2003); Cynthia Hamilton v. City of New Haven, et al., 213 F.Supp.2d 125 (D.Conn. 2002); Ann Marie Laudano, Administratrix v. City of New Haven, et al., 58 Conn. App. 819 (2000); Eric Ham v. Joseph Greene, et al., 248 Conn. 508 (1999); Isaac Lieberman v. Robert Dudley, et al., 199 F.3d 1322 (2d Cir. 1999); Steven G. Weyel v. Gregory Catania, et al., 52 Conn. App. 292 (1999); White v. Wortz, 66 F.2d 3331 (D.Conn. 1999); Bloom v. Levy, 159 F.3d 1345 (2d Cir. 1998); Reginald Higgins, Jr. v. David Burleigh, et al., 152 F.3d 918 (2d Cir. 1998); McCardle v. Jonathan Haddad, 131 F.3d 43 (2d Cir. 1997); Joyner v. Taft, 920 F.Supp. 274 (D.Conn. 1995); Anthony Golino v. City of New Haven, et al., 950 F.2d 864 (2d Cir. 1991); Fassett By and Through Fassett v. Charles Haeckel, 936 F.2d 118 (2d Cir. 1991); Craig v. Anthony Krzeminski, 764 F.Supp. 248 (D. Conn. 1991); Ruggiero v. Anthony Krzeminski, et al., 928 F.2d 558 (2d Cir. 1991); Jonas Magnotti v. Kuntz, 918 F.2d 364 (2d Cir. 1990); Neil O'Neill v. Anthony Krzeminski, et al., 839 F.2d 9 (2d Cir. 1988); Belcha v. Harry

DeBenedet, 1986 WL 15788 (Dorsey, J.) (June 18, 1986); Cane v. Gambardella, 1986 WL 15789 (Dorsey, J.) (June 18, 1986); Weber v. Amendola, 635 F.Supp. 1527 (D.Conn. 1985).    That is not an exhaustive list of such published decisions.

Other lawsuits alleging police misconduct which I have handled include, but are not limited to, the following (please note, in most of the following instances the list I have maintained includes only the name of the plaintiff and the court docket number, and because many of the cases are relatively old I have been unable to obtain the respective lead defendants' without ordering the actual files from storage):

Andrus, et al. v. Grasso, et al., Superior Court, Judicial District of New Haven, at New Haven, Docket No. cv 96-0392407 S.

Anthony Acampora v. Joseph Streeto, et al., U.S.D.C. Civil No. N-87-138 (JAC)

James Altham v. Philip Beamon, U.S.D.C. Civil No. N-86-387 (JAC)

James Amarante, et al. v. Charles Haeckel, U.S.D.C. No. 3:88 CV 2178 (PCD)

Augustin Cirino, U.S.D.C. Civil No. N-90-283 (PCD)

Ronald Baia, U.S.D.C. Civil No. N-82-105 (EBB)

Janice Bell v. John Healey, U.S.D.C. Civil No. N-88-542 (EBB)

David Bodner v. Charles Haeckel, et al., U.S.D.C. Civil No.N-86-338 (JAC)

Wayne Bostin, U.S.D.C. Civil No. N-81-398 (WWE)

William Bowens, Jr., U.S.D.C. No. 3:91 CV 328 (WWE)

Juan K. Branham, U.S.D.C. No. 3:9__ CV 681 (WWE)

Johnny Brown, U.S.D.C. No. 3:92 CV 77 (PCD)

Wilbur Brown, U.S.D.C. Civil No. N-85-304 (EBB)

David L. Burke, U.S.D.C. No. 3:89 Cv 110 (AHN)

Christopher Burns v. Philip Beamon, U.S.D.C. Civil No. N-85-419 (RCZ)

John Cane, U.S.D.C. Civil No. N-85-237 (PCD)

Glen Carini, U.S.D.C. Civil No. N-85-239 (TFGD)

Brian Casey, U.S.D.C. Civil No. N-84-544 (RCZ)

Thomas Cave, U.S.D.C. Civil No. N-83-122 (TFGD)

Frank Cepeda, U.S.D.C. No. 3:91 CV 226 (WWE)

Catherine Chase v. John Healey, U.S.D.C. Civil No. N-88-381 (WWE)

Paul Chipman, U.S.D.C. 3:91 CV 336 (TFGD)

Augustin Cirino, U.S.D.C. No. 3:90 CV 283 (PCD)

Carleton Clarke, U.S.D.C. Civil No. N-83-379 (WWE)

Kathryn Clomon, U.S.D.C. Civil No. N-83-601 (EBB)

Joan Cody, U.S.D.C. No. 3:90 CV 461 (TFGD)

Colonna, U.S.D.C. N-86-99 (PCD)

Terryl Daluz, U.S.D.C. No. 3:92 CV 640 (DJS)

Quincy Davis, U.S.D.C. No. 3:92 CV 448 (EBB)

Pasquale Delvecchio, U.S.D.C. No. 3:89 CV 443 (AHN)

Derocher, U.S.D.C. Civil No. N-83-480 (WWE)

Michael DiRienzo, U.S.D.C. No. 3:91 CV 595 (DJS)

Raymond DiVerniero, et al. v. Frank Murphy, et al., U.S.D.C. Civil No. N-81-513

     (EBB)

Jerome Dunbar v. Anthony Krzeminski, et al., U.S.D.C. Civil No. N-87-174 (JAC)

Jerome Dunbar, U.S.D.C. No. 3:90 CV 468 (EBB)

Ernest Epps v. Michael Sweeney, et al., U.S.D.C. Civil No. N-85-378 (RCZ)

Tony Evans v. Charles Haeckel,  Superior Court, JD New Haven,

  Docket No. CV- 88-268082 S

Dramese Fair, U.S.D.C. No. 3:94 CV 137 (JBA)

Evette Gillis, U.S.D.C. Civil No. N-85-93 (PCD)

Stewart Ginsberg v. William Hurley, et al., U.S.D.C. Civil No. N-88-004 (JAC)

Ronald Grant v. Anthony Mastriano, Superior Court, JD New Haven,

  Docket No. CV- 88-268989 S

George Greco, Jr., U.S.D.C. Civil No. N-85-252 (EBB)

Marco Griffin, U.S.D.C. No. 3:94 CV 1541 (AVC)

Ronald Harper, U.S.D.C. Civil No. N-83-458 (TFGD)

Eileen Hawthorne, U.S.D.C. No. 3:92 CV 44 (TFGD)

Champlain Henry, U.S.D.C. No. 3:91 CV 380 (DJS)

Maria Hernandez, U.S.D.C. Civil No. N-85-381 (TFGD)

James Hill, U.S.D.C. Civil No. N-84-629 (JAC)

Willette Jackson, U.S.D.C. No. 3:96 CV 1059 (PCD)

Edward Jeffries v. William Hurley, U.S.D.C. Civil No. N-85-383 (RCZ)

James Jones, Jr., U.S.D.C. Civil No. N-86-271 (AHN)

Lawrence Konareski, U.S.D.C. Civil No. N-90-402 (JAC)

Jaime Ledesma, U.S.D.C. No. 3:91 CV 485 (RNC)

Robert Lee, U.S.D.C. Civil No. N-84-532 (RCZ)

Wesley Lennon, U.S.D.C. No. 3:94 CV 1793 (TFGD)

Frank X. LoSacco, U.S.D.C. No. 3:94 CV 456 (TFGD)

George Lycoudes, U.S.D.C. No. 3:94 CV 510 (AHN)

Bruce Matteo, U.S.D.C. No. 3:93 CV 755 (WWE)

Jonas Magnotti, U.S.D.C. Civil No. N-85-382 (WWE)

Peter Maltese, U.S.D.C. No. 3:91 CV 370 (WWE)

Angela Martinez, Administratrix v. Robert Lanza, U.S.D.C. No. 3:88 CV 229

      (EBB)

Ernest McClain, U.S.D.C. No. 3:92 CV 45 (AHN)

Bernard McGraw, U.S.D.C. No. 3:91 CV 570 (TFGD)

Joshua Moore, U.S.D.C. Civil No. N-85-233 (JAC)

True Orvack, U.S.D.C. Civil No. N-82-55 (WWE)

Neil Patterson, U.S.D.C. Civil No. N-87-160 (TFGD)

William Petaway, U.S.D.C. No. 3:92 CV 508 (RNC)

Ralph Pomeroy v. Edward Fasano, U.S.D.C. Civil No. N-84-134 (RCZ)

Jennette Reynolds v. Richard Zasciurinskas, U.S.D.C. Civil No. N-86-232 (EBB)

David Riccio, et al., U.S.D.C. No. 3:89 CV 490 (AVC)

Daniel Rivera v. Arthur Grannucci, et al., U.S.D.C. Civil No. N-87-480 (JAC)

Armand Roversi, U.S.D.C. Civil No. N-85-267 (WWE)

Michael Rucker, Superior, JD New Haven, Docket No. CV-81-0194211 S

<u>Frank Sansevero</u> v. <u>George Hill, et al.</u>, Superior, JD New Haven,

    Docket No. CV-88-267061 S

<u>Luis Santiago</u> v. <u>Bryan Kearney, et al.</u>, U.S.D.C. Civil No. N-88-195 (TFGD)

<u>Maria Santiago</u>, U.S.D.C. No. 2:91 CV 202 (WWE)

<u>Cyrus Settineri</u>, U.S.D.C. Civil No. N-88-380 (JAC)

<u>Dennis Smith</u>, U.S.D.C. No. 3:92 CV 414 (WWE)

<u>Joseph Stenglein</u>, U.S.D.C. No. 3:93 CV 1737 (JBA)

<u>Eric Strother</u>, U.S.D.C. Civil No. N-86-248 (TFGD)

<u>Thomas Swords</u> v. <u>Charles Haeckel, et al.</u>, U.S.D.C. Civil No. N-88-117 (JAC)

<u>Alan Thompson</u>, U.S.D.C. Civil No. N-84-386 (PCD)

<u>Alvin Towles</u>, U.S.D.C. Civil No. N-86-78 (WWE)

<u>Catherine Vergatti</u> v. <u>James Conners</u>, Superior Court, JD New Haven,

    No. CV-86-0250512 S

<u>Walsh</u>, U.S.D.C. Civil No. N-84-435 (TFGD)

<u>Beverly Denise Ward</u>, U.S.D.C. No. 3:92 CV 70 (JAC)

<u>Melvin G. Williams</u>, U.S.D.C. Civil No. N-83-315 (PCD)

<u>Ellen Dale Willmott</u>, U.S.D.C. No. 5:92 CV 109

<u>Autrice Winfrey</u>, U.S.D.C. Civil No. N-85-92 (JAC)

    I have specific recollection of having tried to verdict at a minimum sixty-seven (67) of those cases, the overwhelming majority successfully.   Other cases were resolved on summary judgment, again most successfully.

Again, even that list is not exhaustive.   I have the names of a number of other cases alleging police misconduct which I tried and recall, but I have not had the ability and/or opportunity to search out the docket numbers in the time allotted for submission of this application.

Semi-private practice (1998 – 2001). From early 1998 through late 2001 I was in private practice but continued to devote approximately 50 percent of my professional time providing litigation services to the Office of Corporation Counsel for the City of New Haven pursuant to an annually renewed contract.  (In late 2001 I returned to full time employment with that office.)   During the period of semi-private practice I also represented the City of West Haven in a major federal trial and appeal involving housing for persons recovering from alcohol and substance abuse, and I represented a labor union in Connecticut.

Current employment.   I am currently an associate in the Law Office of Patricia A. Cofrancesco, 89 Kimberly Avenue, East Haven, CT 06512, Attorney Cofrancesco is a former Corporation Counsel for the City of New Haven where I was employed as the Deputy for Litigation.    We specialize in civil and criminal trials and appeals in federal and state courts, and a variety of other areas of the law.

**Appropriate "lodestar" fee – fees awarded for similar work by similar experienced attorneys in this judicial district.**

I believe that the proper loadstar fee for my work on this type of case is the same as that recently awarded to Attorney John R. Williams, $350.00 per

hour.  <u>Jane Doe</u> v. <u>East Haven Board of Education</u>, U.S.D.C. No. 3:02 CV 780 (CFD), Ruling on Post-Trial Motions, dated March 31, 2006.  A copy of that ruling is appended hereto.

**Hours expended.**   I have devoted 51.6 hours sufficiently familiarizing myself with the case and the many pleadings and related documents, preparing the August 25, 2006 Supplemental Memorandum in Support of Opposition to Motion to Vacate Default Judgments, preparing the Exhibits filed in support of that Supplemental Memorandum, reviewing the Defendants' Reply memorandum, Reviewing the Magistrate's Recommended Ruling, preparing our Objections to Magistrate's Recommended Ruling, and preparing this Application for Attorney Fees.

**Total amount claimed.**   At the rate of $350.00 per hour, for 51.6 hours work, I respectfully claim the sum of **<u>$18,060.00</u>**.


Respectfully submitted,


_____/S/
MARTIN S. ECHTER
Federal Bar No. ct07596
Law Office of Patricia A. Cofrancesco
89 Kimberly Avenue
East Haven, CT 06512
Phone: (203) 467-6003
Fax: (203) 467-6004
E-Mail: pattycofrancescoatsbcglobal.net


-12-

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and MAILED, POSTAGE PREPAID, to:

Attorney John J. Radshaw, III, Howd & Ludorf, LLC,
65 Wethersfield Avenue, Hartford, Ct 06114

this _____ day of October, 2006.


_____
                    Martin S. Echter

**Salatto, Robert F., Jr. – Martin Echter's Detailed Time Sheet**

| Date | Service Performed | Hours |
|------|-------------------|-------|
| **June 14, 2006** | | |
| 11:11 a.m. – 11:22 a.m. | Review letter from client re his case | .2 |
| 11:23 a.m. – 11:24 a.m. | Confer on telephone with client | |
| | | |
| **June 17, 2006** | | |
| 6:11 p.m. -- 7:30 p.m. | Westlaw case law research | 1.3 |
| | | |
| **June 22, 2006** | | |
| 11:11 a.m. – 11:57 a.m. | Quick initial canvass of clients documents | |
| 2:01 p.m -- 3:17 p.m. | Westlaw case law research | 1.3 |
| | | |
| **June 26, 2006** | | |
| 1:59 p.m. – 2:44 p.m. | Prepare Appearance and Motion to Postpone, Etc. | .7 |
| | | |
| 3:25 p.m.-- 4:43 p.m. | Meet with client | 1.3 |
| | | |
| **July 13, 2006** | | |
| 10:48 a.m. -- 11:33 a.m. | Go to Roger Sherman House to pickup additional personal items of client | .7 |
| | | |
| 1:43 p.m. -- 2:11 p.m. | Examine contents of black plastic bag retrieved today from Roger Sherman House | .5 |
| | | |
| **July 29, 2006** | | |
| 4:00 p.m. – 4:32 p.m. | Work on List of Documents (correspondence, pleadings, Rulings and Orders, etc.) | 1.5 |
| | | |
| **July 31, 2006** | | |
| 12:12 p.m. – 12:58 p.m. | Prepare Consent Motion for Extension of Time To File Supplement Memorandum In Support Of Opposition To Motion To Set Aside Default Judgments | .8 |
| | | |
| 1:44 p.m. – 3:04 p.m. | Work on List of Documents (correspondence, pleadings, Rulings and Orders, etc.) | 1.3 |

**August 2, 2006**
2:12 p.m. -- 3:48 p.m.          Letter to client in response to his
                                two letters                                1.6

**August 3, 2006**
11:05 a.m. -- 11:11 a.m.        Receive electronic Order granting
                                Extension; copy and cover letter to client    .1

**August 12, 2006**
12:23 p.m. – 2:36 p.m.          Organize documents                         2.2
2:58 p.m. --  4:08 p.m.         Organize documents                         1.2
                                Detailed review of documents

**August 14, 2006**
4:48 p.m.- 5:28 p.m.            Research more recent Second Circuit
                                cases re Default Judgments                    .7

**August 15, 2006**
3:32 p.m. – 4:43 p.m.           Review and copy from Court's copies of
                                pleadings                                  1.2

**August 16, 2006**
2:58 p.m. -- 3:55 p.m.          Review and copy from Court's copies of
                                pleadings                                    .9

**August 17, 2006**
11:46 a.m. – 1:31 p.m.          Work on Supplemental Memorandum
                                In Support Of Opposition To Motion To
                                Set Aside Default Judgments                1.7

**August 18, 2006**
4:03 p.m. – 5:18 p.m.           Work on Supplemental Memorandum
                                In Support Of Opposition To Motion To
                                Set Aside Default Judgments                1.2

**August 20, 2006**
4:03 p.m. – 6:14 p.m.           Work on Supplemental Memorandum
                                In Support Of Opposition To Motion To
                                Set Aside Default Judgments                2.2

**August 21, 2006**

| | | |
|---|---|---|
| 9:43 a.m. – 12:08 p.m. | Work on Supplemental Memorandum In Support Of Opposition To Motion To Set Aside Default Judgments | 2.4 |
| 12:25 p.m. -- 2:32 p.m. | Work on Supplemental Memorandum In Support Of Opposition To Motion To Set Aside Default Judgments | 2.1 |
| 2:33 p.m. – 2:51 p.m. | Telephone call from Client | .3 |
| 4:18 p.m. – 6:22 p.m. | Work on Supplemental Memorandum In Support Of Opposition To Motion To Set Aside Default Judgments | 2.1 |

**August 22, 2006**

| | | |
|---|---|---|
| 9:43 a.m. – 10:16 a.m. | Telephone conversation with Lt. Fowler, Branford PD re FOI request; Letter Followup | .5 |
| 12:11 p.m. – 3:20 p.m. | Work on Supplemental Memorandum In Support Of Opposition To Motion To Set Aside Default Judgments | 3.1 |
| 5:07 p.m. – 6:12 p.m. | Work on Supplemental Memorandum In Support Of Opposition To Motion To Set Aside Default Judgments | 1.1 |

**August 24, 2006**

| | | |
|---|---|---|
| 2:04 p.m. – 4:43 p.m.; 5:18 p.m. – 6:13 p.m. | Work on Supplemental Memorandum In Support Of Opposition To Motion To Set Aside Default  Judgments | 2.7 .9 |

**September 28, 2006**

| | | |
|---|---|---|
| 11:30 a.m. – 11:46 a.m. | Review Magistrate's Ruling on Defendants' Motion to Vacate Default and Default Judgment | .3 |

**September 28, 2006**

| | | |
|---|---|---|
| 12:09 p.m. -- 12:46 p.m. | Westlaw research re newer cases re awards of Attorney Fees | .6 |

**September 29, 2006**

2:13 p.m. – 2:23 p.m.          Telephone conference with client
                               re Magistrate's Ruling, and future
                               steps, e.g., Objection to Ruling,
                               etc.                                    .2

**September 30, 2006**

12:00 noon – 1:28 p.m.         Work on Plaintiff's Objections to
                               Magistrate's Recommended Ruling         1.5

2:08 p.m. – 3:09 p.m.          Work on Application for Attorney Fees    1.0

**October 2, 2006**

2:12 p.m. -- 3:45 p.m.         Work on Plaintiff's Objections to
                               Magistrate's Recommended Ruling         1.5

3:57 p.m.—5:02 p.m.            Work on Application for Attorney Fees    1.1

**October 5, 2006**

2:16 p.m. – 4:05 p.m.          Work on Plaintiff's Objections to
                               Magistrate's Recommended Ruling         1.8

4:57 p.m. – 6:09 p.m.          Work on Plaintiff's Objections to
                               Magistrate's Recommended Ruling         1.2

**October 6, 2006**

8:35 a.m. --  12:12 p.m.       Complete Plaintiff's Objections to
                               Magistrate's Recommended Ruling         3.6

12:18 p.m. – 1:17 p.m.         Complete Application for Attorney
                               Fees                                    1.0

                               **TOTAL TIME (Hours):    51.6**