**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| *Plaintiff,* | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| *Defendants.* | NOVEMBER 29, 2006 |

## OBJECTION TO PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor, objection to the plaintiff's petition for attorney's fees dated August 25, 2006. For the reasons that follow, the court should reduce the amount to 15 hours at $250.00 per hour.

As a threshold matter, there was no need to file a supplemental motion – the plaintiff had already objected to the defendants' motion for reconsideration. Indeed, much of the motion restated what the pro se plaintiff had already provided. As to the petition itself, it is deficient in several respects. It is not provided fee evidence under oath with contemporaneous time records, it does not aver that all of the fees were reasonable and necessary for the work involved, and it includes administrative tasks billed at a lawyer rate. The petition claims 51.6 hours – counsel's entire activity on the file that is inconsistent with Magistrate Margolis' ruling. Lastly, the rate is unreasonable.

In determining the enhanced hourly rate, the court looks to the prevailing hourly rate in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Over the past several years, other District of Connecticut judges who have considered this issue have concluded that an hourly rate of $250-$300 is the prevailing market rate for attorneys with high degree of expertise in their field of law. For example, in *Lieberman v. Dudley*, 1998 WL 740827, at *4 (D.Conn. July 27, 1998), Judge Nevas awarded an attorney an hourly rate of $250, noting that the attorney was an experienced civil rights litigator with over 30 years of experience in Connecticut. In *Calovine v. City of Bridgeport*, 1998 WL 171432, at * 1 (D.Conn. Feb.4, 1998), Judge Eginton awarded an attorney an hourly rate of $250 on the grounds that the attorney was "among the most experienced plaintiffs' civil rights litigators in the state." In *Russo v. Coppola*, No. 3:93CV1734 (AHN), slip op. (D.Conn. Feb. 6, 1995) (Ruling on Application for Attorneys' Fees and Costs Feb. 6, 1995), Judge Nevas awarded fees under section 1988 based on an hourly rate of $250 for a partner with over thirty years' experience in this district, and $150 per hour for two associate attorneys with two and three years of experience in this district. In *Omnipoint Communications, Inc. v. Planning and Zoning Com'n of Town of Wallingford*, 91 F.Supp.2d 497 (D.Conn.2000), a civil rights case brought pursuant to 42 U.S.C. § 1983, Judge Eginton found rates of $300 per hour and $250 per hour to be reasonable rates for partners in a Stamford, Connecticut law firm. In *LaPointe v. Windsor Locks Board of Education*, 162 F.Supp.2d 10, 18 (D.Conn.2001), a section 1983 case, Judge

Droney found that $275 was a reasonable hourly rate for an attorney from Manchester, Connecticut with 20 years of experience. In *Evanauskas v. Strumpf*, 2001 WL 777477 (D.Conn. June 27, 2001), Judge Hall found reasonable an hourly rate of $275 per hour for a solo practitioner in a consumer case based upon similar awards in other cases and the Court's knowledge of hourly rates in Connecticut. In *Tsombanidis v. City of West Haven*, 208 F.Supp.2d 263, 276 (D.Conn.2002), Judge Goettel awarded an hourly rate of $275 under section 1988. Plaintiff's counsel is essentially a solo practitioner akin to the rates as awarded by Judge Hall and Judge Goettle. Thus, the relevant rate should be $275.00 per hour.

Plaintiff's counsel claims 51.6 hours. In determining the number of hours that will be used to calculate a fee award, a district court may only include those hours reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the total hours used to calculate the final award. *Id*. Magistrate Margolis' order pertains to the supplemental memorandum in opposition, not anything else. An attorney filing a fee petition must support it with contemporaneous time records specifying the nature of the work performed, *New York Ass'n of Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir.1983).

The court should disregard counsel's entries on June 14 through August 16 as not recoverable, including travel for personal items of client, intake and the like for case development. Also, counsel has several time entries for "organization" and the like that are administrative in nature. Counsel should not recover for administrative tasks at his

rate. Thus, 17.5 hours should be deducted.

The court should deduct the phone call to client and the call to Lt. Fowler for a total deduction of 0.8 hours. Plaintiff's counsel should be admonished for contacting the Branford Police Department about the present litigation knowing that the Town is represented by counsel! Counsel's activity after August 22 is extra and not recoverable. None of those activities pertain to the supplemental memorandum in opposition. Thus, 13.8 hours should be reduced.

The total work on the supplemental memorandum in opposition was on August 17, 18, 20, 21, and 22 (less client call and call to Lt. Fowler as discussed above) totaling 19.5 hours.  It appears to be the only appropriate time attributable to the supplemental memorandum.  The time spent, 19.5 hours is unreasonable, particularly in light of the objection already interposed by the plaintiff while acting pro se.

Lastly, Magistrate Margolis' award of fees is in the nature of a sanction.  An amount beyond 15 hours at $250 per hour is too punitive under the circumstances.

WHEREFORE, the defendants pray that their objection is sustained and any award of attorney's fees is reduced as set forth herein to 19.5 hours at a rate of $250 per hour.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

I hereby certify that on November 29, 2006, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Martin S. Echter
Law Office of Patricia Cofrancesco
89 Kimberly Ave.
East Haven, CT 06512

/s/ John J. Radshaw III
John J. Radshaw III

- 5 -