IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------x
                                               :
ROBERT SALATTO, JR.                            :     3:02 CV 230 (EBB)(JGM)
                                               :
v.                                             :
                                               :
TOWN OF BRANFORD, ET AL.                       :     DATE: DECEMBER 19, 2006
                                               :
-----------------------------------------------x
```

RULING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

The factual and complex procedural history of this lawsuit is set forth in considerable detail in this Magistrate Judge's Recommended Ruling on Defendants' Motion for Reconsideration, filed September 22, 2006 (Dkt. #201)["September 2006 Ruling"], familiarity with which is presumed. The September 2006 Ruling held that despite the prolonged inattention by defense counsel to this lawsuit (id. at 3-11), the default judgment against defendants would be reopened, but that plaintiff is entitled to attorney's fees incurred in opposing defendants' Motions to Reopen and Motions for Reconsideration (id. at 11-14).[1]

In accordance with the September 2006 Ruling, on October 6, 2006, plaintiff filed the pending Application for Attorney's Fees (Dkt. #202),[2] to which defendants filed their brief in opposition on December 1, 2006. (Dkt. #208. See also Dkts. ##204-06).

In this application, Attorney Echter sets forth his vast experience in handling actions

---

[1] On October 6, 2006, plaintiff filed an Objection to this ruling. (Dkt. #203. See also Dkt. # 208).

[2] Attached are the following exhibits: "Detailed Time Sheet" of plaintiff's counsel, from June 14, 2006 through October 6, 2006; and copy of Doe v. E. Haven Bd. of Educ., 02 CV 780 (CFD)(D. Conn. Mar. 31, 2006).

Although in the title of the Application, there is a request for "Costs," no such request appears in the body of the motion or its exhibits.

concerning alleged police misconduct (Dkt. #202, at 2-11), for which he seeks $350/hour, consistent with the hourly rate recently awarded to Attorney John R. Williams in a Title IX action, Doe v. E. Haven Bd. of Educ., 3:02 CV 780 (CFD)(D. Conn. Mar. 31, 2006), at 20 (Droney, J.). (Dkt. #202, at 11-12). Plaintiff's counsel further seeks reimbursement for 51.6 hours "devoted . . . [to] sufficiently familiarizing [himself] with the case and the many pleadings and related documents," preparing the various briefs and organizing the exhibits, reviewing defendants' reply brief, reviewing the September 2006 Ruling, preparing plaintiff's Objections thereto, and preparing this fee application. (Id. at 12). As Attorney Echter's "Detailed Time Sheet" indicates, he spent this time between June 14, 2006 through October 6, 2006. Thus, he seeks a total of $18,060.00. (Dkt. #202, at 12).

As defendants appropriately acknowledge, the "award of fees is in the nature of a sanction." (Dkt. #207, at 4). Defendants argue, however, that the appropriate hourly fee instead is in the range of $250 to $300 (id. at 2-3), and that the claim of 51.6 hours, which "counsel's entire activity on the file," is "inconsistent" with the September 2006 Ruling. (Id. at 1). Defendants specifically argue that the 17.5 hours from June 14 through August 16 are not recoverable since they are essentially "client . . . intake and . . . case development," and that some 13.8 hours spent on August 21 and 22, and after August 22, 2006 should be reduced. (Id. at 3-4). Thus, defendants argue that plaintiff's "total work" for which he could be reimbursed took place on August 17, 18, 20, 21 and 22 is 19.5 hours, which they maintain is "unreasonable, particularly in light of the objection already interposed by . . . plaintiff while acting pro se." (Id. at 4. See also September 2006 Ruling at 2-4). Defendants finally posit that if any award of attorney's fees is granted, it should be "reduced . . . to 19.5 hours at a rate of $250 per hour." (Dkt. #207, at 4).

2

With the exception of a limited number of federal court practitioners with specialized practices, see, e.g., Stavola v. Northeast Utils., 3:05 CV 998 (JBA), 2006 WL 2850414, at *2 (D. Conn. Oct. 4, 2006)(awarding $395/hour to an attorney specializing in ERISA work, to which defendant did not object), McInnis v. Town of Weston, 3:03 CV 1803 (JBA), 2006 WL 2828889, at *9 (D. Conn. Sept. 1, 2006)(awarding $375/hour to a Fairfield County attorney specializing in employment cases), as well as the $350/hour awarded to Attorney Williams in Doe and in Galazo v. Pieksza, 3:01 CV 1589 (TPS), 2006 WL 141652, at *3 (D. Conn. Jan. 19, 2006), within the past year, most fees awards in the past year have hovered in the vicinity of $300/hour. See, e.g., C.C. v. Granby Bd. of Educ., 453 F. Supp. 2d 569, 573-74 (D. Conn. 2006)(Chatigny, C.J.)(awarding $315/hour in special education case to experienced litigator); Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville, 3:96 CV 413 (HBF), 2006 WL 2839236, at *1, 8-12, 27 (D. Conn. Sept. 5, 2006)(in complex breach of contract action "extensively litigated over the past ten years," awarding $300 to $390/hour to senior partners); St. Denis v. New Horizon Credit, Inc., 3:05 CV 1952 (JBA), 2006 WL 1965779, at *3 (D. Conn. July 12, 2006)(awarding $320/hour to experienced litigator in FDCPA action); Cabrera v. G.T. Constr., 3:05 CV 812 (MRK)(WIG), 2006 WL 1328767, at *1-2 (D. Conn. May 8, 2006)(in action under Connecticut wage statute, CONN. GEN. STAT. § 31-72, awarding $300 to experienced Yale Law Professor, in unopposed motion); Rabin v. Wilson-Coker, 425 F. Supp. 2d 269, 274 (D. Conn. 2006)(Chatigny, C.J.)(in § 1983 action regarding Medicaid benefits, awarding $250 to $275/hour to experienced Legal Aid Attorneys); Goins v. JBC & Assocs., P.C., 3:03 CV 636 (JBA), 2006 WL 540332, at *1-2 (D. Conn. Mar. 6, 2006)(awarding $300/hour to experienced litigator in FDCPA action); see also Lillbask v. State of CT Dept. of Educ., 3:97 CV 1202 (PCD), 2006 WL 752872, at *5 (D. Conn. Mar. 17,

2006)(in special education case, awarding $200/hour to experienced litigator). Therefore, based upon all these cases, the Magistrate Judge agrees that the appropriate hourly fee to be awarded is $300.

The Magistrate Judge further agrees with defendants that the 51.6 hours sought by plaintiff's counsel is excessive, as it includes all the time plaintiff's counsel spent familiarizing himself with the file and with plaintiff, time that he would have spent even had the issue of reconsideration of the default never surfaced. After a careful review of the "detailed time sheets" of plaintiff's counsel, the Magistrate Judge concludes that plaintiff's counsel should be reimbursed for the following entries spent on the supplemental memorandum, research, review of the court rulings, and this fee application:

| Date | Time Spent |
| --- | --- |
| August 14, 2006 | .7 hours |
| August 17, 2006 | 1.7 hours |
| August 18, 2006 | 1.2 hours |
| August 20, 2006 | 2.2 hours |
| August 21, 2006 | 6.9 hours |
| August 22, 2006 | 4.2 hours |
| August 24, 2006 | 3.6 hours |
| September 28, 2006 | .9 hours |
| September 30, 2006 | 1.0 hours |
| October 2, 2006 | 1.1 hours |
| October 6, 2006 | 1.0 hours |
| TOTAL | 24.5 hours |

Accordingly, plaintiff's Application for Attorneys Fees (Dkt. #202) is granted in the

amount of **$7,350** (24.5 hours times $300/hour).[3]

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** F<small>ED</small>. R. C<small>IV</small>. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 19th day of December, 2006.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

---

[3]Counsel are to contact the Magistrate Judge's Chambers to arrange a brief telephonic status conference to address, inter alia, the matters of discovery and settlement.