**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT F. SALATTO, *PRO SE*, | |
| *Plaintiff,* | Civil Action No. |
| v. | 3:02 CV 0230 (EBB) (JGM) |
| TOWN OF BRANFORD, ET AL., | |
| *Defendants.* | JANUARY 16, 2007 |

**OBJECTION TO MAGISTRATE'S RECOMMENDED RULING RE ATTORNEY'S FEES**

    The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor, submit the following objection to the magistrate's recommended ruling regarding attorney's fees.

    Simply put award by Magistrate Margolis is too high, disproportionate to the conduct, to the actual work performed by the plaintiff's counsel, and to the balance of the equities. As a threshold matter, plaintiff's counsel was not required to do anything when he entered his appearance in this case. Plaintiff had objected to reopening the default; writing and researching a memorandum for more than 50 hours is plainly unreasonable and unnecessary. This award is a windfall to the plaintiff's counsel for work that was unnecessary. A sanction, while warranted, of a lesser amount, could have achieved the same result – encouraging future compliant conduct, rather than

- 2 -

allowing the plaintiff's counsel to run up a petition for fees.

The purpose of the sanction is not to compensate plaintiff's counsel for work that was unnecessary (and much of it was found unreasonable) but to deter future misconduct and focus the offending party on compliance.  This is not the situation, for example, for an award of attorney's fees for a wrongful removal. The party opposition removal had to do something to oppose, had briefs to file, research to accomplish and the like. In this case, measuring the sanction by the attorney's fees of the plaintiff's counsel is inequitable in the amount awarded of more than $7,000 dollars. The plaintiff's pleadings never established the sort of bad faith contemplated by *Brian v Kullaman Industries, Inc.*, 71 F.3d 1073 (2d Cir. 1995) and plaintiff does not establish (or argue) any prejudice on his part. See *American Alliance Insurance Co., Ltd.* 92 F.3d 57, 60 (2d Cir. 1996).

More particularly, the sanction in excess of $7,000 is disproportionate to other awards for more serious conduct. *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.* 179 F.R.D. 77 (D.Conn.,1998) (award of $33,000 in sanctions for discovery issues). *See also Kotsilieris v. Chalmers* 966 F.2d 1181 (C.A.7 (Ill.),1992) (Sanction of approximately $5,500 for unnecessary opposition was unreasonable; reduced to $1,000)[1]. Merely because plaintiff's counsel incurred fees does not mean he should be compensated for all of his work.

---

[1] The underlying purpose of sanctions-to punish deviations from proper standards of conduct with a view toward encouraging future compliance and deterring further violations-it lies well within the district court's discretion to temper the amount to be awarded against an offending attorney by a balancing consideration of his ability to pay. *Munson v. Friske*, 754 F.2d 683, 697 (7th Cir.1985); *Arnold v. Burger King Corp.*, 719 F.2d 63, 68 (4th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 108, 83 L.Ed.2d 51

- 3 -

To the extent that Magistrate Margolis has made a finding that $300 per hour is reasonable fee, the defendants do not challenge that finding insofar as their original argument was couched in dollars per hour. Based on all the circumstances, any award should not exceed $2,500, any amount exceeding that figure is disproportionably punitive, particularly in light of the fact that plaintiff's counsel was required to do nothing;

WHEREFORE, the defendants pray that their objection is sustained and the recommended ruling is adopted.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

---

(1984); *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 916-17 (11th Cir.1982); Faraci v. *Hickey-Freeman Co.,* 607 F.2d 1025, 1028 (2d Cir.1979).

- 4 -

## **CERTIFICATION**

     I hereby certify that on January 16 2007, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Martin S. Echter  
Law Office of Patricia Cofrancesco  
89 Kimberly Ave.  
East Haven, CT 06512

                                           /s/ John J. Radshaw III  
                                           John J. Radshaw III