**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**ROBERT F. SALATTO, JR.**     :     **NO. 3:02 cv 0230 (EBB) (JGM)**
    **Plaintiff**

**VS.**                                      :

**TOWN OF BRANFORD, ET AL.**  :  **JANUARY 30, 2007**
    **Defendants**

**PLAINTIFF'S OPPOSITION**
**TO**
**DEFENDANTS' OBJECTION**
**TO MAGISTRATE'S RECOMMENDED RULING**
<u>**RE ATTORNEY FEES**</u>

The plaintiff, by counsel, respectfully submits the following Opposition to the Defendant's Objection to the Magistrate's Recommended Ruling Re Attorney Fees.

**Background.**

Despite the Magistrate's Recommended Ruling (to which we have timely objected) to set aside the defaults and default judgments in the instant case, the Magistrate nevertheless found the misconduct that led to the current posture of this case so egregious that she awarded attorney fees.

Thus, in her Recommended Ruling granting reconsideration and vacating the Defaults and Default Judgments, the Magistrate observed, in part, that "the case at bar involves continuing misconduct for a time-period ninefold that at issue in <u>American Alliance</u>, and counsel here ignored more than <u>seventy-five</u> separate contacts, not merely two [, in contrast to the situation in <u>American</u>

**ORAL ARGUMENT <u>IS</u> REQUESTED**
**TESTIMONY IS <u>NOT</u> REQUIRED**

<u>Alliance</u>]."   [Recommended Ruling, at page 9.]

The Magistrate further noted that those seventy-five separate contacts included "approximately fifty discovery requests and motions, several court orders, letters from plaintiff, and letters from his client on which he was copied." [Recommended Ruling, at page 10.]

In our Supplemental Memorandum opposing the request to set aside the defaults and default judgments we had urged that what the "the record demonstrates is an inexplicable multi-year pattern of willful neglect by a major law firm, with but a  mere perfunctory attempt at justification.  It is as if Mr. Salatto, who was clearly viewed with a degree of contempt by the Branford Police, as demonstrated by their own records and admissions, was also dismissed in the course of this litigation as something of a nuisance, a metaphorical gnat to be flicked off the judicial 'sleeve' as one whose rights should be similarly viewed and treated with less than conscientious regard by the Court." [Plaintiff's August 25, 2006 Supplemental Memorandum, at page 2.]  "In sum, what is evidenced is not a mere "administrative" error but rather systematic disinterest in the obligations imposed by this lawsuit, evidence that this <u>pro</u> <u>se</u> prisoner lawsuit was fundamentally ignored and dismissed as not worthy of serious or conscientious attention."  [Plaintiff's August 25, 2006 Supplemental Memorandum, at page 14.]

While not adopting our metaphor, the Magistrate did in fact conclude that "[d]efense counsel's conduct in this case weighs against granting relief from the

default judgment as it is difficult for this Court to find defendants' action or inaction anything but willful and "due in large part to the status of the plaintiff as a prisoner," quoting from <u>Waul</u> v. <u>Coughlin</u>, 1995 WL 258165, at *4 (S.D.N.Y. May 2, 1995) .

**The efforts of plaintiff's counsel.**  The undersigned's efforts on behalf of the plaintiff, who has been caused to suffer in part due to the recognized contempt for his prisoner status, encompassed 51.6 hours up to the point of my October 6, 2006 Application for Attorney Fees.  Each entry of time expended was made contemporaneously on my computer as I completed each phase of the work.

Significantly, the Magistrate did not discount any of that claimed time because of any finding that the time was not appropriately spent on the lawsuit. Rather, she discounted the time because she concluded that the undersigned would have spent such time "even had the issue of reconsideration of the default never surfaced."   And our timely Objection to that rationale in Magistrate's Recommended Ruling Re Attorney Fees is also pending.

Now the defendants contend that even the reduced hours the Magistrate recommended be compensated are too much and unjustified.   We strongly disagree.

_____
I am supplementing this Objection with an Affidavit setting forth the additional time I have expended preparing (A) my Objection to the Magistrate's Recommended Ruling Re Attorney Fees, and (B)  this Plaintiff's Opposition to Defendants' Objection to Magistrate's Recommended Ruling Re Attorney Fees.

First, one cannot simply assume that the Magistrate would have concluded that the actions of the defendants were "willful" or that sanctions were justified absent the efforts of this attorney

Second, the Magistrate did not conclude that any of the time I devoted was not justified in my overall representation of the plaintiff. (Again, we have timely objected to the Magistrate's rationale that all the time claimed was reasonably necessary to my presentation of the Opposition to the defendants' motions.)

Third, the undersigned has raised a very substantial legal issue which may well yet result in reversing the Magistrate's conclusion that the defaults and default judgments should be set aside, i.e., that the allegations and arguments made by the defendants in their Motions for Reconsideration were untimely and not proper bases for granting motions for reconsideration.

To simply assume that pro se counsel would have known of that argument or properly briefed it, however aggressive he has been in his pro se activities, is wholly unjustified.

Fourth, while I no longer have in my possession claims for attorney fees from opposing attorneys to which I was exposed during my prior lengthy tenure in the Office of the New Haven Corporation Counsel, this Court can well take judicial notice of the very substantial claims for attorney fees whenever large established firms, such as that representing the defendants in this case, seek awards of attorney fees.   It is only when they oppose fees they or their clients

-4-

might have to pay that they express shock.

Unlike such large firms which, in my experience, routinely bill for every telephone call, however brief, and every internal memorandum and every internal communication even among attorneys within the same firm, my claim for attorney fees is very scrupulously limited solely to my own time reasonably expended.

What the defense seeks is the proverbial "slap on the wrist," rather than just sanctions, showing much the same disregard for their own defaulted obligations as they displayed for the plaintiff's rights because of his status as a prisoner.

Respectfully submitted,


_____/S/
MARTIN S. ECHTER
Federal Bar No. ct07596
Law Office of Patricia A. Cofrancesco
89 Kimberly Avenue
East Haven, CT 06512
Phone: (203) 467-6003
Fax: (203) 467-6004
E-Mail: pattycofrancescoatsbcglobal.net

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and MAILED, POSTAGE PREPAID, to:

Attorney John J. Radshaw, III, Howd & Ludorf, LLC,
65 Wethersfield Avenue, Hartford, Ct 06114

this  30th day of January, 2007.


_____
Martin S. Echter

-5-