IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------x
                                                :
ROBERT SALATTO, JR.            :          3:02 CV 230 (EBB)(JGM)
                                                :
v.                                              :
                                                :
TOWN OF BRANFORD, ET AL.       :          DATE: SEPTEMBER 25, 2007
                                                :
------------------------------------------------x
```

RULING ON PLAINTIFF'S APPLICATION FOR SUPPLEMENTAL ATTORNEY'S FEES

The factual and complex procedural history of this lawsuit is set forth in considerable detail in this Magistrate Judge's Recommended Ruling on Defendants' Motion for Reconsideration, filed September 22, 2006 (Dkt. #201)["September 2006 Ruling"], familiarity with which is presumed. The September 2006 Ruling held that despite the prolonged inattention by defense counsel to this lawsuit (id. at 3-11), the default judgment against defendants would be reopened, but that plaintiff was entitled to attorney's fees incurred in opposing defendants' Motions to Reopen and Motions for Reconsideration (id. at 11-14).[1]

In accordance with the September 2006 Ruling, on October 6, 2006, plaintiff filed his Application for Attorney's Fees (Dkt. #202), to which defendants filed their brief in opposition on December 1, 2006. (Dkt. #207. See also Dkts. ##204-06). In this application, plaintiff's counsel sought reimbursement for 51.6 hours, from June 14, 2006 through October 6, 2006, "devoted . . . [to] sufficiently familiarizing [himself] with the case and the many pleadings and related documents," preparing the various briefs and organizing the exhibits, reviewing defendants' reply brief, reviewing the September 2006 Ruling, preparing plaintiff's Objections thereto, and preparing this fee application, at a rate of $350/hour, for a total of $18,060.00.

---

[1]On October 6, 2006, plaintiff filed an Objection to this ruling. (Dkt. #203. See also Dkt. # 208).

(Dkt. #202, at 2-12). Defendants argued that at most, plaintiff was entitled to reimbursement of 19.5 hours, from August 17 through August 22, 2006, at an hourly rate of $250 to $300. (Dkt.#207, at 2-4).

On December 19, 2006, this Magistrate Judge filed her Ruling on Plaintiff's Application for Attorney's Fees (Dkt. #209)["December 2006 Ruling"], familiarity with which is presumed, awarding plaintiff 24.5 hours, from August 14, 2006 through October 6, 2006, at a rate of $300/hour, for a total of $7,350. (At 2-5). On January 16, 2007, defendants filed their Objection to the December 2006 Ruling, in which they did not object to the hourly rate of $300, but argued that the total fee is "disproportionate" and should be no more than $2,500 in total. (Dkt. #213, at 1-3). Two weeks later, plaintiff filed his Opposition to defendants' Objection. (Dkt. #215).[2]

On January 30, 2007, plaintiff filed the pending Application of Supplemental Attorney['s] Fees (Dkt. #214),[3] in which he requests an additional 2.4 hours for preparing his Objection to the December 2006 Ruling[4] and another .6 hours for preparing this supplemental application, from January 3, 2007 through January 30, 2007, for a total of 4.0 hours at $300/hour, or $1,200. (At 2, 4). Defendants have failed to file a timely brief in opposition.

---

[2]Unfortunately, Dkts. ##214-15 are transposed – plaintiff's Opposition is Dkt. #215, not Dkt. #214, despite the labeling on CM/ECF.

There are further docketing difficulties. Although CM/ECF reflects that plaintiff filed an Objection to the December 2006 Ruling on January 5, 2007 (Dkt. #212), the entry is actually a motion for extension of time in another case.

[3]Similarly, plaintiff's Application for Supplemental Attorney['s] Fees is Dkt. #214, not #215, despite the labeling on CM/ECF. See note 2 supra.

[4]See note 2 supra.

In light of the pending Objections before Judge Burns, plaintiff's Application for Supplemental Attorney[`s] Fees (Dkt. #214) is <u>denied without prejudice to renew after Judge Burns rules upon the pending Objections.</u>

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 25th day of September, 2007.

/s/_____
Joan Glazer Margolis
United States Magistrate Judge